UNITED STATES DISTRICT COURT
for the
District of Colorado

| | |
|---|---|
| COLORADO MONTANA WYOMING STATE AREA CONFERENCE OF THE NAACP, LEAGUE OF WOMEN VOTERS OF COLORADO, and MI FAMILIA VOTA<br><br>Plaintiffs,<br><br>-v-<br><br>UNITED STATES ELECTION INTEGRITY PLAN, SHAWN SMITH, ASHELY EPP, and HOLLY KASUN<br><br>Defendants. | Civil Action No. <u>1:22-cv-00581-PAB</u><br><br><br>BENCH TRIAL |

## MOTION TO DISMISS

COMES NOW, Defendants, USEIP, Shawn Smith, Ashely Epp, and Holly Kasun, by and through undersigned counsel, and hereby submit this motion to dismiss the claims in Plaintiffs' Complaint under Fed. R. Civ. P. 12(b)(1). In support thereof, Defendants submit the following memorandum of law.

### **MEMORANDUM OF LAW**

Defendants move to dismiss Plaintiffs' claims for lack of standing. Accepting the facts in Plaintiffs' Complaint as true for purposes of this Motion, this Court should dismiss

1

the Complaint because it is plain that no Plaintiff has alleged an injury that could confer standing. At the pleading stage, standing requires allegations of a particularized and specific injury. Plaintiffs have pleaded none, instead alleging a hypothetical harm because they intend to divert resources. Therefore, this Court should dismiss the Complaint for want of standing.

1. **LEGAL STANDARD**

To survive a motion to dismiss under Rule 12(b)(1), the plaintiff bears the burden of establishing the court's jurisdiction through sufficient allegations. *See Lujan v. Defs. Of Wildlife,* 504 U.S. 555, 561 (1992). Courts should "presume that [they] lack jurisdiction unless the contrary appears affirmatively from the record." *Renne v. Geary,* 501 U.S. 312, 316 (1991) (citations omitted). "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice," *id.,* but "a plaintiff cannot rely solely on conclusory allegations of injury." *Baur v. Veneman,* 352 F.3d 625, 637 (2d Cir. 2003). The plaintiffs have not met their burden here. Plaintiff's allegations of injury are too speculative to satisfy the requirements needed for standing.

2. **Requirements for Standing**

Article III of the United States Constitution limits the role of the federal judiciary to resolving cases and controversies. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 559-560, 112 S. Ct. 2130, 2136 (1992). Standing is a core component of this Article III requirement that must be established by litigants before a court may exercise jurisdiction over their claims. *Id.* at 560. Standing requires that (1) Plaintiff must have suffered an injury-in-fact; (2) there is a causal connection between the injury and the conduct complained of; and

(3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Id.* at 560-61. When an organization is a plaintiff, standing may be established by injury to the entity itself (direct), or injury to its members in a representative capacity (associational). *See National Coalition on Black Civic Participation v. Wohl,* 498 F.Supp.3d 457, 471 (S.D.N.Y. 2020). Associational standing requires that either all members of an organization are affected by the claimed violation, or it must name at least one of its affected members at the pleading stage. *See Summers v. Earth Island Institute,* 555 U.S. 488, 498 (2009). The plaintiffs in this matter have not pled any facts to establish associational standing, and therefore, plaintiffs may only establish direct organizational standing.

Direct organizational standing must be established by the same test as an individual, *i.e.,* imminent injury-in-fact to the organization itself (not its members), causal connection between the injury and challenged action, and redressability. *See Common Cause of Colorado v. Buescher,* 750 F.Supp.2d 1259, 1269 (D.Colo. 2010). Furthermore, since standing is determined at the time the complaint is filed, a future injury can only suffice if it is "certainly impending, or there is a substantial risk the harm will occur." *Clapper v. Amnesty Intern. USA,* 568 U.S. 398, 401 (2013). Finally, an organization may establish injury-in-fact when it can demonstrate a concrete injury to its activities, such as a significant drain on its resources, rather than "simply a setback to the organization's abstract social interests." *Havens Realty Corp. v. Coleman,* 455 U.S. 363, 379 (1982).

Furthermore, standing cannot be manufactured by a self-inflicted injury or volitional rearrangement of an organization's priorities. *See Clapper v. Amnesty Intern. USA,* 568

U.S. 398 (2013). Rather, organizational standing can be established if it is prohibited from engaging in a lawful activity or its activities were unraveled by an illegal activity. *See Village of Arlington Heights v. Metropolitan Housing Development Corp.* 429 U.S. 252 (1977); *Havens,* 455 U.S. 363. The key to establish an injury in fact is the organization "must demonstrate that it has suffered concrete and demonstrable injury to its activities. . . . Further, the injury cannot be conjectural or hypothetical, speculative, or abstract." *National Treasury Employees Union v. U.S.,* 101 F.3d 1423, 1427 (D.C. Cir. 1996) (internal citations and quotations omitted).

While the Plaintiffs have attempted to establish standing by claiming that each organization has "diverted time and other resources from its civic engagement and election support programs in order to address Defendants' voter intimidation campaign[,]" their attempt fails. *Complaint,* ¶13-15. Plaintiffs' allegations of injury are too speculative to satisfy the injury-in-fact requirement. In addition, Plaintiffs fail the causation prong of the standing inquiry because they have not established that their alleged injuries fairly can be traced to Defendants' action rather than the independent actions of third parties.

**2. Plaintiffs Fail to Demonstrate Any Injury to Confer Standing.**

*Mi Familia Vota ("MFV")*

MFV attempts to confer standing by alleging that its "voter outreach strategy for 2022 has been impacted in response to USEIP's actions. For example, because there are <u>concerns</u> of fear stemming from USEIP's actions, MFV <u>plans to invest</u> additional resources into counties targeted by USEIP so that voters there recognize MFV canvassers as distinct from USEIP agents. The time that MFV staff has and will continue

to spend responding to USEIP's actions is time that otherwise would have been spent on activities central to its core mission." *Complaint,* ¶ 38. (Emphasis added). The language regarding MFV's alleged injury is entirely speculative, hypothetical, and conjectural and cannot establish standing. *See National Treasury Employees Union,* 101 F.3d at 1427.

*League of Women Voters of Colorado ("LWVCO")*

Similarly, LWVCO alleges a speculative, conjectural and hypothetical injury that cannot establish standing. It alleges that "LWVCO <u>is concerned</u> that new voters (such as young people, new citizens, and others who have just become eligible to vote) are especially vulnerable to this intimidation, and <u>may</u> opt to disengage from the voting process rather than face intimidating visits from USEIP agents. As a result of USEIP's actions, voters <u>may</u> question whether voting exposes them to risk of harm. This directly harms LWVCO's mission, which is to increase voter engagement and confidence in casting a ballot." *Complaint,* ¶ 37. (Emphasis added).

The injuries claimed by MFV and LWVCO are similar to those claimed by Respondents in *Clapper,* 568 U.S. 398. The U.S. Supreme Court held that the "respondents could not manufacture standing by choosing to make expenditures based on hypothetical future harm that is not certainly impending. Because they do not face a threat certainly impending . . . their costs are simply the product of their fear . . . which is insufficient to create standing." *Id.* at 1141. MFV alleges that there are only concerns of fear, and they plan to invest additional resources to combat USEIP. *Complaint* ¶ 38. These injuries are not actual or imminent. LWVCO makes a similar argument, stating that it has concerns for new voters who may opt out of voting or question the voting process.

5

*See Complaint,* ¶ 39. There has been no actual injury, and the injuries it alleges are only hypothetical in nature. There is no actual harm nor imminent harm. Therefore, MFV and LWVCO cannot establish standing to bring suit.

*NAACP Colorado*

NAACP Colorado makes a slightly different argument to establish injury. It states that it "has already exhausted resources actively monitoring this voter intimidation and related safety concerns and strategizing about how to combat Defendants' actions. In addition, NAACP Colorado anticipates having to shift both personnel and financial resources towards combatting USEIP's voter intimidation campaign. This shift in resources is a distraction from key programs that NAACP Colorado would otherwise support, such as voter outreach aimed at protecting democracy, enhancing equity, and increasing democratic participation and civic engagement." *Complaint,* ¶ 36. Similar to MVF and LWVCO, NAACP Colorado makes the speculative argument that it *anticipates* shifting resources to combat USEIP. This speculative injury is not concrete and cannot establish standing. NAACP Colorado also alleges that it has exhausted resources by monitoring and strategizing to combat USEIP's actions. Once again, this shift in resources is volitional, manufactured, and a product of fear rather than actual injury traceable to Defendants' actions.

Not only are the alleged injuries hypothetical; a series of speculations is required to prove actual harm. These manufactured and hypothetical injuries cannot suffice to confer Article III standing, and the complaint must be dismissed.

Respectfully submitted this 4th day of April, 2022.

*s/ R. Scott Reisch*
R. Scott Reisch, #26892
Jessica L. Hays, #53905
THE REISCH LAW FIRM, LLC
1490 W. 121st Avenue, #202
Denver, CO 80234
(303) 291-0555
Email: scott@reischlawfirm.com
jessica@reischlawfirm.com
cassandra@reischlawfirm.com
*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing **MOTION TO DISMISS** has been electronically served through ECF this 4th day of April, 2022, to all counsel of record.

*s/ R. Scott Reisch*
R. Scott Reisch, #26892
Jessica L. Hays, #53905
THE REISCH LAW FIRM, LLC
1490 W. 121st Avenue, #202
Denver, CO 80234
(303) 291-0555
Email: scott@reischlawfirm.com
Email: jessica@reischlawfirm.com
*Attorneys for Defendants*