UNITED STATES DISTRICT COURT
for the
District of Colorado

| | |
|---|---|
| COLORADO MONTANA WYOMING STATE AREA CONFERENCE OF THE NAACP, LEAGUE OF WOMEN VOTERS OF COLORADO, and MI FAMILIA VOTA<br><br>Plaintiffs,<br><br>-v-<br><br>UNITED STATES ELECTION INTEGRITY PLAN, SHAWN SMITH, ASHELY EPP, and HOLLY KASUN<br><br>Defendants. | Civil Action No. 1:22-cv-00581-PAB<br><br>BENCH TRIAL |

**RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

COMES NOW, Defendants, USEIP, Shawn Smith, Ashely Epp, and Holly Kasun, by and through undersigned counsel, and hereby submit this Response in Opposition to Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction. In support thereof, Defendants submit the following:

**BACKGROUND AND PROCEDURAL POSTURE**

Plaintiffs filed the Motion for Temporary Restraining Order and Preliminary Injunction ("Motion") (Docket No. 4) along with their complaint (Docket No. 1) on March

1

9, 2022. The Court denied the portion of this motion seeking an emergency temporary restraining order on April 4, 2022. Docket No. 30. Through their Motion, Plaintiffs seek a "preliminary injunction enjoining Defendants from engaging in its door-to-door voter intimidation campaign or from engaging in other actions that may intimidate voters or interfere with voter access to the polls." Docket No. 4 at 27. Plaintiffs Motion must be denied, as it fails to meet any of the prerequisites necessary for preliminary injunctive relief.

## LEGAL STANDARD

To obtain a preliminary injunction, a movant must establish "(1) a reasonable probability of success on the merits; (2) a danger of real, immediate, and irreparable injury which may be prevented by injunctive relief; (3) lack of a plain, speedy, and adequate remedy at law; (4) no disservice to the public interest; (5) balance of equities in favor of the injunction; and (6) preservation by the injunction of the status quo pending a trial on the merits." *Gitlitz v. Bellock,* 171 P.3d 1274, 1278 (Colo. App. 2007). Failure to prove any of these prerequisites requires denial of the injunctive relief sought. *See Rathke v. MacFarlane,* 648 P.2d 648, 653-54 (Colo. 1982). Plaintiffs fail to meet their burden for each prerequisite and therefore cannot demonstrate a need for the injunctive relief sought.

## DISCUSSION

### I.  Plaintiffs cannot show a likelihood of success on the merits.

Plaintiffs bring three claims for relief: (1) intimidating voters in violation of Section 11(b) of the Voting Rights Act of 1965; (2) attempting to intimidate voters in violation of

2

Section 11(b) of the Voting Rights Act of 1965; and (3) violation of the Ku Klux Klan Act (42 U.S.C. § 1985). *See* Docket No. 1, ¶¶ 39-51. Plaintiffs seek to enjoin Defendants from going to voters' homes, taking photographs and maintaining databases of voters, carrying, or encouraging carrying weapons when going to voters' homes, and engaging in any other actions that may threaten voters. *See* Docket No. 5, ¶ 1. However, Plaintiffs fail to establish any factual basis for these claims and therefore cannot meet their burden to justify injunctive relief.

The majority of Plaintiffs' factual allegations arise from unfounded and inadmissible articles by Erik Maulbetsch[1] with the Colorado Times Recorder. *See* Docket No. 6 at 3-9. Without these articles, Plaintiffs are left with conclusory statements by individuals with no independent knowledge of the allegations. Neither inadmissible hearsay nor unverified conclusory allegations can support a motion for injunctive relief. *See Stine v. Lappin,* 2009 WL 482630, *5 (D. Colo. 2009). Despite Plaintiffs' lack of evidentiary support, Plaintiffs fail to establish any likelihood of success on the merits of their claims.

### Section 11(b) of the Voting Rights Act of 1965

Intimidation or threat in the context of section 11(b) "includes messages that a reasonable recipient, familiar with the context of the message would interpret as a threat of injury – whether physical or nonviolent – intended to deter individuals from exercising their voting rights." *National Coalition on Black Civil Participation v. Wohl,* 512 F.Supp.3d

---

[1] Erik Maulbetsch is described as follows by the Colorado Times Recorder: "Erik is a progressive investigative reporter. He writes largely on Colorado politics and policy, with a focus on right-wing extremists, hate groups, disinformation, and conspiracy theorists." COLORADO TIMES RECORDER, *About the Colorado Times Recorder,* https://coloradotimesrecorder.com/about/ (last visited Apr. 20, 2022).

500, 509 (S.D.N.Y. 2021). Economic harm, legal action, and forced medical procedures are enough to establish voter intimidation or threat. *See Id.* (In *Wohl,* the Court found sufficient economic and legal harm to support an 11(b) claim where a robocall message stated voters' personal information would be used by creditors to collect debts and by law enforcement to execute old warrants.) *U.S. v. Tan Duc Nguyen,* 673 F.3d 1259 (9th Cir. 2012) (holding that a letter disseminated to foreign-born individuals stating that by voting in an upcoming election, voters' information would be collected and provided to anti-immigration organizations was sufficient to establish intimidation.); *Daschle v. Thune,* Temporary Restraining Order, Case No. 04-4177 (D.S.D. Nov 2, 2004) (Defendants followed Native American voters to polling locations, standing closely, taking notes, and engaging in loud conversations about Native Americans being prosecuted for voting illegally was sufficient for the Court to grant a temporary restraining order).

      Plaintiffs attempt to compare these cases to their claims against Defendants, concluding that Colorado voters must have been intimidated or threatened by Defendants. Through inadmissible hearsay, Plaintiffs allege that "[s]ometimes armed and donning badges to present a false appearance of government officiality, USEIP volunteers ask voters to confirm their addresses, whether they participated in the 2020 election, and –if so—how they cast their vote. They tell voters falsely that their ballots were cast fraudulently or that election fraud was committed under their name or address." Docket No. 6 at 6. In addition, Plaintiffs allege that "USEIP encourages its agents to arm themselves and has suggested that its armed agents coordinate with the unarmed members to provide 'security' in their operations." *Id.* at 7. Plaintiffs include information

4

about an unrelated internet chatroom "shar[ing] links to websites that sold weapons, such as stun guns, and offer[ing] strategy on ways to deal with physical confrontation, even going as far as to shar a link to a manual of police foot tactics[,]" in an attempt to corroborate their claim that USEIP volunteers are armed. *Id.* at 4. Notably missing in Plaintiffs' argument is any economic, legal, or physical threat. Plaintiffs do not allege that Defendants informed voters that they will be prosecuted, or that their information will be sent to debt collectors, law enforcement or immigration. Rather, Plaintiffs argue that the act of USEIP volunteers, asking voters at their home to confirm generic information is so threatening and intimidating that they are entitled to a preliminary injunction.

Similar to the lack of evidence presented by Plaintiffs, the Court in *Brooks v. Nacrelli,* held that "Plaintiffs have failed to show the challenged activities here, in fact, had an intimidating effect upon the voters . . ." *Brooks v. Nacrelli,* 331 F.Supp. 1350, 1353 (E.D. Pa. 1971)*.* The lack of "testimony from any registered voter that he is hesitant to vote or to vote in a certain way because of the [challenged activities]", as well as no indication of difficulties getting voters to register or participate in an election, failed to establish intimidation or coercion. *Id.* "In the absence of such evidence and in the absence of evidence of active intimidation or coercion . . .we do not consider this an adequate basis for relief." *Id.* Similarly, Plaintiffs' lack of any evidence establishing that voters were intimidated or threatened, "rises to no more than sheer speculation and does not support a claim for relief." *Id.*

### Ku Klux Klan Act, 42 U.S.C.A § 1985

Plaintiffs also fail to state any facts to support their claim under the KKK Act. The elements of 42 U.S.C.A. § 1985, Ku Klux Klan Act, "include: (1) a conspiracy; (2) the purpose of which is to force, intimidate, or threaten; (3) an individual legally entitled to vote who is engaging in lawful activity related to voting in federal elections." *Wohl*, 498 F.Supp.3d at 487. Despite failing to make any allegations to support a finding of force, intimidation or threat as outlined above, Plaintiffs also cannot establish that the Defendants conspired. Once again, Plaintiffs rely on inadmissible hearsay and conclusory statements to claim Defendants were engaged in a conspiracy. Plaintiffs state that "Defendants Smith, Epp, and Kasun have engaged in the intimidating conduct and coordinated their activities through USEIP and its agents. Further, Defendants Smith, Epp, and Kasun founded USEIP." Docket No. 4 at 19. However, Plaintiffs fail to present any evidence that Smith, Epp or Kasun participated in USEIP's canvassing efforts giving rise to the allegations. Nor do Plaintiffs present any evidence that any of the Defendants drafted or otherwise contributed to USEIP's "County & Local Organizing Playbook", which Plaintiffs have deemed a guide to voter intimidation. *See* Docket No. 6 at 6.

Instead, Plaintiffs' make the following baseless and irrelevant allegations concerning the individual Defendants: Defendant Smith purchased voter rolls; spoke at a town hall meeting allegedly threatening Jenna Griswold; testified in front of the Colorado Secretary of State regrading election fraud; and appeared at "radical right events." Docket No. 1, ¶¶17, 24-27. Plaintiffs allege that Defendant Epp has organized post-election "Stop the Steal" rallies in Denver; participated in the events at the U.S. capital on January 6,

2021; and stated that she is a co-founder of USEIP. *Id.* at ¶ 18; Docket No. 6 at 3-4. Finally, Plaintiffs allege that Defendant Kasun has publicly stated she is a co-founder of USEIP. Docket No. 1 at ¶ 19. Plaintiffs state that USEIP's "Playbook" was, "[d]rafted by the founders of the group, Defendants Kasun and Epp, the Playbook is replete with incendiary language that illuminates USEIP's violent and threatening behavior." *Id.* at ¶ 28. However, outside of this conclusory allegation and an inadmissible hearsay article by Mark Maulbetch, there is nothing supporting the claim that Defendants drafted the "Playbook" or in any way conspired with each other. Without any admissible evidence to support the claim of conspiracy, Plaintiffs fail to prove a likelihood of success on the merits of their KKK Act claim.

**II. Plaintiffs Have No Immediate or Irreparable Injury**

A showing of "irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction" and the movant must demonstrate injury before any other requirements will be considered. *First W. Capital Mgmt. Co. v. Malamed,* 874 F.3d 1136, 1141 (10th Cir. 2017) (internal citations and quotations omitted).

Plaintiffs argue that without preliminary relief, their members' right to vote free of intimidation will be harmed, giving inference to irreparable injury. *See* Docket No. 4 at 21. Plaintiffs also argue that they will suffer irreparable harm by diverting resources to combat Defendants' actions. *Id.* These alleged injuries fail to establish irreparable, immediate harm as required for preliminary injunctive relief.

To establish irreparable injury, "[p]urely speculative harm will not suffice, but rather, '[a] plaintiff who can show a significant risk of irreparable harm has demonstrated that the

7

harm is not speculative' and will be held to have satisfied his burden.'" *RoDa Drilling Co. v. Siegal,* 552 F.3d 1203, 1210 (10th Cir. 2009) (citing *Greater Yellowstone Coalition v. Flowers,* 321 F.3d 1250, 1258 (10th Cir. 2003)). No member of Plaintiffs' organizations has been dissuaded from engaging in their right to vote. In fact, Plaintiffs fail to allege that their members were those who interacted with USEIP volunteers.

Most importantly, there are no ongoing allegations of USEIP volunteers or Defendants. Upon information and belief, all canvassing efforts by USEIP volunteers have ceased.

Furthermore, Plaintiffs' lengthy delay in bringing this action severely undercuts any argument that injury is so immediate that an injunction is necessary. In seeking a preliminary injunction, such a delay "undercuts the sense of urgency that ordinarily accompanies a motion for preliminary relief and suggests that there is, in fact, no irreparable injury." *GTE Corp. v. Williams,* 731 F.2d 676, 678 (10th Cir. 1984) (citing *Le Sportsac, Inc. v. Dockside Research, Inc.,* 478 F. Supp. 602, 609 (S.D.N.Y. 1979). Plaintiffs admit that "[i]n the Fall of 2021, Plaintiffs learned that USEIP was sending its members door-to-door in connection with the group's purported attempt to find evidence of voter fraud." Docket No. 4 at 8. *Also see,* Declaration of Beth Hendrix, Docket No. 8, ¶ 5 ("In August 2021, LWVCO learned that U.S. Election Integrity Plan ("USEIP") was sending its members door-to-door in the group's attempt to find evidence of voter fraud."); and Declaration of Salvador Hernandez, Docket No. 10, ¶ 7 ("In the Fall of 2021, MFV learned that U.S. Election Integrity Plan ("USEIP"), and individuals connected to USEIP, were engaging in intimidating home visits to Colorado voters.") Plaintiffs filed this action

on March 9, 2022, more than six months after learning of the alleged intimidation. This delay, in and of itself, is evident that the harm is not so imminent that injunctive relief is necessary.

Finally, Plaintiffs allege that they have, or intend to divert resources to combat the Defendants' actions. *See* Docket No. 6 at 21-22. Generally, "simple economic loss usually does not, in and of itself, constitute irreparable harm; such losses are compensable by monetary damages." *Heideman v. South Salt Lake City,* 348 F.3d 1182, 1189 (10th Cir. 2003) (internal citations omitted). Plaintiffs' volitional diversion of resources is not only speculative, but is also purely economic and cannot establish entitlement to relief or imminent injury. Therefore, Plaintiffs cannot establish immediate, irreparable harm so as to justify a preliminary injunction.

### III. Balance of Harms and Public Interest

Despite Plaintiffs' argument that "Defendants face *no* legally practicable burden from the proposed injunction, which seeks only to enjoin their illegal activity," Plaintiffs' request for relief reaches far beyond any allegation of illegal activity. Docket No. 4 at 26. Plaintiffs ask the Court to enjoin Defendants from (1) going uninvited to voters' homes in order to question voters; (2) coordinating or organizing visits to voters homes in order to question voters; (3) taking photographs and maintaining databases of voters, their residences, or their vehicles; (4) carrying weapons when going to voters' homes to speak with voters; (5) instructing or encouraging anyone to carry weapons during USEIP-related interactions with voters; and (6) engaging in other actions that threaten voters. *See* Docket No. 5, ¶ 1. Plaintiffs further ask the Court for an Order "that Defendants make no

9

attempt to access or use their copies of existing photographs or databases of voters, their residences, or their vehicles; delete their copies of existing photographs or databases of voters, their residences, or their vehicles; and submit an affidavit to the Court attesting to the deletion" as well as submitting all of the above information to the Court to be restricted to the Court and the parties to this case. *See* Docket No. 5, ¶ 2-3.

These requests by Plaintiffs raise serious First and Second Amendment issues. However, this Response need not address those issues because Plaintiffs present nothing to verify that photographs were taken or a database was created. Plaintiffs instead rely only on a declaration of Casey Breese, one of Plaintiffs' attorneys, which states that he received a list of individuals who purchased voter rolls during 2021. *See* Docket No. 7. According to the Declaration, the attached page labeled Exhibit A, is the list of those individuals who purchased voter rolls. On this list appears an individual by the name of Shawn Smith. Plaintiffs present nothing to confirm the identity of the Shawn Smith listed, nor can they argue that purchasing a voter roll is in any way illegal or improper. Plaintiffs only source that claims Defendants have taken photos and maintained databases is another unverified, inadmissible article by Erik Maulbetch.

Plaintiffs further argue that they and the public face significant hardship if an injunction is not issued in order to protect voters' right to vote freely. *Id.* at 24-25. Plaintiffs' requests are overly broad, unfounded, and otherwise not at issue. There is no harm to the Plaintiffs or to the public, and therefore, it is not appropriate for the Court to use its injunctive powers in this matter.

**IV. Lack of Adequate Remedy at Law and Preserving Status Quo**

Finally, Plaintiffs cannot prevail on an argument that injunctive relief is necessary due to the lack of an adequate remedy at law or to preserve the status quo. The door-to-door canvassing by volunteers of USEIP has ceased. Plaintiffs have not met their burden that injunctive relief is necessary pending a trial on the merits.

## CONCLUSION

Having failed to provide any meaningful evidence to support the merits of the claims, imminent injury, or necessity of a preliminary injunction, Plaintiffs' Motion must be denied. A movant must meet each prerequisite before a Court can exercise its injunctive powers. Here, Plaintiffs fail to meet each prerequisite necessary for injunctive relief. Plaintiffs rely solely on inadmissible hearsay articles by Erik Maulbetch and declarations by the executives and directors of Plaintiffs' organizations, all of which fail to establish a single victim or a single instance of voter intimidation by Defendants. There is no immediate or irreparable harm because USEIP's canvassing efforts have ceased. Any harm to Plaintiffs is speculative or solely economic in nature. Finally, the balance of harms is completely one sided; Plaintiffs seek injunctive relief without the Defendants committing any wrongdoing.

WHEREFORE, for the foregoing reasons, Defendants respectfully request this Honorable Court deny Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction and any further relief as the Court deems just and equitable.

Respectfully submitted this 20th day of April, 2022.

*s/ Jessica L. Hays*
R. Scott Reisch, #26892
Jessica L. Hays, #53905
THE REISCH LAW FIRM, LLC
1490 W. 121st Avenue, #202
Denver, CO 80234
(303) 291-0555
Email: scott@reischlawfirm.com
jessica@reischlawfirm.com
cassandra@reischlawfirm.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** has been electronically served through ECF this 20th day of April, 2022, to all counsel of record.

*s/ Jessica L. Hays*
R. Scott Reisch, #26892
Jessica L. Hays, #53905
THE REISCH LAW FIRM, LLC
1490 W. 121st Avenue, #202
Denver, CO 80234
(303) 291-0555
Email: scott@reischlawfirm.com
Email: jessica@reischlawfirm.com
*Attorneys for Defendants*