UNITED STATES DISTRICT COURT
for the
District of Colorado

| | |
|---|---|
| COLORADO MONTANA WYOMING STATE AREA CONFERENCE OF THE NAACP, LEAGUE OF WOMEN VOTERS OF COLORADO, and MI FAMILIA VOTA<br><br>Plaintiffs,<br><br>-v-<br><br>UNITED STATES ELECTION INTEGRITY PLAN, SHAWN SMITH, ASHELY EPP, and HOLLY KASUN<br><br>Defendants. | Civil Action No. 1:22-cv-00581-PAB<br><br><br>BENCH TRIAL |

### DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO DISMISS

COMES NOW, Defendants, USEIP, Shawn Smith, Ashely Epp, and Holly Kasun, by and through undersigned counsel, and hereby submit this Reply to Plaintiffs' Response to Defendants' Motion to Dismiss. In support thereof, Defendants submit the following:

### ORGANIZATIONAL STANDING

Plaintiffs believe they have established organizational standing having diverted resources to address alleged voter intimidation. It is true that an organization may establish standing when "the defendant's illegal acts impair its ability to engage in its

1

projects by forcing the organization to divert resources to counteract those illegal acts." *Common Cause of Co. v. Buescher,* 750 F.Supp.2d 1259, 1269 (D. Colo. 2010) (citation and quotation marks omitted). However, what is glaringly absent from Plaintiffs' arguments and pleadings any connection between Plaintiffs and their members and Defendants' actions. Plaintiffs' diversion of resources argument is purely conjectural and cannot establish standing. *See Colorado Taxpayers Union, Inc. v. Romer,* 963 F.2d 1394, 1397 (10th Cir. 1992).

Plaintiffs argue that Defendants organized "door-to-door campaigns to baselessly accuse people who either live in places they do not like, or voted in ways they do not like, of voter fraud." Doc. 33, p. 6. Plaintiffs' complaint states "USEIP agents travel door to door, often targeting high-density housing, communities experiencing growth among racial minority voters, and communities in which a high percentage of voters supported Democratic candidates in the 2020 election." Doc. 1, ¶ 27. In Plaintiffs' own declarations, no injury-in-fact is alleged. *See* Doc. 8, *Declaration of Beth Hendrix* ("LWVCO's members are civically active and highly-informed about voter issues. That LWVCO members have reported concerns based on their own experience with visits from USEIP agents is significant, since many voters who are less active or aware of their rights are likely to find these visits even more intimidating.") *Id.* at ¶ 7. NAACP Colorado's Declaration fails to state that a single member was involved in USEIP's alleged voter intimidation. *See* Doc. 9, ¶¶ 8-11, *Declaration of Portia Prescott*. ("USEIP's actions are even more drastic and alarming in that they are showing up at the *homes* of Black and other voters-at times with visible weapons.") *Id.* at ¶ 10. Similarly, MFV does not claim that a single member of their

organization has interacted with Defendants. *See* Doc. 10, ¶¶ 7-10, *Declaration by Salvador Hernandez*. ("By intimidating voters at their doorsteps, USEIP's activates make it less likely that Latino voters will answer the door for anyone – including for MFV staff and volunteers. MFV is concerned that this will reduce our voter contact rate, which prevents us from accomplishing our mission. While USEIP is sending potentially armed agents to visit people based on their voting history or voting records, MFV will not be able to focus on voter drives and voter education.") *Id.* at ¶ 9-10.

Taking Plaintiffs' allegations as true, they fail to establish that any member of any Plaintiff Organization was intimidated, threatened, or even approached by the Defendants. *See generally* Doc. 1. ("The Voter Organizations" members and/or the community at large are being intimidated and will continue to be intimidated by Defendants' actions. The prospect of visits from USEIP members, who may be armed, is particularly intimidating for members of the Black and Latino communities who are served by the Voter Organizations.") *Id.* at ¶¶ 32-33. In fact, the only information in the record supporting the allegation that Defendants have targeted "'high density housing' and areas where there are high numbers of registered Democrats[,]" or the location of Defendants' activities "now reaching at least seventeen counties in Colorado—including Jefferson, Boulder, El Paso, Douglass [sic], Larimer, Otero, Mesa, and Weld . . ." is an online article. Doc. 6, p. 7-8. There are no other allegations, evidence, or arguments that a member of any plaintiff organization was affected by Defendants.

Since standing "cannot be inferred argumentatively from averments in the pleadings, . . .[it] must affirmatively appear in the record." *FW/PBS, Inc. v. City of Dallas,*

3

493 U.S. 215, 231 (1990) (citations and quotations omitted). A statistical probability that a member of an organization will be affected by the challenged activity will not confer standing. *See Summers v. Earth Island Institute,* 555 U.S. 488, 498-99 (2009). Only "where *all* the members of the organization are affected by the challenged activity" can the requirement of alleging that its members are injured be disposed of. *Id.* at 499. A mere sharing of attributes cannot impute injury. *See Warth v. Seldin,* 422 U.S. 490, 503 (1975).

Plaintiffs argue that they are or have diverted resources actively monitoring, counteracting, or responding to USEIP's actions. However, no facts establish that this diversion of resources is traceable to Defendants' actions. *See Romer,* 963 F.2d at 1397-98. Without any factual allegations regarding members of Plaintiffs' organizations, Plaintiffs have failed to establish that the Defendants' actions are the cause of any harm requiring a diversion of resources beyond its ordinary program costs. Only if Defendants' illegal acts *force* the organization to divert resources to counteract those acts can organizational standing be established. *See Common Cause of Co. v. Buescher,* 750 F.Supp.2d 1259, 1269 (D. Colo. 2010). Rather than providing any factual indication that Defendants have committed an illegal act or caused harm, Plaintiffs state that resources have been diverted to monitor and strategize this purely conjectural harm. *See generally* Doc. 33. "An organization does not suffer an injury in fact where it expends resources to educate its members and others unless doing so subjects the organization to operational costs beyond those normally expended." *Food & Water Watch, Inc. v. Vilsack,* 808 F.3d 905, 920 (D.C. Cir. 2015). Without any factual averments that Plaintiffs' speculative

4

diversion is related to Defendants, or otherwise results in greater operational costs, Plaintiffs cannot establish organizational standing.

## ASSOCIATIONAL STANDING

Plaintiffs also argue that NAACP and LWVCO have alleged facts sufficient to establish associational standing. Doc. 33, p. 9. Associational standing requires the organization to establish that "its members would otherwise have standing to sue in their own right, the interests at stake are germane to the organization's purpose and neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Sierra Club v. Young Life Campaign Inc.,* 176 F.Supp.2d 1070, 1084 (D. Colo. 2001) (internal citations and quotations omitted).

Plaintiffs cannot establish that their members would have standing to sue in their own right. Plaintiffs state that NAACP and LWVCO members have been injured citing the declarations of the organization's directors/executives. *See* Doc. 33, p. 9. Specifically, NAACP alleges "[b]ecause of the long history of racial discrimination aimed at Black Americans – including in connection with the exercise of their right to vote—this door-to-door intimidation campaign is extremely threatening to Black Coloradans, including NAACP members." *Id.;* Doc. 9, ¶ 9. NAACP fails to allege that a single member of their organization was injured by the Defendants' alleged intimidation, nor does NAACP allege that Defendants had any interaction with their members. Rather, it makes an impermissible logical leap that their members' voting rights are harmed by Defendants. Even assuming that NAACP members have had interaction with Defendants, "absent an allegation that its members [are intimidated or threatened], the Association cannot

5

demonstrate that its members are themselves 'among the injured.'" *American Forest & Paper Ass'n v. E.P.A.,* 154 F.3d 1155, 1159 (10th Cir. 1998).

LWVCO has a slightly different approach to attempt to confer standing on behalf of its members. LWVCO argues "LWVCO members have reported concerns based on their own experiences with visits from USEIP agents . . ." Doc. 33, p.9 (citing Doc. 8, Declaration of Beth Hendrix). However, LWVCO's support of their argument is completely undercut by the full context of LWVCO's declaration regarding its members. Instead, Beth Hendrix, executive director of LWVCO declares: "LWVCO's members are civically active and highly-informed about voter issues. That LWVCO members have reported concerns based on their own experience with visits from USEIP agents is significant, since many voters who are less active or aware of their rights are likely to find these visits even more intimidating." Doc. 8 at ¶7. While this declaration still fails to establish any facts that Defendants were intimidating, threatening, or otherwise violated the law, it confirms that LWVCO members had no injury based on Defendants' actions. Instead, this declaration suggests that LWVCO only has concerns that *others* may have injuries or harm based on Defendants' action.

Since neither Plaintiff has made an allegation that a member or all members are those who are injured by the acts of Defendants, they cannot establish that their members could have standing to sue in their own right. Therefore, Plaintiffs' claims that they of associational standing also fail.

WHEREFORE, Defendants respectfully request this Court dismiss Plaintiffs' Complaint.

Respectfully submitted this 22nd day of April, 2022.

*s/ Jessica L. Hays*
R. Scott Reisch, #26892
Jessica L. Hays, #53905
THE REISCH LAW FIRM, LLC
1490 W. 121st Avenue, #202
Denver, CO 80234
(303) 291-0555
Email: scott@reischlawfirm.com
jessica@reischlawfirm.com
cassandra@reischlawfirm.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO DISMISS** has been electronically served through ECF this 22nd day of April, 2022, to all counsel of record.

*s/ Jessica L. Hays*
R. Scott Reisch, #26892
Jessica L. Hays, #53905
THE REISCH LAW FIRM, LLC
1490 W. 121st Avenue, #202
Denver, CO 80234
(303) 291-0555
Email: scott@reischlawfirm.com
Email: jessica@reischlawfirm.com
*Attorneys for Defendants*
