IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-00581-PAB

Colorado Montana Wyoming
State Area Conference of the NAACP,
League of Women Voters of Colorado, and
Mi Familia Vota,

       Plaintiffs,

v.

United States Election Integrity Plan, Shawn Smith,
Ashley Epp, and Holly Kasun,

       Defendants.

---

**MOTION FOR LIMITED EXPEDITED DISCOVERY**

---

Plaintiffs Colorado Montana Wyoming State Area Conference of the NAACP, League of Women Voters of Colorado, and Mi Familia Vota ("Plaintiffs") respectfully move the Court for an order permitting Plaintiffs to conduct narrow and expedited discovery on Defendants United States Election Integrity Plan ("USEIP"), Shawn Smith, Ashley Epp, and Holly Kasun:

**Certificate of Conferral Pursuant to D. Colo. L. Civ. R. 7.1**

Undersigned counsel certifies that she has conferred with opposing counsel regarding this motion. Counsel for Defendants states that it is Defendants' position that Plaintiffs' request for expedited discovery herein should be denied.

Case No. 1:22-cv-00581-CNS-NRN   Document 40   filed 04/28/22   USDC Colorado
pg 1 of 8

## INTRODUCTION

There is good cause for expedited discovery in this case.[1] Defendants have violated the Voting Rights Act of 1965 and the Ku Klux Klan Act of 1871 through their door-to-door voter intimidation campaign in Colorado. Plaintiffs have moved for a temporary injunction against Defendants to enjoin them from continuing these actions. Plaintiffs' request for expedited discovery is tailored to discover the scope of Defendants' campaign by obtaining information that is in Defendants' possession alone. The requested discovery will enable Plaintiffs to prosecute their claims against Defendants in support of their request for a preliminary injunction. Further, expedited discovery will allow Plaintiffs to develop a more complete evidentiary record that will better enable this Court to evaluate the parties' positions and the likelihood of success on the merits of Plaintiffs' claims.

## ARGUMENT

Expedited discovery is appropriate here because: (1) good cause exists for the requested discovery in aid of Plaintiffs' request for a preliminary injunction; and (2) the requested discovery is narrowly tailored to seek only evidence directly relevant to Plaintiffs' request for a preliminary injunction.

---

[1] The facts and evidence supporting this motion are identical to those set forth in detail in Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction, which is supported by declarations from all three Plaintiff organizations. To eliminate duplicative reading for the Court, Plaintiffs will not restate all facts in detail here. Instead, the facts and declarations cited in Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction are incorporated herein by reference.

48673299v3

### I. Plaintiffs' Request for Expedited Discovery in Aid of Preliminary Injunction Proceedings Should Be Granted.

District courts have wide discretion to manage the discovery process. *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995). Under Rule 26(d)(1) of the Federal Rules of Civil Procedure, expedited discovery may commence prior to a Rule 26(f) conference if ordered by the Court. *Pod-Ners, LLC v. N. Feed & Bean of Lucerne LLC*, 204 F.R.D. 675, 676 (D. Colo. 2002). When analyzing requests for expedited discovery, the District of Colorado applies a "good cause" standard. *Id*. These requests are often granted in aid of preliminary injunction proceedings. *Id*.; *see also* Fed. R. Civ. P. 26(d) Adv. Comm. Notes (1993 amendments to Rule 26(d) (expedited discovery is appropriate "in some cases, such as those involving requests for a preliminary injunction ….")).

There is good cause in the instant action for expedited discovery. Plaintiffs are seeking injunctive relief against Defendants to stop their widespread door-to-door voter intimidation campaign. Despite Defendants' claims to the contrary, Plaintiffs believe Defendants' illegal activity is continuing and will continue during the pendency of this litigation unless enjoined, causing Plaintiffs and their members irreparable injury. Plaintiffs seek expedited discovery to confirm the extent of Defendants' activities. In support of their request for a preliminary injunction, Plaintiffs currently rely on Defendants' public statements concerning their illegal voter intimidation and declarations from Plaintiffs' organizations to establish grounds for a preliminary injunction. Defendants have claimed that such evidence is insufficient to warrant a preliminarily injunction. As more fully set forth in their Motion for a Temporary Restraining Order and Preliminary Injunction, Plaintiffs disagree. Further, Defendants' argument fails to acknowledge

that Defendants are in sole possession of much of the information that is relevant to the injunctive relief that Plaintiffs seek.

The discovery Plaintiffs seek at this juncture is limited. More specifically, Plaintiffs seek leave to propound ten narrowly tailored documents requests on Defendants (to be answered jointly or individually). The documents Defendants will produce will help Plaintiffs determine the full extent of Defendants' canvassing practices, the internal decision-making process that Defendants utilize to engage in their door-to-door campaign, as well as the results of their campaign. Because the document requests are limited and targeted, and only to seek documents that are readily accessible to Defendants, the burden on Defendants is minimal. Such discovery is necessary in advance of the preliminary injunction hearing, as it will enable Plaintiffs to present more fulsome evidence to assist the Court in fashioning an appropriate equitable remedy.

Without expedited discovery, Plaintiffs and the Court will be unable to determine the full scope and extent of Defendants' unlawful behavior. Further, the threat of further injury outweighs any detriment Defendants will face as a consequence of expedited discovery. Finally, the limited discovery sought by Plaintiffs will aid the parties in their presentation of the facts and issues at the preliminary injunction hearing and will conserve judicial resources by allowing the parties an opportunity to narrow the disputed facts and issues in advance of the hearing.

**II. Plaintiffs' Proposed Discovery is Narrowly Tailored.**

Plaintiffs seek expedited discovery in the form of ten document requests. More specifically, Plaintiffs request leave to serve the following requests for production of documents:

1. Any corporate registrations/corporate records for Defendant USEIP.

2. Copies of any database created by Defendants or any of their agents containing individualized information about voters.

3. Copies of any photographs taken by Defendants or any of their agents of voters' residences, or voters' vehicles.

4. Copies of any canvassing plan, including but not limited to documents sufficient to identify the counties, neighborhoods, and/or individual voters targeted by Defendants and to demonstrate Defendants' implementation of the plan.

5. Copies of any canvassing script or talking points utilized by Defendant USEIP and its agents when going door-to-door.

6. A list of all voters with whom Defendant USEIP or any agent of Defendant USEIP has had contact, including for each voter their name, address, phone number, and email address.

7. Any statements Defendant USEIP or its agents collected from voters.

8. Any other records kept by Defendant USEIP or its agents regarding its canvassing activity.

9. Documents identifying all persons who are employed by Defendant USEIP or otherwise acting as agents of Defendant USEIP.

10. Documents related to or reflecting any complaints received by Defendant USEIP regarding its canvassing activity.

These requests are reasonable and narrowly tailored to seek only information solely in Defendants' possession that is necessary to aid Plaintiffs in establishing their entitlement to a preliminary injunction.

48673299v3

## CONCLUSION

As demonstrated above, good cause exists to allow Plaintiffs to conduct limited expedited discovery prior to the hearing on Plaintiffs' request for a preliminary injunction against Defendants. Accordingly, Plaintiffs respectfully request that the Court grant its motion seeking leave to conduct expedited discovery on the terms proposed herein, consistent with Federal Rule of Civil Procedure 26.

Dated: April 28, 2022          LATHROP GPM LLP

By /s/Amy Erickson
Casey Breese (#51448)
Casey.breese@lathropgpm.com
Jean Paul Bradshaw
Jeanpaul.bradshaw@lathropgpm.com
Dion Farganis (Admission Pending)
Dion.farganis@lathropgpm.com
Reid Day
Reid.day@lathropgpm.com
Brian A. Dillon
Brian.dillon@lathropgpm.com
Amy Erickson (#54710)
Amy.erickson@lathropgpm.com
1515 Wynkoop Street, Suite 600
Denver, CO 80202
Telephone: (720) 931-3200

48673299v3

Courtney Hostetler
chostetler@freespeechforpeople.org
John Bonifaz
jbonifaz@freespeechforpeople.org
Ben Clements
bclements@freespeechforpeople.org
Ron Fein
rfein@freespeechforpeople.org
FREE SPEECH FOR PEOPLE
1320 Centre Street, Suite 405
Newton, MA 02459
Telephone: (617) 249-3015

*ATTORNEYS FOR Plaintiffs Colorado Montana Wyoming State Area Conference of the NAACP, League of Women Voters of Colorado, and Mi Familia Vota*

7

48673299v3

## CERTIFICATE OF SERVICE

  I hereby certify that on April 28, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

| | |
|---|---|
| Amy Elizabeth Erickson | amy.erickson@lathropgpm.com, claudia.neal@lathropgpm.com |
| Ben Clements | bclements@freespeechforpeople.org |
| Brian Andrew Dillon | brian.dillon@lathropgpm.com, kristina.procai@lathropgpm.com |
| Casey Carlton Breese | casey.breese@lathropgpm.com, brandi.pruett@lathropgpm.com, cheyenne.serrano@lathropgpm.com |
| Courtney Marie Hostetler | chostetler@freespeechforpeople.org |
| Jean Paul Bradshaw | jeanpaul.bradshaw@lathropgpm.com |
| Jessica Lynn Hays | jessica@reischlawfirm.com |
| R. Scott Reisch | scott@reischlawfirm.com, cassandra@reischlawfirm.com, Matthew@reischlawfirm.com, Rob@reischlawfirm.com |
| Reid Kelly Day | reid.day@lathropgpm.com, kirsten.hollstrom@lathropgpm.com |
| Ronald Andrew Fein | rfein@freespeechforpeople.org |
| John C. Bonifaz | jbonifaz@freespeechforpeople.org |

              s/Claudia Neal

Case No. 1:22-cv-00581-CNS-NRN   Document 40   filed 04/28/22   USDC Colorado
pg 8 of 8