UNITED STATES DISTRICT COURT
for the
District of Colorado

| | |
|---|---|
| COLORADO MONTANA WYOMING STATE AREA CONFERENCE OF THE NAACP, LEAGUE OF WOMEN VOTERS OF COLORADO, and MI FAMILIA VOTA<br><br>Plaintiffs,<br><br>-v-<br><br>UNITED STATES ELECTION INTEGRITY PLAN, SHAWN SMITH, ASHELY EPP, and HOLLY KASUN<br><br>Defendants. | Civil Action No. 1:22-cv-00581-PAB<br><br><br><br>BENCH TRIAL |

**DEFENDANTS' RESPONSE IN OPPOSITION OF PLAINTIFFS' MOTION FOR LIMITED EXPEDITED DISCOVERY**

COMES NOW, Defendants, USEIP, Shawn Smith, Ashely Epp, and Holly Kasun, by and through undersigned counsel, and hereby submit this Response in Opposition to Plaintiffs' Motion for Limited Expedited Discovery as follows:

**LEGAL STANDARD**

While expedited discovery prior to the Fed.R.Civ.P. 26(f) conference may be permitted, the party seeking discovery "has the burden of showing good cause for the requested departure from usual discovery procedures." *Qwest Communications Intern.,*

1

*Inc.v. WorldQuest Networks, Inc.,* 213 F.R.D. 418, 419 (D. Colo. 2003). Good cause may be satisfied where a party is seeking a preliminary injunction, however, seeking a preliminary injunction is not enough, on its own, to satisfy this burden. *Id.* at 419-420. Despite Plaintiffs' prior request to expedite the preliminary injunction hearing, Plaintiffs now wish to delay the hearing in order to find some factual basis to support their claims. *See generally,* Doc. 29.

## ARGUMENT

Plaintiffs brought this action without having verified the veracity of their claims. Having no witnesses, evidence, or admissible facts to support their claims, Plaintiffs now wish to conduct discovery attempting to give their claims merit. According to the declarations attached to Plaintiffs' motion, the allegations giving rise to these claims were discovered in August 2021, more than six months prior to filing suit. Doc. 8 at p.2; Doc. 9 at p. 2; and Doc. 10 at p.2. During this time, Plaintiffs had ample opportunity to conduct reasonable inquiry into the allegations contained within their pleadings. Rather, it appears that Plaintiffs failed to conduct any inquiry into the veracity of their pleadings beyond a mere Google search. Plaintiffs should not be permitted to avoid their obligation to inquire by retroactively obtaining the factual basis through expedited discovery. *See* Fed.R.Civ.P. 11.

An affirmative duty exists for "an attorney to inquire into the factual basis of a paper before filing it with the court. A signor can no longer rely solely on his personal interpretation of the facts, conclusory allegations of fact, speculation, suspicion, rumor or surmise to sustain a reasonable belief." *Gutierrez v. City of Hialeah,* 729 F.Supp. 1329,

2

1333 (S.D. Fla. 1990) (internal citations omitted). Furthermore, reliance on a publication is not enough to satisfy an attorney's duty to inquire. "In some instances, the source and content of an article may increase or lessen the extent to which other independent inquiry may be necessary, and such inquiry may be increased or lessened by availability of more reliable facts." *Greenfield v. U.S. Healthcare, Inc.* 146 F.R.D. 118, 127 (E.D. Pa. 1993). Even well-respected publications, such as the *Wall Street Journal,* have been held as insufficient to support an analysis of the facts and law to form the basis of a pleading. *Id.* Here, Plaintiffs' factual support is derived from the Colorado Times Recorder, most of which are articles by Erik Maulbetsch, a self-proclaimed progressive investigative reporter with a focus on right-wing extremists. Plaintiffs' declarations in support are no more convincing, as none of the witnesses have independent knowledge of the facts. Having failed to properly investigate these claims, Plaintiffs now seek discovery in the hopes of uncovering support of their claims.

Despite the contents of Plaintiffs' declarations and Plaintiffs' numerous arguments that their members have been intimidated by Defendants, Plaintiffs cannot find a single witness with independent knowledge in support of their claims. *See* Doc. 34. Considering Plaintiffs' argument that this alleged voter intimidation is so widespread, spanning 17 Colorado counties and throughout the Nation, Plaintiffs fail to present any need for expedited discovery. *See* Doc. 6 at p. 8. Since Plaintiffs allege that their members are those who are affected by Defendants, it should be a simple task to identify a single victim of the Defendants' alleged wrongdoing. Instead, however, Plaintiffs failed to present any

evidence to support their claims, and hope to retroactively establish a factual basis for their claims through discovery.

Plaintiffs argue that the ten document requests are narrowly tailored to seek information, solely in Defendants' possession, to aid in establishing entitlement to preliminary relief. However, the information sought by Plaintiffs is incredibly broad and unnecessary to support their arguments in the preliminary injunction hearing. Plaintiffs seek all information created by Defendants or their agents related to voter information; copies of all documents regarding a canvassing plan, including any script; lists of anyone Defendants' spoke to including the individual's personal information; any statements collected from voters; documents identifying any employee of USEIP; documents related to complaints; and finally, Plaintiffs seek any other records kept regarding canvassing activity. *See* Doc. 40, pp. 4-5. While some of these requests include the information Plaintiffs wish to be deleted or restricted by the Court in their Motion for Preliminary Injunction, the information itself has no bearing on the issues presented in the preliminary injunction hearing. *See Avaya, Inc. v. Acumen Telecom Corp.,* 2011 WL 9293, *2-3(D.Colo. 2011).

Expedited discovery may be permitted if it relates to the narrow focus of the preliminary injunction hearing. *See WorldQuest,* 213 F.R.D. at 421.  Plaintiffs argue that they seek expedited discovery to confirm the extent of Defendants' activities and that the information is within Defendants' sole possession. However, the information sought is irrelevant to the preliminary matter, even if Plaintiffs could not obtain it otherwise. *See Nelson v. Barnhart,* 2020 WL 3000961, * 4 (D. Colo. 2020). Plaintiffs seek preliminary

injunction to enjoin Defendants from pursing any door-to-door canvassing, and to delete and submit to the Court any existing databases regarding voters. *See generally* Doc. 5. Plaintiffs request for discovery contains completely irrelevant matters such as the corporate documents of Defendant USEIP, prior statements made by voters, and even a list of people employed by USEIP. *See* Doc. 40, pp. 4-5. It is unfathomable that Plaintiffs require any of these documents to support their motion. Having failed to allege with any factual support that good cause exists to permit expedited discovery, Plaintiffs' request should be denied.

## CONCLUSION

Plaintiffs' failure to conduct any factual inquiry into the veracity of their claims is not good cause for permitting expedited discovery prior to the preliminary hearing. Furthermore, the discovery sought is overbroad and would not supply evidence to justify granting the motion for preliminary injunction.

WHEREFORE, Defendants respectfully request this Honorable Court deny Plaintiffs' Motion for Limited Expedited Discovery.

Respectfully submitted this 2nd day of May, 2022.

*s/ Jessica L. Hays*
R. Scott Reisch, #26892
Jessica L. Hays, #53905
THE REISCH LAW FIRM, LLC
1490 W. 121st Avenue, #202
Denver, CO 80234
(303) 291-0555
Email: scott@reischlawfirm.com
jessica@reischlawfirm.com
cassandra@reischlawfirm.com
*Attorneys for Defendants*

5

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **DEFENDANTS' RESPONSE IN OPPOSITION OF PLAINTIFFS' MOTION FOR LIMITED EXPEDITED DISCOVERY** has been electronically served through ECF this 2nd day of May, 2022, to all counsel of record.

*s/ Jessica L. Hays*
R. Scott Reisch, #26892
Jessica L. Hays, #53905
THE REISCH LAW FIRM, LLC
1490 W. 121st Avenue, #202
Denver, CO 80234
(303) 291-0555
Email: scott@reischlawfirm.com
Email: jessica@reischlawfirm.com
*Attorneys for Defendants*