IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 22-cv-00581-PAB

COLORADO MONTANA WYOMING STATE AREA CONFERENCE OF THE NAACP,
LEAGUE OF WOMEN VOTERS OF COLORADO, and
MI FAMILIA VOTA,

    Plaintiffs,

v.

UNITED STATES ELECTION INTEGRITY PLAN,
SHAWN SMITH,
ASHLEY EPP, and
HOLLY KASUN,

    Defendants.

## ORDER

    This matter is before the Court on plaintiffs' Motion for Limited Expedited Discovery [Docket No. 40]. Defendants oppose plaintiffs' motion. Docket No. 43. The Court assumes the parties' familiarity with the background facts and procedural history of this dispute, which are set forth in other orders, *see, e.g.*, Docket Nos. 30, 39, and will not be repeated here except as necessary.

    Generally, formal discovery under Federal Rule of Civil Procedure 26(d) begins once the parties have conferred as Rule 26(f) requires. *See* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."). However, the Court may exercise its discretion to "alter the timing, sequence, and

volume of discovery." *See Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003).

A party seeking expedited discovery has the burden of showing good cause for the requested departure from usual discovery procedures. *Nellson v. Barnhart*, No. 20-cv-00756-PAB, 2020 WL 3000961, at *3 (D. Colo. June 4, 2020) (citing *Qwest Commc'ns Int'l*, 213 F.R.D. at 419; Fed. R. Civ. P. 26(b)). Expedited discovery has been granted in cases where discovery of certain facts is "unusually difficult or impossible." *See Pod-Ners, LLC v. N. Feed & Bean of Lucerne Ltd. Liability Co.*, 204 F.R.D. 675, 676 (D. Colo. 2002). Although good cause may be shown where a party seeks a preliminary injunction, *see Qwest Commc'ns Int'l*, 213 F.R.D. at 419 (citing *Ellsworth Associates, Inc. v. United States*, 917 F. Supp. 841, 844 (D.D.C.1996); *Revlon Consumer Prods. Corp. v. Jennifer Leather Broadway, Inc.*, 858 F. Supp. 1268, 1269 (S.D.N.Y. 1994)), a pending preliminary injunction motion or hearing is not sufficient to warrant expedited discovery. *Id.* at 419–20 (citing *Phila. Newspapers, Inc. v. Gannett Satellite Info. Network, Inc.*, 1998 WL 404820 (E.D. Pa. 1998) (denying motion for expedited discovery where movant's discovery requests were overly broad and not reasonably tailored to the specific issues to be addressed at the preliminary injunction hearing)). Cases where a plaintiff may require expedited discovery to meet its burden of proof to obtain a preliminary injunction are "expected to be rare." *Avaya, Inc. v. Acumen Telecom Corp.*, No. 10-cv-03075-CMA-BNB, 2011 WL 9293, at *3 (D. Colo. Jan. 3, 2011) (citation omitted); *SEBO Am., LLC v. Does 1-10,* No. 21-cv-02916-RM-NRN, 2021 WL 8153756, at *1 (D. Colo. Nov. 22, 2021) (identifying a "plaintiff's inability to identify a defendant as 'one of the few' instances that may warrant early

discovery") (citing *Malibu Media, LLC v. John Doe Subscriber Assigned IP Address 174.51.234. 104*, No. 13-cv-00307-WYD-MEH, 2013 WL 3753436, at *4 (D. Colo. July 14, 2013); *20/20 Fin. Consulting, Inc. v. Does 1-5*, No. 10-cv-01006-CMA-KMT, 2010 WL 1904530, at *1 (D. Colo. May 11, 2010)).

Courts consider a number of factors to determine the reasonableness of the request for expedited discovery before a preliminary injunction hearing or to support a preliminary injunction motion, including (1) whether a preliminary injunction is pending; (2) how far in advance of the typical discovery process the request was made; (3) the purpose for requesting the expedited discovery; (4) the breadth of the discovery requests; (5) the burden on the defendants to comply with the requests. *See Sunflower Elec. Power Corp. v. Sebelius*, 2009 WL 774340, at *2 (D. Kan. Mar. 20, 2009) (citation omitted). These factors are not binding, and the Court has discretion on whether to authorize expedited discovery. *See Qwest Commc'ns Int'l*, 213 F.R.D. at 419 ("However, in every case, the court has the discretion, in the interests of justice, to prevent excessive or burdensome discovery."); *see also Washington v. Correia*, 546 F. App'x 786, 787 (10th Cir. 2013) (unpublished) ("It was well within the court's discretion to decline to authorize expedited discovery.").

Plaintiffs propound ten document requests for:

1. Any corporate registrations/corporate records for [d]efendant USEIP.

2. Copies of any database created by [d]efendants or any of their agents containing individualized information about voters.

3. Copies of any photographs taken by [d]efendants or any of their agents of voters' residences, or voters' vehicles.

4. Copies of any canvassing plan, including but not limited to documents sufficient to identify the counties, neighborhoods, and/or individual voters

3

>targeted by [d]efendants and to demonstrate [d]efendants' implementation of the plan.
>
>5.  Copies of any canvassing script or talking points utilized by [d]efendant USEIP and its agents when going door-to-door.
>
>6.  A list of all voters with whom [d]efendant USEIP or any agent of [d]efendant USEIP has had contact, including for each voter their [sic] name, address, phone number, and email address.
>
>7.  Any statements [d]efendant USEIP or its agents collected from voters.
>
>8.  Any other records kept by [d]efendant USEIP or its agents regarding its canvassing activity.
>
>9.  Documents identifying all persons who are employed by [d]efendant USEIP or otherwise acting as agents of [d]efendant USEIP.
>
>10.  Documents related to or reflecting any complaints received by [d]efendant USEIP regarding its canvassing activity.

Docket No. 40 at 4–5.  Plaintiffs argue that these requests are "limited and targeted." *Id.* at 4.  They argue that, because the requests "only to seek documents that are readily accessible to [d]efendants, the burden on [d]efendants is minimal."  *Id.*  Finally, plaintiffs insist that the discovery is "necessary in advance of the preliminary injunction hearing" because it will "assist the Court in fashioning an appropriate equitable remedy" and, without the discovery, "[p]laintiffs and the Court will be unable to determine the full scope and extent of [d]efendants' unlawful behavior."  *Id.*

Notwithstanding the pending preliminary injunction motion, plaintiffs have failed to demonstrate good cause to depart from the standard discovery procedures.  The Court has explained that, "because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal."  Docket No. 30 at 4 (quoting *Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009)).  In the order denying plaintiffs' temporary restraining order ("TRO"), the Court

noted that plaintiffs learned about defendants' door-to-door activities in August 2021. *See id.* at 8, 13 (citing Docket No. 8 at 2, ¶ 5).  Plaintiffs could have filed a complaint then, proceeded through discovery, learned more about the specifics of defendants' conduct, and then sought a TRO or preliminary injunction once they could show that their right to relief was clear and unequivocal.  *See Beltronics*, 562 F.3d at 1070.  Plaintiffs, however, did not do so.  Instead, as the Court noted, plaintiffs waited until December 2021 to investigate who had purchased the voter rolls from the Secretary of State.  *See* Docket No. 30 at 7, 13.  Once plaintiffs learned that someone named "Shawn Smith," presumably the defendant, had purchased the rolls, plaintiffs still did not seek an injunction.  Plaintiffs waited until March 2022 to sue Mr. Smith and the other defendants, even though press reports from August 2021 apparently linked defendant United States Election Integrity Plan ("USEIP") to the conduct that plaintiffs have complained of.  *See id.* at 13.  Plaintiffs thus had ample time to seek discovery between when they learned about the conduct at issue and when they sought a TRO and preliminary injunction.

Plaintiffs also did not seek expedited discovery immediately upon filing their complaint or their motion for a TRO and preliminary injunction.  Instead, they waited two months after filing this case, and nearly three weeks from when the Court denied their TRO, to seek the very information that they now claim is "necessary" to present "fulsome evidence" and "establish grounds for a preliminary injunction," without which the Court will be "unable to determine the full scope and extent of [d]efendants' unlawful behavior."  *See* Docket No. 40 at 3–4.  Plaintiffs have not explained any of these delays.  Courts are justifiably skeptical of parties that seek preliminary injunctive relief without

5

sufficient support and then rely on the Court's discovery processes to support their claims that they are clearly and unequivocally entitled to the drastic relief of a preliminary injunction.

Moreover, plaintiffs have not supported their motion with a specific showing of good cause for any of the ten categories of requested documents. Expedited discovery has been granted in cases where discovery of certain facts is "unusually difficult or impossible." *See Pod-Ners*, 204 F.R.D. at 676. Plaintiffs claim that defendants or USEIP members are going door-to-door to target the voters and have done so since at least August 2021. *See* Docket No. 30 at 10 (citing Docket No. 8 at 2, ¶ 5). Plaintiffs also claim that this practice is apparently widespread, reaching into at least seventeen Colorado counties. *See id.* (citing Docket No. 6 at 6–7). Plaintiffs, therefore, should be aware of much of the information that they seek. Plaintiffs' members, for instance, could provide information on what both defendants and the members said, which would help provide evidence regarding requests 5 and 7. Plaintiffs' members could also report whether defendants photographed their homes or cars, which would provide evidence regarding request 3. Plaintiffs, however, do not explain why they cannot obtain at least some of this information from their members or whether they have even tried. Plaintiffs also do not identify what information is likely to be in defendants' sole control and what form it may take, which could help plaintiffs show that the burden is not as great as defendants claim.

The breadth of plaintiffs' requests also counsels against granting their motion. *See Sunflower Elec. Power Corp.*, 2009 WL 774340, at *4–5. As the Court has noted, plaintiffs do not provide any specific argument regarding any of their ten requests.

Plaintiffs have therefore not shown why they need each category of information – and why they were unable to obtain the information between August 2021 and April 2022. Moreover, some of the requested documents do not appear to be relevant to the preliminary injunction that plaintiffs' request and are therefore overbroad. For instance, plaintiffs request "[a]ny corporate registrations/corporate records for [d]efendant USEIP," *see* Docket No. 40 at 4, but plaintiffs do not explain why *all* corporate records, which could include payroll documents, bills for irrelevant expenses, human resources files, or tax records, are relevant to plaintiffs' claims. Plaintiffs also request "[a]ny other records kept by [d]efendant USEIP or its agents regarding canvassing activity," *id.* at 5, but plaintiffs do not tailor this request or explain what they mean by it. Plaintiffs also ask for "[d]ocuments identifying all persons who are employed by [d]efendant USEIP or otherwise acting as agents of [d]efendant USEIP." *Id.* Again, plaintiffs do not explain why a list of all USEIP employees or "agents" is relevant or material to their claims. *See Nellson*, 2020 WL 30000961, at *4 (denying expedited discovery request not properly tailored to requested injunctive relief); *McGee v. Hayes*, 43 F. App'x. 214, 217 (10th Cir. 2002) (unpublished) (noting that a district court is not "required to permit plaintiff to engage in a 'fishing expedition' in the hope of supporting his claim"); *see also Qwest Commc'ns Int'l*, 213 F.R.D. at 421 n.1 ("The breadth of these discovery requests has a significant bearing on the court's decision to deny the motion for expedited discovery. Whether these same requests would be unobjectionable if propounded after a Rule 26(f) conference is a question the court need not address at this time.").

Because plaintiffs have not shown good cause for a departure from the usual discovery procedures, *see Nellson*, 2020 WL 30000961, at *3; *Qwest Commc'ns, Int'l*, 213 F.R.D. at 219, it is

**ORDERED** that plaintiffs' Motion for Limited Expedited Discovery [Docket No. 40] is **DENIED**.

DATED May 6, 2022.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge