UNITED STATES DISTRICT COURT
for the
District of Colorado

| | |
|---|---|
| COLORADO MONTANA WYOMING STATE AREA CONFERENCE OF THE NAACP, LEAGUE OF WOMEN VOTERS OF COLORADO, and MI FAMILIA VOTA<br><br>Plaintiffs,<br><br>-v-<br><br>UNITED STATES ELECTION INTEGRITY PLAN, SHAWN SMITH, ASHLEY EPP, and HOLLY KASUN<br><br>Defendants. | Civil Action No. <u>1:22-cv-00581-PAB</u><br><br><br>BENCH TRIAL |

## ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

COMES NOW, Defendants, USEIP, Shawn Smith, Ashley Epp, and Holly Kasun (collectively "Defendants"), by and through undersigned counsel, and hereby submit their Answer and Affirmative Defenses to the Complaint as follows:

### INTRODUCTION

1. Defendants deny the allegations contained in paragraph 1 of the Complaint.

2. Defendants deny the allegations contained in paragraph 2 of the Complaint.

3. Defendants deny the allegations contained in paragraph 3 of the Complaint.

1

4. Defendants deny the allegations contained in paragraph 4 of the Complaint.

5. Defendants deny the allegations contained in paragraph 5 of the Complaint.

6. Defendants are without sufficient knowledge or information to determine the veracity of the allegations contained in paragraph 6 of the Complaint and therefore deny the same.

7. Defendants deny the allegations contained in paragraph 7 of the Complaint.

8. Defendants deny the allegations contained in paragraph 8 of the Compliant.

9. Defendants deny the allegations contained in paragraph 9 of the Complaint.

## JURISDICTION AND VENUE

10. Defendants admit that this Court has subject matter jurisdiction.

11. Defendants admit that this Court has authority to issue declaratory and injunctive relief, but deny any other factual allegations contained in paragraph 11 of the Complaint.

12. Defendants admit that venue is proper in this district, but deny all other factual allegations contained in paragraph 12 of the Compliant.

## PARTIES

13. Defendants are without sufficient knowledge or information to determine the veracity of the allegations contained in paragraph 13 of the Complaint and therefore deny the same.

14. Defendants are without sufficient knowledge or information to determine the veracity of the allegations contained in paragraph 14 of the Complaint and therefore deny the same.

15. Defendants are without sufficient knowledge or information to determine the veracity of the allegations contained in paragraph 15 of the Complaint and therefore deny the same.

16. In response to paragraph 16 of the Compliant, Defendants admit that USEIP is an unincorporated organization. Defendants do not have sufficient knowledge or information to determine the veracity of the claim that USEIP is exporting its campaign to other states and therefore denies the same. Defendants deny all other factual allegations contained in paragraph 16 of the Compliant.

17. Defendants admit that Shawn Smith is a Colorado resident and a member of USEIP. Defendants deny all other factual allegations contained in paragraph 17 of the Complaint.

18. Defendants admit that Ashley Epp is a Colorado resident and a member of USEIP. Defendants deny all other factual allegations contained in paragraph 18 of the Complaint.

19. Defendants admit that Holly Kasun is a Colorado resident and a member of USEIP. Defendants deny all other factual allegations contained in paragraph 19 of the Complaint.

**FACTS**

**USEIP Background**

20. Defendants deny the allegations contained in paragraph 20 of the Complaint.

21. Defendants admit that USEIP has no connection to the United States Government. Defendants deny the remaining allegations contained in paragraph 21 of the Complaint.

22. Defendants are without sufficient knowledge or information to determine the veracity of claims regarding others who are not named in this lawsuit and therefore deny.

Any allegations contained in paragraph 22 of the Compliant regarding the named defendants are denied.

23. Defendants deny the allegations contained in paragraph 23 of the Complaint.

24. Defendants admit that Shawn Smith is based in Colorado Springs. Defendants deny the remaining factual allegations contained in paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in paragraph 25 of the complaint.

26. Defendants deny the allegations contained in paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in paragraph 27 of the Complaint pertaining to named parties. Defendants are without sufficient knowledge or information to determine the veracity of claims regarding third parties.

28. Defendants deny the allegations contained in paragraph 28 of the Complaint.

29. Defendants do not have sufficient knowledge or information to determine the veracity of the allegations contained in paragraph 29 of the Complaint and therefore deny the same.

30. Defendants do not have sufficient knowledge or information to determine the veracity of the allegations contained in paragraph 30 of the Complaint and therefore deny the same.

31. Defendants deny the allegations contained in paragraph 31 of the Complaint.

## THE VOTER ORGANIZATIONS SEEK TO ADDRESS DEFENDANTS' VOTER INTIMIDATION CAMPAIGN[1]

32. Defendants are without sufficient knowledge or information to determine the veracity of the allegations contained in paragraph 32 of the Complaint and therefore deny the same. Defendants deny any allegation that their actions caused intimidation.

33. Defendants are without sufficient knowledge or information to determine the veracity of the allegations contained in paragraph 33 of the Complaint and therefore deny the same.

34. Defendants are without sufficient knowledge or information to determine the veracity of the allegations contained in paragraph 34 of the Complaint and therefore deny the same.

35. Defendants are without sufficient knowledge or information to determine the veracity of the allegations contained in paragraph 35 of the Complaint, and therefore deny the same.

36. Defendants are without sufficient knowledge or information to determine the veracity of the allegations contained in paragraph 36 of the Complaint, and therefore deny the same.

37. Defendants are without sufficient knowledge or information to determine the veracity of the allegations contained in paragraph 37 of the Complaint, and therefore deny the same.

---

[1] Defendants utilize the headings from the Complaint for organizational purposes only and do not admit any allegations from their use.

38. Defendants are without sufficient knowledge or information to determine the veracity of the allegations contained in paragraph 38 of the Complaint, and therefore deny the same.

## CLAIM FOR RELIEF

### Count One:
### Intimidating Voters and Potential Voters in Violation of Section 11(b) of the Voting Rights Act of 1965.

39. In response to paragraph 39 of the Complaint, Defendants re-allege and reincorporate all responses contained in paragraphs 1-38 of this Answer, as if fully set forth herein.

40. In response to paragraph 40 of the Complaint, Defendants admit that paragraph 40 quotes language from Section 11(b) of the Voting Rights Act of 1965 ("VRA"), 52 U.S.C. § 1307(b). Defendants deny all other allegations contained in paragraph 40 of the Complaint.

41. Defendants deny the allegations contained in paragraph 41 of the Compliant.

42. Defendants deny the allegations contained in paragraph 42 of the Complaint.

43. Defendants deny the allegations contained in paragraph 43 of the Complaint.

### Count Two:
### Attempting to Intimidate Voters and Potential Voters in Violation of Section 11(b) of the Voting Rights Act of 1965

44. In response to paragraph 44 of the Complaint, Defendants admit that paragraph 44 quotes language from Section 11(b) of the Voting Rights Act of 1965, 52 U.S.C. § 1307(b). Defendants deny all other allegations contained in paragraph 44 of the Complaint.

45. Defendants deny the allegations contained in paragraph 45 of the Complaint.

46. Defendants deny the allegations contained in paragraph 46 of the Complaint.

## Count Three:
## Violation of the Ku Klux Klan Act (42 U.S.C. § 1985)

47. In response to paragraph 47 of the Complaint, Defendants re-allege and reincorporate all responses contained in paragraphs 1-46 of this Answer, as if fully set forth herein.

48. Defendants deny the allegations contained in paragraph 48 of the Complaint.

49. Defendants deny the allegations contained in paragraph 49 of the Complaint.

50. Defendants deny the allegations contained in paragraph 50 of the Complaint.

51. Defendants are without sufficient knowledge or information to determine the veracity of whether Plaintiffs are entitled to bring an action for recovery of damages under 42 U.S.C. § 1985(3). Defendants deny all other allegations contained in paragraph 51 of the Complaint.

## PRAYER FOR RELIEF

a) In response to the allegations contained in paragraph a of the Complaint, Defendants admit that paragraph a articulates the relief sought by Plaintiffs. Defendants deny the remaining allegations contained in paragraph a of the Complaint.

b) In response to the allegations contained in paragraph b of the Complaint, Defendants admit that paragraph b articulates the relief sought by Plaintiffs. Defendants deny the remaining allegations contained in paragraph b of the Complaint.

c) In response to the allegations contained in paragraph c of the Complaint, Defendants admit that paragraph c articulates the relief sought by Plaintiffs. Defendants deny the remaining allegations contained in paragraph c of the Complaint.

d) In response to the allegations contained in paragraph d of the Complaint, Defendants admit that paragraph d articulates the relief sought by Plaintiffs. Defendants deny the remaining allegations contained in paragraph d of the Complaint.

e) In response to the allegations contained in paragraph e of the Complaint, Defendants admit that paragraph e articulates the relief sought by Plaintiffs. Defendants deny the remaining allegations contained in paragraph e of the Complaint.

f) In response to the allegations contained in paragraph f of the Complaint, Defendants admit that paragraph f articulates the relief sought by Plaintiffs. Defendants deny the remaining allegations contained in paragraph f of the Complaint.

g) In response to the allegations contained in paragraph g of the Complaint, Defendants admit that paragraph g articulates the relief sought by Plaintiffs. Defendants deny the remaining allegations contained in paragraph g of the Complaint.

h) In response to the allegations contained in paragraph h of the Complaint, Defendants admit that paragraph h articulates the relief sought by Plaintiffs. Defendants deny the remaining allegations contained in paragraph h of the Complaint.

i) In response to the allegations contained in paragraph i of the Complaint, Defendants admit that paragraph i articulates the relief sought by Plaintiffs. Defendants deny the remaining allegations contained in paragraph i of the Complaint.

j) In response to the allegations contained in paragraph j of the Complaint, Defendants admit that paragraph j articulates the relief sought by Plaintiffs. Defendants deny the remaining allegations contained in paragraph j of the Complaint.

k) In response to the allegations contained in paragraph k of the Complaint, Defendants admit that paragraph k articulates the relief sought by Plaintiffs. Defendants deny the remaining allegations contained in paragraph k of the Complaint.

l) In response to the allegations contained in paragraph l of the Complaint, Defendants admit that paragraph l articulates the relief sought by Plaintiffs. Defendants deny the remaining allegations contained in paragraph l of the Complaint.

m) In response to the allegations contained in paragraph m of the Complaint, Defendants admit that paragraph m articulates the relief sought by Plaintiffs. Defendants deny the remaining allegations contained in paragraph m of the Complaint.

n) In response to the allegations contained in paragraph n of the Complaint, Defendants admit that paragraph n articulates the relief sought by Plaintiffs. Defendants deny the remaining allegations contained in paragraph n of the Complaint.

## GENERAL DENIAL

Defendants deny each and every allegation contained in the Complaint not expressly admitted herein.

## AFFIRMATIVE DEFENSES

Pursuant to Fed. R. Civ. P. 8(c), Defendants assert these Affirmative Defenses in response to the Complaint and any other claims asserted against them in this action. The Affirmative Defenses set forth herein are pled alternatively or hypothetically pursuant to

9

Fed. R. Civ. P. 8(d)(2) based on facts now known or upon information and belief. Defendants will dismiss, withdraw, or modify and defense pursuant to F.R.C.P. 11, if it becomes known after discovery that it cannot prevail on said defense.

1. Plaintiffs' Complaint, in whole or in part, fails to state a claim upon which relief may be granted.
2. Some or all of Plaintiffs' claims are barred by the applicable statute of limitations.
3. Plaintiffs lack standing to bring some, or all of the claims asserted.
4. Plaintiffs' claims are barred, in whole or in part, due to lack of any legitimate and justiciable controversy.
5. Plaintiffs' claims are barred, in whole or in part, by their failure to join indispensable parties.
6. Plaintiffs have suffered no damage as a result of any of the alleged actions of Defendants.
7. Plaintiffs have failed to mitigate their damages, if any.
8. Plaintiffs' claims are barred by the doctrine of waiver.
9. Plaintiffs' claims are barred by the doctrine of laches.
10. Plaintiffs' claims are barred by the doctrine of estoppel.
11. Plaintiffs' claims are barred because the damages, whether statutory or otherwise, are unconstitutionally excessive and disproportionate to any actual damages that may have been sustained,
12. Plaintiffs' claims are barred by the doctrine of abuse of process.
13. Plaintiffs' claims are barred by the doctrine of unclean hands.

14. Plaintiffs' claims are barred to the extent that they violate Defendants' First and Second Amendment Rights guaranteed to them under the United States Constitution.
15. Plaintiffs' claims are barred by the doctrine of consent.
16. Plaintiffs' claims are barred to the extent that any damages allegedly sustained by Plaintiffs are the proximate result of the acts and/or omissions of independent third parties over which Defendants exercised no control.
17. Plaintiffs' claims are barred because at all times Defendants acted in good faith and in a reasonable and lawful manner.
18. Plaintiffs' claims are barred by the doctrine of *de minimis non curat lex*, as any damages allegedly suffered by Plaintiffs have been *de minimis.*
19. Plaintiffs' claims are barred because the matter is moot.
20. Plaintiffs' claims are barred because 42 U.S.C. § 1985(3) is vague and overbroad and therefore unconstitutional.
21. Plaintiffs' claims are barred because Defendants are not ". . .person[s], whether acting under color of law or otherwise. . ." pursuant to 52 U.S.C. § 1307(b).
22. Plaintiffs' claims are barred because 52 U.S.C. § 1307(b) is vague and overbroad and therefore unconstitutional.

WHEREFORE, having answered, Defendants request judgment or relief against Plaintiffs as follows:

1. That the action against Defendants is dismissed with prejudice and that the Plaintiffs are granted no relief; and

2. That Defendants be awarded their costs and disbursements incurred in defending this matter; and

3. Such other and further relief, including declaratory, equitable relief and damages, to which Defendants are entitled.

## COUNTERCLAIMS

Counterclaim Plaintiffs, Shawn Smith, Ashley Epp, and Holly Kasun hereby state as follows for their Counterclaims against Counterclaim Defendants Colorado Montana Wyoming State Area Conference of the NAACP, League of Women Voters of Colorado, and Mi Familia Vota.

### Parties, Jurisdiction and Venue

1. Shawn Smith is an individual resident of the State of Colorado, who may be contacted c/o the Reisch Law Firm, LLC; 1490 W. 121st Avenue, Suite 202, Denver, Colorado 80234.

2. Ashley Epp is an individual resident of the State of Colorado, who may be contacted c/o the Reisch Law Firm, LLC; 1490 W. 121st Avenue, Suite 202, Denver, Colorado 80234.

3. Holly Kasun is an individual resident of the State of Colorado, who may be contacted c/o the Reisch Law Firm, LLC; 1490 W. 121st Avenue, Suite 202, Denver, Colorado 80234.

4. NAACP Colorado is a nonprofit corporation with a principal office in Colorado Springs, Colorado.

5. League of Women Voters of Colorado ("LWVCO"), is a non-profit organization with a principal office in Denver, Colorado.

6. Mi Familia Vota ("MFV") is a foreign nonprofit corporation with a principal office in Phoenix, Arizona.

## JURISDICTION

7. This Court has jurisdiction over these Counterclaims under 28 U.S.C. § 1367(a) because this Court has supplemental jurisdiction over all other claims related to the claims within the Court's original jurisdiction that form part of the same case or controversy under Article III of the United States Constitution.

8. Venue is appropriate in this judicial district under 28 U.S.C. § 1391(b)(1) and (2) because the parties reside in this judicial district, and a substantial part of the event or omissions giving rise to the counterclaims occurred in this judicial district.

## GENERAL ALLEGATIONS

9. Counterclaim Plaintiffs re-allege and reincorporate the allegations contained in paragraphs 1-8 of this Counterclaim as if fully set forth herein.

10. On or about March 9, 2022, Counterclaim Defendants initiated a civil lawsuit alleging intimidation of voters and potential voters in violation of Section 11(b) of the Voting Rights Act of 1965, attempted intimidation of voters and potential voters in violation of Section 11(b) of the Voting Rights Act of 1965, and Violation of the Ku Klux Klan Act (42 U.S.C. §1985).

11. On or about March 9, 2022, Counterclaim Defendants filed a Motion for Preliminary Injunction and Temporary Restraining Order arising out of the same

allegations contained in the Compliant. This Motion was voluntarily withdrawn by Counterclaim Defendants on May 12, 2022.

12. The Complaint and additional filings by Counterclaim Defendants contain numerous unsubstantiated and frivolous allegations.

13. Despite having no independent knowledge of the veracity of the claims being brought, Counterclaim Defendants continue to prosecute their unsupported claims.

14. Counterclaim Defendants, either directly or through their agents, published the same frivolous statements regarding the Counterclaim Plaintiffs through press releases and articles on various websites[2].

15. Contained in the Complaint and other publications, Counterclaim Defendants make allegations that Counterclaim Plaintiffs have ties with QAnon, described as a domestic terror threat.[3]

---

[2] Counsel for Counterclaim Defendants, Free Speech for People, published a press release on March 9, 2022, repeating the false allegations contained in their Complaint. Free Speech for People, *Voting Right Organizations File Federal Lawsuit to Stop Illegal Voter Intimidation in Colorado* (March 9, 2022), https://freespeechforpeople.org/voting-rights-organizations-file-federal-lawsuit-to-stop-illegal-voter-intimidation-in-colorado/ (last visited May 12, 2022). Similarly, League of Women Voters published a press release on March 9, 2022, alleging the same unsupported claims contained in the Complaint. Shannon Augustus, *Colorado Voting Rights Advocates File Lawsuit Against Voter Intimidation,* (March 9, 2022), https://www.lwv.org/newsroom/press-releases/colorado-voting-rights-advocates-file-lawsuit-against-voter-intimidation, (last visited May 12, 2022).

[3] Free Speech for People describe USEIP as "an extremist organization with ties to the January 6 Capitol insurrection." Free Speech for People, *Colorado NAACP, League of Women Voters of Colorado, and Mi Familia Vota v. United States Election Integrity Plan: Challenging illegal voter intimidation in Colorado.* https://freespeechforpeople.org/colorado-naacp-league-of-women-voters-of-colorado-and-mi-familia-vota-v-united-states-election-integrity-plan/ (last visited May 12, 2022).

16. As evidenced by Counterclaim Defendants' own filings with the Court, the false allegations of ties with terrorist organizations, targeted voter intimidation, and engaging in violent behavior arise from a single source: The Colorado Times Recorder.

17. Rather than investigate the allegations prior to initiating a lawsuit, Counterclaim Defendants relied on false claims of a third-party journalist.

18. The Complaint seeks declaratory relief as well as monetary damages. Specifically, the Complaint asks the Court to declare that carrying out the door-to-door campaign in the future will constitute unlawful voter intimidation and conspiracy; Order to cease and desist going to voters' homes to question voters; Order to cease and desist coordinating or organizing visits to voters homes; Order to stop taking photographs and maintaining databases of voters and to delete the same; Order that those who speak with voters must state the organization with whom they are affiliated, inform voters they are not required to speak, stop claiming that they are affiliated with any government entity, not make any threat of consequences, reprisals, or criminal charges to voters, and to otherwise not threaten or intimidate voters; Order to cease and desist carrying weapons when going to voters' homes; Order to cease and desist instructing or encouraging carrying of weapons when interacting with voters; and Order not to engage in other actions that threaten voters for having voted.

19. Through the Complaint, Counterclaim Defendants seek declaratory relief which, if granted, would eliminate the Counterclaim Plaintiffs' ability to freely engage in the electoral process.

20. The claims, statements, and filings by Counterclaim Defendants are devoid of factual support and their purpose of bringing a frivolous lawsuit is to harass Counterclaim Plaintiffs and limit their electoral engagement.

### First Counterclaim for Relief
### Defamation

21. Counterclaim Plaintiffs fully incorporate the prior paragraphs as if fully set forth herein.

22. Mr. Smith, Ms. Epp, and Ms. Kasun are neither public officials nor public figures.

23. Counterclaim Defendants or their agents published false information that Counterclaim Plaintiffs have ties with terrorist organizations, commit racially motivated voter intimidation, and condone violence.

24. The defamatory meaning of these statements is apparent from their face. These statements are defamatory per se as they inherently injure Counterclaim Plaintiffs' reputation, impute a crime, and disparage their business practices.

25. These defamatory statements are directed to Counterclaim Plaintiffs who are individually named in the publications.

26. Without verifying the truth of their allegations, Counterclaim Defendants published these defamatory statements with reckless disregard of their truth or falsity. Counterclaim Defendants failed to corroborate any of the allegations and

conducted a grossly inadequate investigation of the facts prior to publishing these statements.

27. As a direct and proximate result of these statements, Counterclaim Plaintiffs have suffered actual and special damages including, harm to their reputation, loss of employment opportunities, lost earnings, and pain and suffering.

### Second Counterclaim for Relief
### (Abuse of Process)

28. Counterclaim Plaintiffs incorporate and re-allege the preceding paragraphs as if fully set forth herein.

29. Counterclaim Defendants initiated a civil lawsuit against Counterclaim Plaintiffs by filing a Complaint in the United States District Court of Colorado.

30. Counterclaim Defendants had an ulterior purpose for filing this litigation which was to harass, embarrass, and limit Counterclaim Plaintiffs' access to the electoral process.

31. Counterclaim Defendants willfully used the filing of the Complaint for the improper purpose of harassing, embarrassing, and keeping Counterclaim Plaintiffs from engaging in their constitutional rights.

32. As a result of this abuse of process, Counterclaim Plaintiffs have suffered economic damages, including attorney's fees and costs in defending the action, non-economic damages including injury to their reputation, pain and suffering, humiliation and embarrassment.

WHEREFORE, Shawn Smith, Ashely Epp, and Holly Kasun, respectfully request that the Court enter judgment against Counterclaim Defendants for the relief requested above and damages, together with interest, court costs, and attorney fees, the full amount of which will be determined at trial, and for such other relief as the Court may deem appropriate.

Respectfully submitted this 12th day of May, 2022.

*s/ Jessica L. Hays*
R. Scott Reisch, #26892
Jessica L. Hays, #53905
THE REISCH LAW FIRM, LLC
1490 W. 121st Avenue, #202
Denver, CO 80234
(303) 291-0555
Email: scott@reischlawfirm.com
jessica@reischlawfirm.com
cassandra@reischlawfirm.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS** has been electronically served through ECF this 12th day of May, 2022, to all counsel of record.

*s/ Jessica L. Hays*
R. Scott Reisch, #26892
Jessica L. Hays, #53905
THE REISCH LAW FIRM, LLC
1490 W. 121st Avenue, #202
Denver, CO 80234
(303) 291-0555
Email: scott@reischlawfirm.com
Email: jessica@reischlawfirm.com
*Attorneys for Defendants*