IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-00581-CNS-NRN

Colorado Montana Wyoming
State Area Conference of the NAACP,
League of Women Voters of Colorado, and
Mi Familia Vota,

    Plaintiffs,

v.

United States Election Integrity Plan, Shawn Smith,
Ashley Epp, and Holly Kasun,

    Defendants.

## AMENDED ~~PROPOSED~~ SCHEDULING ORDER AND RULE 26(f) REPORT

**1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES:**

Plaintiffs Colorado Montana Wyoming State Area Conference of the NAACP, League of Women Voters of Colorado, and Mi Familia Vota, by and through their undersigned counsel Amy Erickson of Lathrop GPM, LLP and Courtney Hostetler of Free Speech For People; and Defendants United States Election Integrity Plan, Shawn Smith, Ashley Epp, and Holly Kasum, by and through their undersigned counsel Jessica Hays participated in a Rule 26(f) conference on June 1, 2022.

**2. STATEMENT OF JURISDICTION**

This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343 because this action arises under Section 11(b) of the Voting Rights Act of 1965, 52 U.S.C. § 10307(b), and the Ku Klux Klan Act, 42 U.S.C. § 1985. This Court has authority to issue declaratory and injunctive relief under 28 U.S.C. §§ 2201 and 2202. Venue in this district is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to this claim occurred in this District, and all Defendants are subject to personal jurisdiction in this District.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. Plaintiffs:

Plaintiffs allege that Defendants United States Election Integrity Plan, Shawn Smith, Ashley Epp, and Holly Kasun are engaged in a coordinated voter intimidation campaign, which has the purpose and effect of intimidating Coloradans from voting, trying to vote, helping others to voter, supporting or advocating for certain political beliefs, or exercising the right to speak, peaceably assemble, or petition the government for redress of grievances, in violation of the Voting Rights Act and Ku Klux Klan Act. Plaintiffs seek damages and injunctive relief.

Plaintiffs have moved to dismiss Defendants' Counterclaims for Defamation and Abuse of Process. The Defamation claim should be dismissed as a matter of law because it is based solely on absolutely privileged statements made by Plaintiffs' counsel, and the Abuse of Process claim should be dismissed because it fails to allege any facts to support an inference that Plaintiffs brought this action for any improper or ulterior motive or purpose.

b. Defendants: It is Defendants' position that there has been no violation under the Voting Rights Act or the Ku Klux Klan Act and Plaintiffs' claims fail.
Defendants have filed Counterclaims for Defamation and Abuse of Process based on the publication of defamatory statements on Plaintiffs' websites and having filed claims that are completely devoid of factual support with no cognizable basis in law. Defendants seek economic and noneconomic damages for these counterclaims.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1. USEIP is an unincorporated organization.
2. Defendant Shawn Smith is a Colorado resident and member of USEIP.
3. Defendant Ashley Epp is a Colorado resident and member of USEIP.
4. Defendant Holly Kasun is a Colorado resident and member of USEIP.

## 5. COMPUTATION OF DAMAGES

Plaintiffs seek compensatory damages, in an amount to be determined at trial, reasonable attorneys' fees and costs.

Defendants seek actual and special damages, in an amount to be determined at trial, and

49538622v1

attorney's fees and costs.

6. **REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)**

    a. Date of Rule 26(f) meeting: **June 1, 2022**

    b. Names of each participant and party he/she represented: Amy Erickson and Courtney Hostetler, on behalf of Plaintiffs. Jessica Hays, on behalf of Defendants.

    c. Statement as to when Rule 26(a)(1) disclosures were made or will be made.

       **July 8, 2022**

    d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

       None.

    e. Statement concerning any agreements to conduct informal discovery:

       The parties do not believe that any informal discovery is needed at this time.

    f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

       The parties agree that depositions in this matter may be conducted via remote technology. The parties further agree that they will comply with the applicable rules as set forth by ~~Chief Judge Philip A. Brimmer's~~ Judge Charlotte N. Sweeney's and Magistrate Judge N. Reid Neureiter's Practice Standards and the Local Rules of Practice for the United States District Court, District of Colorado.

49538622v1

g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

The parties agree that this action will require the disclosure of some information and records maintained in electronic form. The parties have agreed that: (a) they have advised their clients to preserve all electronically store information and may be relevant to this action; and (b) they will produce electronically stored information in the manner specified in the attached **Exhibit A**.

h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

The parties discussed the possibility of an early resolution of this case. While the parties do not believe that settlement is possible at this time, counsel has agreed that they will continue to discuss a possible resolution of this matter, as appropriate.

**7. CONSENT**

All parties <u>have not</u> consented to the exercise of jurisdiction of a magistrate judge.

**8. DISCOVERY LIMITATIONS**

a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

~~None.~~ **Each side shall be limited to 7 depositions, excluding experts. Each side shall be limited to 25 interrogatories.**

b. Limitations which any party proposes on the length of depositions.

~~None.~~ **Depositions shall not exceed 7 hours.**

c. Limitations which any party proposes on the number of requests for production and/or requests for admission.

~~None.~~ **Each side shall be limited to 25 requests for production, and 25 requests for admission.**

d.  Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:

~~July 29, 2022.~~ **45 days prior to the close of discovery.**

e.  Other Planning or Discovery Orders

**None.**

## 9. CASE PLAN AND SCHEDULE

a.  Deadline for Joinder of Parties and Amendment of Pleadings: **August 15, 2022**

b.  Discovery Cut-off: ~~October 3, 2022~~ **December 2, 2022**

c.  Dispositive Motion Deadline: ~~October 31, 2022~~ **December 16, 2022**

d.  Expert Witness Disclosure

1.  The parties shall identify anticipated fields of expert testimony, if any.

2.  Limitations which the parties propose on the use or number of expert witnesses. **Each side shall be limited to 2 expert witnesses, absent leave of court.**

3.  The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before ~~October 3, 2022.~~ **October 28, 2022.**

4.  The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before ~~October 31, 2022.~~ **November 18, 2022.**

e.  Identification of Persons to Be Deposed:

Plaintiffs anticipated deposing United States Election Integrity Plan, Shawn Smith, Ashley Epp, and Holly Kasun. Plaintiffs reserve the right to identify additional individuals to be deposed upon receipt of defendants' disclosures and discovery

5

responses.

Defendants anticipate deposing Beth Hendrix, Portia Prescott and Salvador Hernandez. Additional individuals may be deposed once discovery commences.

**10. DATES FOR FURTHER CONFERENCES**

*[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]*

a. Status conferences will be held in this case at the following dates and times: .

Discovery Conference is set for September 22, 2022 at 2:00 p.m. before Magistrate Judge N. Reid Neureiter in Courtroom C203, Second floor, Byron G. Rogers Courthouse, 1929 Stout Street, Denver, Colorado 80294. The Court will set a Status Conference at that time.

b. A final pretrial conference will be held in this case on _____ at o'clock ___ m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

**11. OTHER SCHEDULING MATTERS**

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

   **None.**

b. Anticipated length of trial and whether trial is to the court or jury.

   **4 days**

c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.

   N/A

**12. NOTICE TO COUNSEL AND PRO SE PARTIES**

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

**13. AMENDMENTS TO SCHEDULING ORDER**

The Scheduling Order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 13th day of September 2022.

BY THE COURT:

/s/ N. Reid Neureiter
N. Reid Neureiter
U.S. Magistrate Judge
~~Judge Charlotte N. Sweeney~~

APPROVED:

| LATHROP GPM LLP | THE REISCH LAW FIRM, LLC |
|---|---|
| By /s/Amy Erickson<br>Amy Erickson (#54710)<br>Amy.erickson@lathropgpm.com<br>Casey Breese (#51448)<br>Casey.breese@lathropgpm.com<br>Jean Paul Bradshaw<br>Jeanpaul.bradshaw@lathropgpm.com<br>Dion Farganis<br>Dion.farganis@lathropgpm.com<br>Reid Day<br>Reid.day@lathropgpm.com | Brian A. Dillon<br>Brian.dillon@lathropgpm.com |

By: /s/Jessica L. Hays
R. Scott Reisch, #26892
Scott@reischlawfirm.com
Jessica L. Hays, #53905
Jessica@reischlawfirm.com
1490 W. 121st Avenue, #202
Denver, CO 802134
(303-291-0555

*ATTORNEYS for Defendants*

1515 Wynkoop Street, Suite 600
Denver, CO 80202
Telephone: (720) 931-3200
FREE SPEECH FOR PEOPLE
1320 Centre Street, Suite 405
Newton, MA 02459
Telephone: (617) 249-3015

Courtney Hostetler
chostetler@freespeechforpeople.org
John Bonifaz
jbonifaz@freespeechforpeople.org
Ben Clements
bclements@freespeechforpeople.org
Ron Fein
rfein@freespeechforpeople.org
FREE SPEECH FOR PEOPLE
1320 Centre Street, Suite 405
Newton, MA 02459
Telephone: (617) 249-3015

*ATTORNEYS FOR Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 29, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

| | |
|---|---|
| Amy Elizabeth Erickson | amy.erickson@lathropgpm.com, claudia.neal@lathropgpm.com |
| Ben Clements | bclements@freespeechforpeople.org |
| Brian Andrew Dillon | brian.dillon@lathropgpm.com, kristina.procai@lathropgpm.com |
| Casey Carlton Breese | casey.breese@lathropgpm.com, brandi.pruett@lathropgpm.com, cheyenne.serrano@lathropgpm.com |
| Courtney Marie Hostetler | chostetler@freespeechforpeople.org |
| Jean Paul Bradshaw | jeanpaul.bradshaw@lathropgpm.com |
| Jessica Lynn Hays | jessica@reischlawfirm.com |
| R. Scott Reisch | scott@reischlawfirm.com, cassandra@reischlawfirm.com, Matthew@reischlawfirm.com, Rob@reischlawfirm.com |
| Reid Kelly Day | reid.day@lathropgpm.com, kirsten.hollstrom@lathropgpm.com |
| Ronald Andrew Fein | rfein@freespeechforpeople.org |
| John C. Bonifaz | jbonifaz@freespeechforpeople.org |
| Dion Richard Farganis | dion.farganis@lathropgpm.com, gwen.inskeep@larthropgpm.com |

s/Claudia Neal