# EXHIBIT 3

Declaration of Jeffrey Young

UNITED STATES DISTRICT COURT
for the
District of Colorado

| | |
|---|---|
| COLORADO MONTANA WYOMING STATE AREA CONFERENCE OF THE NAACP, LEAGUE OF WOMEN VOTERS OF COLORADO, and MI FAMILIA VOTA<br><br>Plaintiffs,<br><br>-v-<br><br>UNITED STATES ELECTION INTEGRITY PLAN, SHAWN SMITH, ASHELY EPP, and HOLLY KASUN<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )   Civil Action No. 1:22-cv-00581-CNS-RNR |

## DECLARATION OF JEFFREY YOUNG

I, Jeffrey Young, pursuant to 28 U.S.C. § 1746, and based upon my personal knowledge, and information made known to me from records reasonably relied upon, hereby declare as follows related to the above-titled matter:

1. I lead the development of the USEIP statistical canvassing plan starting in early 2021, which was ultimately used to develop the Colorado canvassing report (attached as Exhibit B to Plaintiffs' Response to Defendants' Motion for Summary Judgment (ECF 72)).

2. In my role with USEIP, I have access to records and information documenting door-to-door canvassing by volunteers of USEIP. Namely, I created a compiled list (or database) which documents every instance of a USEIP volunteer's visit to a voter's residence. For each door-to-door canvassing effort conducted by USEIP, volunteers would document the address including the precinct and county of the homes visited, the Colorado Secretary of

State's unique voter ID associated with each registered voter, whether or not a resident answered the door, and any information the resident provided during the visit. Upon completion of each door-to-door canvassing effort, volunteers were instructed to provide this information to their respective local lead, who would then forward the information either to myself or another analytics volunteer. The information provided by each volunteer was then compiled into a database reflecting that information. This document/database was provided by me to all parties in this case pursuant to a subpoena by Plaintiffs dated September 7, 2022. I also have access to the Colorado Secretary of State voter rolls documenting all registered voters in the State of Colorado in 2021. Upon information and belief, Defendant Shawn Smith received these publicly available voter rolls directly from the Colorado Secretary of State's office. The voter rolls were also provided by me to all parties in this case. Because USEIP's canvassing efforts were for the purpose of confirming the accuracy of these Secretary of State voter rolls, the unique voter ID given by the Secretary of State corresponds directly to the Voter ID column in the database/document described above. Therefore, I am able to determine the name of each registered voter who was visited during USEIP's canvassing efforts by searching their unique voter ID.

3. The statistical canvassing plan mentioned in item #1, to my knowledge, was not used in Mesa County, hence, there is no canvassing database information (as described in item #2) available for any resident of Mesa County.

4. Even though the statistical canvassing plan was not used in Mesa County, to my knowledge, I still reviewed the Declaration of Yvette Roberts which was provided by Plaintiffs to support the allegations in their Complaint. Yvette Roberts states that she is a registered Colorado voter residing in Mesa County, Colorado. She claims that after the

2020 election, a man and a woman with USEIP visited her home asking her invasive questions about voting. Based on the information Yvette Roberts provided in this declaration, I am able to determine whether a USEIP volunteer visited her home, and if so, what information the volunteer noted during the visit.

5. As I described above, each registered voter is given a unique voter ID by the Colorado Secretary of State which is reflected in the voter rolls. The voter rolls also includes the voter's name, county, address, precinct number, and birth year. The voter rolls and the database documenting all USEIP canvassing have search capability. I conducted a search of the Colorado Secretary of State's voter rolls by using the search term "Yvette". Based on this search, I was able to find a registered voter named "Yvette Roberts" registered to vote in Mesa County and residing in Grand Junction, Colorado. The voter rolls indicate that the birth year of this induvial is 1952. I continued this method of search for all registered voters named "Yvette" in the voter rolls. This search yielded no other matches of "Yvette Roberts" in the county of Mesa or even in the State of Colorado. Furthermore, the birth year in the voter rolls is consistent with the declaration that Yvette Roberts is 70 years old. Based on the information Yvette Roberts provided in her declaration, I am able to conclude that the Yvette Roberts I located within the voter rolls is the same Yvette Roberts who provided the declaration. I noted the unique voter ID associated with the Yvette Roberts found in the voter rolls which allows me to conduct a similar search within the database documenting all USEIP door-to-door canvassing. The database documenting USEIP's activities does not contain the name of the voter, but instead has the Secretary of State's voter ID number. I proceeded to conduct a search of the USEIP database using the Voter ID number of the Yvette Roberts found in the voter rolls. This search yielded no

matches. However, in order to confirm this result, I also searched Yvette's precinct number, which also failed to result in a match. Finally, I searched USEIP's database for the word "mesa" since the county of each voter canvassed is documented. There were no matches for the search of "Mesa". Based upon this search, and information stated in the items above, I can reasonably conclude that volunteers of USEIP did not canvass the home of Yvette Roberts, nor did volunteers with USEIP conduct any canvassing within the County of Mesa. It should also be noted that while the documents I reference in this declaration are voluminous and therefore cannot be included with this affidavit, these documents were provided to all parties in this case, who are, therefore, able to re-create this search to confirm my conclusion.

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

Executed on this 6 day of January, 2023, in Aurora, Colorado.

_____
Jeffrey Young