IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:22-cv-00581-CNS

COLORADO MONTANA WYOMING STATE AREA CONFERENCE OF THE NAACP,
LEAGUE OF WOMEN VOTERS OF COLORADO,
MI FAMILIA VOTA,

    Plaintiffs,

v.

UNITED STATES ELECTION INTEGRITY PLAN,
SHAWN SMITH,
ASHLEY EPP, and
HOLLY KASUN,

    Defendants.

## ORDER

Before the Court is Plaintiffs' Motion to Dismiss Defendants' Counterclaims for Defamation and Abuse of Process. (ECF No. 49). The Court GRANTS the motion for the following reasons.

### I. FACTS[1]

Plaintiffs are civil- and voting-rights organizations who have filed this civil action against Defendants, raising three claims for relief: (1) intimidating voters and potential voters in violation

---

[1] The Court notes that it has previously denied Defendants' Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) and stated the factual background of the case based on the facts stated in Plaintiffs' Complaint. With the instant motion, the Court will examine the Defendants' counterclaims and will accept as true the facts stated therein and interpret them in a light most favorable to the Defendants.

1

of 52 U.S.C. § 10307(b); (2) attempting to intimidate voters and potential voters in violation of 52 U.S.C. § 10307(b); and (3) violation of 42 U.S.C. § 1985. (ECF No. 1, pp. 12-13). Defendants raise two counterclaims: (1) defamation and (2) abuse of process. (ECF No. 48, pp. 16-17). In the instant motion, Plaintiffs move to dismiss both counterclaims under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 49).

## II. LEGAL STANDARD

When determining whether a counterclaim should be dismissed for failure to state a claim, the court applies the same standards as applied in considering a motion to dismiss a complaint under Rule 12(b)(6). *See Otter Prod., LLC v. Treefrog Devs., Inc.*, No. 11-CV-02180-WJM-KMT, 2012 WL 4478951, at *2 (D. Colo. Sept. 28, 2012). Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true and interpreted in the light most favorable to the non-moving party, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Additionally, the complaint must sufficiently allege facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed; however, a complaint may be dismissed because it asserts a legal theory not cognizable as a matter of law. *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007); *Golan v. Ashcroft*, 310 F. Supp. 2d 1215, 1217 (D. Colo. 2004). A claim is not plausible on its face "if [the allegations] are so general that they encompass a wide swath of conduct, much of it innocent," and the plaintiff has failed to "nudge[ the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).

The standard, however, remains a liberal pleading standard, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Dias v. City & Cty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (internal quotations and citation omitted).

## III. ANALYSIS

### A. Defamation

In Colorado, defamation is "a communication holding an individual up to contempt or ridicule that causes the individual to incur injury or damage." *Keohane v. Stewart*, 882 P.2d 1293 (Colo. 1994). To establish a claim for defamation, Defendants must show: "(1) a defamatory statement concerning another; (2) published to a third party; (3) with fault amounting to at least negligence on the part of the publisher; and (4) either actionability of the statement irrespective of special damages or the existence of special damages to the plaintiff caused by the publication." *Edmond v. Pikes Peak Direct Mktg., Inc.*, No. 11-CV-02021-CMA-KLM, 2013 WL 535579, at *6 (D. Colo. Jan. 17, 2013) (citation omitted). "[C]ommunications made in the course of judicial proceedings, even though they are made maliciously and with knowledge of their falsity, are absolutely privileged if they bear a reasonable relationship to the subject of inquiry." *MacLarty v. Whiteford*, 496 P.2d 1071, 1072 (Colo. App. 1972); *see also Merrick v. Burns, Wall, Smith & Mueller, P.C.*, 43 P.3d 712, 714 (Colo. App. 2001) ("Communications preliminary to a judicial proceeding are protected by absolute immunity only if they have some relation to a proceeding that is actually contemplated in good faith."). The Colorado Court of Appeals has noted that there is a public interest "in the freedom of expression by participants in judicial proceedings,

3

uninhibited by risk from resultant suits for defamation" and is made "paramount to the right of the individual to a legal remedy where he has been wronged thereby." *MacLarty*, 496 P.2d at 1072.

Here, there is no dispute that the allegedly defamatory statements on which Defendants' counterclaim is based were made in Plaintiff's Complaint. Therefore, in accordance with Colorado common law, even if such statements were defamatory, they are protected by this absolute privilege.[2] Defendants cite *BKP, Inc. v. Killmer, Lane & Newman, LLP*, 506 P.3d 84, 92, *cert. granted*, No. 21SC930, 2022 WL 17585946 (Colo. Dec. 12, 2022), for the proposition that the privilege has limits, however, this case is distinguishable. In *BKP*, the Colorado Court of Appeals confirmed that "[t]he purpose of this privilege . . . is to afford litigants the utmost freedom of access to the courts to preserve and defend their rights and to protect attorneys during the course of their representation of client." *BKP, Inc.*, 506 P.3d at 90. The Court of Appeals determined, however, that some of the statements made by counsel at a press conference were not protected by the litigation privilege because the statements were contrary to allegations made in the complaint and reversed the trial court's order dismissing the case. *Id*. at 95, 100. This holding is not applicable in this case as the allegedly defamatory statements are contained within the Complaint. Defendants' first counterclaim is therefore dismissed for failure to state a claim.

### B. Abuse of Process

To establish a claim for abuse of process, Defendants must show: "(1) an ulterior purpose for the use of a judicial proceeding; (2) willful action in the use of that process which is not proper in the regular course of the proceedings, i.e., use of a legal proceeding in an improper manner; and (3) resulting damage." *Parks v. Edward Dale Parrish LLC*, 452 P.3d 141, 145 (Colo. App. 2019)

---

[2] The Court does not need to reach the issue of whether such statements are actually defamatory.

(citation omitted). There is no abuse of process "[i]f the action is confined to its regular and legitimate function in relation to the cause of action stated in the complaint . . . even if the plaintiff had an ulterior motive in bringing the action or if he knowingly brought suit upon an unfounded claim." *Id*. Thus, there is no liability for abuse of process "if the defendant's ulterior purpose was simply incidental to the proceeding's proper purpose." *Stevens v. Mulay*, No. 19-CV-01675-REB-KLM, 2021 WL 1153059, at *1 (D. Colo. Mar. 26, 2021). Defendants argue that Plaintiffs are not entitled to any of the relief sought in the Complaint and therefore "the relief itself is an improper use of the legal system." (ECF No. 50, p. 6). Defendants had the opportunity to file a motion to dismiss under Rule 12(b)(6) and failed to do so;[3] they cannot litigate the issue of whether Plaintiffs have stated a claim for relief under the guise of abuse of process. Civil litigation undoubtedly will cause a defendant "financial hardship and emotional upheaval" but that does not give rise to a claim for abuse of process. *Stevens*, 2021 WL 1153059, at *1. Instead, the Court examines the nominal purpose for which the judicial system is invoked. *Partminer Worldwide Inc. v. Siliconexpert Techs. Inc.*, No. 09-CV-00586-MSK- MJW, 2010 WL 502718, at *3 (D. Colo. Feb. 10, 2010). Here, Plaintiffs raise claims that are "apparently colorable on their face, and [request] relief consistent with the claims alleged." *Id*. Therefore, the Court does not find that Plaintiffs have an improper motive for filing this civil action and Defendants have not alleged facts that show that Plaintiffs have used the judicial system improperly; thus, this counterclaim must be dismissed.

---

[3] Defendants' prior motion to dismiss was under Rule 12(b)(1) wherein Defendants argued that Plaintiffs lacked standing. (ECF No. 27). The Court denied the motion on April 28, 2022. (ECF No. 39). Defendants then filed their Answer, Affirmative Defenses, and Counterclaims on May 12, 2022. (ECF No. 48).

## IV.  CONCLUSION

Accordingly, Plaintiffs' Motion to Dismiss is GRANTED.  (ECF No. 49).  Defendants' counterclaims for defamation and abuse of process are DISMISSED.

DATED this 23rd day of January 2023.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge