UNITED STATES DISTRICT COURT
for the
District of Colorado

| | |
|---|---|
| COLORADO MONTANA WYOMING STATE AREA CONFERENCE OF THE NAACP, LEAGUE OF WOMEN VOTERS OF COLORADO, and MI FAMILIA VOTA<br><br>Plaintiffs,<br><br>-v-<br><br>SHAWN SMITH, ASHELY EPP, and HOLLY KASUN<br><br>Defendants. | Civil Action No. 1:22-cv-00581-CNS-NRN |

**DEFENDANTS' MOTION FOR CLARIFICATION OF JANUARY 23, 2023 ORDER [ECF NO. 81]**

COME NOW, Defendants, Shawn Smith, Ashely Epp, and Holly Kasun, by and through undersigned counsel, and respectfully submit this Motion for Clarification of the Court's Order granting Plaintiffs' Motion to Dismiss Counterclaims [ECF No. 81][1].

**INTRODUCTION**

On May 12, 2022, Defendants filed their Answer asserting counterclaims against the Plaintiffs for (1) defamation, and (2) abuse of process. Plaintiffs filed their Motion to Dismiss Counterclaims [ECF No. 49] on June 2, 2022. Defendants responded in opposition to the Motion to Dismiss and

---

[1] Pursuant to D.C.Colo.L.Civ.R. 7.1(A), counsel for Defendants have contacted Plaintiffs counsel for conferral on the substance of this motion. As of the date of this filing, Plaintiffs have not provided a response as to whether they object to this Motion.

1

Plaintiffs submitted their Reply. Ultimately, on January 23, 2023, the Court granted Plaintiffs' Motion, dismissing both counterclaims against Plaintiffs. In its ruling, the Court granted the Plaintiffs' motion as to the defamation claim because the potential defamatory statements were privileged as being in connection with litigation. The Court, likewise, granted dismissal of the abuse of process claim under 12(b)(6) based on Plaintiffs' lack of improper motive. Through this Motion, Defendants respectfully request clarification of the Court's January 23, 2023 Order to determine whether the dismissal of Defendants' counterclaims is *with* or *without* prejudice.

## **LEGAL STANDARD**

Pursuant to Fed. R. Civ. P. 59(e), "[a] motion to alter or amend a judgement must be filed no later than 28 days after the entry of judgment." A motion for clarification filed within this time limit may be construed as a Rule 59(e) motion. *See Jernigan v. Stuchell,* 304 F.3d 1030, 1031 (10th Cir. 2002). Furthermore, "to the extent the Clarification Motion [seeks] leave to further amend the complaint, it could also be construed as a Rule 60(a) motion." *Meadows v. Allied Pilots Ass'n.,* 822 Fed.Appx. 653, 660 (10th Cir. 2020).

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the complaint. The Court's function when ruling "on Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz,* 948 F.2d 1562, 1565 (10th Cir. 1991). In granting a Rule 12(b)(6) dismissal, "[i]f a complaint fails to state a claim and amendment would be futile, dismissal with prejudice is appropriate." *Chase v. Divine,* 543 Fed.Appx. 767, 769 (10th Cir. 2013).

I. **DEFAMATION**

In its Order, the Court granted dismissal of the defamation counterclaim on the grounds that the defamatory statements are absolutely privileged pursuant to the litigation privilege. [Docket No. 81, p. 3-4]. The Court notes that the defamatory statements were made in Plaintiffs' Complaint, and while the litigation privilege has limits, those limits are inapplicable to the claim here. *Id.* at 4. While it is true that the litigation privilege protects statements that privilege attaches to statements with some relation to the proceeding, "there is the following important limitation to 'relation of the statement to the proceeding: The absolute privilege does not extend to a press conference." *Seidl v. Greentree Mortg. Co.,* 30 F.Supp.2d 1292, 1313 (10th Cir. 1998) (citing Restatement (Second) of Torts, Appendix § 586, at 517 (1981)). Moreover, for the privilege to apply "the maker of the statement *and the recipient* must be involved in and closely connected with the proceedings." *Id.* at 1314 (citing *Club Valencia Homeowners Ass'n, Inc. v. Valencia Associates,* 712 P.2d 1024, 1027 (Colo.App. 1985)) (emphasis in original). Based on these limitations, there is no privilege when the communication is disseminated via the internet. "Their dissemination via the Internet created a world-wide audience. There is no evidence that any of the viewers had any connection to the proceeding, except as potentially concerned viewers." *Id.* at 1315. "[A]n attorney who wishes to litigate her case in the press and via the Internet does so at her own risk. There is no absolute privilege under Colorado law for statements by an attorney or by a party made to the press or gratuitous statements posted on the Internet for the purpose of publicizing the case to persons who have no connection to the proceeding except as potentially interested observers." *Id.*

Although the defamatory statements at issue here may reflect some of the allegations contained in the Complaint, the statements themselves were published in several press releases via the Internet. These press releases were not merely a link to the Complaint filed in the Court, but included additional statements and allegations[2]. With dissemination via the Internet, the press releases created a world-wide audience, with no connection to the proceeding. Unlike the distinguishable cases such as *BKP Inc. v. Killmer, Lane & Newman, LLP,* the Complaint does not seek class certification, and therefore, these press releases could not be used for finding or informing members of a class of their potential involvement. 506 P.3d 84, 93 (Colo.App. 2021).

Based on the applicable exceptions to the litigation privilege which can be adequately pled by amendment to the Counterclaims, Defendants are respectfully requesting the dismissal without prejudice or with leave to amend.

II.     **ABUSE OF PROCESS**

The tort of abuse of process in Colorado requires (1) an ulterior purpose for the use of a judicial proceeding; (2) willful action in the use of that process which is not proper in the regular course of the proceedings; and (3) resulting damage. *Parks v. Edward Dale Parrish LLC,* 452 P.3d 141, 145 (Colo.App. 2019). The Court dismissed Defendants' counterclaim for abuse of process for failing to allege facts that show "the Plaintiffs have an improper motive for filing this civil action and Defendants have not alleged facts that show Plaintiffs have used the judicial system improperly." [Docket No. 81 at 5]. Based on the factual deficiencies giving rise to the dismissal,

---

[2]Voting Rights Organizations File Federal Lawsuit to Stop Illegal Voter Intimidation in Colorado, P.3d March 9, , 2022, https://freespeechforpeople.org/voting-rights-organizations-file-federal-lawsuit-to-stop-illegal-voterintimidation-in-colorado/ (last visited Feb. 20, 2023).

Defendants seek clarification of whether the dismissal for abuse of process counterclaim is with or without prejudice.

## **CONCLUSION**

Defendants seek clarification on the Court's January 23, 2023 Order to determine whether the dismissal of their counterclaims is with prejudice or without prejudice. Clarification is necessary for Defendants to determine whether the Court's order is considered a final judgment for purposes of appeal and whether they can reassert these claims.

WHEREFORE, Defendants respectfully request that this Court provide clarification on its January 23, 2023 Order, Docket No. 81, regarding whether dismissal is with or without prejudice.

Dated this 20th day of February, 2023.

*s/ Jessica L. Hays*
R. Scott Reisch, #26892
Jessica L. Hays, #53905
THE REISCH LAW FIRM, LLC
1490 W. 121st Avenue, #202
Denver, CO 80234
(303) 291-0555
Email: scott@reischlawfirm.com
jessica@reischlawfirm.com
cassandra@reischlawfirm.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **DEFENDANTS' MOTION FOR CLARIFICATION OF JANUARY 23, 2023 ORDER [ECF NO. 81]** has been electronically served through ECF this 20th day of February, 2023, to all counsel of record.

*s/ Jessica L. Hays*
Jessica L. Hays