**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:22-cv-00581-CNS-NRN

Colorado Montana Wyoming
State Area Conference of the NAACP,
League of Women Voters of Colorado, and
Mi Familia Vota,

    Plaintiffs,

v.

United States Election Integrity Plan, Shawn Smith,
Ashley Epp, and Holly Kasun,

    Defendants.

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR CLARIFICATION OF
JANUARY 23, 2023 ORDER (ECF NO. 85)**

**INTRODUCTION**

Plaintiffs—three voting rights organizations—commenced this action on March 9, 2022, alleging that Defendants have engaged in a coordinated scheme of illegal voter intimidation in violation of the Voting Rights Act and the Ku Klux Klan Act. (*See* Complaint (ECF No. 1).) Defendants answered the Complaint on May 12, 2022 and asserted counterclaims against Plaintiffs for defamation and abuse of process, claiming that Plaintiffs have made "unsubstantiated" and "frivolous" allegations about Defendants through their filings with the Court and in statements about the litigation. (Counterclaim (ECF. No. 48) ¶¶ 12-14; 17; 20; 26.) Defendants further contend that the statements were made for the "ulterior purpose" of "harassing, embarrassing, and keeping Counterclaim Plaintiffs from engaging in their constitutional rights." (Counterclaim ¶ 20;

1

31.) Plaintiffs moved to dismiss Defendants' counterclaims *with prejudice* because, under well-established law, an attorney's statements, even if defamatory, when made in the course of or in preparation for a legal proceeding, cannot be the basis of a tort claim so long as the statements are related to the litigation. (ECF No. 49, 49.1.) Likewise, an abuse of process claim requires an ulterior motive *unrelated* to the goal of the litigation; even a claim that results in harassment or intimidation is *not* abuse of process. (ECF No. 49, 49.1.)

The Court entered an Order dismissing Defendants' counterclaims for defamation and abuse of process on January 23, 2023. (ECF No. 81.) In regard to the defamation claim, the Court reasoned that "communications made in the course of judicial proceedings, even though they are made maliciously and with knowledge of their falsity, are *absolutely privileged* if they bear a reasonable relationship to the subject of inquiry." (ECF No. 81 at 3 (quoting *MacLArty v. Whiteford*, 496 P.2d 1071, 1072 (Colo. App. 1972) (emphasis added).) In regard to the abuse of process claim, the Court reasoned that that Plaintiffs do not "have an improper motive for filing this civil action and Defendants have not alleged facts that show that Plaintiffs have used the judicial system improper." (ECF No. 81 at 5.)

Defendants now request "clarification" of the Court January 23, 2023 Order; specifically, clarification as to whether dismissal of Defendants' counterclaims was granted with or without prejudice. Because statements made in the course of judicial proceedings are absolutely privileged and the Court has determined that Plaintiffs did not have an improper motive for filing this action,

2

50702150v1

to the extent any clarification is required, the Court should make clear that the claims were dismissed with prejudice.[1]

## ARGUMENT

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests "the sufficiency of the allegations within the four corners of the complaint after taking those allegations to be true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. For the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). As Defendants acknowledge, dismissal with prejudice is appropriate where a complaint fails to state a claim for relief and amendment would be futile. *Chase v. Divine*, 543 Fed. Appx. 767, 769 (10th Cir. 2013). Because amendment would be futile, dismissal with prejudice is appropriate.

**I. Defendants Cannot Assert a Defamation Claim.**

In dismissing Defendants' counterclaims, the Court reasoned that statements made in the course of judicial proceedings, even if defamatory, are protected by *absolute immunity*. (ECF No. 81 at 3-4 (citations omitted) (emphasis added).) "[T]here is a public interest 'in the freedom of expression by participants in judicial proceedings, uninhibited by risk from resultant suits for defamation' and is 'made paramount to the right of the individual to a legal remedy where he has been wronged thereby.'" (ECF No. 81 at 3-4 (citing *MacLarty v. Whiteford*, 496 P. 2d 1071, 1072 (Colo. App. 1972).)

---

[1] Defendants state in a footnote that—as of the date of filing their motion—Plaintiffs had not responded to their attempt to confer on the substance of the motion. It is worth noting, however, that the Defendants' only attempt to confer on the motion was via email on February 20, 2023 (a federal holiday) and the very same day Defendants filed their motion.

Defendants contend that the Court should allow them to amend their counterclaims, arguing that the allegedly defamatory statements made by Plaintiffs fall within an exception to the absolute privilege rule because they were disseminated via the Internet and are not strictly statements contained in the Complaint. Defendants made this very same argument in their response to Plaintiffs' motion to dismiss (*see* ECF No. 50 at 1-6), and it was explicitly rejected by the Court. (ECF No. 81 at 4 (reasoning that the present case is distinguishable from other cases in which statements made at a press conference were not protected by the privilege because they were *contrary to* allegations made in the complaint).) Further, and notably, despite having ample opportunity to do so (both in responding to the motion to dismiss and bringing this motion for clarification), Defendants have failed to cite a single allegedly defamatory statement that does not reflect the allegations made in the Complaint. (*See* ECF Nos. 50, 85.)

Because Defendants cannot assert a defamation claim based on statements in the Complaint or statements which are consistent with the Complaint under Colorado law, the Court should make clear that the defamation claim was dismissed with prejudice.

**II.  Defendants Cannot Assert an Abuse of Process Claim.**

As the Court reasoned in granting Plaintiffs' motion to dismiss the abuse of process claim, there is no abuse of process where, as here, "the action is confined to its regular legitimate function in relation to the cause of action stated in the complaint . . . ." (ECF No. 81 at 5 (quoting *Parks v. Edward Dale Parish LLC*, 452 P.3d 141, 145 (Colo. App. 2019).) This is true "even if the plaintiff had an ulterior motive in bringing the action or if he knowingly brought suit upon an unfounded claim." (ECF No. 81 at 5 (quoting *Parks*, 452 P.3d at 145).) The Court explicitly held that

4

Plaintiffs do not have an improper motive for filing this action and Defendants have not alleged facts that show Plaintiffs have used the judicial system improperly. (ECF No. 81 at 5.)

Defendants only argument in support of their motion for clarification is that—because there were factual deficiencies that apparently gave rise to the dismissal of the abuse of process counterclaim—the Court should make clear whether the dismissal is with or without prejudice. Defendants make no attempt whatsoever, however, to discuss how they might remedy any such factual deficiencies. Because the Court has already held that Plaintiffs do not have an ulterior motive for bringing this action, there is not set of facts that could remedy the deficiencies with Defendants' abuse of process claim, and it should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request an Order from the Court clarifying that that Defendants' counterclaims were dismissed with prejudice.

Dated: March 13, 2023             LATHROP GPM LLP

By */s/Amy Erickson*
Casey Breese (#51448)
Casey.breese@lathropgpm.com
Jean Paul Bradshaw
Jeanpaul.bradshaw@lathropgpm.com
Dion Farganis
Dion.farganis@lathropgpm.com
Brian A. Dillon
Brian.dillon@lathropgpm.com
Amy Erickson (#54710)
Amy.erickson@lathropgpm.com
1515 Wynkoop Street, Suite 600
Denver, CO 80202
Telephone: (720) 931-3200

5

Courtney Hostetler
chostetler@freespeechforpeople.org
John Bonifaz
jbonifaz@freespeechforpeople.org
Ben Clements
bclements@freespeechforpeople.org
Ron Fein
rfein@freespeechforpeople.org
FREE SPEECH FOR PEOPLE
1320 Centre Street, Suite 405
Newton, MA 02459
Telephone: (617) 249-3015

*ATTORNEYS FOR Plaintiffs Colorado Montana Wyoming State Area Conference of the NAACP, League of Women Voters of Colorado, and Mi Familia Vota*

6

50702150v1

## CERTIFICATE OF SERVICE

  I hereby certify that on March 13, 2023 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

              s/Claudia Neal

Case No. 1:22-cv-00581-CNS-NRN    Document 86    filed 03/13/23    USDC Colorado
pg 7 of 7

50702150v1