THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 22:cv-581 CNS-NRN

Colorado Montana Wyoming
State Area Conference of the NAACP,
League of Women Voters of Colorado, and
Mi Familia Vota,

      Plaintiff(s)

v.

United States Election Integrity Plan, Shawn Smith,
Ashley Epp, and Holly Kasun,

      Defendant(s).

---

**MOTION FOR LEAVE TO AMEND
PROPOSED PRETRIAL ORDER**

---

COME NOW, Defendants, Shawn Smith, Ashley Epp, and Holly Kasun, by and through undersigned counsel, and hereby file this Motion to Amend the Proposed Pretrial Order [Docket No. 90]. As grounds therefor, Defendants state as follows:

**D.C.COLO.L.CivR 7.1(a) Certificate of Conferral**

Defendant's undersigned counsel conferred with Plaintiffs' counsel regarding this motion on May 5, 2023. Plaintiffs' counsel advises that Plaintiffs oppose the relief sought herein.

**Law Governing Amendment of the Pretrial Order**

Pursuant to Fed. R. Civ. P. 16(e), a Final Pretrial Order may be amended when necessary to prevent manifest injustice. "Because the issues and defenses of the lawsuit

are defined by the terms of the order, total inflexibility is undesirable." *Davey v. Lockheed Martin Corp.,* 301 F. 3d 1204, 1208 (10th Cir. 2002). Colorado courts use the following factors to determine whether manifest injustice exists: "(1) prejudice or surprise to the party opposing trial of the issue; (2) the ability of that party to cure any prejudice; (3) disruption to the orderly and efficient trial of the case by inclusion of the new issue; and (4) bad faith by the party seeking to modify the order. This court should also consider whether the party favoring amendment of the pretrial order formally and timely moved for such modification in the trial court." *Koch v. Koch Indus. Inc.,* 203 F.3d 1202, 1222 (10th Cir. 2000). A pretrial order "shall control the subsequent course of the action unless modified by a subsequent order." Fed. R. Civ. P. 16(e).  "'The preparation of a pretrial order requires careful attention and review by the parties and their attorneys,' and any last-minute revisions 'deprive one's adversary of fair notice, possible discovery, and the opportunity for motion practice, and is subject to abuse by those who employ a supporting theory of justice." *Seidman v. American Family Mutual Insurance Co.,* No. 14-cv-3193-WJM-KMT 2016 WL 9735768, at * 3 (D. Colo. May 26, 2016) (quoting *Wilson v. Muckala,* 303 F.3d 1207, 1215-16 (10th Cir. 2002)). Therefore, "[t]he laudable purpose of Fed. R. Civ. P. 16 is to avoid surprise, not foment it." *Wilson,* 303 F.3d at 1216.

Pursuant to the Honorable Charlotte N. Sweeney's Standing Order Regarding Pretrial and Trial Procedures, Section III (A) states, "At least fourteen days before the scheduled date of the Final Pretrial Conference, counsel shall meet and confer to develop jointly the contents of the proposed Final Pretrial Order. It is the responsibility of Plaintiff's counsel to schedule meetings and then file and submit the proposed Final Pretrial Order." Despite the standing order and Defendants' communications with Plaintiffs' counsel

regarding the meet and confer, Plaintiffs only provided a draft pretrial order to Defendants' counsel on Thursday, May 4, 2023, one day prior to the Court's deadline to submit. Defendants sought an extension from Plaintiffs' counsel due to the pending deadline which was denied.

As Defendants counterclaims have been previously dismissed, Defendants' portion of the pretrial order is solely their defenses to Plaintiffs' claims, including any exhibits and witnesses necessary to rebut Plaintiffs' allegations. Likewise, USEIP has been dismissed from this case [*see* Docket No. 84]. Given the language of Plaintiffs' original Complaint, the majority of the original allegations were directed at USEIP and the individual Defendants' alleged actions through involvement with USEIP. Therefore, Plaintiffs' pretrial statement of claims was the first time Defendants were able to understand Plaintiffs' theory of the case against the Individual Defendants only. For instance, Plaintiffs rely on the claim that "Individual Defendants have made threatening and intimidating public statements, such ad Defendant Smith's public exclamations that anyone involved in election fraud 'deserves to hang.'" [Docket No. 90, p. 5]. Plaintiffs further claim liability to the Individual Defendants based on their coordination and involvement with USEIP efforts. *Id.* at 6. While these allegations may have been noted as background information in Plaintiffs' original Complaint [*see* Docket No. 1, ¶ 25], the Counts for Relief in the Complaint state that "Defendants have violated Section 11(b) [of the Voting Rights Act] by their intimidating, threatening, and coercive conduct, which includes threatening to or actually showing up at voters' doors around Colorado to intimidate them and ask whether they engaged in voter fraud." *Id.* at ¶¶ 41, 45. Regarding Plaintiffs' count for violation of 42 U.S.C. § 1985(3), Plaintiffs' Complaint states that

"Defendants have carried out this conspiracy by threatening to or actually showing up at voters' doors around Colorado to intimidate them and ask whether they engaged in voter fraud." *Id.* at ¶ 49.

Due to USEIP's dismissal from this case, Plaintiffs' theory of Defendants' individual liability is now solely due to alleged coordination of canvassing efforts of USEIP and Defendant Shawn Smith's public statement. Based on this change, it is unclear whether Plaintiffs now seek to impute liability to the individual Defendants through a vicarious liability theory.

Based on Plaintiffs' changed theory of their claims and the last-minute conferral with Defendants' counsel, Defendants were unable to make necessary revisions to their portion of the proposed Pretrial Order to reflect Plaintiffs' new theory. This surprise prejudiced Defendants by limiting their ability to amend the defenses listed in the Pretrial Order prior to the deadline.

Although the Order has not been entered by the Court and the Final Pretrial Conference has not yet been held, Defendants are able to cure this prejudice through an amendment of their portion of the proposed Pretrial Order, a redline version of which is attached hereto as Exhibit A. Similarly, there is no disruption to the efficient trial of the case due to Defendants' proposed amendments, as this matter has yet to be set for trial and any issues by Defendants' amendment may be addressed at the Final Pretrial Conference on May 12, 2023.

The final factor to determine whether amendment of a Pretrial Order is granted is the bad faith of the party seeking amendment. Defendants are not acting in bad faith by seeking these amendments. Rather, Defendants requested Plaintiffs' proposed pretrial

order several days prior to actually receiving it, and sought to confer pursuant to the Court's standing order. Defendants likewise noted in the proposed Pretrial Order that they would be seeking amendment through this motion to amend or supplement the Pretrial Order prior to the Pretrial Conference. [*see* Docket No. 90 at p. 22].

WHEREFORE, Defendants respectfully move this Court for an Order granting them leave to file/serve the attached Amended Proposed Pretrial Order and if necessary, an order for continuance of the Final Pretrial Conference currently set for May 12, 2023, at 8:30 a.m.

Respectfully submitted this 11th day of May, 2023.

THE REISCH LAW FIRM

*s/ Jessica L. Hays*
Jessica L. Hays, #53905
jessica@reischlawfirm.com
R. Scott Reisch, #26892
Scott@reischlawfirm.com
1490 W. 121st Avenue, Suite 202
Denver, CO 80234
Telephone: (303) 291-0555
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing has been electronically served through ECF this 11th day of May, 2023, to all counsel of record.

*s/ Cassandra Long*
Cassandra Long, paralegal