**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 22:cv-581 CNS-NRN

Colorado Montana Wyoming
State Area Conference of the NAACP,
League of Women Voters of Colorado, and
Mi Familia Vota,

        Plaintiff(s)

v.

United States Election Integrity Plan, Shawn Smith,
Ashley Epp, and Holly Kasun,

        Defendant(s).

---

<span style="color:red">**AMENDED**</span> **FINAL
PRETRIAL ORDER**

---

## 1. DATE AND APPEARANCES

The parties, by and through their undersigned counsel, submit the following Proposed Final Pretrial Order on this 5th day of May, 2023 in advance of the Pretrial Conference Scheduled for Friday, May 12th at 8:30am.

## 2. JURISDICTION

This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343 because this action arises under Section 11(b) of the Voting Rights Acts of 1965, 52 U.S.C. § 1307(b) and the Ku Klux Klan Act, 42 U.S.C. § 1985. This Court has the authority to issue declaratory and injunctive relief under 28 U.S.C. §§ 2201 and 2202.

61781831v1

### 3. CLAIMS AND DEFENSES

**Plaintiffs**

Plaintiffs Colorado Montana Wyoming State Area Conference of the NAACP ("NAACP Colorado"), League of Women Voters of Colorado ("LWVCO"), and Mi Familia Vota ("MFV") (collectively, "Plaintiffs") brought this action for damages and injunctive relief against Defendants United States Election Integrity Plan ("USEIP") and three of its founding members—Shawn Smith, Ashley Epp, and Holly Kasun—alleging that Defendants have intimidated or attempted to intimidate voters in violation of the Section 11(b) of the Voting Rights Act of 1965, 52 U.S.C. § 1307(b), and the Ku Klux Klan Act, 42 U.S.C. § 1985. Defendant USEIP was dismissed from this action on the grounds it is an unincorporated association and cannot be sued. (*See* Doc. 84). The Court, however, held that the claims against Defendants Shawn Smith, Ashley Epp, and Holly Kasun (the "Individual Defendants") could proceed. (*See id.*)

Plaintiffs allege, and the evidence presented to date has borne out, that the Individual Defendants—both individually and by and through USEIP—have violated both the Voting Rights Act and Ku Klux Klan Act by engaging in a coordinated campaign of voter intimidation and harassment. More specifically, Plaintiffs have presented and will present evidence at trial that the Individual Defendants have made threatening and intimidating public statements, such as Defendant Smith's public exclamations that anyone involved in election fraud "deserves to hang," and have coordinated USEIP's door-to-door canvassing efforts in attempt to and in a manner that, in fact, intimidated Colorado Voters. In the course of discovery, Plaintiffs uncovered evidence demonstrating that USEIP and its members

61781831v1

knocked on over 9,000 doors across Colorado and, in doing so, carried and potentially brandished firearms, took photographs of voters' home, and represented or implied to voters that they were associated with the government. The Individual Defendants were each intimately involved in coordination efforts for USEIP.

Plaintiffs seek an Order from the Court: (a) declaring that the door-to-door voter intimidation campaign organized by the Individual Defendants constitutes unlawful voter intimidation in violation of Section 11(b) of the Voting Rights Act and the Ku Klux Klan Act; (b) ordering the Individual Defendants to cease and desist from coordinating and organizing visits to voters homes in order to questions voters or household members about mail-in ballots, alleged voters fraud, or otherwise intimidate voters from voting (including by mail); (c) ordering the Individual Defendants to cease and desist from taking photographs of voters' residences or vehicles, instructing or encouraging anyone to take photographs of voters' residences or vehicles, and maintaining databases of voters' residences or their vehicles, and to submit an affidavit to the Court attesting to their deletion of the same; (d) ordering the Individual Defendants to cease and desist from instructing or encouraging anyone to carry weapons during interactions with voters; and (e) ordering the Individual Defendants not to engage in other actions that threaten voters for having voters in past election or intimidate voters from voting in future elections.  Plaintiffs also seek an award of their attorneys' fees and costs.

### Defendants

Defendants deny any liability for the factual scenario that led to the filing of this case and further deny that they have intimidated, coerced, or threatened any Colorado voter as alleged by Plaintiffs. To carry their burden on counts 1 and 2 under 52 U.S.C. §

61781831v1

3

10307(b), Plaintiffs must prove that Defendants acted or attempted to intimidate, threaten or coerce a person for voting or attempting to vote. To carry their burden on count 3 under 42 U.S.C. § 1985(3), Plaintiffs must prove that Defendants (1) conspired, (2) the purpose of which was to force, intimidate, or threaten, (3) an individual legally entitled to vote who is engaging in a lawful activity related to voting in federal elections. Plaintiffs are unable to meet their burden for any of their claims. Plaintiffs have not identified a single Colorado voter, much less a member of the Plaintiff organizations, who claims that the Defendants intimidated, threatened, or coerced them in relation to a voting related activity. Likewise, Plaintiffs cannot demonstrate that Defendants conspired with the purpose of forcing, intimidating, or threatening another person engaged in voting related activities.

Through discovery, Plaintiffs were unable to present a single documented complaint identifying Defendants Shawn Smith, Ashley Epp, or Holly Kasun as a canvasser, or any allegations that these individual Defendants intimidated or threatened a voter. Furthermore, Defendant Holly Kasun did not participate in USEIP canvassing which Plaintiffs allege gives rise to the factual allegations in their Complaint. Likewise, Plaintiffs have not produced evidence that a voter has come into personal contact with the individual Defendants, nor have Plaintiffs identified the Defendants as canvassers in the county where their sole witness, Yvette Roberts, resides.

Defendants deny that through USEIP canvassing efforts, Colorado voters were intimidated, threatened, or coerced. Defendants further deny that they attempted to intimidate, threaten or coerce voters. Rather, Defendants received overwhelming positive feedback from any voter contacted during the canvassing efforts. Further, Defendants will demonstrate that all contact with Colorado voters complied with Colorado and Federal

61781831v1

laws.

Plaintiffs' description of Defendant Shawn Smith's public statement that "anyone involved in election fraud deserves to hang" is taken out of context and misrepresents the nature of his statement. The statement upon which Plaintiff relies has been taken out of context because it was abbreviated, and when considered in full, does not evidence an intent to intimidate, or to coordinate or conspire with others to deny the vote to anyone; nor when read in full would the statement have the effect of intimidating a voter.

Defendants further deny that they brandished weapons during canvassing, and Plaintiffs have produced no evidence to support these claims. Defendants likewise deny that they identified themselves or insinuated that they were associated with any governmental entity. Rather, Defendants' own training materials specifically caution against a volunteer canvasser misidentifying themselves in any manner.

Finally, Plaintiffs impute liability to Defendants for the actions of third parties who are not parties to this lawsuit. Plaintiffs arrive at the conclusion that based upon the individual Defendants' coordination of canvassing, alleging that voters were intimidated or threatened by other USEIP volunteers. Plaintiffs cannot show that Defendants condoned, intended, or encouraged volunteers to engage in unlawful voter intimidation. In fact, Defendants have, and will, demonstrate that they defined, planned, and conducted their canvassing activities for Constitutionally protected purposes, in a courteous and neighborly manner. Defendants took all reasonable steps to ensure that the canvassing efforts through USEIP volunteers did not intimidate, threaten, or coerce voters. Likewise, to the extent Plaintiffs attempt to impute liability to the individual Defendants for the actions of third parties, "the doctrine of vicarious liability or respondeat

61781831v1

superior has been ruled out in cases arising under the Federal Civil Rights statutes." *Draeger v. Grand Central, Inc.,* 507 F.2d 142, 145 (10th Cir. 1974).

In addition, Defendants affirmatively state that (1) Plaintiffs have failed to state a claim upon which relief may be granted; (2) Plaintiffs lack standing to sue on behalf of their members, none of whom have been identified as claiming voter intimidation; (3) Plaintiffs suffered no damage as a result of any of the alleged actions of Defendants; (4) Plaintiffs' claims are barred to the extent that they violate Defendants' Constitutional rights; and (5) Plaintiffs' claims are barred because any alleged injury to Plaintiffs is the proximate cause of the acts or omission of independent third parties over which Defendants exercised no control.

## 4. STIPULATIONS

a.  The parties stipulate to the following facts:

1)  USEIP is an unincorporated organization and has been dismissed from this case.

2)  Defendant Shawn Smith is a Colorado resident and a member of USEIP.

3)  Defendant Ashley Epp is a Colorado resident and a co-founder and member of USEIP.

4)  Defendant Holly Kasun is a Colorado resident and a co-founder and member of USEIP.

5)  USEIP carried out a campaign to go door-to-door to the homes of Colorado voters.

6)  USEIP volunteers visited more than 9,000 houses during its door-to-door

61781831v1

6

campaign.

## 5.  PENDING MOTIONS

Defendants' Objection to the Proposed Expert Testimony of Atiba Ellis, which was filed on December 16, 2022 (Doc. 71). Plaintiffs' Response to Defendants' Objection to the Proposed Expert Testimony of Professor Atiba Ellis was filed on January 6, 2023 (Doc. 75).  Defendants' Reply to Plaintiffs' Response to Defendants' Objection to the Proposed Testimony of Professor Atiba Ellis was filed on January 20, 2023 (Doc. 78).

## 6.  WITNESSES

a.    List the nonexpert witnesses to be called by each party.  List separately:

**Plaintiffs**

(1)    witnesses who will be present at trial (see Fed. R. Civ. P. 26(a)(3)(A));

- **Rosemary Lytle** has knowledge of the facts alleged in Plaintiffs' Complaint, and the basis of the claims and damages related to Defendants' alleged conduct. Ms. Lytle may be contacted through Plaintiffs' undersigned counsel.

- **Portia Prescott** has knowledge of the facts alleged in Plaintiff's Complaint, and the basis of the claims and damages related to Defendants' alleged conduct. Ms. Prescott may be contacted through Plaintiffs' undersigned counsel.

- **Salvador Hernandez** has knowledge of the facts alleged in Plaintiffs' Complaint, and the basis of the claims and damages related to Defendants' alleged conduct. Mr. Hernandez may be contacted through

61781831v1

Plaintiffs' undersigned counsel.

- **Beth Hendrix** has knowledge of the facts alleged in Plaintiffs' Complaint, and the basis of the claims and damages related to Defendants' alleged conduct. Ms. Hendrix may be contacted through Plaintiffs' undersigned counsel.

- **Colorado Secretary of State Jena Griswold**, and/or another designated representative of the Office of the Colorado Secretary of State, has knowledge of the facts alleged in Plaintiffs' Complaint, including knowledge regarding Colorado voters who were contacted by Defendants' and/or intimidated by Defendants' conduct. Secretary of State Griswold also has knowledge of threats made again her by Defendant Shawn Smith.

- **Gilbert "Bo" Ortiz**, Pueblo County Clerk and Recorder, 215 W. 10th St., Pueblo, CO, (719) 583-6507, has knowledge of the facts alleged in Plaintiffs' Complaint, including but not limited to knowledge regarding Colorado voters who were contacted by Defendants and/or intimidated by Defendants' conduct.

- **Yvette Roberts**, a Colorado voter, (970) 434-3012, was contacted by USEIP as part of its door-to-door campaign and is expected to testify consistent with the Declaration of Yvette Roberts filed with this Court on December 23, 2022.

- **Shawn Smith** has knowledge of the facts alleged in Plaintiffs' Complaint, including but not limited to his efforts as a founding member of USEIP

61781831v1

and his public statements concerning voter fraud.  Shawn Smith may be contacted through Defendants' undersigned counsel.

- **Ashley Epp** has knowledge of the facts alleged in Plaintiffs' Complaint, including but not limited to her efforts as a founding member of USEIP. Ashley Epp may be contacted through Defendants' undersigned counsel.

- **Holly Kasun** has knowledge of the facts alleged in Plaintiffs' Complaint, including but not limited to her efforts as a founding member of USEIP. Holly Kasun may be contacted through Defendants' undersigned counsel.

- **Jeff Young** has knowledge of the facts alleged in Plaintiffs' Complaint, including but not limited to his efforts as a founding member of USEIP. Jeff Young may be contacted through Defendants' undersigned counsel.

**<u>Defendants</u>**

- **Holly Kasun**, who can be contacted through Defendants' undersigned counsel, is a Defendant in this matter. She is expected to testify about her involvement in the USEIP voter canvassing efforts and the training materials used by canvassing volunteers. Specifically, Ms. Kasun is expected to testify that she did not participate in the door-to-door canvassing efforts of USEIP. She is also expected to testify that groups of volunteers were locally governed, and therefore, she did not have any control over their actions.

- **Shawn Smith,** who can be contacted through Defendants' undersigned counsel is a Defendant in this matter. He is expected to testify about his

involvement in the voter canvassing efforts, his interactions with Colorado voters during canvassing efforts, and the materials used by canvassing volunteers. Specifically, Mr. Smith is expected to testify that during his limited door-to-door canvassing involvement, he experienced overwhelmingly positive interactions with Colorado voters.

- **Ashley** **Epp**, who can be contacted through Defendants' undersigned counsel is a Defendant in this matter. He is expected to testify about her involvement in the voter canvassing efforts, her interactions with Colorado voters during canvassing efforts, and the materials used by canvassing volunteers. Specifically, Ms. Epp is expected to testify that during her limited door-to-door canvassing involvement, she experienced overwhelmingly positive interactions with Colorado voters. She is also expected to testify that groups of canvassing volunteers were locally governed, and therefore, she had no control over their actions. Finally, she is also expected to testify that the USEIP training materials and the USEIP playbook were designed specifically to avoid any voter intimidation, threat, or coercion and sought to support only positive interactions with Colorado voters.

- **Portia Prescott** who was disclosed by Plaintiff as a representative of Plaintiff organization, NAACP Colorado. Ms. Prescott's testimony is expected to reveal that NAACP Colorado has no knowledge or information about the facts claimed by Plaintiffs in their Complaint. Her testimony is also expected to reveal that NAACP Colorado has no

evidence that a Colorado voter has been intimidated, threatened, or coerced by Defendants.

- **Salvador Hernandez** who was disclosed by Plaintiffs as a representative of Plaintiff organization, Mi Familia Vota. Mr. Hernandez's testimony is expected to reveal that Mi Familia Vota has no knowledge or information about the facts claimed by Plaintiffs in their Complaint. His testimony is also expected to reveal that Mi Familia Vota has no evidence that a Colorado voter has been intimidated, threatened, or coerced by Defendants.

- **Beth Hendrix** who was disclosed by Plaintiffs as a representative of Plaintiff organization, League of Women Voters of Colorado. Ms. Hendrix's testimony is expected to reveal that LWVCO has no evidence that a Colorado voter has been intimidated, threatened, or coerced by Defendants.

- **Colorado Secretary of State Jena Griswold,** has knowledge of the facts alleged in Plaintiffs' complaint, including knowledge regarding whether any investigations were conducted or referred regarding any alleged complaints submitted to her office by Colorado voters. Secretary of State Griswold also has knowledge of the alleged public statements made by Defendant Shawn Smith.

(2)    witnesses who may be present at trial if the need arises (see Fed. R. Civ. P. 26(a)(3)(A)); and

   **Defendants:**

61781831v1

- **Jeffrey Young** may be called if the need arises and whose phone number and address have been previously disclosed. Mr. Young may be called to testify about the canvassing efforts and the ability to determine if any of the witnesses called by Plaintiffs were canvassed by Defendants.

(3)    witnesses where testimony is expected to be presented by means of a deposition and, if not taken steno graphically, a transcript of the pertinent portions of the deposition testimony.  See Fed. R. Civ. P. 26(a)(3)(B).

     None.

b.    List the expert witnesses to be called by each party.  List separately:

**Plaintiffs**

(1)    witnesses who will be present at trial (see Fed. R. Civ. P. 26(a)(3)(A));

- **Atiba Ellis**, Professor of Law, Case Western Reserve University, 11075 East Blvd., Cleveland, OH 44106, (216) 368-2510. Professor Ellis to offer an analysis and opinion regarding the activities of United States Election Integrity Plan and its founders and members, Defendants Shawn Smith, Ashley Epp, and Holly Kasun, and the effect of their activities on voters, particularly voters of color.  Professor Ellis is expected to testify in person.

(2)    witnesses who may be present at trial (see Fed. R. Civ. P. 26(a)(3)(A));

And

61781831v1

None.

(3)   witnesses where testimony is expected to be presented by means of a deposition and, if not taken steno graphically, a transcript of the pertinent portions of the deposition testimony.  See Fed. R. Civ. P. 26(a)(3)(B).

None.

**Defendants**

None.

c.      A final witness list must be provided to the opposing party and the Court no later than 30 days before trial.

## 7.  EXHIBITS

a.  Exhibits to be offered by each party at trial in this action:

(1)   **Plaintiff(s):**

- United States Election Integrity Plan, County & Local Organizing Playbook (August 2021) (Dep. Ex. 2)

- Email correspondence between Beth Hendrix and Amanda Carlson (USEIP0013-17)

- Voter Verification Volunteer Training Guide, Version 1 (USEIP0033-004)

- Voter Verification Volunteer Training (USEIP0045-56) (Dep. Ex. 4)

- Email from Shawn Smith With Draft Voter Verification Procedures (USEIP0057)

- USEIP Volunteer Agreement (USEIP0058)

- USEIP Colorado Canvassing Report dated March 11, 2022 (USEIP0073-94)

61781831v1

- United States Election Integrity Plan, Hitchhiker's Guide to Election Fraud Analytics: Guidelines and Learnings from Colorado (Dep. Ex. 11)

- Good Luck on Your Fishing Expedition (Dep. Ex. 7)

- Video of Shawn Smith "I think if you're involved in election fraud, then you deserve to hang . . .", available at https://twitter.com/jenagriswold/status/1491991594018304001?lang=en

- Ashe in America, are the tides turning on tyranny in Colorado? (USEIP0166-175)

- Ashe in America, a crusade against truth and those who speak it (USEIP0096-0101)

- Ashe in America, denver, despotism, and the death of self governance (USEIP0102-0116)

- Ashe in America, fraud PROVEN in colorado, cabal freaks out, legislators respond (USEIP0117-0130)

- Ashe in America, new evidence in colorado catches embattled secretary of state off guard (USEIP0176-185)

- Ashe in America, the interstate conspiracy (fact) to defraud the American people (USEIP0131-0146)

- Ashe in America, the ultimate gaslight (USEIP0147-0165)

- Ashe in America, the ultimate gaslight 2 (USEIP0186-0228)

- Ashe in America, we are all terrorists now (USEIP0300-0308)

- Bombshell Report Proves State and Federal Election Crimes Were Committed (USEIP0229-0237)

- USEIP, U.S. Election Integrity Project Power Point (USEIP0238-0296)

61781831v1

- The Colorado Election Integrity Project: Statement on the 2020 Election (USEIP0297)

- The Colorado Election Integrity Project: Response to Ken Buck's Livestream on December 2, 2020 (USEIP0298)

- Documents Produced by Jeff Young, including the following (no Bates Nos. provided):

  o All Basecamp Posts

  o General Voter Detail Lists (Cong. Dist. 1)

  o General Voting History Lists (Cong. Dist. 1)

  o General Voter Detail Lists (Cong. Dist. 2)

  o General Voting History Lists (Cong. Dist. 2)

  o General Voter Detail Lists (Cong. Dist. 3)

  o General Voting History Lists (Cong. Dist. 3)

  o General Voter Detail Lists (Cong. Dist. 4)

  o General Voting History Lists (Cong. Dist. 4)

  o General Voter Detail Lists (Cong. Dist. 5)

  o General Voting History Lists (Cong. Dist. 5)

  o General Voter Detail Lists (Cong. Dist. 6)

  o General Voting History Lists (Cong. Dist. 6)

  o General Voter Detail Lists (Cong. Dist. 7)

  o General Voting History Lists (Cong. Dist. 7)

  o General Voters with Returned Ballots List

  o Rejected and Cure Lists 2020 Primary

61781831v1

- o   Rejected and Cure Lists 2020 General

- o   Ballots Counted 2020 with Voter History

- o   Registered Voters Lists

- o   Final Walklist Assumptions

- o   Walks Assumptions

- o   Walks at Home Assumptions

- o   Walk No Answer Assumptions

- o   Walk Visited Assumptions

- o   Moved Voters Mailed Ballot Cross Check 2020

- o   All Walklists produced by Jeff Young

- o   Precinct 5111821168 Batch 1268-1289 Walklist (Dep. Ex. 10)

- o   All Voter Opportunity Score Documents Produced by Jeff Young

- o   Douglas County Precincts and Voter Opportunity Scores (Dep. Ex. 12)

- o   Canvassing Script

- o   VV Script

- o   Volunteer Questions to Ask Revised

- o   Confirmed Residences

- o   VV Walk Training PDF

- o   VV Walk Training Power Point

- o   VV Captains Training

61781831v1

o   USEIP County Captains Guide

o   VV Volunteer Guide

o   Voter Verification Training Potential Takeaway Document

o   Resident Occupant Affidavit Form

o   Comms Training

o   Key for Walk Lists

o   Tips and Tricks

o   Walklist Tracker Template

o   All Volunteer Affidavit Forms

o   VV Phone Script

o   Voter Verification County Plan

o   Affidavit List

o   Affidavit Indexes from Douglas, El Paso, Pueblo, and Weld Counties

o   Affidavit Curing and Indexing Processes

o   Cure Affidavit Tracker

o   Election Summaries Douglas County, Pueblo County, El Paso County, Weld County

o   Election Analytics Guide

o   How to Determine the Correct Sample Size

o   Logistic Regression: An Overview

o   Power Transform – Wikipedia

61781831v1

- o   Sampling Error – Wikipedia

- o   Standard Deviation – Wikipedia

- o   Statistical Sampling Case Law – Relevant Precedent

- o   Weibull distribution - Wikipedia.pdf

- o   All other documents produced by Jeff Young

- Records from the Colorado Secretary of State's Office related to Unofficial Door-to-Door Canvassing Efforts (COSOS0000001)

- Records from the Adams County Clerk and Recorder's Office (Adams0000001-120)

- Records from the Douglas County Clerk and Recorder's Office (Douglas0000001-576)

- Records from the El Paso County Clerk and Recorder's Office (ElPaso0000001)

- Defendant USEIP's Answers to Requests for Admissions

- Defendant USEIP's Answers to Plaintiffs' First Set of Interrogatories

- Defendant Ashley Epp's Answers to Interrogatories

- Defendant Holly Kasun's Answers to Interrogatories

- Shawn Smith's Answers to Interrogatories

- Colorado Public Radio Story Concerning USEIP Canvassing Efforts (PLTF0000001)

- KOA, Holly Kasun Recent Colorado Voter Canvass (Mar. 16, 2022) (PLTF0000002)

- Eric Maulbetsch, CO GOP Selects Member of QAnon-Linked Conspiracy Group That Organized Jan 6 Caravan As Its 'Election Integrity' Chair (Aug. 11, 2021) (PLTF0000003-15)

61781831v1

- Video, Colorado Election Conspiracist Three Percenter Leads USEIP's Door-to-Door Voter Verification Efforts (PLTF0000016)

- Miles Parks, The election denial movement is now going door to door (July 21, 2022) (PLTF0000017-35)

- Video, Colorado Election Fraud Conspiracy Group Still Knocking on Voters' Doors (PLTF0000036)

- Erik Maulbetsch, Colorado Election Fraud Group Is Training Conspiracists in Other States to Knock Doors in Search of 'Phantom Ballots' (PLTF0000037-48)

- Jan Wondra, Election Conspiracy Fraud Group is Expanding States in Door-to-Door Effort (PLTF0000049-52)

- Peter Stone, Group's perpetuating Trump's 2020 election lie face scrutiny and lawsuits (PLTF0000054-57)

- Election Integrity Plan, Colorado Secretary of State Jen Griswold Sued Over Destruction of Election Records, Failure to Properly Test Voting Equipment, and Obstruction of Independent Election Audits (Nov. 19, 2021) (PLTF0000058-59)

- Lindell TV, Holly Kasun MAGA Securing Colorado's Elections Has Gained the Attention of MSM (PLTF0000060)

- Real America's Voice, Holly Kasun on the Bombshell New Report About Voting Machine Vulnerabilities (PLTF0000061-62)

- Liz Dye, Mike Lindell Group Protects Election By Sending Armed Volunteers Out to Harass Minority Voters in Their Homes (PLTF0000064-66)

- Mike Lindell says God endorses his pursuit of election-fraud claims (April 29, 2022) (PLTF0000067-80)

- NPR, They Don't Trust Election Officials, So They're Doing Their Own Door-to-Door Audit (July 14, 2022) (PLTF0000081-98)

- Screenshot, "anyone who carries protection might want to let us know so we can offer your cell phone numbers to those who are concerned"

61781831v1

(PLTF0000099)

- League of Women Voters of Colorado Email Re: Election Questions (LWVCO0000002-3)

- Email from Karen Sheek to Beth Hendrix Re: Edited Draft (LWVCO0000009)

- Email correspondence between Beth Hendrix and Ann-Marie Fleming (LWVCO0000032-35)

- Email correspondence from Debra McKee (LWVCO0000036-39)

- Email correspondence between Ruth Nerenberg, Karen Sheek, and Beth Hedrix Re: County Clerk (LWVCO0000041)

- Email correspondence from Jennifer Fillipowski (LWVCO0000046-47)

- Email from Eric Maulbetsch to Beth Hendrix (LWVCO0000070)

- September Issue if the Voter: The Voice of LWVCO (Sep. 2021) (LWVCO00000720-85)

- League of Women Voters of Colorado, Colorado's Innovative and Stellar Election System (May 2022) (LWVCO0000086-109)

- League of Women Voters of Colorado, Safety Plan 2022 for Board & Staff (LWVCO0000112)

(2)     **Defendant(s)**

- Affidavit of Beth Hendrix (Docket No. 8)

- Affidavit of Portia Prescott (Docket No. 9)

- Affidavit of Salvador Hernandez (Docket No. 10)

- LWVCO Answers to Written Discovery (October 21, 2022)

- NAACP Answers to Written Discovery (October 21, 2022)

- MFV Answers to Written Discovery (October 20 & 21, 2022)

61781831v1

- Email exchange between Matthew Menza and Beth Hendrix (September 14, 2021) (LWVCO 0000013)

- Email exchange between Jerry Kelley and Beth Hendrix (September 12, 2021) (LWVCO 0000029-30)

- Email exchange between Andy Sullivan and Beth Hendrix (October 17, 2021) (LWVCO 0000031)

- Email exchange between Ruth Nerenberg and Beth Hendrix (April 20, 2022) (LWVCO 0000041)

- Email exchange between Amanda Carlson and Beth Hendrix (September 9, 2021) (LWVCO 0000043)

- Email exchange between Joani Walton and Beth Hendrix (September 7, 2021) (LWVCO 0000050-51)

- Voter Verification training PowerPoint (USEIP 0033-44)

- Voter Verification training PowerPoint (USEIP 0045-56)

- USEIP Volunteer Agreement (USEIP 0058)

- Document produced by Jeffrey Young (final_walklist_assumptions)

- Document produced by Jeffrey Young (Registered_Voters_List_Part 1-9)

- Email Yvette Roberts to Colorado Secretary of State (CSOS 0000006-7)

- Deposition transcript of Beth Hendrix

- Deposition transcript of Portia Prescott

- Deposition transcript of Salvador Hernandez

- Deposition transcript of Jeffrey Young

- Deposition transcript of Holly Kasun

- Deposition transcript of Shawn Smith

- Deposition transcript of Ashley Epp

- Deposition transcript of USEIP pursuant to Fed.R.Civ.P. 30(b)(6)

- Video of Shawn Smith's statement available at:

  https://twitter.com/jenagriswold/status/1491991594018304001?lang=en

- Email from former Secretary of State Wayne Williams regarding USEIP

  canvassing efforts (USEIP 0063-0067)

- USEIP canvassing report and press release (USEIP 0073-0094)

(3)     Other parties:

b.    A final exhibit list and copies of listed exhibits must be provided to opposing counsel and any *pro se* party no later than 30 days before trial.  The objections contemplated by Fed. R. Civ. P. 26(a)(3) shall be filed with the clerk and served by hand delivery or facsimile no later than 14 days after the exhibits are provided.

## 8.  DISCOVERY

Discovery has been completed.

## 9.  SPECIAL ISSUES

**Plaintiff:**

None.

**Defendants**

Defendants object to Plaintiffs' witnesses who were not timely disclosed pursuant to Fed. R. Civ. P. 26(e). Defendants object to the following witnesses:

61781831v1

Rosemary Lytle: initially disclosed on December 2, 2022. Pursuant to the Court's Amended Scheduling Order [Docket No. 61], the discovery cutoff date was December 2, 2022.

Yvette Roberts:  initially disclosed on November 10, 2022. While this disclosure was prior to the discovery cutoff date, the disclosure occurred after the deadline for interrogatories, requests for production, requests for admission, and expert disclosures. Likewise, the affidavit forming the basis of her testimony above was disclosed several weeks after the close of discovery in response to Defendants' Motion for Summary Judgment [Docket No. 72, 73].

## 10.  SETTLEMENT

Counsel for the parties met by telephone on May 2, 2023 to discuss in good faith the settlement of the case. The parties were promptly informed of all offers of settlement. Counsel for the parties intend to engage in ongoing settlement discussions. It appears from the discussion by all counsel that there is some possibility of settlement. Counsel for the parties considered ADR in accordance with D. Colo. L. Civ. R. 16.6.

## 11.  OFFER OF JUDGMENT

Counsel and any *pro se* party acknowledge familiarity with the provision of Rule 68 (Offer of Judgment) of the Federal Rules of Civil Procedure.  Counsel have discussed it with the clients against whom claims are made in this case.

## 12.  EFFECT OF FINAL PRETRIAL ORDER

Hereafter, this Final Pretrial Order will control the subsequent course of this action

61781831v1

and the trial, and may not be amended except by consent of the parties and approval by the court or by order of the court to prevent manifest injustice.  The pleadings will be deemed merged herein.  This Final Pretrial Order supersedes the Scheduling Order.  In the event of ambiguity in any provision of this Final Pretrial Order, reference may be made to the record of the pretrial conference to the extent reported by stenographic notes and to the pleadings.

## 13.  TRIAL AND ESTIMATED TRIAL TIME;
## FURTHER TRIAL PREPARATION PROCEEDINGS

This action shall be tried by the Court before the Honorable Charlotte N. Sweeney at the Alfred A. Arraj Courthouse, 901 19th Street, Denver, Colorado 80294.  The estimated length of trial is 4 days.

61781831v1

DATED this _____day of _____, 20_____.

BY THE COURT

_____
United States Magistrate Judge

APPROVED:

| THE REISCH LAW FIRM, LLC | LATHROP GPM LLP |
|---|---|
| By: /s/Jessica Hays<br>R. Scott Reisch, #26892<br>Scott@reischlawfirm.com<br>Jessica L. Hays, #53905<br>Jessica@reischlawfirm.com<br>1490 W. 121st Avenue, #202<br>Denver, CO 802134<br>(303-291-0555<br><br>*ATTORNEYS for Defendants* | By /s/Amy Erickson<br>*Casey Breese (#51448)*<br>*Casey.breese@lathropgpm.com*<br>*Jean Paul Bradshaw*<br>*Jeanpaul.bradshaw@lathropgpm.com*<br>*Dion Farganis*<br>*Dion.farganis@lathropgpm.com*<br>*Kristin Stock*<br>*Kristin.Stock@lathropgpm.com*<br>*Brian A. Dillon*<br>*Brian.dillon@lathropgpm.com*<br>*Amy Erickson (#54710)*<br>*Amy.erickson@lathropgpm.com*<br>*1515 Wynkoop Street, Suite 600*<br>*Denver, CO 80202*<br>*Telephone: (720) 931-3200*<br><br>*Courtney Hostetler*<br>*chostetler@freespeechforpeople.org*<br>*John Bonifaz*<br>*jbonifaz@freespeechforpeople.org*<br>*Ben Clements*<br>*bclements@freespeechforpeople.org*<br>*Ron Fein*<br>*rfein@freespeechforpeople.org*<br>*FREE SPEECH FOR PEOPLE*<br>*1320 Centre Street, Suite 405*<br>*Newton, MA 02459*<br>*Telephone: (617) 249-3015* |

61781831v1

|  | *ATTORNEYS FOR Plaintiffs Colorado Montana Wyoming State Area Conference of the NAACP, League of Women Voters of Colorado, and Mi Familia Vota* |
| --- | --- |

61781831v1