UNITED STATES DISTRICT COURT
for the
District of Colorado

| | |
|---|---|
| COLORADO MONTANA WYOMING STATE AREA CONFERENCE OF THE NAACP, LEAGUE OF WOMEN VOTERS OF COLORADO, and MI FAMILIA VOTA<br><br>Plaintiffs,<br><br>-v-<br><br>SHAWN SMITH, ASHELY EPP, and HOLLY KASUN<br><br>Defendants. | Civil Action No. 1:22-cv-00581-CNS-NRN |

## DEFENDANT SHAWN SMITH'S MOTION IN LIMINE

COMES NOW, Defendant, Shawn Smith, by and through undersigned counsel, and hereby moves this Court in *limine* with respect to Plaintiffs' proposed trial exhibits constituting inadmissible evidence[1].

### INTRODUCTION

The Federal Rules of Evidence are designed "to administer every proceeding fairly, eliminate unjustifiable expense and delay, and promote the development of evidence law to the

---

[1] Counsel for Defendant Smith conferred with Counsel for Plaintiffs pursuant to D.C.Colo.LCivR 7.1(a). Plaintiffs object to the relief sought in this motion.

1

end of ascertaining the truth and securing a just determination." *Fed. R. Evid. 102.* Central to this objective is the general rule against inadmissible hearsay statements. *Fed R. Evid.* 802. Moreover, "the trial judge has discretion under Rule 403 to exclude a statement of multiple hearsay [or any hearsay] even if each portion meets the requirements of an exception, when he finds the statement is so unreliable that its probative value is substantially outweighed by the danger of prejudice or confusion." *Boren v. Sable,* 887 F.2d 1032, (10th Cir. 1989). Further, "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *Fed. R. Evid.* 403.

The heart of this litigation, including many of the factual allegations in the Complaint, has been the Plaintiffs' reliance on political opinion articles discussing voter canvassing activities. *See* ECF No. 6 and 71-1. These articles, endorsed as trial exhibits in the Pretrial Order and used as a basis for Plaintiffs' expert opinion, constitute hearsay in its most fundamental sense. These articles represent broad, unverified statements from largely unidentified sources, falling squarely within the realm of inadmissible evidence under *Fed. R. Evid.* 802.

## ARGUMENT

Defendant, Mr. Smith, moves to exclude these publications on the grounds that they do not meet the admissibility standards set forth in the Federal Rules of Evidence; specifically Rule 802, which provides that hearsay is inadmissible unless any of the provided exceptions apply. Throughout the course of discovery, Plaintiffs have failed to identify witnesses to substantiate the claims in these articles of intimidation, coercion, or threats by Mr. Smith. Rather, they have leaned heavily on the hearsay statements embedded in political opinion pieces.

It is axiomatic that press articles and videos are inadmissible hearsay under FRE 801. *See e.g., New England Mut. Life Ins. Co. v. Anderson,* 888 F.2d 646 (10th Cir. 1989). "It has long been recognized that a news article, if offered for the truth of its assertions, is hearsay and is inadmissible in nearly all circumstances." *People v. Morise¸* 859 P.2d 247, 251 (Colo.App. 1993). The compounded layers of hearsay in these articles—the reporters' accounts, and the statements from alleged interviewees—fail to meet any exception to the exclusion of hearsay under *Fed. R. Evid.* 805. Rather, "The fact that the statement was in the form of a newspaper account reinforces its hearsay character, for the final product is not the reporter's alone, and it [cannot be] demonstrated that the statements as reported were accurate." *New England Mut. Life Ins. Co.,* 888 F.2d at 650.

First, the statements within the articles and videos have never been adopted by Mr. Smith, who has raised the issue of the inadmissibility of these articles at every step of this litigation. While it has not been demonstrated whether the author and declarants in these articles and videos are unavailable to testify, the remaining hearsay exceptions likewise fail to apply. First, assuming the author is unavailable to testify, his unavailability "does not cure the article's hearsay character, rather his absence gives rise to the hearsay problem. . . To say that the hearsay problems with the articles merely go to the article's credibility, as a matter for the jury, would gut the hearsay rule altogether." *Id.*

Further, under the exception of business records, Rule 803(6) requires "an informant with knowledge acting in the course of the regularly conducted activity." *Fed. R. Evid.* 803(6). To establish the business records exception, it is imperative that "each actor in the chain of information is under a business duty or compulsion to provide accurate information." *U.S. v. McIntyre,* 997 F.2d 687, 699 (10th Cir. 1993). As the Advisory Committee Notes on the 1972 Proposed Rules

3

state, "If, however, the supplier of the information does not act in the regular course, an essential link is broken; the assurance of accuracy does not extend to the information itself, and the fact that it may be recorded with scrupulous accuracy is of no avail. An illustration is the police report incorporating information obtained from a bystander: the officer qualifies as acting in the regular course but the informant does not." Fed. R. Evid. 803(6), *Advisory Committee Notes on 1972 Proposed Rules.* The articles here cannot fall within the business records exception. Even if the authors could be found to be under a business duty to provide accurate information, which they cannot, much of the contents of the articles, such as individuals interviewed by the reporter are not under the same business duty, or even the same employer.

Finally, the burden of establishing an exception to the rule against hearsay rests with the party offering the evidence. Plaintiffs have not, and cannot, establish the applicability of a hearsay exception for these articles or videos.

These articles and videos are incredibly prejudicial to Mr. Smith, while providing little to no probative value due to their inherent unreliability. These articles are written to grab the attention of the public, not to accurately portray information from an unbiased perspective. *See e.g. Larez v. City of Los Angeles,* 946 F.2d 630, 643-44 (9th Cir. 1991). Excluding newspaper articles is widely accepted under the hearsay rule because such articles lack "'the circumstantial guarantees of trustworthiness' because they might have 'been written from a biased point of view.'" *Id.* at 643 (quoting *May v. Cooperman,* 780 F.2d 240, 263 (3rd Cir. 1985)). These biased accounts of third-party media outlets are inherently unreliable, thereby providing no probative value, and only result in prejudice to Mr. Smith. These statements are the precise circumstance where the hearsay rule must be invoked. "The hearsay rules exist in our courts because statements out of court (1)

4

asserted by a person, (2) which assert that another person made a statement—when these statements are offered for the truth of the matter asserted, are inherently unreliable." *Miles v. Ramsey,* 31 F.Supp.2d 869, 877 (D.Colo. 1998).

Most importantly, Plaintiffs have proceeded through this litigation with no evidence to support the claims against Mr. Smith. These articles and videos have been the crux of the Plaintiffs' case since its inception. The claims in these articles have never been corroborated during the pendency of this litigation, have failed to give rise to any admissible evidence to confirm their truth. These unverified and untrustworthy accounts of alleged voter intimidation cannot stand as the sole evidence implicating Mr. Smith in violations of 52 U.S.C. § 10307(b) and 42 U.S.C. § 1985(3), as alleged by Plaintiffs. The Federal Rules of Evidence prohibiting hearsay of this kind undeniably apply to these articles and videos, and therefore, they must be excluded.

**EVIDENCE TO BE RESTRAINED AND ARGUMENT SUPPORTING RESTRAINT**

Mr. Smith respectfully moves this Court, prior to trial, for an order restraining the Plaintiffs from interrogating witnesses or making arguments or statements on the following matters:

a. Articles published by the third-party media outlets, purportedly written by third parties and do not identify if the person having written said article or text is going to testify live at the trial on the merits. Said articles are out of court statements not made by a party opponent or in-court witness, have not been properly authenticated in the discovery process (thus the need for a live witness), and are therefore hearsay, and have not otherwise been proven as an exception to a hearsay rule. Further, said articles themselves do not constitute business records that would fall within the business records exception to the hearsay rule, as they were not necessarily prepared by an employee of Colorado Times Recorder or other media outlet under the practice

5

and environment of encouraging the making of accurate records, and is not necessarily written by a person with personal knowledge of the information being presented in the article. The exhibits that Plaintiffs may offer that fall into this category are identified in the "Exhibit No." column of the attached Exhibit A as category "A".

b. Video recordings linked in above referenced articles. The videos identified by Plaintiffs do not identify the author or do not identify if the person in the video is going to testify live at trial on the merits. Said videos are out of court statements, recording unknown third parties not party opponents to this litigation. Such videos have not been authenticated during this litigation (thus the need for a live witness), and are therefore hearsay, and have not otherwise been proven as an exception to a hearsay rule. Further, said videos themselves do not constitute business records that would fall within the business records exception to the hearsay rule, as they were not necessarily prepared by or indicate a recording of a person with personal knowledge of the information being presented in the recordings. The exhibits that Plaintiffs may offer that fall into this category are identified in the "Exhibit No." column of the attached Exhibit A as category "B".

WHEREFORE, Defendant, Shawn Smith, prays that upon notice and submission or hearing, that the Court grant these motions *in limine* and direct Plaintiffs to not interrogate the witnesses or make arguments or statements before the trier of fact if and until Plaintiffs are able to overcome the grounds for said motion *in limine* stated herein, and for such other further relief as Defendant, Mr. Smith, may be justly entitled.

Respectfully submitted this 2nd day of January, 2024.

THE REISCH LAW FIRM

*s/ Jessica L. Hays*
Jessica L. Hays, #53905
R. Scott Reisch, #26892
1490 W. 121st Avenue, Suite 202
Denver, CO 80234
(303) 291-0555
Scott@reischlawfirm.com
Jessica@reischlawfirm.com
*Attorneys for Defendant Shawn Smith*

## CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2024, I electronically filed the foregoing **DEFENDANT SHAWN SMITH'S MOTION IN LIMINE** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

- Amy Elizabeth Erickson
- amy.erickson@lathropgpm.com, claudia.neal@lathropgpm.com

- Ben Clements
- bclements@freespeechforpeople.org

- Brian Andrew Dillon
- brian.dillon@lathropgpm.com, kristina.procai@lathropgpm.com

- Casey Carlton Breese
- casey.breese@lathropgpm.com, brandi.pruett@lathropgpm.com, cheyenne.serrano@lathropgpm.com

- Courtney Marie Hostetler
- chostetler@freespeechforpeople.org

- Dion Richard Farganis
- dion.farganis@lathropgpm.com, gwen.inskeep@larthropgpm.com

- Jean Paul Bradshaw , II
- jeanpaul.bradshaw@lathropgpm.com

- John C. Bonifaz
- jbonifaz@freespeechforpeople.org

- Kristin M. Stock
- kristin.stock@lathropgpm.com, lois.siljander@lathropgpm.com

- Ronald Andrew Fein
- rfein@freespeechforpeople.org

- Zeyen Julian Wu
- zeyen.wu@usdoj.gov, annette.dolce@usdoj.gov

- Asley Epp
- asheinamerica@protonmail.com

- Holly Kasun
- hollyataltitude@protonmail.com

*s/ Cassandra Long*
Cassandra Long, Paralegal