IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-00581-CNS-NRN

Colorado Montana Wyoming
State Area Conference of the NAACP,
League of Women Voters of Colorado, and
Mi Familia Vota,

    Plaintiffs,

v.

United States Election Integrity Plan, Shawn Smith,
Ashley Epp, and Holly Kasun,

    Defendants.

**PLAINTIFFS' RESPONSE TO DEFENDANT HOLLY KASUN'S PRO SE MOTION FOR CONTINUANCE OF HEARING OR TRIAL (ECF NO. 104)**

    Plaintiffs Colorado Montana Wyoming State Area Conference of the NAACP, League of Women Voters of Colorado, and Mi Familia Vota ("Plaintiffs"), by and through their undersigned counsel, hereby respond to Defendant Holly Kasun's ("Defendant Kasun") *Pro Se Motion for Continuance of Hearing or Trial* ("Motion for Continuance") (ECF No. 104).

## INTRODUCTION

    Plaintiffs filed this action against Defendants on March 9, 2022, almost two (2) years ago. (ECF No. 1) Robust motion practice has occurred throughout the life of this case, which included Defendants' motions to dismiss and for summary judgment, all of which failed. Discovery closed more than one year ago, on December 2, 2022, after a lengthy discovery period. A Pretrial

1

Conference was conducted in this action on Friday, May 12, 2023. At the Pretrial Conference, this matter was set for a 4-day bench trial to commence on February 5, 2024 before this Court. Since that time, the case has been largely dormant.

Attorney Jessica Hays informed Plaintiffs on Friday, December 29, 2023 at 3:55pm via email correspondence that Defendants Ashley Epp and Holly Kasun had terminated Ms. Hays and Mr. Reish and sought Plaintiffs' position on a Motion to Withdraw as Counsel. Less than an hour later (at 4:25pm), and before Plaintiffs had a chance to respond, Defendants' counsel filed the Motion to Withdraw as Counsel (ECF No. 97). The Motion to Withdraw as Counsel was granted by the Court on January 2, 2023 (ECF No. 98).

On January 4, 2024, 32 days before trial and 238 days since trial was schedule, Defendant Kasun filed the Motion for Continuance in which she requests the Court grant a 60-day continuance of trial so that Defendant Kasun can "appropriately prepare for trial pro se or potentially seek new counsel." Defendant Kasun asserts that sufficient cause exists based upon two grounds: (1) the termination of The Reisch Law Firm's representation of Defendant Kasun due to "irreconcilable difference"; and (2) "outstanding evidence questions" that purportedly exist between Defendant Kasun and Plaintiffs' counsel. Defendant Kasun has not provided any information to Plaintiffs' counsel as to what these outstanding questions might be, thirteen months after the close of discovery.

The factors set forth in *United States v. West*, 828 F.2d 1468, 1469 (10th Cir. 1987), weigh in favor of denying Defendant Kasun's request for a continuance of the trial in this matter. Accordingly, Plaintiffs' request this Court deny Defendant Kasun's Motion for Continuance.

## LEGAL STANDARD

"The trial court has broad discretion in determining whether to grant a motion for continuance." *United States v. Bradshaw*, 787 F.2d 1385, 1392 (10th Cir. 1986) (citing *Morris v. Slappy*, 461 U.S. 1, 11 (1983)). A trial judge's decision to deny a motion for continuance constitutes an abuse of discretion *only if* the denial is "arbitrary or unreasonable and materially prejudiced [a party]." *United States v. West*, 828 F.2d 1468, 1469 (10th Cir. 1987) In ruling on the Motion for Continuance, the Court should consider the following factors:

(i) "the diligence of the party requesting the continuance;

(ii) the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance;

(iii) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; and

(iv) the need asserted for the continuance and the harm that [the movant] might suffer as a result of the district court's denial of the continuance."

*West*, 828 F.2d at 1470 (citing *Bradshaw*, 787 F.2d at 1392).

## ARGUMENT

**I. Defendant Kasun Has Not Been Diligent In Requesting the Continuance.**

The first factor the Court must consider is the diligence of the party requesting the continuance. *Id.* In this regard, Defendant Kasun has failed substantially. At the Pretrial Conference in May 2023, which took place well after discovery had closed and all motion practice

3

63004161v1

that could result in dismissal of Plaintiffs' claim, a trial was set. Since then, the case has sat dormant.

Accordingly, Defendant Kasun has had eight (8) months to seek a continuance. Instead, she waited until the eve of trial to fire her attorneys and seek a continuance on grounds that she *may* seek new counsel or *may* need to prepare for trial as a *pro se* party. Further, at no point in time has Defendant Kasun made any effort whatsoever to communicate what "outstanding evidence questions" could possibly exist at this juncture, over a year since the discovery deadline. The Motion for Continuance does not provide Plaintiffs or the Court any guidance on what such evidentiary questions Defendant Kasun may be referring to. Accordingly, the first factor weighs heavily in favor of denying the request for a continuance. *See Robinson v. Greater Park City Co,*, No. 2:12-cv-485 TS, 2014 WL 3044396, at *1 (D. Utah July 3, 2014) (denying motion to continue where moving party was not diligent and "dilatory" in seeking a continuance two weeks before a trial that had been scheduled for a more than a year).

## II.   A Continuance Would Not Accomplish the Purpose Underlying Defendant Kasun's Request.

The second factor the Court must consider is whether the continuance will accomplish the purpose underlying the request for a continuance. *Id*. Defendant Kasun asserts two purposes for the requested continuance. First, Defendant Kasun claims that the continuance would allow her to prepare for trial *pro se* or seek new counsel as she terminated previous counsel due to irreconcilable differences. But Defendant Kasun has been ably represented by competent counsel for close to two years, and she chose to wait until the eve of trial to fire them. And surely, defendants' trial preparation was well under way prior to termination of counsel such that Defendant Kasun should be prepared to proceed as scheduled *pro se*. To the extent that she seeks

4

to hire new counsel, her decision to wait until a month before trial to fire her attorneys cannot justify a continuance given the burden it places on Plaintiffs. Further, the claims against her are related to the activity of an organization of which she is a founder. Accordingly, any evidence that would be asserted in prosecution or defense of those claims is no secret to Defendant Kasun as it is conduct by an organization that she created and controlled.

Second, Defendant Kasun asserts the vague claim that there are "outstanding evidence questions" between herself, her prior counsel, and Plaintiffs' counsel. Plaintiffs' counsel is aware of no such outstanding questions. Defendant Kasun does not explain in her motion what these alleged questions are and, to date, she has not presented these questions to Plaintiffs' counsel despite having months—indeed, more than a year—to do so. In any event, discovery has been closed for over a year after a robust period of discovery, and no new evidence has been brought forth since that time. *See People in Int. of V. A. E. Y. H. D.*, 199 Colo. 148, 152 (1980) (denying motion for continuance where party failed to show a continuance would help develop relevant or material evidence). While represented by counsel, Defendant Kasun has had access to all discovery presented in this case and has been represented by counsel who certainly could have asked the questions she alleges exist. Accordingly, the first factor weighs in favor of denying the request for continuance.

### III. A Continuance Would Greatly Inconvenience Plaintiffs, Its Witnesses, and the Court.

The third factor the Court must consider is the inconvenience a continuance would cause to the Plaintiffs, its witnesses, and the Court. *Id.* Plaintiffs would be greatly inconvenienced if the continuance was granted. During the time that the case has laid dormant, Plaintiffs and their counsel have expended tremendous effort and time in preparing for a trial to begin on February 5,

5

2024. Moreover, as the Court is aware, Plaintiffs are organizations that are actively involved in educating, supporting, and protecting voters. Given the upcoming election cycle, any continuation of this case will create undue hardship upon them and take them away from their important work. Allowing a continuance will burden Plaintiffs substantially and increase the risk that Defendants will re-engage in intimidation tactics in the interim. Further, a continue will increase trial costs, and many of Plaintiffs' counsel are out-of-state attorneys with busy schedules that will be burdened by a continuance.[1]

While Plaintiffs cannot speak to the Court's docket, Plaintiffs are concerned that there may not be a 4-day opening on the Court's calendar within the 60-day continuance window that Defendant Kasun seeks. And of course, the late-requested continuance may well leave a 4-day hiatus on the Court's docket and could result in having to push other trials already set to accommodate the continuance. *U.S. v. Stewart*, 2012 WL 555488 at *4 (D. Colo. Feb. 17, 2012) (taking into consideration the inconvenience to the Court's docket and other trials set on the docket when ruling on a motion for continuance). Accordingly, the third factor weighs in favor of denial of the request for a continuance.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendant Holly Kasun's Pro Se Motion for Continuance of Hearing or Trial.

---

[1] Maureen Solomon and Douglas K. Somerlet, American Bar Association, *Caseflow Management in the Trial Court: Now and For the Future* 8 (1987) ("Delay devalues judgments, creates anxiety in litigants and uncertainty for lawyers, results in loss or deterioration of evidence, wastes court resources, needlessly increases the costs of litigation, and creates confusion and conflict in allocation of court resources.").

6

Dated: January 5, 2024           LATHROP GPM LLP

By /s/Amy Erickson
Casey Breese (#51448)
Casey.breese@lathropgpm.com
Jean Paul Bradshaw
Jeanpaul.bradshaw@lathropgpm.com
Kristin Stock
Kristin.Stock@lathropgpm.com
Brian A. Dillon
Brian.dillon@lathropgpm.com
Amy Erickson (#54710)
Amy.erickson@lathropgpm.com
1515 Wynkoop Street, Suite 600
Denver, CO 80202
Telephone: (720) 931-3200

Courtney Hostetler
chostetler@freespeechforpeople.org
John Bonifaz
jbonifaz@freespeechforpeople.org
Ben Clements
bclements@freespeechforpeople.org
Ron Fein
rfein@freespeechforpeople.org
FREE SPEECH FOR PEOPLE
1320 Centre Street, Suite 405
Newton, MA 02459
Telephone: (617) 249-3015

*ATTORNEYS FOR Plaintiffs Colorado Montana Wyoming State Area Conference of the NAACP, League of Women Voters of Colorado, and Mi Familia Vota*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been electronically served through ECF this 5th day of January 2024, to all counsel of record and pro se defendants.

s/Claudia Neal
Claudia Neal

7

63004161v1