IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-00581-CNS-NRN

Colorado Montana Wyoming
State Area Conference of the NAACP,
League of Women Voters of Colorado, and
Mi Familia Vota,

    Plaintiffs,

v.

United States Election Integrity Plan, Shawn Smith,
Ashley Epp, and Holly Kasun,

    Defendants.

### PLAINTIFFS' RESPONSE TO DEFENDANT SHAWN SMITH'S MOTION IN LIMINE (ECF NO. 99)

Plaintiffs Colorado Montana Wyoming State Area Conference of the NAACP, League of Women Voters of Colorado, and Mi Familia Vota ("Plaintiffs"), by and through their undersigned counsel, hereby oppose Defendant Shawn Smith's ("Defendant Smith" or "Defendant") Motion *in Limine* ("Motion") (ECF No. 99).

### INTRODUCTION

On January 2, 2024, Defendant Smith filed a Motion in Limine to exclude eight news articles, one radio news program recording, and two videos of USEIP agents. Defendant Smith's Motion to exclude this evidence is improper in a bench trial. Furthermore, the Motion is partially moot because Plaintiffs have included on their proposed exhibit list (which they timely provided

1

to Defendants on January 8, 2024) only those items that Defendant Smith identified as Exhibits 2-7. These exhibits are admissible because (1) they are either not being offered to prove the truth of the matter asserted or are admissible as statements of a party-opponent; and (2) they are not prejudicial to Defendant Smith. As explained in more detail below, Plaintiffs request that Defendant Smith's Motion in Limine be denied. In the alternative, Plaintiffs request that the Court defer consideration on the admissibility of the evidence at issue until trial.

## ARGUMENT

### I. Plaintiffs do not seek to admit exhibits for truth of the matter asserted.

If Plaintiffs seek to admit the news articles as exhibits—identified as numbers 2, 4, and 6-7 by Defendant Smith in Exhibit 1 of his Motion in Limine—they will not do so for truth of the matter asserted in the articles.[1]  Accordingly, these articles should not be excluded as hearsay.

Hearsay is "a statement that (1) the declarant does not make while testifying at the current trial or hearing; and (2) the party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c); *see, e.g.*, *United States v. Ibarra-Diaz*, 805 F.3d 908, 922 (10th Cir. 2015) (explaining that a "detective's testimony was not offered for the truth of the matter asserted; that is, it was not hearsay").  Only the first requirement is met here.

Plaintiffs assert and will show at trial that their members and the communities they serve were intimidated by the door-to-door campaign that Defendants developed, oversaw, and implemented as leaders of the United States Election Integrity Plan (USEIP). *See* ECF 1, Compl. ¶ 6-7, 33, 37-38. Plaintiffs will not seek to introduce these articles and videos for truth of the matter

---

[1] These news articles are self-authenticating and require no extrinsic evidence of authenticity. Fed. R. Evid. 902(6).

2

asserted in the articles—Plaintiffs have substantial independent evidence of Defendants' unlawful, intimidating activities. Instead, Plaintiffs may seek to introduce the articles to demonstrate the Defendants' unlawful voter intimidation campaign and plans for expansion were widely covered in the Colorado and national media. These news reports regarding Defendants' campaign—which were promoted and made public by Defendants, other USEIP agents, and independent journalists—reached voters in Colorado and beyond. *See Faulkner v. Super Valu Stores, Inc.*, 3 F.3d 1419, 1434 (10th Cir. 1993) (citing *United States v. Lambinus*, 747 F.2d. 592, 597 (10th Cir. 1984), *cert. denied*, 471 U.S. 1067 (1985)) ("Statements offered for the effect on the listener, however, are generally not hearsay."); *White Communications, LLC v. Synergies3 Tec Services, LLC*, 4 F.4th 606, 613 (8th Cir. 2021) ("It is well settled that a statement offered to show its effect on the listener is not hearsay, and to explain the declarant's subsequent actions or statement of mind.").

The news articles at issue establish important context for the voter intimidation campaign at issue in this case. The articles reached the target audience Defendants intended to intimidate, and they stoked fear in the voting block that Defendants intended to intimidate. That baseline fear was exacerbated when Defendants or other USEIP agents came knocking on the door of the voters Defendants intended to intimidate. The Court should receive the articles at issue into evidence to demonstrate the nature and breadth of the news coverage regarding USEIP and their agents, and to provide context for the chilling effect these articles had on the voting public.

**II.     Plaintiffs seek to admit statements by party-opponents.**

If Plaintiffs seek to admit those exhibits that contain statements by USEIP members—identified as numbers 3 and 5 by Defendant Smith in Exhibit 1 of his Motion in Limine—they will be admissible because they include statements of an opposing party.[2]

Statements by opposing parties are not hearsay. Fed. R. Evid. 801(d)(2). A statement qualifies as an opposing party's statement when it "is offered against an opposing party and: (A) was made by the party in an individual or representative capacity; (B) is one the party manifested that it adopted or believed to be true; (C) was made by a person whom the party authorized to make a statement on the subject; (D) was made by the party's agent or employee on a matter within the scope of that relationship and while it existed; or (E) was made by the party's coconspirator during and in furtherance of the conspiracy." Fed. R. Evid. 801(2)(d). The rule applies where, as here, the statements are "made by a party's 'agent or employee.'" *Cruz v. Farmers Ins. Exchange*, 42 F.4th 1205 (10th Cir. 2022) (classifying an independent contractor as an agent, and explaining that an agent need not be an employee).

Both of the exhibits at issue are videos featuring USEIP agents promoting the USEIP association and the door-to-door voter intimidation campaign that was conceived and carried out by Defendants, who organized and led the USEIP organization. USEIP agents made these statements in an effort to promote and publicize the organization's activities, in keeping with the organization's goals and mission. "[A]gents need not be puppets; they may still maintain some

---

[2] Both these videos may also be admissible to show the efforts to which USEIP went to publicize its activities, and for impeachment purposes that also are not hearsay. *See United States v. Caraway*, 534 F.3d 1290, 1299 (10th Cir. 2008) (statements admitted for impeachment purposes are not hearsay).

4

measure of independence or objectivity while acting under the principal's direction." *Rawers v. United States*, 488 F. Supp. 3d 1059, 1085 (D.N.M. 2020). What matters here is whether the USEIP agents recorded in the videos had actual authority, specifically whether the agent "'reasonably believes, in accordance with the principal's manifestations to the agent, that the principal wishes the agent' to engage in the action" *Id.* (quoting *1-800 Contacts, Inc. v. Lens.com, Inc.*, 722 F.3d 1229, 1251 (10th Cir. 2013). Agents may be subagents, who nevertheless "act as an agent for the principal even though the principal's control is indirect." *1-800 Contacts, Inc.*, 722 F.3d at 1251 (in context of defining agent for vicarious liability purposes).

The USEIP agents depicted in the videos at issue were clearly acting as agents of Defendant Smith and his co-defendants, and they were speaking on "a matter within the scope of that relationship and while it existed." Fed. R. Evid. 801(d)(2)(D); *see also Crawford v. Garnier*, 719 F.2d 1217 (7th Cir. 1983) ("the agent need not be specifically authorized to make the declaration. . . . It suffices if the declaration is made during the existence of the agency and relates to a matter within the scope of the agency.")  At a minimum, the Court should defer ruling on Defendant's Motion to exclude these videos until trial, so that the Court may view and assess the videos for itself.

### III. None of the exhibits are unfairly prejudicial.

Defendant Smith has not and cannot establish that any of the exhibits at issue should be excluded under Rule 403. Rule 403 gives the Court discretion to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Exclusion of evidence under Rule 403 "that

5

is otherwise admissible . . . is an extraordinary remedy and should be used sparingly." *United States v. Smalls*, 605 F.3d 765, 787 (10th Cir. 2010) (quoting *United States v. Tan*, 254 F.3d 1204, 1211 (10th Cir. 2001)). "Relevant evidence is inherently prejudicial; but it is only *unfair* prejudice, *substantially* outweighing probative value, which permits exclusion of relevant matter . . . ." *United States v. Pettigrew*, 468 F.3d 626, 638 (10th Cir. 2006) (quoting *United States v. Sides*, 944 F.2d 1554, 1563 (10th Cir. 1991)).

There is no unfair prejudice here. As discussed *supra*, the articles and videos at issue are relevant because they demonstrate the extent to which Defendants' door-to-door campaign was widely reported in the media and provided Plaintiffs' members and communities with ample reason to be afraid that voting in the future would make them vulnerable to intimidation and threats in their own homes. The objected-to exhibits include articles from reliable news sources that accurately reported on USEIP's activities, as well as recorded statements by USEIP's own agents that explain and publicize these same activities. Defendant Smith and his co-defendants *themselves* discussed, endorsed, and publicized these same activities through speeches, writing, and USEIP documents, which Plaintiffs will offer as part of its case at trial.

Moreover, because this is a bench trial where the jury has no role in the decision-making process, "[t]he concerns of rule 403 apply differently . . . .." *Tyler Group Partners, LLC v. Madera*, 564 F. Supp. 3d 944, 1010 (D.N.M. 2021) (quoting *Coffey v. United States*, No. CIV 08-0588, 2012 WL 1698289, at *3 (D.N.M. May 8, 2012)). The Tenth Circuit and other circuits have held that "excluding evidence in a bench trial under 'Rule 403's weighing of probative value against prejudice [is] improper.'" *United States v. Kienlen*, 349 Fed. Appx. 349, 351 (10th Cir. 2009) (quoting *Gulf States Utils. Co. v. Ecodyne Corp.*, 635 F.2d 517, 519 (5th Cir. 1981)); *see also*

6

*Schultz v. Butcher*, 24 F.3d 626, 632 (4th Cir. 1994). This Court is more than capable of receiving the evidence at issue and giving it the weight it deserves.

### IV. Defendant Smith's Motion is partially moot.

With regard to the potential exhibits that Defendant Smith identified as Exhibits 1 and 8-11, the motion is moot. Plaintiffs provided their list of proposed exhibits to Defendants on January 8, 2024, and they do not seek to admit those proposed exhibits.[3]

### V. Defendant Smith's Motion for Limine may be resolved at trial.

Alternatively, consideration of whether the exhibits at issue in Defendant Smith's Motion should be excluded may be deferred until trial.

Motions in limine are "not recognized by either the Federal Rules of Civil Procedure nor the Federal Rules of Evidence," but rather are "generally recognized as a procedural tool necessary to facilitate the efficient administration of justice." *Grand Canyon Trust v. Public Serv. Co. of New Mexico*, 294 F. Supp. 2d 1246, 1247 (D.N.M. 2009). A motion in limine may "give[] a court the chance to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Cline*, 188 F. Supp. 2d at 1291 (quoting *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)). However, "a court is almost always better situated during the actual trial to assess the value and utility of evidence. The better practice is to wait until trial to rule on objections when admissibility substantially depends upon what facts may be developed there." *Id.*

---

[3] Were Plaintiffs to have sought admission of those proposed exhibits, they would not have been offered for truth of the matter asserted and therefore they would not be hearsay for reasons discussed *supra*.

7

This is particularly true here, where the case is schedule for a bench trial and not jury trial. *See United States v. Lynch*, Case No. CR-21-151-D, 2022 WL 17408001 (W.D. Ok. Dec. 2, 2022) ("The rationale underlying pre-trial motions in limine does not apply in a bench trial, where it is presumed the judge will disregard inadmissible evidence and rely only on competent evidence."); *see also* 9A Charles Alan Wright & Arthur Miller, Fed. Prac. & Proc. Civ. § 2411 (3d ed. Apr. 2022 update) (arguing that "in a nonjury case the court should be slow to exclude evidence challenged under one of the exclusionary rules").

It will not require time-consuming argument or significant interruption of trial to address the exhibits if Plaintiffs seek to introduce them.  Further, at trial, the Court will have the benefit of factual context. *See United States v. Cline*, 188 F. Supp. 2d 1287, 1291 (D. Kan. 2002). Because the evidence is not "plainly . . . 'inadmissible on all potential grounds,'" *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1218 (D. Kan. 2007) (quoting *Townsend v. Benya*, 287 F.Supp.2d 868, 872 (N.D. Ill. 2003)), ruling on the motion of limine should be deferred "until trial when the factual context is developed." *Wilkins*, 487 F. Supp. 2d at 1218; *see also Attorney Gen. of Oklahoma v. Tyson Foods, Inc.*, 565 F.3d 769, 780 (10th Cir. 2009) ("[A] judge conducting a bench trial maintains greater leeway in admitting questionable evidence, weighing its persuasive value *upon presentation*.") (emphasis added).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendant Shawn's Motion in Limine or, in the alternative, to defer consideration until trial.

Dated:  January 9, 2024                LATHROP GPM LLP

                                       By /s/Amy Erickson

Casey Breese (#51448)
Casey.breese@lathropgpm.com
Kristin Stock
Kristin.Stock@lathropgpm.com
Brian A. Dillon
Brian.dillon@lathropgpm.com
Amy Erickson (#54710)
Amy.erickson@lathropgpm.com
1515 Wynkoop Street, Suite 600
Denver, CO 80202
Telephone: (720) 931-3200

Courtney Hostetler
chostetler@freespeechforpeople.org
John Bonifaz
jbonifaz@freespeechforpeople.org
Ben Clements
bclements@freespeechforpeople.org
Ron Fein
rfein@freespeechforpeople.org
FREE SPEECH FOR PEOPLE
1320 Centre Street, Suite 405
Newton, MA 02459
Telephone: (617) 249-3015

*ATTORNEYS FOR Plaintiffs Colorado Montana Wyoming State Area Conference of the NAACP, League of Women Voters of Colorado, and Mi Familia Vota*

9

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing has been electronically served through ECF this 9th day of January 2024, to all counsel of record.

                                              s/Claudia Neal
                                              Claudia Neal

63011265v1