IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-00581-CNS-NRN

Colorado Montana Wyoming
State Area Conference of the NAACP,
League of Women Voters of Colorado, and
Mi Familia Vota
    Plaintiff(s)

v.

United States Election Integrity Plan,
Shawn Smith, Ashley Epp,
and Holly Kasun
    Defendant(s)

_____

**PRO SE MOTION RESPONSE IN SUPPORT OF SHAWN SMITH'S MOTION IN LIMINE**
_____

Defendant Ashley Epp files this pro se response in support of Shawn Smith's Motion in Limine. On January 2, 2024, Defendant Smith filed a Motion in Limine to exclude eight news articles, one radio news program recording, and two videos. These articles and recordings are inadmissible as the statements contained within the article are hearsay and, as the videos are edited, they cannot be verified.

Further, the principal author of this reporting has a history of harassing Ms. Epp and falsely reporting on her, and he has issued corrections on his reporting about both Ms. Epp and USEIP.

1

## ARGUMENT

This news reporting is inadmissible. As Defendant Smith said in his motion, "Excluding newspaper articles is widely accepted under the hearsay rule because such articles lack the circumstantial guarantees of trustworthiness because they might have been written from a biased point of view.'" *Id.* at 643 (quoting *May v. Cooperman,* 780 F.2d 240, 263 (3rd Cir. 1985))." Plaintiffs offer the reporting of *Colorado Times Recorder* writer Erik Maulbetsch, along with national outlets that rely upon the reporting of Mr. Maulbetsch, "to demonstrate the Defendants' unlawful voter intimidation campaign and plans for expansion were widely covered in the Colorado and national media." (Docket 109) Mr. Maulbetsch has a history of false reporting on the defendants, having to correct the record. In one of the most egregious examples, in February 2022, Mr. Maulbetsch imagined that Ms. Epp was on Mike Lindell's plane and reported that she was traveling around the country. Ms. Epp was not on the plane, and Mr. Maulbetsch had to issue a correction on the article which reads, "CORRECTION: An earlier version of this story misquoted Lindell as saying Ashe Epp was among the Cause of America staffers he flew home to Colorado. In fact he invited her to come on the trip but she did not attend." (https://coloradotimesrecorder.com/2022/02/mypillow-ceos-jet-flew-to-grand-junction-hours-after-clerk-peters-arrest/42977/) There are many such examples of cyberbullying attacks against Defendants Epp and Kasun, two women journalists in Colorado's political minority, and these tactics cannot be legitimized in this Court.

According to a United Nations Educational Scientific and Cultural Organization (UNESCO) study in March 2021, there is a chilling effect that is particularly acute for women journalists with regards to cyberstalking and false reporting, "Online violence against women journalists is designed to: belittle, humiliate, and shame; induce fear,

2

silence, and retreat; discredit them professionally, undermining accountability journalism and trust in facts; and chill their active participation (along with that of their sources, colleagues and audiences) in public debate. This amounts to an attack on democratic deliberation and media freedom, encompassing the public's right to access information, and it cannot afford to be normalised or tolerated as an inevitable aspect of online discourse, nor contemporary audience-engaged journalism." (https://en.unesco.org/sites/default/files/the-chilling.pdf) Admitting Mr. Maulbetsch's articles would not only be prejudicial to the defendants, because these articles comprise hearsay and speculation, but it would normalize and tolerate Mr. Maulbetsch's behavior against Defendants Epp and Kasun and other women journalists in Colorado and around the nation. Setting aside the behavior of Mr. Maulbetsch, the articles would still be inadmissible. See Stine v. Lappin, No. 08-cv-00164-WYD-KLM, 2009 WL 482630, at *5 (D. Colo. Feb. 25, 2009) ("pursuant to Federal Rule of Evidence 801, hearsay, i.e., an out-of-court statement offered for its truth, is not admissible evidence"). None of the exceptions to hearsay appear to apply to this news reporting. See Fed. R. Evid. 801(d)(1), (2); Fed. R. Evid. 803.

Further, Plaintiffs assert that "The Court should receive the articles at issue into evidence to demonstrate the nature and breadth of the news coverage regarding USEIP and their agents, and to provide context for the chilling effect these articles had on the voting public." In his May 6, 2022 order denying Plaintiffs motion for Limited Expedited Discovery, Judge Brimmer said, "Plaintiffs claim that defendants or USEIP members are going door-to-door to target the voters and have done so since at least August 2021. See Docket No. 30 at 10 (citing Docket No. 8 at 2, ¶ 5). Plaintiffs also claim that this practice is apparently widespread, reaching into at least seventeen Colorado counties. See id. (citing

3

Docket No. 6 at 6–7). Plaintiffs, therefore, should be aware of much of the information that they seek. Plaintiffs' members, for instance, could provide information on what both defendants and the members said, which would help provide evidence regarding requests 5 and 7. Plaintiffs' members could also report whether defendants photographed their homes or cars, which would provide evidence regarding request 3. Plaintiffs, however, do not explain why they cannot obtain at least some of this information from their members or whether they have even tried." (Docket No. 44 at 6, ¶ 2).

More than 400 days since the close of discovery, and Plaintiffs have still not produced any of this evidence and are asking the Court to allow hearsay and overtly biased reporting to make their case. With regards to the videos included in the news articles, Plaintiffs had ample time to source witness testimony from the people speaking in the video as well as the ring doorbell video that would prove their claims, and they did not. Partial reporting and edited videos about these witnesses or video assets is hearsay and inadmissible.

## CONCLUSION

For the foregoing reasons, Defendant Epp respectfully requests that the Court grant Defendant Shawn Smith's Motion in Limine

Dated: January 9, 2024                                             _____

Ashley Epp
1132 Koa Ct
Castle Rock, CO 80104
+1 (303) 591-8714
asheinamerica@protonmail.com

4