IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-00581

Colorado Montana Wyoming
State Area Conference of the NAACP,
League of Women Voters of Colorado, and
Mi Familia Vota,

Plaintiff(s),

v.

United States Election Integrity Plan, Shawn Smith,
Ashley Epp, and Holly Kasun.

Defendant(s).

---

DEFENDANT KASUN'S RESPONSE TO DEFENDANT SHAWN SMITH'S MOTION IN LIMINE (ECF NO. 99)

---

Defendant Kasun hereby supports Defendant Shawn Smith's ("Defendant Smith" or "Defendant") Motion in Limine ("Motion") (ECF No. 99). The exhibits in Defendant Smith's motion in limine are hearsay evidence, inherently biased against defendants, and prejudicial to the Defense. Further, no connection has been established between the people in the videos and the Defendants or USEIP.

## ARGUMENT

Plaintiffs assert "they do not seek to admit exhibits for truth of the matter asserted" (ECF No. 99). Plaintiffs' assertion should be met with skepticism.

i. *Hearsay Evidence*

Exhibits are usually introduced as evidence to support and substantiate the claims and arguments asserted by the presenting party. It is inherently contradictory for the Plaintiffs to suggest that they are introducing exhibits merely for illustrative or contextual purposes, without intending for the content to be taken as true. The admission of exhibits is fundamentally rooted in the expectation that their contents are relevant, credible, and, by extension, truthful. The contents of the articles have neither been verified nor should this Court accept it as truthful.  Until verified, they must be considered hearsay.

*ii. This Reporting is Overtly Biased and Prejudicial to the Defense*

Defendant Kasun has a master's in journalism from the University of Wisconsin, Madison, and she can speak with authority on the issues surrounding journalistic bias. While Ms. Kasun has not been admitted as an expert in this case, she offers her professional opinion in support of Defendant Smith's motion.

Laymen often categorize any writing as legitimate journalism; however Defendant Kasun has an academic and professional background that allows her to accurately define the differences between different communication professions. To illustrate, Plaintiffs specifically point to news articles 2 and 6 in Defendant Smith's Exhibit 1 of his Motion in Limine.  Both articles are written by Erik Maulbetsch who is a self-described, "Research and Communications Consultant" (EXHIBIT 1)  A communications consultant is not the same as being a professional journalist who has learned and employs professional standards, including ethics.  A communications consultant has different training and a distinct role in the world of communications professions that is separate from the role of a journalist.  Communications consultants are not expected to follow the same professional standards as a trained journalist.

Defendant Kasun's point is demonstrated by her experience addressing Mr. Maulbetsch's inaccurate reporting by requesting Mr. Maulbestch correct the record (EXHIBIT 2).

Bias inherently skews writing of all types.  Mr. Maulbetsch publishes articles on *The Colorado Times Recorder*, an outlet that, in their own words, has "a progressive orientation, which means we emphasize coverage of Colorado stories that advance or illuminate the progressive values."  This statement honestly announces the outlets' inherent reporting bias.  By making it clear to readers, there is no need to interpret how articles published on *The Colorado Times Recorder* are skewed.  And, in this case, it's against the Defendants.

Plaintiffs argue to include other articles written by equally biased writers, many of whom rely upon Mr. Maulbetsch's writing, and who publish on progressively-oriented outlets. The admission of evidence inherently implies a belief in its truthfulness. These articles are inherently biased and prejudicial to the defense and should be admitted.

*ii. No Connection Has Been Established Between the "News Videos" and Defendants*

As USEIP has been dismissed as a defendant in this case. (ECF No. 84), Plaintiffs have the burden of proof in demonstrating Shawn Smith, Holly Kasun, and Ashley Epp are liable for the alleged claims in the pleading.  The videos in question fail to point to Defendants, USEIP or their actions, or behavior specifically.  Rather, the contents of these highly produced and selectively edited news reporting cast a wide net of unverifiable accusations.

Plaintiffs argue that the persons depicted in these articles are "agents" of the defendants. They have not established this and Defendant Kasun does not accept

Plaintiffs' assertion as a fact. Moreover, even if Plaintiffs were able to prove a connection between the people in the video and the Defendants, there should be no automatic imposition of liability on one individual for the actions of another. <u>NAACP v. Claiborne Hardware Co., 458 U.S. 886 (1982)</u> (where the Supreme Court recognized the importance of protecting the associational rights of individuals. The Court held that individuals who merely belonged to an association could not be held liable for the actions of other members, even when those actions were taken in furtherance of the association's objectives.)

## CONCLUSION

The exhibits in Defendant Smith's Motion in Limine are hearsay evidence, inherently biased against defendants, and prejudicial to the Defense.  Admitting the exhibits in Defendant Smith's motion would prejudice the Defendants and, intended or not, result in false assumptions about the Defendants' that are not based in fact, materially prejudicing the Defends.

For the foregoing reasons, Ms. Kasun moves the court to grant Defendant Smith's Motion In Limine (ECF No. 99).

Dated January 9, 2024

<u>/s/ Holly Kasun</u>
Holly Kasun
6600 S. Boulder Road
Boulder, Colorado 80303
(720) 340-6421
Hollyataltitude@protonmail.com