IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-00581-PAB

Colorado Montana Wyoming
State Area Conference of the NAACP,
League of Women Voters of Colorado, and
Mi Familia Vota,

    Plaintiffs,

v.

United States Election Integrity Plan, Shawn Smith,
Ashley Epp, and Holly Kasun,

    Defendants.

## RULE 26(A)(1) DISCLOSURES

Plaintiffs Colorado Montana Wyoming State Area Conference of the NAACP, League of Women Voters of Colorado, and Mi Familia Vota ("Plaintiffs"), by and through their undersigned counsel submit these Rule 26(A)(1) Disclosures.

### INTRODUCTORY STATEMENT

The following Disclosures are made based upon the information reasonably available to Plaintiffs at this stage in the proceeding and relate to all claims in the above-referenced matter. By making these Disclosures, Plaintiffs do not represent they are identifying every document, tangible thing, or witness possibly relevant to this lawsuit. Rather, these disclosures represent a good-faith effort by Plaintiffs to identify discoverable information they believe may used to support their claims in this matter as required by Rule 26(a)(1) of the Federal Rules of Civil Procedure. Plaintiffs' Disclosures are made without waiving:

1.    The right to object on any proper ground to the use of any disclosed

information in this action or in any other proceeding;

2. The right to object on any proper ground to any other discovery request or proceeding involving or relating to the subject matter of these Disclosures; and

3. The right to object to the production of any document or any tangible thing disclosed in these Disclosures on the basis of privilege, the attorney work-product doctrine, relevancy, undue burden, or other valid objection.

All Disclosures set forth below are made subject to the above objections and qualifications.

## DISCLOSURES

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Plaintiff, by and through her undersigned counsel makes the following Initial Disclosures:

**26(a)(1)(A)(i)** **The name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

1. Portia Prescott has knowledge of the facts alleged in Plaintiff's Complaint, the basis of the claims, and damages related to Defendant's alleged conduct. Ms. Prescott may be contacted through Plaintiffs' undersigned counsel.

2. Salvador Hernandez has knowledge of the facts alleged in Plaintiff's Complaint, the basis of the claims, and damages related to Defendant's alleged conduct. Mr. Hernandez may be contacted through Plaintiffs' undersigned counsel.

3. Beth Hendrix has knowledge of the facts alleged in Plaintiff's Complaint, the basis of the claims, and damages related to Defendant's alleged conduct. Ms. Prescott may be contacted through Plaintiffs' undersigned counsel.

4. Colorado Secretary of State Jena Griswold, has, or is believed to have, knowledge of the facts alleged in Plaintiffs' Complaint, including but not limited to knowledge regarding Colorado voters who were intimidated by Defendants' conduct.

5. Other current and former employees or representatives of the Office of Colorado Secretary of State Jena Griswold have, or are believed to have, knowledge of the facts alleged in Plaintiffs' Complaint, including but not limited to knowledge regarding Colorado voters who were intimidated by Defendants' conduct.

6. Colorado voters contacted by Defendants have, or are believed to have, knowledge of the facts alleged in Plaintiffs' Complaint.

Plaintiff reserves the right to supplement or otherwise modify this list as discovery continues. Plaintiff will disclose experts in accordance with the Court's Scheduling Order and applicable rules.

**26(a)(1)(A)(ii)   A copy – or description by category and location of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

Plaintiffs have the following documents in his possession, custody, or control:

- A copy of USEIP's County & Local Organizing Playbook;
- Statements made by Defendants' concerning USEIP, USEIP's door-to-door campaign, Colorado voters, and the facts alleged in Plaintiffs' Complaint.

Investigation and discovery are continuing. Plaintiffs reserve the right to supplement or otherwise modify this information as discovery continues.

**26(a)(1)(A)(iii) A computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

Plaintiffs seek all damages to which they are entitled under the Voting Rights Act and Ku Klux Klan Act. This includes, but is not necessarily limited to compensatory damages, and attorneys' fees and costs. With regard to compensatory damages, such damages are necessarily determined by the finder of fact. The calculation of attorneys' fees and costs in this case cannot yet be determined as they are necessarily tied to the status of the litigation at the time of settlement or verdict.

Plaintiffs reserve the right to supplement or otherwise modify this information as discovery continues.

**26(a)(1)(A)(iv)**   **For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Not applicable to Plaintiffs.

Dated: July 8, 2022                     LATHROP GPM LLP

By /s/Amy Erickson
Casey Breese (#51448)
Casey.breese@lathropgpm.com
Jean Paul Bradshaw
Jeanpaul.bradshaw@lathropgpm.com
Dion Farganis (Admission Pending)
Dion.farganis@lathropgpm.com
Reid Day
Reid.day@lathropgpm.com
Brian A. Dillon
Brian.dillon@lathropgpm.com
Amy Erickson (#54710)
Amy.erickson@lathropgpm.com
1515 Wynkoop Street, Suite 600
Denver, CO 80202
Telephone: (720) 931-3200

Courtney Hostetler
chostetler@freespeechforpeople.org
John Bonifaz
jbonifaz@freespeechforpeople.org
Ben Clements
bclements@freespeechforpeople.org
Ron Fein
rfein@freespeechforpeople.org
FREE SPEECH FOR PEOPLE
1320 Centre Street, Suite 405
Newton, MA 02459
Telephone: (617) 249-3015

*ATTORNEYS FOR Plaintiffs Colorado Montana Wyoming State Area Conference of the NAACP, League of Women Voters of Colorado, and Mi Familia Vota*

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2022, I served the foregoing via EMAIL upon the below mentioned individuals at their last known EMAIL addresses:

| Jessica Lynn Hays | jessica@reischlawfirm.com |
|---|---|
| R. Scott Reisch | scott@reischlawfirm.com, cassandra@reischlawfirm.com, Matthew@reischlawfirm.com, Rob@reischlawfirm.com |

                                        s/Claudia Neal