

**SENT VIA EMAIL**

Lathrop GPM LLC
1515 Wynkoop Street, #600
Denver, CO 80202

Re:   *NAACP et al v. USEIP et al. 1:22-cv-00581*

Dear Ms. Erickson:

I am writing to confer and hopefully resolve the following issues regarding Plaintiffs' initial disclosure and supplemental disclosure deficiencies. As you know, all parties' 26(a)(1) disclosures were due and have been exchanged on July 8, 2022. To this date, no supplemental disclosures have been produced by Plaintiffs.

Although Plaintiffs' response to written discovery are not yet due, much of the information sought should have been produced with the 26(a)(1) disclosure. Rule 26(e) creates a duty to supplement initial disclosures to the extent the disclosures are incomplete or incorrect unless such information has been made known during the discovery process.

Plaintiffs' claims of voter intimidation necessarily require proof that voters were intimidated by Defendants or that Defendants attempted to intimidate voters. Despite having deposed all Defendants and propounding written discovery, no instances of Colorado voters claiming they were intimidated or threatened by Defendants has been uncovered.

Nevertheless, it has been represented to the Court that "Plaintiffs have had contact with voters who were intimidated by encounters with USEIP representatives on their own doorsteps." [Docket No. 37, pg. 3]. Similarly, it has been represented to undersigned counsel that certain local officials were in receipt of complaints regarding USEIP, and such complaints are not in Plaintiffs' possession since they consisted mostly of phone calls.

Plaintiffs' initial 26(a)(1) disclosure identifies only 6 individuals likely to have discoverable information. Colorado Secretary of State Jena Griswold, other employees or representatives of the Office of Colorado Secretary of State, and generally "Colorado voters contacted by Defendants" are listed as individuals who have knowledge of the Colorado voters who were allegedly intimidated. These broad groups of unidentified individuals are not the sufficiently detailed "so as to enable each of the multiple defendants in this case to understand the contours of its potential exposure and make informed decisions as to settlement and discovery." *Sender v. Mann*, 225 F.R.D. 645, 653 (D. Colo. 2004) (citing *Norman v. CP Rail Systems*, 2000 WL 1700137 (N.D.Ill 2000)).

Defendants and Counsel have been patient during the discovery process and have produced every Colorado voter who was visited by a USEIP volunteer, the notes accompanying the interactions with voters, and testimony about Defendants' individual experiences with canvassing. Nothing contained in these documents or testimony reveal a single instance of a voter being intimidated.

Plaintiffs' lack of disclosure and Defendants' lack of knowledge that any voter was intimidated requires Defendants to use their limited discovery to seek information that should have been disclosed at the outset. Defendants have proceeded through this costly litigation without being provided a single piece of evidence of voter intimidation. "Rule 26(a)(1)(A) requires each party to identify those persons who have information that the party 'may use' in support of its claims. A Rule 26 disclosure requires more than just the name of the person with such information; it also requires disclosure of the address and telephone number of the person and the information that such person has. The clear purpose of such disclosure is to permit the party receiving the disclosure to be able to understand what information the person has and to consider contacting the person in order to ascertain the significance of the individual's knowledge or to depose the individual. . . . The most that can be said about Plaintiffs [disclosures] is that . . . Plaintiffs thought that **some** of these persons **might** have information that **might** prove useful. That is not sufficient disclosure under Rule 26(a)." *Jama v. City and County of Denver,* 304 F.R.D. 289, 296 (D. Colo. 2014) (emphasis in original).

Plaintiffs chose to file this case in early March, seeking preliminary injunction and TRO and moved the Court for an expedited hearing and discovery. After the Court denied the motion for expedited discovery and TRO, Plaintiffs withdrew the motion for preliminary injunction. Seeking a preliminary injunction would necessarily require evidence to support a substantial likelihood of success on the merits. Considering the procedural background in this case, the lack of disclosure with any supportive evidence of voter intimidation is concerning.

While it is understood that proceeding through civil discovery helps flesh out the details of the claims, it is ultimately Plaintiffs' burden to provide evidence for their own claims. Prefiling investigation requires the singing attorney to certify that "the factual contentions have evidentiary support, or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation and discovery." Fed.R.Civ.P. 11(b)(3). Nowhere in Plaintiffs' complaint is there a certification or other identifier that certain facts need additional investigation or discovery. *See In re Spiegel, Inc. Securities Litigation,* 382 F.Supp.2d 989 (N.D. Ill 2004). Instead, the facts in the Complaint appear to fall under the first part of Rule 11(b)(3) with evidentiary support obtained pre-filing. Even if it is Plaintiffs' contention that evidentiary support would be obtained after further investigation and discovery, there is still no evidence to support a claim of voter intimidation.

Since the Court's scheduling order limits the amount of discovery, and the deadline for such formal discovery is approaching, I hope to resolve these issues short of appearing before the Court. We believe that Plaintiffs have all the information that was requested from Defendants, and despite having all documents related to USEIP's canvassing, I have yet to see the evidence claimed in Plaintiffs' complaints.

Please let me know if you have any questions or want to discuss further!

Very truly yours,

*Jessica J. Hays*

Jessica L. Hays
The Reisch Law Firm

1490 West 121st Avenue, Suite 202
Denver, Colorado 80234
Phone: 303-291-0555
Fax: 720-904-5797