UNITED STATES DISTRICT COURT
for the
District of Colorado

| | |
|---|---|
| COLORADO MONTANA WYOMING STATE AREA CONFERENCE OF THE NAACP, LEAGUE OF WOMEN VOTERS OF COLORADO, and MI FAMILIA VOTA <br><br> Plaintiffs, <br><br> -v- <br><br> UNITED STATES ELECTION INTEGRITY PLAN, SHAWN SMITH, ASHELY EPP, and HOLLY KASUN <br><br> Defendants. | Civil Action No. 1:22-cv-00581-CNS-NRN |

## MOTION TO RECUSE JUDGE SWEENEY

COMES NOW, Defendant Shawn Smith, by and through undersigned counsel, and hereby reluctantly moves to recuse the Honorable Judge Charlotte N. Sweeney in this matter (referred to as "the Court"), because of her support of organizations that characterize Republicans as a religious cult, and donations to Democrat candidates. While the issues in this case *should* not involve political affiliation, unfortunately, it does. The Court's support for these views indicates a perception of bias.

**Legal Standard**

In order to "promote public confidence in the integrity of the judicial process" 28 U.S.C. § 455(a) provides: "Any justice, judge or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." *Lijeberg v. Health Servs. Acquisition Corp.,* 468 U.S. 847, 858 n.7 (1988); 28 U.S.C. § 455(a). The standard when

1

determining impartiality "is purely objective. The inquiry is limited to outward manifestations and reasonable inference drawn therefrom." *U.S. v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993). This inquiry focuses on an "appearance of bias, regardless of whether there is actual bias." *Bryce v. Episcopal Church in the Diocese of Colorado,* 289 F.3d 648, 659 (10th Cir. 2002). Therefore, "In applying §455(a), the judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue." *Cooley,* 1 F.3d at 993.

### Argument

From its inception, this case has been politically charged with allegations that Defendants "decided to coordinate their actions to harass and intimidate voters who did not vote for former President Trump." [ECF No. 1, ¶ 22]. Plaintiffs further allege that Defendants participated in the events on January 6, 2021, and have ties to QAnon. *Id.* at ¶ 6. Plaintiffs' allegations rest on the assumption that the Defendants went "door-to-door, interrogating voters under the pretense of seeking to uncover 'phantom ballots,' which they allege were the cause of form President Trump losing the 2020 election." *Id.* at ¶ 23. Plaintiffs further the claim that Defendants' political affiliation is at issue by stating Defendant Smith "appeared at numerous radical right events, some of which are affiliated with groups such as QAnon, to promote the false claim that the results of the 2020 presidential election are faulty because of election fraud." *Id.* at ¶ 24.

As 2023 came to an end, undersigned counsel was reviewing the various legal magazines sent throughout the year. Upon reviewing the University of Denver alumni magazine, a story discussing the Court was discovered. Within this article, the Court mentioned the underlying reasons she had interest in becoming a judge. The article stated, "For years, Charlotte Sweeney had no interest in being a judge. Then came the 2016 election. . . But after the election, Sweeney recalls, she grew troubled by legal developments." Heather Hein, *DU on the Bench*, University of

Denver Magazine, May 1, 2023[1]. This article sparked concern for judicial activism weighing on the Court's decision as the fact finder in this case. Although political concerns are pervasive in our everyday lives, the courtroom must maintain full neutrality. The facts underlying this case come from a partisan perspective: Defendants are accused of singling out Colorado voters who did not vote for former President Trump in the 2020 election. The appearance of impartiality is ever more concerning where the judge is to serve as the trier of fact. "[W]here the central aspects of the case would be tried by a jury . . . there is no suggestion of bias." *Horrocks v. Daggett County,* 460 F.Supp.2d 1274, 1286 (D. Utah 2006).

As a general matter, contributions to political organizations are properly disqualifying, because they demonstrate support for the political organization's goals and objectives. *See Federal Election Com'n v. Massachusetts Citizens for Life, inc.,* 479 U.S. 238 (1986). Likewise, Rule 4.1(a)(4) of the Model Code of Judicial Conduct states that "a judge or a judicial candidate shall not solicit funds for, pay an assessment to, or make a contribution to a political organization or candidate for public office."

While there is no question of the Court's lack of *actual* bias, the political nature underlying this case generates the question of impartiality. It has come to the undersigned counsel's attention that the Court was the treasurer of The Matthew Shepard Foundation[2] which published numerous articles attacking the Republican party. Furthermore, during the 2020 election cycle, the Court contributed $200 to the Act Blue committee, earmarked for Biden for President[3]. As the trier of fact, the Court's support of political organizations which characterize individuals similarly situated

---

[1] **Exhibit 1,** Heather Hein, *DU on the Bench,* University of Denver Magazine (May 1, 2023), https://magazine.du.edu/du-on-the-bench/

[2] **Exhibit 2,** *Matthew Shepard Foundation*, https://www.matthewshepard.org/people/charlotte-sweeney/

[3] **Exhibit 3,** FEC report available at: https://www.fec.gov/data/receipts/individual-contributions/?contributor_name=charlotte+sweeney, last visited Jan. 17, 2024.

to Defendants as a religious cult, and the Court's contributions to Democrat candidates during the 2020 election cycle create an appearance of impartiality.

FOR THESE REASONS, Honorable Judge Charlotte N. Sweeney should recuse herself in this politically charged matter.

Respectfully submitted this 17th day of January, 2024.

                         THE REISCH LAW FIRM

                         *s/ Jessica L. Hays*
                         Jessica L. Hays, #53905
                         R. Scott Reisch, #26892
                         1490 W. 121st Avenue, Suite 202
                         Denver, CO 80234
                         (303) 291-0555
                         Scott@reischlawfirm.com
                         Jessica@reischlawfirm.com
                         *Attorneys for Defendant, Shawn Smith*

# CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2024, I electronically filed the foregoing **MOTION TO RECUSE JUDGE SWEENEY** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

- Amy Elizabeth Erickson
- amy.erickson@lathropgpm.com, claudia.neal@lathropgpm.com

- Ben Clements
- bclements@freespeechforpeople.org

- Brian Andrew Dillon
- brian.dillon@lathropgpm.com, kristina.procai@lathropgpm.com

- Casey Carlton Breese
- casey.breese@lathropgpm.com, brandi.pruett@lathropgpm.com, cheyenne.serrano@lathropgpm.com

- Courtney Marie Hostetler
- chostetler@freespeechforpeople.org

- Dion Richard Farganis
- dion.farganis@lathropgpm.com, gwen.inskeep@larthropgpm.com

- Jean Paul Bradshaw , II
- jeanpaul.bradshaw@lathropgpm.com

- John C. Bonifaz
- jbonifaz@freespeechforpeople.org

- Kristin M. Stock
- kristin.stock@lathropgpm.com, lois.siljander@lathropgpm.com

- Ronald Andrew Fein
- rfein@freespeechforpeople.org

- Zeyen Julian Wu
- zeyen.wu@usdoj.gov, annette.dolce@usdoj.gov

- Asley Epp

5

Writing:

- asheinamerica@protonmail.com

- Holly Kasun
- hollyataltitude@protonmail.com

                                              *s/ Cassandra Long*
                                              Cassandra Long, Paralegal