**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:22-cv-00581-CNS-NRN

Colorado Montana Wyoming
State Area Conference of the NAACP,
League of Women Voters of Colorado, and
Mi Familia Vota,

    Plaintiffs,

v.

United States Election Integrity Plan, Shawn Smith,
Ashley Epp, and Holly Kasun,

    Defendants.

---

**PLAINTIFF LEAGUE OF WOMEN VOTERS OF COLORADO'S RESPONSE TO DEFENDANTS' FIRST SET OF WRITTEN DISCOVERY**

---

TO:     Defendants above-names, and their attorneys of record, R. Scott Reisch, Jessica L. Hays, THE REISCH LAW FIRM, LLC, 1490 W. 121st Avenue, #202, Denver, CO 80234.

League of Women Voters of Colorado's ("LWVCO"), for its Response to Defendants' ("Defendants") First Set of Written Discovery, states as follows:

**GENERAL OBJECTIONS**

LWVCO objects generally to Defendants' Discovery Requests on each of the following grounds:

    1.     LWVCO objects to Defendants' Discovery Requests to the extent that they seek discovery of:

        a.     Information or documents subject to the attorney-client privilege, or to any other privilege;

1

      b.      Information or documents constituting the work product of LWVCO or its attorneys;

      c.      Information generated or documents prepared in anticipation of litigation or for trial by or for LWVCO or its representatives.

2. LWVCO objects to Defendants' Discovery Requests to the extent they seek discovery of any information or document which is not in the possession or control of LWVCO or which was not generated or obtained by LWVCO in the regular course of its business.

3. LWVCO objects to Defendants' Discovery Requests insofar as they seek information which is not relevant or material to the issues of this lawsuit and which is not reasonably calculated to lead to the discovery of admissible evidence.

4. LWVCO objects to Defendants' Discovery Requests insofar as they seek discovery of any information or document already in the possession, custody or control of the Defendants.

5. LWVCO objects to, and does not accept, the Defendants' instructions. LWVCO will respond to Defendants' Discovery Requests in accordance with, and as required by, the Federal Rules of Civil Procedure.

6. LWVCO objects to Defendants' Discovery Requests to the extent they purport to impose obligations not imposed by the Federal Rules of Civil Procedure.

7. LWVCO does not and will not waive any of its general or particular objections in the event it may furnish materials or information coming within the scope of any such objections.

In addition to making the foregoing general objections, all of which are preserved, LWVCO responds to each of Defendants' Discovery Requests particularly as follows:

49717259v1

# INTERROGATORIES

INTERROGATORY NO. 1**:**  Have You or anyone acting on your behalf interviewed any individual concerning the allegations of voter intimidation made in the Complaint filed in this case?
If so, for each individual states:
  a) the name, address, email address, and telephone number of the individual interviewed;
  b) the date of the interview;
  c) the name, address, email address, and telephone number of the person(s) who conducted the interview.

**ANSWER:**    LWVCO objects to this Interrogatory because it seeks information that is subject to the attorney-client privilege and work product doctrine.  LWVCO will identify any witnesses it intends to call at trial pursuant to the Federal Rules of Civil Procedure and any applicable scheduling order.

INTERROGATORY NO. 2:  Did you conduct any further investigation into the allegations outside of the articles and websites cited in Your pleadings.  Provide a detailed description of all steps taken to corroborate these allegations including the names and contact information for any and all investigators utilized in the process of corroborating these serious allegations.

**ANSWER:**    LWVCO objects to this Interrogatory as overly broad and unduly burdensome in seeking "all" steps taken to corroborate the allegations in the Complaint.  LWVCO further objects to this Interrogatory because the terms "investigation" and "investigator" are vague, ambiguous, and undefined.  Finally, LWVCO objects to this Interrogatory because it seeks information that is subject to the attorney-client privilege and work product doctrine. Subject to and without waiving the foregoing objections, yes.  Prior to commencing this action, Plaintiffs spoke with various witnesses and potential witnesses, including but not limited to members and supporters of their respective organizations who were concerned about Defendants' past and potential future actions.  Plaintiffs also reviewed Defendants' public statements concerning

3

USEIP's activities, including but not limited to the County & Local Organizing Playbook and Defendants' statements on social media and at other events.

INTERROGATORY NO. 3: Identify and provide a detailed description of all reports from voters that interacted with USEIP members, employees, or volunteers.

**ANSWER:** LWVCO objects to this Interrogatory as overly broad and unduly burdensome in seeking "all" reports. LWVCO further objects to this Interrogatory because the term "reports" is vague, ambiguous, and undefined. LWVCO also objects to this Interrogatory because it seeks information with the possession and/or control of USEIP. Finally, LWVCO objects to this Interrogatory because it seeks information protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing objections, LWVCO has received complaints regarding USEIP's and/or Defendants' activities from numerous members. For example, one LWVCO member reported that USEIP had canvassed her home and, in doing so, represented themselves as being a representative of a government entity. A number of LWVCO members and board members also complained and otherwise expressed concerns about USEIP's or Defendants' public statements, such as the threats made by Shawn Smith against the Colorado Secretary of State.

INTERROGATORY NO. 4: Identify the name, address, telephone number, and email address of every person or entity from whom You have received a complaint related to any of the actions of any of the defendants in this case or their alleged employees, agents, or volunteers.

**ANSWER:** LWVCO objects to this Interrogatory as overly broad and unduly burdensome in seeking information related to "every" person or entity. LWVCO also objects to this Interrogatory because the term "complaint" is vague, ambiguous, and undefined. Subject to and without waiving the foregoing objections, *see* Answer to Interrogatory No. 3.

4

INTERROGATORY NO. 5: Identify the name, address, telephone number, and email address of every person or entity from whom You have received a report of positive interactions related to any of the actions of any of the defendants in this case or their alleged agents.

**ANSWER:** LWVCO objects to this Interrogatory because it seeks information that is subject to the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing objection, LWVCO spoke with one voter who had been contacted by USEIP who reported that they were generally supportive of USEIP's efforts.

INTERROGATORY NO. 6: Identify and provide a detailed description of any and all instances where a voter has claimed that any alleged member of USEIP has done any of the following:
   a) Approached them or their home while armed;
   b) Represented that they are affiliated with a government entity (specify which government entity was claimed); or
   c) Threatened a voter with reprisal, criminal charges, or other consequences.

**ANSWER:** LWVCO objects to this Interrogatory as overly broad and unduly burdensome in seeking a description of "any and all" instances. LWVCO also objects to this Interrogatory because the phrase "where a voter has claimed" is vague and ambiguous. Subject to and without waiving the foregoing objections, *see* Answer to Interrogatory No. 3.

INTERROGATORY NO. 7: Identify and provide a detailed description of any and all instances where USEIP or its agents have directed any person to carry a weapon during an interaction with a voter.

**ANSWER:** LWVCO objects to this Interrogatory as overly broad and unduly burdensome in seeking a description of "any and all" instances. LWVCO also objects to this

5

49717259v1

Interrogatory because it seeks information that is already within Defendants' possession and/or control.

INTERROGATORY NO. 8:  Identify and describe in detail the activities You have undertaken to actively monitor the "intimidation and related safety concerns" described in Paragraph 36 of the Complaint in this action.  Specifically address personnel and financial resources that have been shifted as a result of the activities of USEIP.

**ANSWER:**      LWVCO's mission is to empower voters and defend democracy.  On a day-to-day basis LWVCO monitors voter services and voter participation with the aim of ensuring that all voters have the desire, the right, the knowledge, and the confidence to participate in elections.  Once LWVCO began receiving reports of Defendants' door-to-door voter intimidation campaign, LWVCO needed to make sure that their members were safe and able to freely participate in Colorado's elections.  As such, LWVCO published a white paper to counteract misinformation that had been put out about election security in Colorado, which was hundreds of hours of work.  In addition, LWVCO sent numerous emails, educating its members of voting in Colorado, with the specific aim of countering USEIP's fear mongering and misinformation related to elections.  The time and resources spent creating the white paper and sending such communications was time away from LWVCO core mission and planned activities.  Further, the LWVCO Board was forced to spend additional time and resources reacting to USEIP's action, including but not limited to emergency board meetings and additional board meetings to discuss USEIP's actions and how best to respond.  Finally, LWVCO staff and volunteers have conducted additional trainings, including trainings on voter intimidation, and created a new safety plan, in response to USEIP's actions.

INTERROGATORY T NO. 9:  Specifically identify the communities or neighborhoods that have been targeted by USEIP's "operation" as claimed in Paragraph 27 of your Complaint.

49717259v1

**ANSWER:** LWVCO objects to this Interrogatory because it seeks information that is already in Defendants' possession and/or control. Subject to and without waiving the foregoing objection, *see* documents produced by Jeff Young and the deposition testimony provided by Jeff Young.

## REQUEST FOR PRODUCTION OF DOCUMENTS

REQUEST NO. 1: Any and all correspondence, internal or external, related to the activities of USEIP and their alleged employees, agents, or volunteers.

**RESPONSE:** LWVCO objects to this Request as overly broad and unduly burdensome in seeking "any and all " correspondence. LWVCO also objects to this Request to the extent it seeks communications protected by the attorney-client privilege. Subject to and without waiving the foregoing objection, LWVCO will produce responsive documents, subject to a protective order, at a time and place mutually agreeable to counsel.

REQUEST NO. 2: Any and all emails, text messages, phone call logs, or other Documentation pertaining to communication between You and any and all persons or entities regarding the subject matter of this lawsuit.

**RESPONSE:** LWVCO objects to this Request as overly broad and unduly burdensome in seeking "any and all" emails, text messages, phone call logs, or other Documentation pertaining to communication with "any and all" persons or entities. LWVCO also objects to this Request to the extent it seeks communications protected by the attorney-client privilege. Subject to and without waiving the foregoing objection, LWVCO will produce responsive documents, subject to a protective order, at a time and place mutually agreeable to counsel.

REQUEST NO. 3: Any and all reports generated from complaints related to the activities of USEIP.

**RESPONSE:** LWVCO objects to this Request as overly broad and unduly burdensome in seeking "any and all" reports. LWVCO also objects to this Request because the term "reports" is vague, ambiguous, and undefined. Subject to and without waiving the foregoing objection, LWVCO will produce responsive documents, subject to a protective order, at a time and place mutually agreeable to counsel.

I, Beth Hendrix, declare under penalty of perjury that the foregoing answers to interrogatories is true and correct.

Dated: 10/20, 2022.

_____
Beth Hendrix

**As to Objections Only:**

Dated: October 21, 2022

LATHROP GPM LLP

By /s/ Amy E. Erickson
Casey Breese (#51448)
Casey.breese@lathropgpm.com
Jean Paul Bradshaw
Jeanpaul.bradshaw@lathropgpm.com
Dion Farganis (Admission Pending)
Dion.farganis@lathropgpm.com
Reid Day
Reid.day@lathropgpm.com
Brian A. Dillon
Brian.dillon@lathropgpm.com
Amy Erickson (#54710)
Amy.erickson@lathropgpm.com
1515 Wynkoop Street, Suite 600
Denver, CO 80202
Telephone: (720) 931-3200

Courtney Hostetler
chostetler@freespeechforpeople.org
John Bonifaz
jbonifaz@freespeechforpeople.org
Ben Clements
bclements@freespeechforpeople.org
Ron Fein
rfein@freespeechforpeople.org
FREE SPEECH FOR PEOPLE
1320 Centre Street, Suite 405
Newton, MA 02459
Telephone: (617) 249-3015

*ATTORNEYS FOR Plaintiffs Colorado Montana Wyoming State Area Conference of the NAACP, League of Women Voters of Colorado, and Mi Familia Vota*

9

49717259v1

## CERTIFICATE OF SERVICE

       I hereby certify that on October 21, 2022, I electronically served the foregoing by emailing to the below mentioned persons at their last known email addresses as follows:

| | |
|---|---|
| Jessica Lynn Hays | jessica@reischlawfirm.com |
| R. Scott Reisch | scott@reischlawfirm.com; cassandra@reischlawfirm.com; Matthew@reischlawfirm.com, Rob@reischlawfirm.com |

                                                s/Amy Erickson