**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:22-cv-00581-CNS-NRN

Colorado Montana Wyoming
State Area Conference of the NAACP,
League of Women Voters of Colorado, and
Mi Familia Vota,

      Plaintiffs,

v.

United States Election Integrity Plan, Shawn Smith,
Ashley Epp, and Holly Kasun,

      Defendants.

---

**PLAINTIFF COLORADO MONTANA WYOMING STATE AREA**
**CONFERENCE OF THE NAACP'S RESPONSE**
**TO DEFENDANTS' FIRST SET OF WRITTEN DISCOVERY**

---

TO:    Defendants above-names, and their attorneys of record, R. Scott Reisch, Jessica L. Hays, THE REISCH LAW FIRM, LLC, 1490 W. 121st Avenue, #202, Denver, CO 80234.

Colorado Montana Wyoming State Area Conference of the NAACP ("NAACP"), for its Response to Defendants' ("Defendants") First Set of Written Discovery, states as follows:

### GENERAL OBJECTIONS

NAACP objects generally to Defendants' Discovery Requests on each of the following grounds:

1

49696290v1

1. NAACP objects to Defendants' Discovery Requests to the extent that they seek discovery of:

   a. Information or documents subject to the attorney-client privilege, or to any other privilege;

   b. Information or documents constituting the work product of NAACP or its attorneys;

   c. Information generated or documents prepared in anticipation of litigation or for trial by or for NAACP or its representatives.

2. NAACP objects to Defendants' Discovery Requests to the extent they seek discovery of any information or document which is not in the possession or control of NAACP or which was not generated or obtained by NAACP in the regular course of its business.

3. NAACP objects to Defendants' Discovery Requests insofar as they seek information which is not relevant or material to the issues of this lawsuit and which is not reasonably calculated to lead to the discovery of admissible evidence.

4. NAACP objects to Defendants' Discovery Requests insofar as they seek discovery of any information or document already in the possession, custody or control of the Defendants.

5. NAACP objects to, and does not accept, the Defendants' instructions. NAACP will respond to Defendants' Discovery Requests in accordance with, and as required by, the Federal Rules of Civil Procedure.

6. NAACP objects to Defendants' Discovery Requests to the extent they purport to impose obligations not imposed by the Federal Rules of Civil Procedure.

7. NAACP does not and will not waive any of its general or particular objections in the event it may furnish materials or information coming within the scope of any such objections.

49696290v1

In addition to making the foregoing general objections, all of which are preserved, NAACP responds to each of Defendants' Discovery Requests particularly as follows:

## INTERROGATORIES

INTERROGATORY NO. 1:  Have You or anyone acting on your behalf interviewed any individual concerning the allegations of voter intimidation made in the Complaint filed in this case?
If so, for each individual states:
   a) the name, address, email address, and telephone number of the individual interviewed;
   b) the date of the interview;
   c) the name, address, email address, and telephone number of the person(s) who conducted the interview.

**ANSWER:**   NAACP objects to this Interrogatory because it seeks information that is subject to the attorney-client privilege and work product doctrine.  NAACP will identify any witnesses it intends to call at trial pursuant to the Federal Rules of Civil Procedure and any applicable scheduling order.

INTERROGATORY NO. 2:  Did you conduct any further investigation into the allegations outside of the articles and websites cited in Your pleadings.  Provide a detailed description of all steps taken to corroborate these allegations including the names and contact information for any and all investigators utilized in the process of corroborating these serious allegations.

**ANSWER:**   NAACP objects to this Interrogatory as overly broad and unduly burdensome in seeking "all" steps taken to corroborate the allegations in the Complaint.  NAACP further objects to this Interrogatory because the terms "investigation" and "investigator" are vague, ambiguous, and undefined.  Finally, NAACP objects to this Interrogatory because it seeks information that is subject to the attorney-client privilege and work product doctrine. Subject to and without waiving the foregoing objections, yes.  Prior to commencing this action, Plaintiffs

3

49696290v1

spoke with various witnesses and potential witnesses, including but not limited to members and supporters of their respective organizations who were concerned about Defendants' past and potential future actions. Plaintiffs also reviewed Defendants' public statements concerning USEIP's activities, including but not limited to the County & Local Organizing Playbook and Defendants' statements on social media and at other events.

<u>INTERROGATORY NO. 3:</u>  Identify and provide a detailed description of all reports from voters that interacted with USEIP members, employees, or volunteers.

**ANSWER:** NAACP objects to this Interrogatory as overly broad and unduly burdensome in seeking "all" reports. NAACP further objects to this Interrogatory because the term "reports" is vague, ambiguous, and undefined. NAACP also objects to this Interrogatory because it seeks information with the possession and/or control of USEIP. Finally, NAACP objects to this Interrogatory because it seeks information protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing objections, the NAACP has received reports from overs who were alarmed about receiving visits from USEIP and concerned that USEUP was intimating that they were appearing at voters' doorsteps in an official capacity and/or carrying weapons while going door-to-door to voters' homes.

<u>INTERROGATORY NO. 4:</u>  Identify the name, address, telephone number, and email address of every person or entity from whom You have received a complaint related to any of the actions of any of the defendants in this case or their alleged employees, agents, or volunteers.

**ANSWER:** NAACP objects to this Interrogatory as overly broad and unduly burdensome in seeking information related to "every" person or entity. NAACP also objects to this Interrogatory because the term "complaint" is vague, ambiguous, and undefined. Subject to and without waiving the foregoing objections, *see* Answer to Interrogatory No. 3.

4

INTERROGATORY NO. 5:  Identify the name, address, telephone number, and email address of every person or entity from whom You have received a report of positive interactions related to any of the actions of any of the defendants in this case or their alleged agents.

**ANSWER:** NAACP objects to this Interrogatory because it seeks information that is subject to the attorney-client privilege and/or work product doctrine.  Subject to and without waiving the foregoing objection, none.

INTERROGATORY NO. 6:  Identify and provide a detailed description of any and all instances where a voter has claimed that any alleged member of USEIP has done any of the following:
   a) Approached them or their home while armed;
   b) Represented that they are affiliated with a government entity (specify which government entity was claimed); or
   c) Threatened a voter with reprisal, criminal charges, or other consequences.

**ANSWER:**  NAACP objects to this Interrogatory as overly broad and unduly burdensome in seeking a description of "any and all" instances.  NAACP also objects to this Interrogatory because the phrase "where a voter has claimed" is vague and ambiguous.  Subject to and without waiving the foregoing objections, *see* Answer to Interrogatory No. 3.

INTERROGATORY NO. 7:  Identify and provide a detailed description of any and all instances where USEIP or its agents have directed any person to carry a weapon during an interaction with a voter.

**ANSWER:**  NAACP objects to this Interrogatory as overly broad and unduly burdensome in seeking a description of "any and all" instances.  NAACP also objects to this Interrogatory because it seeks information that is already within Defendants' possession and/or control.

5

INTERROGATORY NO. 8:  Identify and describe in detail the activities You have undertaken to actively monitor the "intimidation and related safety concerns" described in Paragraph 36 of the Complaint in this action.  Specifically address personnel and financial resources that have been shifted as a result of the activities of USEIP.

**ANSWER:**   In direct response to USEIP's voter intimidation campaign, NAACP has developed a new digital media campaign aimed at educating voters and combatting USEIP's voter intimidation efforts.  The digital media campaign includes outreach and communications via Twitter, Instagram, Facebook, as well as newsletters.  NAACP has also devoted significant resources to countering USEIP's actions at voters' doors by proactively educating voters about their right to vote in the hopes that they will not be dissuaded from exercising their right to vote following a visit from USEIP.   In addition, NAACP has done additional outreach to Colorado communities to ensure that voters have resources and know who to call for assistance if they are visited by USEIP and feel intimidated or have questions about their rights. Finally, in order to carry out the aforementioned digital media campaign, community education, and community outreach, NAACP spent significant resources recruiting additional volunteers.

INTERROGATORY T NO. 9:  Specifically identify the communities or neighborhoods that have been targeted by USEIP's "operation" as claimed in Paragraph 27 of your Complaint.

**ANSWER:**   NAACP objects to this Interrogatory because it seeks information that is already in Defendants' possession and/or control.  Subject to and without waiving the foregoing objection, *see* documents produced by Jeff Young and the deposition testimony provided by Jeff Young.

49696290v1

## REQUEST FOR PRODUCTION OF DOCUMENTS

REQUEST NO. 1:  Any and all correspondence, internal or external, related to the activities of USEIP and their alleged employees, agents, or volunteers.

RESPONSE:  NAACP objects to this Request as overly broad and unduly burdensome in seeking "any and all " correspondence.  NAACP also objects to this Request to the extent it seeks communications protected by the attorney-client privilege.  Subject to and without waiving the foregoing objection, NAACP will produce responsive documents, subject to a protective order, at a time and place mutually agreeable to counsel.

REQUEST NO. 2:  Any and all emails, text messages, phone call logs, or other Documentation pertaining to communication between You and any and all persons or entities regarding the subject matter of this lawsuit.

RESPONSE:  NAACP objects to this Request as overly broad and unduly burdensome in seeking "any and all" emails, text messages, phone call logs, or other Documentation pertaining to communication with "any and all" persons or entities.  NAACP also objects to this Request to the extent it seeks communications protected by the attorney-client privilege. Subject to and without waiving the foregoing objection, NAACP will produce responsive documents, subject to a protective order, at a time and place mutually agreeable to counsel.

REQUEST NO. 3:  Any and all reports generated from complaints related to the activities of USEIP.

RESPONSE:  NAACP objects to this Request as overly broad and unduly burdensome in seeking "any and all" reports.  NAACP also objects to this Request because the term "reports" is vague, ambiguous, and undefined.  Subject to and without waiving the foregoing objection,

49696290v1

NAACP will produce responsive documents, subject to a protective order, at a time and place mutually agreeable to counsel.

    I, Portia Prescott, declare under penalty of perjury that the foregoing answers to interrogatories is true and correct.

Dated:  October 21, 2022.                     /s/Portia Prescott
                                            Portia Prescott

**As to Objections Only:**

Dated:  October 21, 2022            LATHROP GPM LLP

                                      By */s/ Amy E. Erickson*
                                      Casey Breese (#51448)
                                      Casey.breese@lathropgpm.com
                                      Jean Paul Bradshaw
                                      Jeanpaul.bradshaw@lathropgpm.com
                                      Dion Farganis (Admission Pending)
                                      Dion.farganis@lathropgpm.com
                                      Reid Day
                                      Reid.day@lathropgpm.com
                                      Brian A. Dillon
                                      Brian.dillon@lathropgpm.com
                                      Amy Erickson (#54710)
                                      Amy.erickson@lathropgpm.com
                                      1515 Wynkoop Street, Suite 600
                                      Denver, CO 80202
                                      Telephone: (720) 931-3200

Courtney Hostetler
chostetler@freespeechforpeople.org
John Bonifaz
jbonifaz@freespeechforpeople.org
Ben Clements
bclements@freespeechforpeople.org
Ron Fein
rfein@freespeechforpeople.org
FREE SPEECH FOR PEOPLE
1320 Centre Street, Suite 405
Newton, MA 02459
Telephone: (617) 249-3015

*ATTORNEYS FOR Plaintiffs Colorado Montana Wyoming State Area Conference of the NAACP, League of Women Voters of Colorado, and Mi Familia Vota*

9

# CERTIFICATE OF SERVICE

        I hereby certify that on October 21, 2022, I electronically served the foregoing by emailing to the below mentioned persons at their last known email addresses as follows:

| Jessica Lynn Hays | jessica@reischlawfirm.com |
|---|---|
| R. Scott Reisch | scott@reischlawfirm.com; cassandra@reischlawfirm.com; Matthew@reischlawfirm.com, Rob@reischlawfirm.com |

                                            s/Amy Erickson