**From:** amy.erickson@lathropgpm.com
**Subject:** RE: Records and documents still missing: following up on Court order
**Date:** February 10, 2024 at 12:41 PM
**To:** hollyataltitude hollyataltitude@protonmail.com
**Cc:** Ashe Epp asheinamerica@proton.me, Courtney Hostetler chostetler@freespeechforpeople.org, brian.dillon@lathropgpm.com, Breese, Casey C. (LGPM) casey.breese@lathropgpm.com, Stock, Kristin (LGPM) kristin.stock@lathropgpm.com, Amira Mattar amira@freespeechforpeople.org

Holly,

I can't stop you from filing a motion with the Court, but—again—the Court has already made clear to you that discovery is closed and will not be reopened, which does in fact mean that you cannot ask for additional documents. If you file a motion and force us to respond, the costs and attorney's fees we incur in being forced to respond are additional fees we will seek to recoup from Defendants at trial in this matter.

Amy


**Amy Erickson**
Associate
Lathrop GPM LLP
80 South 8th Street, 3100 IDS Center
Minneapolis, MN  55402-3796
Direct: 1.612.632.3470
amy.erickson@lathropgpm.com
lathropgpm.com


**From:** hollyataltitude <hollyataltitude@protonmail.com>
**Sent:** Wednesday, February 7, 2024 1:52 PM
**To:** Erickson, Amy <amy.erickson@lathropgpm.com>
**Cc:** Ashe Epp <asheinamerica@proton.me>; Courtney Hostetler <chostetler@freespeechforpeople.org>; Dillon, Brian A. <brian.dillon@lathropgpm.com>; Breese, Casey C. <casey.breese@lathropgpm.com>; Stock, Kristin <kristin.stock@lathropgpm.com>; Amira Mattar <amira@freespeechforpeople.org>
**Subject:** RE: Records and documents still missing: following up on Court order

Hi Amy,
As I mentioned to the Court several times, there are evidentiary issues that needed to be resolved with both former counsel, and Plaintiffs' counsel.

What I am requesting from Plaintiffs is not new information, and it was requested numerous times during discovery.  The issue at hand is that Plaintiffs have not complied with discovery. While discovery has closed, that does not mean that documents and records that were required to be turned over, and have not been turned over fall outside the FRE and FRCP.

The reason I provided all the citations in my original email is to highlight the fact that what I'm requesting objectively falls within the window of discovery.

Best,
Holly

Sent with Proton Mail secure email.

On Tuesday, February 6th, 2024 at 7:14 PM, amy.erickson@lathropgpm.com <amy.erickson@lathropgpm.com> wrote:

Holly,

At the last hearing, the Court denied your motion to reopen discovery and made clear that you were entitled to receive *only* the documents that had already been produced in the course of discovery in this matter, and nothing further. We believe that we have complied with our discovery obligations and, if you disagreed, the time to raise this issue was during the discovery period, which has long passed. Continuing to press these issues is only causing out clients to incur additional fees, which as stated in our Complaint, we are seeking to recover at trial in this matter.

Thank you,

**Amy Erickson**
Associate
Lathrop GPM LLP
80 South 8th Street, 3100 IDS Center
Minneapolis, MN  55402-3796
Direct: 1.612.632.3470
amy.erickson@lathropgpm.com
lathropgpm.com

---

**From:** hollyataltitude <hollyataltitude@protonmail.com>
**Sent:** Monday, February 5, 2024 7:31 PM
**To:** Erickson, Amy <amy.erickson@lathropgpm.com>
**Cc:** Ashe Epp <asheinamerica@proton.me>
**Subject:** Records and documents still missing: following up on Court order

Hello Amy,

Ashe and I have had a chance to review all the records the Court ordered to be turned over per the latest hearing.

There is a batch of records pertaining to Plaintiffs damages claims that have not been turned over.   Given each of the plaintiffs' orgs claimed diverting 20% of their resources, we still need the financial records from each organization that includes overall budget, financial allocations for the years of 2021, 2022, and 2023.   Secondly, staff salaries, and time-sheet records for volunteers and staff.  These records are material to the case and are necessary for the defense to properly prepare for trial.

I gathered from my discussions with our former counsel that they have requested these records as well.

Below are some examples of Plaintiffs claims stating they diverted resources.  In many cases Plaintiffs stated the existence of, their knowledge of, and possession of financial  records and documents.   We expect to have these records turned over immediately per the Court order.  These records are material to the case, are relevant to Plaintiffs damage claims, and our defense.  Plaintiffs are required to

relevant to Plaintiffs damage claims, and our defense.  Plaintiffs are required to turn over these records under a number of FRCP and evidentiary rules.

1. MFV:  In Salvador Hernandez's deposition he mentions on page 42 he has MFV's civic engagement budget for 2022.
2. MFV did not turn over any responsive documents, other than an interrogatory response.  Was this an oversight?  I expect that there are supporting records for their claims including time sheets for both volunteers and paid staff, and payroll records that also support the claims of diverting resources.
3. LWV:  Beth Hendrix, in her deposition on page 44 and 46 states the org had to divert a lot of time and resources.  Hendrix's statement(s) are the backbone for the LWVs support for claim 3 in the pleading.  As defendants we are owed LWVs records that substantiate the claim of diverting time, which would be time sheets, payroll records or other documentation that demonstrates LWV actually did divert the time Hendrix claimed in her deposition.
4. LWV:  Hendrix also stated in her depo that she diverted resources [from LWV activity]- which in this context insinuates budgetary resources.  So, we are expecting there are time sheets for both paid staff and volunteers, plus a financial statement, budget, and/or P&L that need to be turned over substantiating the diversion of resources claim.
5. LWV: Hendrix mentioned they were on a general database system that implied that database did tracking of staff & volunteers' time and the orgs finances. Given Hendrix mentions this database exists, we expect tracking records to exist, and to be turned over from that database.
6. LWV:  Hendrix's deposition P 94:  Safety Plan doc 112, there is an accounting of 8 hours of Hendrix's time required to produce the "safety plan." To quantify the financial resources that were diverted Hendrix's salary information must be turned over.
    a. On the same topic - page 96 Hendrix states that additional time was diverted to the "ongoing campaign" that is a continuation of the diversion of resources claim, beyond just the creation of the safety plan.  Documents supporting this claim are required to be sent over.
7. LWV: page 100 of Hendrix's deposition, she mentioned around 75 emails had been turned over in discovery.  We have not received anywhere near that number of emails.  We expect to have additional emails turned over that appear to be missing.
8. LWV: page 101 of Hendrix's deposition states that there were communications between NAACP and LWV.  Per earlier statements in Hendrix's deposition she had apparently communicated with Rosemary Lytle and potentially Portia Prescott.  We have not received those communications.
9. LWV: page 101-105 there are documented LWV member complaints (numerous).  Those have not been turned over, including specifically **reports,** dating back to as early as August 21, 2021.
10. LWV: page 111 Hendrix's deposition: per Hendrix's sworn declaration, she claims LWV was "materially damaged", defendants have not received the financial documentation supporting this claim, we expect to have that

11. documentation turned over.
12. NAACP: ref. Portia Prescott's Interrogatory #8 response submitted on October 21,2021:  NAACP claims they diverted significant resources to digital media campaigns, social media communications, voter education programs, outreach programs, and volunteer recruitment activity.  Defendants have not received any financial documentation that substantiates these claims.  Defendants expect to receive a record of the execution of the programs listed (above), an accounting of the time spent to develop and execute these programs including budget disclosures that quantify the financial diversion of resources to support Plaintiffs 20% diversion of resources claim(s).
13. NAACP: Prescott's deposition p.44.  Financial documentation substantiating diversion of resources -- "thousands" [of dollars], and what portion of that budget was diverted because of USEIPs actions.
14. NAACP: Prescott's deposition p. 84-86.  Staff and volunteer timecards, and financial documentation, including invoices supporting Prescott's claim NAACP needed "companies or individuals to manage things", including financial documentation of "we did a lot of different things -- and that takes money, that takes time, that takes people."  also included is "That takes branding.  That takes a lot of money."
15. LWV:  Hendrix stated on p 65 of her deposition that she had turned over complaints regarding USEIP / defendants' activities from numerous members... Plaintiffs have not turned over these reports / and or records.

Again, I expect these existing records to be turned over in full by the end of the week.  If not, I will have to raise the issue with the Court.

Best,
Holly

Sent with [Proton Mail](Proton Mail) secure email.