# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-00581

Colorado Montana Wyoming
State Area Conference of the NAACP,
League of Women Voters of Colorado, and
Mi Familia Vota,

    Plaintiff(s),

v.

United States Election Integrity Plan, Shawn Smith,
Ashley Epp, and Holly Kasun.

    Defendant(s).

---

**DEFENDANTS REPLY TO PLAINTIFFS' RESPONSE (Doc. 129) TO MOTION FOR SANCTIONS UNDER FRCP RULE 26 PURSUANT TO FRCP RULE 37 (Doc. 128)**

---

## **INTRODUCTION**

The issue at hand initiated by Defendants is whether Plaintiffs' long-standing pattern of willfully disregarding discovery rules has materially harmed Defendants to the extent that they've been denied their right to mount a complete defense, due process, and a fair trial. Defendants move the court to exercise its inherent power to impose sanctions by dismissing Plaintiffs NAACP and Mi Familia Vota and financial penalties on Plaintiffs due to the scope, depth, and volume of Plaintiffs FRCP Rule 26 violations pursuant to FRCP 37.

Plaintiffs' response to Defendants Motion for Sanctions has one focus - their fight to avoid disclosing required financial and time-keeping records essential to substantiating Plaintiffs "diversion of resources" damages claims. In fact, Plaintiffs demonstrated actions violating discovery rules all point back to behavior designed to avoid and evade producing standard organizational management records material to factually substantiate Plaintiffs financial damages injury and damages claims. The question is why? Plaintiffs brought this action; *this is their case.* Why are pro se Defendants the ones taking all available measures to obtain these required records for the purpose of being able to properly defend themselves at trial? This current situation defies the general norm where Defendants are typically accused of withholding discovery. In this case, the Plaintiffs motion reply prioritizes fighting against disclosure requirements *over their arguments against the imposition of sanctions*. Pro se Defendants have made clear their desire to defend themselves at trial where this case will be heard on its merits. Plaintiffs' violative actions demonstrate the opposite. Defendants are moving the Court to impose sanctions remedy the material and prejudicial damage Plaintiffs have caused Defendants; and more importantly ensure these proceedings are fair so the ends of justice can be met.

## **BACKGROUND**

Defendants Motion for Sanctions (Doc. 128) demonstrates Plaintiffs failure to comply with FRCP 26 and 26(e). As a result of Plaintiffs willful disregard for discovery rules, Defendants have demonstrated (a) NAACP and MFV did not produce a single responsive document or record during or after discovery. (b) Given this wholesale lack of evidence, NAACP and MFV have failed to factually substantiate their diversion of

resources[1] [2]claims, which was the basis for the court to grant Plaintiffs' Article III at the pleading stage of these proceedings (Doc. 39). (c) Plaintiffs FRCP 26 and 26(e) violations have caused Defendants material damage and prejudice (Doc. 128 p.9). (d) Because Plaintiffs FRCP 26 and 26(e) violations caused Defendants material harm they've moved the court to exercise its inherent power to impose sanctions on Plaintiffs pursuant to FRCP 37 (Id. p. 13-14) (e) Defendants demonstrated Plaintiffs additional violations of related Fed. R. Civ. P., Fed. Rules Evid, and Rules of Professional Conduct violations proving how their pattern of disregarding the rules has further damaged Defendants and molested the judicial process.  (f) Defendants moved the Court to impose sanctions to guarantee Defendants right to an orderly, fair, and just proceeding is maintained so the ends of justice can be met.

Plaintiffs make several strawman arguments in their response (Doc. 129) causing them to fail on the three material issues at hand (1) Plaintiffs NAACP and Mi Familia Vota fail to prove they complied with Rule 26 and 26(a). Plaintiffs could have proved, unequivocally, NAACP and/or MFV did produce responsive documents by citing a record, document, or other exhibit that was produced *by them* during or after discovery. Instead Plaintiffs worm around the facts by *using only one Plaintiff's (LWV) discovery disclosures* - to assert they complied with Rule 26 and 26(e). (2) Plaintiffs concede they violated Rule 26(e) by completely ignoring to address the Rule, or counter Defendants

---

[1] Organizational resources are generally defined as human, financial, and physical.  Applying this definition to diversion of resources damages claims in this case: (a) human resources include volunteer and/or paid hours worked, (b) financial includes budgetary money spent, and (c) physical includes documents, materials, presentations, briefs and any other digital or physical assets generated.

[2] To prove diversion of resources damages claims in Federal Court verbal or written allegations are insufficient. it requires additional evidence in standard forms (a)documentary evidence e.g. financial statements, human resources records (b) witness testimony e.g. financial experts, forensic accountants (c) direct evidence e.g. tangible evidence of the diversion itself e.g. physical documents, e-records, organizational materials.

demonstrated examples of Plaintiffs violations in their motion response. Instead, Plaintiffs snake around using misrepresentations and false logic to deflect from their materially damaging Rule 26(e) violations. (3) Due to their willful pattern of Rule 26 violations, Plaintiffs fail to demonstrate each Plaintiffs Article III standing has been maintained.  Instead of confirming their diversion of resources claims that presently stand only as verbal and written allegations with required and specific evidentiary support, Plaintiffs rehash their original arguments used to establish their standing at the pleading stage of these proceedings.  In their motion for sanctions, Defendants never argued whether Plaintiffs Article III standing was established.  Rather, Defendants proved as a byproduct of Plaintiffs Rule 26 and 26(e) violations, Plaintiffs NAACP and MFV failed to prove the required elements to maintain Article III standing.

## **ARGUMENT**

### 1. Plaintiffs Concede They Committed Numerous Rule 26 Violations

In their response to Defendants motion for sanctions, Plaintiffs NAACP and Mi Familia Vota fail to prove they complied with Rule 26 and 26(e). Defendants demonstrated numerous violations ranging from missing required discovery deadlines, submitting insufficient responses, to withholding required evidence (Doc. 128 Exhibit 7). In their motion response, Plaintiffs only had to cite any record, document, or other exhibit produced by NAACP and/or MFV during or after discovery to prove they cooperated with discovery - *But Plaintiffs didn't. They couldn't. No discovery records from NAACP and MFV exist.*   Instead, Plaintiffs argue NAACP and MFV's anemic participation in the required discovery process somehow fulfilled their obligations despite being animated by cherry-picking which procedures, what obligations, and on

what timeline they'd comply - despite their signed Rule 26(f) Order. In an obvious attempt to cover for NAACP and MFVs discovery failures, opposing counsel claims, "Plaintiffs also produced hundreds of pages of documents" (Doc. 129 p.5). This is a clear misrepresentation of the facts. Exactly zero of these documents were produced by either Plaintiff NAACP or MFV. Only one Plaintiff, LWV produced any responsive records during discovery, LWV. Defendants demonstrated even LWV's discovery production is marred by shady practices and misrepresentations raising numerous credibility issues (Doc. 128 p. 10-11).

      (1A) *Plaintiffs Fail to Support NAACP's and MFV's Article III Standing*

Realizing the consequences of not cooperating with discovery, Plaintiffs raise strawman arguments to argue NAACP and MFV maintained their Article III standing in their motion response (1) by reaching back to their original complaint by rehashing their pleading stage argument used to establish initial standing (Doc 129 p.3)[3]. (2) Then based on false logic asserting that because Plaintiffs prevailed in dispositive motions early in these proceedings - that is somehow sufficient to maintain their standing throughout these proceedings (Id. p.7, I.).

In their Motion for Sanctions, Defendants made it clear that NAACPs and MFVs failure to maintain their standing was a byproduct of not producing any responsive records during or after discovery in violation of Rule 26 and 26(e). Plaintiffs' original standing was not mentioned or challenged in Defendants sanction motion (see generally Doc. 128). The Court will find Defendants are correct in pointing out the error in Plaintiffs argument asserting once standing is granted, it remains in-tact throughout

---

[3] Under 52 U.S.C. § 10307(b) and 42 U.S.C. § 1985(3)

the proceedings. If at any point during the proceedings it becomes apparent that the plaintiffs no longer have standing—*perhaps due to changes in circumstances, settlement, or other factors*—the court is obligated to reconsider its jurisdiction, FRCP 12(h)(3).

*(1B) Plaintiffs' Actions Require Court's Further Review of Procedural Rule Violations*

Plaintiffs Article III standing was granted individually based on their diversion of resources claims. The Court ruled, "[e]ach Plaintiff must have standing to seek each form of relief in each claim." and "The Court considers Plaintiffs allegations relating to each plaintiff individually." (Doc.39 p. 8-9) and further, "at the pleading stage, general factual allegations of injury resulting from the defendants conduct may suffice" (quoting Lujan, 504 U.S. at 561)) (Doc. 128, p.2)[4].

Defendants established the requirements for Article III standing and that Plaintiffs are obligated to continue to demonstrate they have maintained standing through confirming evidence (Doc 128 p. 2-3). In Plaintiffs motion response, they fail to show that after 24 months, Plaintiffs NAACP and MFV haven't produced any evidence that demonstrates they've suffered any injury in fact that is concrete and particularized, nor have they produced any evidence that demonstrates a clear and direct link between defendants alleged conduct that caused Plaintiffs diversion of resources injury. Plaintiffs only had to cite or attach evidence records produced by NAACP and MFV as exhibits with their response to prove Defendants wrong - but they didn't, because they

---

[4] References cited from Chief Justice Brimmers' Order granting Plaintiffs Art. 3 standing based on diversion of resources claims. The Order was submitted during the pleading stage of the proceedings; approx. one month after original complaint was filed (Doc. 39 p. 7-9, 15, 17).

couldn't.  Given NAACPs and MFVs discovery deficits that opposing counsel failed to ameliorate in their motion response, the Court must consider Federal Rule of Civil Procedure 12(h)(3). It "*instructs that if a court determines at any time that it lacks subject-matter jurisdiction, the case must be dismissed. This rule is applicable to issues of standing, as standing is a component of subject-matter jurisdiction. If at any point during the proceedings it becomes apparent that the plaintiffs no longer have standing—perhaps due to changes in circumstances, settlement, or other factors—the court is obligated to reconsider its jurisdiction and potentially dismiss the case.*"

**2. Plaintiffs Are Obligated to Produce Financial and Timekeeping Documents Supporting Their Diversion of Resources Damages Claims.**

Plaintiffs make three separate arguments to avoid producing required discovery disclosures[5]  a2) The financial and timekeeping records required and missing from discovery were never requested by Defendants b2) Discovery is closed, therefore Plaintiffs are not required to turn over records c2)[6] "Plaintiffs have no obligation to produce documents to support damages claims they have not asserted" (Doc. 129 p.6)

In their motion response (Id.) Plaintiffs argue they were and are not required to produce documents under FRCP 26(a)(1)(A)(ii) stating, "Federal Rule of Civil Procedure 26(a)(1)(A)(ii) only requires "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or

---

[5] For efficiency purposes and to assist the Court, Defendant summarized Plaintiffs assertions made throughout their response to Defendants Motion for Summary Judgement Doc 129.
[6] In anticipation of Plaintiffs arguments a2) - c2) Defendants pre-bunked these points in (Doc. 128, p.12, exhibit 7 & exhibit. 11), (Doc. 115-3 of 3)

defenses." (emphasis added). Plaintiffs' Article III standing is not a "claim" or "defense." (Doc. 129 p.9).  Plaintiffs' interpretation of FRCP 26(a)(1)(A)(ii) is flat-out wrong. Further, Defendants demonstrated that under FRCP 26(a)(1)(A)(iii)[7] its compulsory for Plaintiffs to provide "documents and other evidentiary material, including materials bearing on the nature and extent of injuries suffered."  Including, under FRCP 26, no discovery request is required - it's compulsory for Plaintiffs (Doc. 129 p.4-5).  Rule 26(e) stipulates the duty to supplement discovery throughout proceeding, even after the close of discovery[8].  Therefore, demonstrating Plaintiffs claims that their obligation to comply with discovery has a shelf-life, granting them a self-assigned exception from following procedural rules.

The attempt to pass off an obvious red-herring argument is a concrete example of Defendants point - Plaintiffs are fighting by any means necessary to avoid complying with disclosure requirements.  Plaintiffs NAACP and MFVs diversion of resources damages claims rest solely on unsubstantiated allegations in their (a) initial complaint, (b) initial declarations, (c) insufficient interrogatory responses and (d) Plaintiffs' depositions (Doc 128 p. 6-7) Defendants have demonstrated procedural rules stipulate at the pre-trial stage of these proceedings verbal or written allegations are insufficient to prove diversion of resources damages claims, there must be specific supporting evidence.[9]

---

[7] Under FRCP Rules 26(a)(1)(A) and 26(a)(1)(A)(iii) "a party must, *without awaiting a discovery request provide to the other parties*: a computation of each category of damages claimed by the disclosing party... on which each computation is based, including materials bearing on the nature and extent of the injuries suffered"

[8] Defendants have demonstrated they did request required disclosures during discovery period per the Rule 26f Order (Doc. 51), (Doc. 128, Exhibits 7, 8, 9, 10), *and again* in the extended discovery period (Doc 115-3) *and again* post discovery immediately after pro se Defendants discovered the missing records (Doc. 128 Ex 11).

[9] Herein p. 3, 6, 8

(2A) In their attempt to justify withholding required evidence, Plaintiffs claim they are not obliged to disclose financial and timekeeping records because "they have not asserted diversion of resources claims." **Plaintiffs quoted statement is patently false.** The Court granted Plaintiffs Article III standing based on their diversion of resources damages claims (Doc. 128, p.2-3)[10]  Plaintiffs complaint states they "are now directing resources...and will be required to divert further resources" (Doc 1, p.10, 35) and "NAACP CO has already exhausted resources...having to shift both personnel and financial resources." [caused by Defendants] (Id. p.10, 36).  Throughout these proceedings Plaintiffs reassert their diversion of resources damages claims (Doc. 8, 9, 10), (see generally Doc. 128), (Doc. 128 exhibits 1, 4, 5, 7, 8, 9, 10).

In Plaintiffs original complaint their prayers for relief states, "Award Plaintiffs compensatory damages." (Doc. 1, p.15, k). Yet in Plaintiffs recent motion response they assert, "they are not seeking compensatory damages" as an excuse for not complying with FRCP 26 disclosure rules. (Doc. 129 p.6).

Plaintiffs' misrepresentation of their damages claims is another concrete example of Plaintiffs misrepresentations to the Court.  These misrepresentations open the door for Defendants to raise Plaintiffs additional procedural violations caused by their numerous Rule 26 violations.  Plaintiffs' complaint sought compensatory damages, and Plaintiffs maintained this claim for fourteen months, until they submitted their filings in May 2023, for the Pretrial Order (Doc. 95).  In the Pretrial Order paperwork, Plaintiffs *unilaterally amended their pleading by changing their claim from seeking compensatory*

---

[10] This citation for Doc 128, further references Justice Brimmers Order (Doc. 39) that includes numerous caselaw citations e.g. (Colorado v. EPA citing Havens Realty, Common Cause of CO v. Buescher, Fla St. Conference of NAACP v. Browning, Attias v. Carefirst, Lujan, etc.)

*damages to injunctive relief.* There is no Court record showing Plaintiffs written request for permission from the Court or Defendants to amend their pleading prior to the deceptive manipulation in violation of in violation of FRCP 15[11]. This mendacious and rogue move, Plaintiffs' actions further materially damaged and prejudiced Defendants[12] (Doc. 128, p.9-11). Because of Plaintiffs procedural violations, Defendants were denied their right to object to Plaintiffs action, denied their right to a jury trial[13], interfered with Defendants right to due process, and a fair trial. From the start of these proceedings, every strategic and tactical decision Defendants made to mount their defense was impacted by Plaintiffs seeking compensatory damages. There is no question that the threat of losing this case meant Defendants faced substantial personal financial liability. Absent the looming threat of personal financial ruin, Defendants would have employed and driven a different defense strategy, tactical decisions that would have no-doubt impacted the legal fees Defendants unjustly accumulated, and materially changed the course of these proceedings.

      Defendants raise Plaintiffs egregious procedural violations outside the numerous Rule 26 violations to demonstrate how Plaintiffs actions are aggravating factors for the Court to evaluate in imposing sanctions. Specifically, (1) Plaintiffs pattern of contemptable conduct has no bounds. (2) Plaintiffs are hell-bent on evading disclosing required discovery that confirms their diversion of resources damages claims to maintain their Article III standing (3) Plaintiffs have made misrepresentations to the Court that have and continue to materially prejudice the judicial process (Doc 128, p.12-

---

[11] FRCP 15. Amended and Supplemental Pleadings. FRCP 15(a)(1)(A) 21 days after serving the pleading. FRCP 15(a)(1)(2) a party may amend its pleading only with the opposing party's written consent or the court's leave.
[12] Details specifying Defendants material harm and prejudice caused by Plaintiffs.
[13] This right had been established in April 2022.

13). (4) Plaintiffs' failure to comply with Rule 26 and specifically 26(e) is the genesis of Plaintiffs subsequent malicious actions that violate FRCP 15, FRCP 12, and RPC 3 (Doc. 128 exhibit 7).

  The salient question is why would Plaintiffs secretly change their prayers for relief from financial compensation to injunctive relief at the Pretrial Order stage of the proceedings? Plaintiffs' complaint was filed without any evidence whatsoever, at multiple junctures failed to cooperate with discovery, and at this point NAACP and MFV failed to produce any documentation whatsoever it was literally impossible for NAACP and MFV to support their diversion of resources claims that justified the financial compensation relief. The only plausible explanation for Plaintiffs violative behavior is they knew their case had crumbled - *as it was written*. Instead of following procedural and professional conduct rules[14] and withdraw their claim, or remove NAACP and MFV as Plaintiffs, they deceptively amended their complaint hoping the prayer for injunctive relief would eliminate the need to produce financial and timekeeping records necessary to proving their diversion of resources, and financial compensation claims. Unfortunately for Plaintiffs, whether their prayers for relief are compensatory damages or injunctive relief, both require proving diversion of resources damages claims through timekeeping and financial disclosures.

### 3. Defendant's Request for Attorneys' Fees is Proper

Defendant's Request for Attorneys' Fees is Proper as Plaintiffs' Violations are Already a Part of the Record. Rule 37 provides that, when a party fails to comply with the discovery and disclosure rules a court may impose "appropriate sanctions,"

---

[14] See gen. Doc 128, Doc. 128 exhibit 7, and generally herein p. 2-3.

including ordering "payment of reasonable expenses, including attorney fees, caused by the failure." Fed. R. Civ. P. 37(c)(1)(A) Defendant Kasun is asking the Court to impose sanctions on Plaintiffs in the form of payment of attorneys' fees covering two specific time periods, totaling $216,989.74. Plaintiffs claim, "Not only have the pro se Defendants failed to demonstrate that Plaintiffs committed any discovery violation, but they have also failed to demonstrate that the attorneys' fees they seek were 'caused by' a discovery violation." (Docket 129) This is false. In fact, Defendant Kasun provided a court with a Quick Reference Guide of Plaintiffs' violations. (Docket 128-Exhibit 7)

Plaintiffs' discovery violations are already a part of the record. During the January 23, 2024 Status Hearing (Docket 127), Plaintiffs themselves admitted to withholding "The 2022 Safety Plan" after representing to this court that they did produce in the May 16, 2024 Final Pretrial Order. (Docket 95 at 21) In fact, Plaintiff counsel knowingly withheld this evidence until January 8, 2024, despite their signed certification discovery was complete on May 16th, 2023 (Docket 95, p.21 8, 26), violating Fed. R. Civ. P. 26, Fed. R. Civ. P. 11(b) and misrepresenting the document under Fed. R. Civ. P. 26(g)(1)(A). The Court was made aware of Plaintiffs' discovery misrepresentation on January 23, 2024. (Docket 127) In addition to the safety plan, Plaintiffs also withheld a relevant and material email exchange between Beth Hendrix and current LWVCO Board Member Tara Menza (Docket 108), and misrepresented the nature of their White Paper (Docket 128).  The question before the court is not if Plaintiffs committed discovery violations, to what degree and warranting what remedy.

Plaintiffs claim that Defendants "have also failed to demonstrate that the attorneys' fees they seek were 'caused by' a discovery violation. See Fed. R. Civ. P.

37(c)(1)(A)." (Docket 129 at 13) Defendants' attorney's fees during this period are directly traceable to Plaintiffs' pattern of withholding and misrepresenting required discovery records have repeatedly obstructed and, in many cases, prohibited Defendants from mounting a proper defense. Plaintiffs conduct as been vexatious, as outlined in the quick reference guide (Docket 128-Exhibit 7), and this pattern of conduct is unreasonable and damaging to Defendants and these proceedings. As Plaintiffs cite in their response, "Under 28 U.S.C. § 1927 provides that 'any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.' 'The power to assess costs against an attorney under § 1927, however, is a power that must be strictly construed and utilized only in instances evidencing a 'serious and standard disregard for the orderly process of justice.'" Dreiling v. Peugeot Motors of America, Inc., 768 F.2d 1159, 1165 (10th Cir. 1985) (quoting Kietel v. Las Vegas Hacienda, Inc., 404 F.2d 1163, 1167 (7th Cir. 1968), cert. denied, 365 U.S. 908 (1969))." (Docket 129) Plaintiffs' ongoing pattern of conduct has multiplied these proceedings by more than a year, and it rises to the level of a 'serious and standard disregard for the orderly process of justice.' In their response, Plaintiffs assert that "Defendants brought and were denied three dispositive motions in this matter, asserted Counterclaims against Plaintiffs that were dismissed as a matter of law, and—in the last two months alone—have filed numerous motions with the Court seeking to reopen discovery and otherwise rehashing matters that have already been decided by the Court…just from looking at the docket in this matter that the overwhelming majority of fees incurred by Defendants in this action are traceable to

their own conduct, not to Plaintiffs." (Docket 129 at 14) It's not surprising that Plaintiffs object to Defendants seeking remedy their vexatious and unreasonable, willful, and malicious conduct. Plaintiffs continue to cite the court's January 2023 decisions – in which the court explicitly relied upon Plaintiffs' misrepresentations. This confirms that Plaintiffs and their counsel are emboldened to continue their vexatious and unreasonable disregard for their duty to this court.

Federal Courts are empowered to "protect the administration of justice by levying sanctions in response to abusive litigation practices." Kovilic Const. Co., v. Missbrenner, 106 F.3d 768, 772-73 (7th Cir. 1997). Further, the source of the court's inherent power is "governed not by rule or statute buy by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R.R., 370 U.S. 626, 630-631(1962). Plaintiffs pattern of maliciously disregard for complying with discovery rules under Fed. R. Civ. P. 26[15] and other discovery rules throughout these proceedings over the course of nineteen (19) months have materially and prejudicially damaged Defendants and these proceedings. Attorneys' fees and other sanctions the court deems appropriate are proper and warranted considering the facts and history of this case and Plaintiffs' ongoing conduct.

**4 Dismissing Plaintiffs NAACP and Mi Familia Vota Is Not An "Extreme" Measure**

3A) Plaintiffs assert dismissing NAACP and MFV from this case with prejudice is "extreme." in an attempt deflect from their violations, Plaintiffs offer numerous caselaw citations (Doc. 129 p. 8) as comparisons to Plaintiffs' violations Defendants have

---

[15] §§ 26(a)(1)(A), 26(a)(1)(A)(i), 26(a)(1)(ii), 26(a)(1)(iii), 26(a)(2)(A), 26(a)(2)(B), 26(f), 26(f)(C), 26(g)(1)(A), 26(g)(1)(B)(ii), 26(g)(1)(B)(iii), 26(g)(3)

demonstrated (See gen. Doc. 128). The Court must reject Plaintiffs argument based on false relativism. In this case the Court has inherent power to exercise its discretion to impose sanctions for: FRCP 26 violations pursuant to FRCP 37 and other rules and statutes Defendants previously established, detailed, and supported by caselaw (Doc. 128 p.13-15).  Defendants assert the dismissal of NAACP and MFV is reasonable and warranted given the aggravating factors, scope, duration, and volume of Plaintiffs pattern of malicious behavior that materially harmed and prejudiced Defendants.

3B) Justice requires evaluating each case individually when considering the factors for imposing sanctions.[16]  Defendants assert there are extenuating circumstances the Court must consider.  Given Defendants had representation until December 2023, it prohibited now pro se Defendants from accessing and monitoring the court record, comprehending the pattern of Plaintiffs Rule 26 discovery violations, and taking any independent action to remedy the problems created by Plaintiffs discovery violations while they were happening.  Defendants had to work through their former counsel per the law.  Pro se Defendants now know their former counsel was a barrier to accessing information and case management.  Plaintiffs argue that Defendants motion for sanctions should be rejected because it comes at a "late stage" in the proceedings and "on the eve of trial."  Defendants oppose this argument.  Defendants have acted extremely diligently and quickly to understand and remedy the discovery issues since becoming pro se litigants.  It's only been since January 23, 2024, that pro se Defendants have had access to the full discovery packet. In that time, Defendants have

---

[16] (a) the degree of actual prejudice to the defendant; (b) the amount of interference with the judicial process; (c) the culpability of the litigant, Jones v. Thompson, 996 F.2d 261 (10th Cir. 1993) (citing Ehrenhaus v. Reynolds, 965 F.2d 916 (10th Cir. 1992)).

demonstrated they've followed protocols, norms, and procedural rules to prepare for trial and equip themselves to mount a proper and complete defense. Defendants move the Court to remedy the discovery violations that have damaged defendants and course-correct these proceedings, even at this late stage to ensure a fair trial.

## CONCLUSION

Defendants move the Court to impose sanctions: dismiss Plaintiffs NAACP, and Mi Familia Vota,from this action, award Defendants $216,989.74 in legal fees, and compel discovery as detailed in Defendants Motion for Sanctions, (Doc. 128 p.12-15.)

**CERTIFICATE OF SERVICE**

I hereby certify that on March 25, 2024, I electronically filed the foregoing **MOTION FOR SANCTIONS UNDER RULE 26 PURSUANT TO RULE 37** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

• Amy Elizabeth Erickson
• amy.erickson@lathropgpm.com, claudia.neal@lathropgpm.com

• Ben Clements
• bclements@freespeechforpeople.org

• Brian Andrew Dillon
• brian.dillon@lathropgpm.com, kristina.procai@lathropgpm.com

• Casey Carlton Breese
• casey.breese@lathropgpm.com, brandi.pruett@lathropgpm.com, cheyenne.serrano@lathropgpm.com

• Courtney Marie Hostetler
• chostetler@freespeechforpeople.org

• Jean Paul Bradshaw , II
• jeanpaul.bradshaw@lathropgpm.com

• John C. Bonifaz

• jbonifaz@freespeechforpeople.org

• Kristin M. Stock
• kristin.stock@lathropgpm.com, lois.siljander@lathropgpm.com

• Ronald Andrew Fein
• rfein@freespeechforpeople.org

• Zeyen Julian Wu
• zeyen.wu@usdoj.gov, annette.dolce@usdoj.gov

• Ashley Epp
• asheinamerica@protonmail.com

• Jessica Hays
• Jessica@reischlawfirm.com

• Scott Reisch
• Scott@Reischlawfirm.com


*s/ Holly Kasun*
Holly Kasun Defendant
hollyataltitude@protonmail.com