**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:22-cv-00581-CNS-NRN

Colorado Montana Wyoming
State Area Conference of the NAACP,
League of Women Voters of Colorado, and
Mi Familia Vota,

    Plaintiffs,

v.

United States Election Integrity Plan, Shawn Smith,
Ashley Epp, and Holly Kasun,

    Defendants.

---

**PLAINTIFFS' RESPONSE TO *PRO SE* DEFENDANT ASHLEY EPP'S
MOTION TO REOPEN ABUSE OF PROCESS COUNTERCLAIM
(ECF NO. 131) AND *PRO SE* DEFENDANTS' COUNTERCLAIM – ABUSE OF
PROCESS (ECF NO. 134)**

---

Plaintiffs Colorado Montana Wyoming State Area Conference of the NAACP ("NAACP CO"), League of Women Voters of Colorado ("LWVCO"), and Mi Familia Vota ("MFV") (collectively, "Plaintiffs"), by and through their undersigned counsel, hereby submit their Response to *Pro Se* Defendant Ashley Epp's Motion to Reopen Abuse of Process Counterclaim

1

(ECF No. 131) and *Pro Se* Defendants' Counterclaim – Abuse of Process (ECF No. 134) (collectively, the "Motions")[1] and in support thereof state as follows:

## INTRODUCTION

The *pro se* Defendants are asking the Court to "Reopen" their dismissed counterclaim for Abuse of Process—a drastic action that is not permitted by the Rules of Civil Procedure at this juncture and would severely impact the timing of the upcoming trial scheduled to commence in July 2024. The *pro se* Defendants (through their prior counsel) already moved this Court to clarify, and essentially reconsider, its decision to dismiss Defendants' counterclaims, and the Court refused to reconsider its Order. (ECF No. 87.) Many of *pro se* Defendants' arguments in support of these requests echo their baseless but oft-repeated contention that Plaintiffs' claims lack factual support. The *pro se* Defendants have raised this issue in their Emergency Motion for Sanctions for Failure to Disclose Under FRCP 26 Pursuant to FRCP 37, their Motion for Judgment on the Pleadings, and in their Motion for Summary Judgment. (ECF Nos. 128, 54, 70.) Plaintiffs should not be required to repeatedly address these allegations and the *pro se* Defendants' repeated motions raising these issues are frivolous, amount to harassment, and are sanctionable.

In the motions now before the Court, the *pro se* Defendants appear to not only ask this Court to reconsider its dismissal of their counterclaim for abuse of process, but also seek a determination on the merits of this counterclaim. The Court should reject the requests because

---

[1] On March 22, 2024, Defendant Epp filed a Motion to Reopen Abuse of Process Counterclaim (ECF No. 131). On April 2, 2024, the *pro se* Defendants filed a motion asking the court to "reopen Defendants' counterclaim for Abuse of Process" based upon purported "new evidence" they obtained. (ECF No. 134). The second motion states that "[t]he filing has been amended to correct several defects." (ECF No. 134 at 1.) Plaintiffs interpret the filings to be on behalf of both *pro se* Defendants and this brief responds to both Motions.

2

they are procedurally improper and highly prejudicial to Plaintiffs. The *pro se* Defendants impermissibly support their Motions with documents that have not been produced in this case or otherwise provided to Plaintiffs and appear to have been gathered after this Court ordered that discovery is closed. The Court should again refuse *pro se* Defendants' request to pursue their abuse of process counterclaim, and deny the numerous requests in their prayer for relief.

## BACKGROUND

In June 2022, Plaintiffs moved this Court to dismiss both counterclaims asserted by Defendants—a defamation claim and a claim for abuse of process. (ECF No. 49.) Defendants had an opportunity to respond, and in January 2023, the Court dismissed both counterclaims. (ECF No. 84.) Defendants then moved the Court to clarify its decision. The Court granted the Motion and clarified that both counterclaims were dismissed with prejudice. (ECF No. 87.) The abuse of process counterclaim has been dismissed for well over a year, yet the *pro se* Defendants now seek to revive it a few months before trial, long after the close of a robust discovery period and while all parties should be engaged in final trial preparation.

These Motions are based upon an unfounded premise raised by the *pro se* Defendants in at least three previous motions—that "Plaintiffs' claims are devoid of factual support." (ECF No. 134 at 4.) The *pro se* Defendants raised this issue while they were represented by counsel through a Motion for Judgment on the Pleadings and a Motion for Summary Judgment and again in their recent Emergency Motion for Sanctions for Failure to Disclose Under FRCP 26 Pursuant to FRCP 37. (ECF Nos. 54, 70, 128.) This Court has not yet ruled on the Emergency Motion for Sanctions; however, it denied Defendants' Motion for Judgment on the Pleadings and denied in part Defendants' Motion for Summary Judgment. (ECF No. 84.)

63527058v1

Asking the Court to revive or decide the merits of the abuse of process counterclaim at this late point in the proceeding is untimely and improper. On January 4, 2024, after terminating their counsel a week prior, the *pro se* Defendants asked this Court to continue the trial that was scheduled for February 2024 to allow them to: (1) find new counsel; (2) properly prepare for trial; (3) to resolve alleged evidentiary disputes between the parties; and (4) investigate fact issues associated with their defense. (ECF Nos. 104, 107.) Ms. Kasun also filed a Motion for Leave to Reopen Limited Discovery. (ECF No. 124.) The Court granted Ms. Kasun's Motion to Continue but denied the Motion for Leave to Reopen Limited Discovery and ordered that discovery is now closed. (ECF Nos. 122, 125.) Instead of finding legal counsel and preparing for trial, the *pro se* Defendants instead have apparently continued to search for additional evidence to support their defense and dismissed abuse of process counterclaim. This is a blatant violation of the Court's previous determination that discovery is closed and the present motions should be denied.

## ARGUMENT

**I.  THE *PRO SE* DEFENDANTS' REQUEST TO REOPEN THEIR COUNTERCLAIM IS PROCEDURALLY IMPROPER AND BASED UPON UNDISCLOSED DOCUMENTS**

### A. Reviving the Counterclaim is procedurally improper and contrary to Colorado law.

The *pro se* Defendants have not cited any legal authority that allows the Court to "reopen" a counterclaim that has been dismissed for over a year. The *pro se* Defendants reference Federal Rule of Civil Procedure 42, 13, and 54, but none of these Rules provides authority for the relief they are seeking. The deadline to bring a motion asking the court to reconsider its decision to dismiss the abuse of process counterclaim has long passed. "A motion for reconsideration must generally be filed within 28 days after the challenged order is issued." *Interstate Medical*

4

*Licensure Compact Commission v. Bowling*, No. 20-cv-02942-CMA-NYW, 2021 WL 6197282, *2 (D. Colo. Dec. 30, 2021). The counterclaim was dismissed and Defendants (via their counsel) sought to clarify the ruling. (ECF Nos. 81, 85.) The Court granted the Motion to Clarify and confirmed that the Counterclaim was dismissed *with prejudice*. (ECF No. 87.)

In addition to being untimely, the present motions do not establish a basis for reconsidering the dismissal of this Counterclaim. A motion for reconsideration is only proper "where the court has misapprehended the facts, a party's position, or the controlling law," but it is not a mechanism to "revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete*, 204 F.3d at 1012. The *pro se* Defendants do not contend that the Court misunderstood or mistook facts or their position, or that the Court failed to recognize or apply controlling law. Instead, the *pro se* Defendants appear to argue that new evidence warrants reconsideration. None of the purported evidence brought forth by *pro se* Defendants support their long-since dismissed claim that the Plaintiffs abused process in bringing this lawsuit. Moreover, the *pro se* Defendants' arguments in favor of reconsideration is based upon either: (1) evidence that was produced during discovery and has been available to them for over a year; or (2) evidence that they gathered after this Court refused, in January 2024, to reopen discovery and ruled it was closed—evidence that they could have obtained prior to or during discovery, and that they still have not properly or fully disclosed to Plaintiffs.

5

Colorado law requires that new evidence be "previously unavailable." *Servants of Paraclete*, 204 F.3d at 1012. Here, the so called "new evidence" could have been discovered much earlier in this proceeding or has been known to these Defendants for quite some time. The *pro se* Defendants claim to have received much of this "new evidence" from recent requests for public records. These requests could have been placed years ago. For example, one email communication submitted by the *pro se* Defendants in support of these Motions show that they requested records as of February 15, 2024. (ECF No. 131-5.) Their delay in seeking information should not be excused. This request was placed two weeks *after* this Court ordered that discovery was closed in a blatant disregard of the Court's ruling. Delaying investigation and pursuing information well after discovery has closed and after the Court has ordered that discovery will remain close does not meet the "new evidence previously unavailable" standard articulated by the Tenth Circuit and should not be permitted. In its Order dismissing Defendants' counterclaim for abuse of process, the Court stated that it "does not find that Plaintiffs have an improper motive for filing this civil action and Defendants have not alleged facts that show that Plaintiffs have used the judicial system improperly." (ECF No. 81.) The new information presented by the *pro se* Defendants in these motions does not establish that Plaintiffs have an improper motive or otherwise improperly used the judicial system. There is no procedural or substantive basis for this Court to reconsider its prior orders dismissing the Counterclaim. (ECF Nos. 81, 87.)

**B.  The Motions include undisclosed documents that have not been produced.**

The *pro se* Defendants rely on documents that they claim is "new evidence," yet they have not produced these documents or otherwise provided them to Plaintiffs. Many of the documents and screenshots of documents attached to these motions are the first time that Plaintiffs are seeing

6

these materials; and Plaintiffs have no idea what documents Defendants have obtained but failed to attach or otherwise disclose. Even if the Court was persuaded to open this case on the grounds of "new evidence," Plaintiffs have not been provided an opportunity to review these records or conduct their own investigation. Plaintiffs have also not been provided all of the records or documents that the *pro se* Defendants have uncovered, including those that may not be helpful to their positions. As discussed above, many of these documents were obtained after the Court ruled that discovery was closed and would not reopen. These documents should not be considered by the Court.

### C. The Court should not consider the merits of the Counterclaim.

The *pro se* Defendants spend much of their Motions arguing the merits of their dismissed Counterclaim, including introducing new arguments and evidence that was not included in their Response to Plaintiffs' Motion to Dismiss. These arguments are improper in a motion to reconsider. Whether the Court should consider "reopening" or reviving the Counterclaim is a separate issue from whether there is a factual basis to conclude that Plaintiffs did in fact abuse the legal process. Plaintiffs did not abuse the legal process in bringing this lawsuit, and Defendants did not—in their original counterclaim or at any point thereafter—produce allegations sufficient to plead their counterclaim. And, in any event, a determination of liability on any counterclaim by way of a motion such as these would be both premature and procedurally flawed. The motions

63527058v1

are not properly noticed as dispositive motions, nor do they comply with the requirements of Federal Rule of Civil Procedure 56. Further, the dispositive motion deadline is long past.[2]

### D. The additional requests in *pro se* Defendants' Prayer for Relief should be rejected.

The *pro se* Defendants assert eleven requests in their Prayer for Relief, but the Court should deny each of these requests for procedural and legal reasons. Request (a) is improper as the court has already made such a determination when it considered Defendants' Motion for Judgment on the Pleadings and Motion for Summary Judgment seeking to dismiss Plaintiffs' claims. The *pro se* Defendants have not cited any legal authority that permits them to receive a third ruling on the sufficiency of Plaintiffs' claims. Requests (b) and (c) seek evidentiary rulings which are not properly submitted in a motion for reconsideration. Requests (d) – (i) seek a determination on the merits of the Counterclaim, which is procedurally improper for the reasons articulated above. Requests (j) and (k) appear to be related to sanctions and are repetitive of relief requested in the pending Emergency Motion for Sanctions for Failure to Disclose and should therefore be denied as moot.[3]

### II.   PLAINTIFFS' ALLEGATIONS ARE SUPPORTED BY RECORD EVIDENCE

As a preliminary matter, whether there is sufficient evidence to support Plaintiffs' claims as set forth in the Complaint is a matter wholly separate and apart from the question of whether

---

[2] If the Court did decide to revive the abuse of process counterclaim—which Plaintiffs maintain there is no sound legal basis to do—the current case schedule would need to be revised to include a discovery period and dispositive motion practice regarding the counterclaim.

[3] Plaintiffs consider these Motions to be frivolous and warrant sanctions under Federal Rule of Civil Procedure 11.

the Court should reconsider its prior decision dismissing the abuse of process counterclaim. The *pro se* Defendants' contention that Plaintiffs' claims are not supported by evidence is better suited for a dispositive motion, which Defendants have already brought and already been dismissed by the Court on multiple occasions. In any event, Plaintiffs' claims are supported by evidence and should be decided by the fact-finder based upon evidence presented at the upcoming trial.

Plaintiffs have already responded to *pro se* Defendants' arguments that their claims lack support in its Response to Defendants' Motion for Sanctions (ECF No. 129), and its Response to Defendants' Motion to Summary Judgment (ECF No. 72). Plaintiffs' claims are based upon evidence and the *pro se* Defendants' assertions to the contrary are meritless. As previously discussed in Plaintiffs' Response to *pro se* Defendants' Emergency Motion for Sanctions, Plaintiffs' case is:

> based primarily on Defendants' ***own public statements***, which demonstrate that they have engaged in a coordinated scheme of illegal voter intimidation in violation of federal law. USEIP's "County & Local Organizing Playbook," (the "Playbook"), which sets forth USEIP's principles and goals, exclaims: "This is the fight . . . No one is coming to save us. It's time to stand up . . . we are not at a time of peace. And everyone who values freedom and is committed to the fight for our Republic is now needed."[4] Defendants and USEIP members Shawn Smith, Ashley Epp, and Holly Kasun[5] have appeared and spoken at countless public events and been quoted in various articles touting USEIP's principles and goals. And, in case there is any doubt about whether the individual Defendants have engaged in threatening and intimidating behavior, Defendant Shawn Smith was captured ***on video*** making explicit violent threats against Colorado Secretary of State Jena Griswold, as well as anyone else Defendants accuse of election fraud: "I think if you are involved in election fraud then you deserve to hang. Sometimes the old

---

[4] County & Local Organizing Playbook (Aug. 2021), https://useipdotus.files.wordpress.com/2021/08/useip_playbook_aug2021.pdf.

[5] In their Answer, Defendants Ashley Epp, Holly Kasum, and Shawn Smith admit to being members of USEIP. (Answer (ECF No. 48) ¶¶ 17-19.)

63527058v1

>ways are the best ways."[6] Members of USEIP have also publicly discussed their door-to-door intimidation campaign on social media and in their County Playbook.[7] Complaints about Defendants' campaign also were lodged with the Colorado Secretary of State; those complaints caused the Secretary to issue a press release reminding voters of their rights to a confidential ballot, and advising voters about what to do if they experience intimidation or harassment.[8]

(ECF No. 129 at 2-4.) Further, the Court previously found that there was a genuine dispute of material fact as to whether a voter was intimidated and whether the Defendants attempted to intimidate voters. (ECF No. 84 at 11-12.) There is no merit to the repeated assertion that Plaintiffs' claim lack support and it should be rejected.

The *pro se* Defendants set forth three new arguments in its motions to reopen. First, they contend that Plaintiffs knew that their allegations lacked support based upon email communications between League of Women Voters of Colorado and community members or other Board members. But these communications do not suggest that Plaintiffs' claims are

---

[6] Defendant Ashley Epp was interviewed for and quoted in Erik Maulbetsch, *Colorado Republican Legislators Join Election Fraud Conspiracy* Panel, COLORADO TIMES RECORDER (Mar. 9, 2021), https://coloradotimesrecorder.com/2021/03/colorado-republican-legislators-join-election-fraud-conspiracy-panel/34839/. The video of Defendant Shawn Smith threatening Secretary of State Jena Griswold can be found here: https://twitter.com/jenagriswold/status/1491991594018304001.

[7] *See,* e.g., Erik Maulbetsch, *Colorado Election Fraud Group is Training Conspiracists in Other States to Knock Doors in Search of 'Phantom Ballots'*, COLORADO TIMES RECORDER (Oct. 1, 2021), https://coloradotimesrecorder.com/2021/10/colorado-election-fraud-group-is-training-conspiracists-in-other-states-to-knock-doors-in-search-of-phantom-ballots/39935/ (article includes screenshots of social media posts by USEIP members about efforts to coordinate their door-to-door campaign); County & Local Organizing Playbook pp. 19-22 (Aug. 2021), https://useipdotus.files.wordpress.com/2021/08/useip_playbook_aug2021.pdf.

[8] Colorado Secretary of State Jena Griswold, News Release, *In Response to Reported Unofficial Door-to-Door Canvassing of Colorado Voters, the Colorado Secretary of State's Office Reminds Voters of Their Constitutionally Protected Rights* (Sept. 9, 2021), https://www.sos.state.co.us/pubs/newsRoom/pressReleases/2021/PR20210909Canvassing.html.

unsupported, nor do they negate Plaintiffs' allegations in this case. These communications suggest nothing more than the League of Women Voters of Colorado considered the viewpoints of multiple members of their community when evaluating Defendants' conduct before commencing this suit. At best, Defendants may use these communications as a basis for cross-examination of Ms. Hendrix at trial. They certainly do not warrant reconsideration of the Court's prior orders dismissing the Counterclaim.

Next, *pro se* Defendants claim that Plaintiffs' decision to withdraw their request for a temporary restraining order somehow demonstrates that Plaintiffs knew that complaints from Ms. Roberts and Ms. Powell did not support their claims. In their response to Plaintiffs' motion for a temporary restraining order, the Defendants maintained that upon information and belief, all canvassing efforts by USEIP's volunteers had ceased. (ECF No. 35.) Based upon this information, need for the temporary restraining order was moot and Plaintiffs withdrew their request. It is unclear how any legal decision made at the temporary injunction stage of this lawsuit is relevant to whether the Counterclaim should be revived. Again, whether the complaints of Ms. Roberts and Ms. Powell support Plaintiffs' claims is an issue to be addressed at trial and does not support revising the Counterclaim.

Last, Plaintiffs did not misrepresent any information to the Court, and Defendants have provided absolutely no basis to support their false allegation. Despite *pro se* Defendants' claim to the contrary, the documents produced by the Secretary of State to Plaintiffs in response to Plaintiffs' public records request were produced in redacted form and were properly disclosed by Plaintiffs to Defendants in that same redacted form. The redactions did not "cover[] up" any exculpatory evidence as claimed by *pro se* Defendants. Furthermore, whether law enforcement

11

or local district attorneys' offices concluded that criminal conduct occurred after reviewing Ms. Robert's claims (to the extent that any of these agencies did so) is not exculpatory to the Defendants in this civil case that asserts violations of the Voting Rights Act and the KKK Act.

## CONCLUSION

For the aforementioned reasons, *pro se* Defendants' Motions to Reopen Abuse of Process Counterclaim (ECF Nos. 131, 134) should be denied.

Dated:  April 12, 2024         LATHROP GPM LLP


By */s/Kristin Stock*
Casey Breese (#51448)
Casey.breese@lathropgpm.com
Jean Paul Bradshaw
Jeanpaul.bradshaw@lathropgpm.com
Kristin Stock
Kristin.Stock@lathropgpm.com
Brian A. Dillon
Brian.dillon@lathropgpm.com
Amy Erickson (#54710)
Amy.erickson@lathropgpm.com
1515 Wynkoop Street, Suite 600
Denver, CO 80202
Telephone: (720) 931-3200

12

Courtney Hostetler
chostetler@freespeechforpeople.org
John Bonifaz
jbonifaz@freespeechforpeople.org
Ben Clements
bclements@freespeechforpeople.org
Amira Marcella Mattar
amira@freespeechforpeople.org
FREE SPEECH FOR PEOPLE
1320 Centre Street, Suite 405
Newton, MA 02459
Telephone: (617) 249-3015

*ATTORNEYS FOR Plaintiffs Colorado Montana Wyoming State Area Conference of the NAACP, League of Women Voters of Colorado, and Mi Familia Vota*

63527058v1

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing has been electronically served through ECF this 12th day of April, 2024, to all counsel of record.

                                *s/Claudia Neal*
                                Claudia Neal

63527058v1