IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-00581-CNS-NRN

Colorado Montana Wyoming
State Area Conference of the NAACP,
League of Women Voters of Colorado, and
Mi Familia Vota
    Plaintiff(s)
v.
United States Election Integrity Plan,
Shawn Smith, Ashley Epp,
and Holly Kasun
    Defendant(s)

---

### ASHLEY EPP'S PRO SE MOTION IN LIMINE

---

Pro Se Defendant Ashley Epp hereby moves this Court in *limine* with respect to Plaintiffs' proposed trial exhibits constituting inadmissible evidence.[1] Additionally, the Defendant asks the court to admit evidence discovered by the Defendant since becoming pro se, due to its high relevance and the value and clarity it provides to the fact finder.

### **MEMORANDUM**

On January 9, 2024, Defendant Epp filed a Motion in Support (ECF No. 111) of Defendant Shawn Smith's Motion in Limine as, "These articles, endorsed as trial exhibits in the Pretrial Order and used as a basis for Plaintiffs' expert opinion, constitute hearsay in its most fundamental sense.

---

[1] Defendant Epp conferred with Counsel for Plaintiffs pursuant to D.C.Colo.LCivR 7.1(a). Plaintiffs object to the relief sought in this motion.

1

These articles represent broad, unverified statements from largely unidentified sources, falling squarely within the realm of inadmissible evidence under Fed. R. Evid. 802." (ECF No. 99 p2 ¶ 2)

Defendant Epp maintains her support and arguments as set forth in ECF No. 111 and will not repeat the same arguments here, as they are already pending before the court. In addition to that pending matter, Defendant Epp asks the court for the following relief set forth herein.

## ARGUMENT

### I.  News media and other reporting is inadmissible hearsay under Fed. R. Evid. 802, and reporting after March 9, 2022 is prejudicial under Fed. R. Evid. 403

The Defendant asks the court to exclude news reporting specifically generated as a result of Plaintiffs' lawsuit, filed on March 9, 2022. This reporting is highly prejudicial – in many cases repeating the allegations as statements of fact – and it is irrelevant to Plaintiffs' stated purposes for admission. In their response to Defendant Smith's Motion in Limine, Plaintiffs assert that, "Plaintiffs will not seek to introduce these articles and videos for truth of the matter asserted in the articles—Plaintiffs have substantial independent evidence of Defendants' unlawful, intimidating activities. Instead, Plaintiffs may seek to introduce the articles to demonstrate the Defendants' unlawful voter intimidation campaign and plans for expansion were widely covered in the Colorado and national media." (ECF No. 109 p2 ¶ 5) Notwithstanding that there is no such "substantial evidence," the Defendants' canvassing activity was concluded by the end of 2021. News reports about USEIP canvassing generated after March 9, 2022, were not generated as a result of canvassing activity. Canvassing was long completed, and the Colorado Canvassing Report and its associated news cycle were also concluded. Plaintiffs' assert that, "The news articles at issue establish important context for the voter intimidation campaign at issue in this case. The articles reached the target audience Defendants intended to intimidate, and they stoked fear in the voting block that Defendants intended to intimidate." (ECF No. 109 p3 ¶ 2) This assertion is

2

disputed by the timeline of these news articles. By Plaintiffs' own admission, the news articles – not the Defendants – stoked fear in the voting block at the time of this reporting. The trigger for the news coverage after March 9, 2022 was this lawsuit, and the allegations in the lawsuit are without factual support. Plaintiffs cannot repeat their allegations to the press to create reporting that "stokes fear in the voting block" – months after USEIP activity had concluded – and then use that reporting as evidence that there was fear in the voting block during the summer of 2021 as a result of Defendants' alleged conduct.

In addition to generally excluding all news reporting as hearsay in accordance with Fed. R. Evid. 802, per ECF No. 111, Defendant Epp asks the court to exclude any news reporting after March 9, 2022 as unjustly prejudicial under Fed. R. Evid. 403, "the trial judge has discretion under Rule 403 to exclude a statement of multiple hearsay [or any hearsay] even if each portion meets the requirements of an exception, when he finds the statement is so unreliable that its probative value is substantially outweighed by the danger of prejudice or confusion." Boren v. Sable, 887 F.2d 1032, (10th Cir. 1989)

## II. Irrelevant Evidence is not admissible under Fed. R. Evid. 402, and January 6 is irrelevant to the truth of the matter asserted in this case.

Defendant Epp moves the court to exclude the topic of the January 6, 2021 Capitol Riot, including any deposition testimony, interrogatories or documented evidence, as the January 6, 2021 Capitol Riot is not relevant to the allegations in this case. "Irrelevant evidence is not admissible." (Fed. R. Evid. 402.) Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. (Fed. R. Evid. 401.)

The Capitol Riot on January 6, 2021 occurred months before USEIP canvassing was ever conceived. The Defendant did not become aware of canvassing until March or April of 2021, and

the Defendant did not engage in canvassing activity until the summer of 2021. The topic of the Capitol Riot on January 6, 2021 in Washington, D.C., including Defendant's entirely lawful conduct on that day, is not probative of the Defendant's conduct six-plus months later in El Paso County and Douglas County, Colorado. Rather, Plaintiffs' inclusion of January 6 is intended to paint the Defendant as an "insurrectionist" – a highly prejudicial representation for which there is no factual support – in an effort to bias the court. "If there is a bedrock principle underlying the First Amendment, it is that the government may not prohibit the expression of an idea simply because society finds the idea itself offensive or disagreeable." (*Texas v. Johnson, 491 US 397 - Supreme Court 1989, See also, Hustler Magazine, Inc. v. Falwell, 485 U. S., at 55-56; City Council of Los Angeles v. Taxpayers for Vincent, 466 U. S. 789, 804 (1984); Bolger v. Youngs Drug Products Corp., 463 U. S. 60, 65, 72 (1983); Carey v. Brown, 447 U. S. 455, 462-463 (1980); FCC v. Pacifica Foundation, 438 U. S., at 745-746; Young v. American Mini Theatres, Inc., 427 U. S. 50, 63-65, 67-68 (1976) (plurality opinion); Buckley v. Valeo, 424 U. S. 1, 16-17 (1976); Grayned v. Rockford, 408 U. S. 104, 115 (1972); Police Dept. of Chicago v. Mosley, 408 U. S. 92, 95 (1972); Bachellar v. Maryland, 397 U. S. 564, 567 (1970); O'Brien, 391 U. S., at 382; Brown v. Louisiana, 383 U. S., at 142-143; Stromberg v. California, 283 U. S., at 368-369.*)

There is no connection between the January 6, 2021 Capitol Riot and USEIP canvassing many months later. It's simply not relevant. Defendant Epp moves the court to exclude the topic of the Capitol Riot on January 6, 2021 under FRE 403, including any deposition testimony, interrogatories or documented or other evidence.

## II.     Relevant evidence discovered after the close of discovery should be admitted if it helps the Fact Finder.

Since Ms. Epp became Pro Se, the Defendant has sought to clarify the evidentiary record in this case to prepare for trial. In so doing, along with Defendant Holly Kasun, Defendant Epp

identified highly relevant evidence that was not previously produced or disclosed. The Defendant moves the court to admit the following:

- **Tara Menza Email with Beth Hendrix**

  This document was not produced by the Plaintiffs, it was discovered by Defendant Kasun in December 2023 after a discussion with Ms. Menza.

- **Tara Menza, Witness**

  Ms. Menza is a current LWCVO Board Member, and an Associate of USEIP. Ms. Menza engaged in canvassing and was canvassed. She discussed her experience with Ms. Hendrix in late 2021, and neither this correspondence nor Ms. Menza's testimony was disclosed by Plaintiffs during discovery.

- **"The Safety Plan" (LWVCO0000112)**

  This document was not produced by the Plaintiffs until January 8, 2024 despite representing that it had been produced during discovery and assigned a BatesID.

- **The Colorado CORA Logs**

  This document, produced by Defendant Shawn Smith, proves when the Plaintiffs officially became aware of Yvette Roberts' complaint to the Secretary of State in this case. This will enable the fact finder to understand the timeline of Plaintiffs' allegations as it pertains to their sole witness claiming direct harm as a result if USEIP canvassing.

- **Secretary of State Open Records – Fulfilled to Ms. Epp**

  The Secretary of State's records show that Caleb Thornton from the Secretary of State's office interacted with Ms. Roberts as a result of her complaint. This is important for the fact finder to understand how Ms. Roberts – the sole witness claiming direct harm as a result if USEIP canvassing – and her complaint were

5

handled.

- **Mesa County DA Open Records – Fulfilled to Ms. Kasun**

  These unredacted emails are highly relevant to the Ms. Roberts' allegations, and they provide immense value to the fact finder with regards to Ms. Roberts and the investigative record of her complaint. Ms. Roberts' original complaint was reviewed by five county, state, and federal government entities and, despite her alleging criminal conduct in her sworn declaration, these five entities were "unable to prove any crime." Additionally, these records show that, in their investigation into Ms. Roberts' allegations, USEIP, Shawn Smith, Holly Kasun, and Ashley Epp were never mentioned.

- **Mesa County Sheriff's Office Open Records – Fulfilled to Ms. Epp**

  The Mesa County Sheriff's Office has confirmed that they have no investigative records of Ms. Roberts' complaint.

- **Grand Junction Police Department Open Records – Fulfilled to Ms. Epp**

  The Grand Junction Police Department has confirmed that they have no investigative records of Ms. Roberts' complaint.

- **Yvette Roberts Sworn Declaration**

  This document was signed by Ms. Roberts 20 days after the close of discovery and filed with the court 21 days after the close of discovery. The court relied upon this statement in its order on Defendants' Motion for Summary Judgement, and this statement is disputed by the factual record in this case.

## CONCLUSION

For the foregoing reasons, Defendant Epp respectfully requests that the Court grant this

6

Motion in Limine. A proposed ORDER is attached to this motion.

*/s/ Ashley Epp*

Dated: May 30, 2024

Ashley Epp

asheinamerica@protonmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been electronically served through ECF this 30th day of May 2024, to all counsel of record.

*/s/Ashley Epp*

_____

Ashley Epp
asheinamerica@protonmail.com