IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-00581-CNS-NRN

Colorado Montana Wyoming
State Area Conference of the NAACP,
League of Women Voters of Colorado, and
Mi Familia Vota,

    Plaintiffs,

v.

United States Election Integrity Plan, Shawn Smith,
Ashley Epp, and Holly Kasun,

    Defendants.

## PLAINTIFFS' MOTION *IN LIMINE*

Plaintiffs Colorado Montana Wyoming State Area Conference of the NAACP, League of Women Voters of Colorado, and Mi Familia Vota ("Plaintiffs"), by and through their undersigned counsel, hereby submit the following Motion *in Limine* to exclude evidence yet to be disclosed or disclosed after the discovery deadline by the *pro se* Defendants.

**CERTIFICATE OF CONFERRAL (D.C. COLO. L. CIV. R. 7.1(a))**

Undersigned counsel conferred with pro se Defendants Ashley Epp and Holly Kasun in attempt to resolve the evidentiary issue addressed through this Motion. The parties were unable to resolve the evidentiary issue, and Ms. Epp and Ms. Kasun both stated that they oppose the Motion. Counsel for Defendant Shawn Smith was also included on the conferral communications but has not provided any substantive response.

1

# INTRODUCTION

On April 2, 2024, the *pro se* Defendants asked the Court to reopen their long-dismissed abuse of process counterclaim. (ECF No. 134.) In support of their request, the *pro se* Defendants cite to numerous documents that were never produced or disclosed to Plaintiffs during the discovery period. Importantly, many of the documents were obtained after the December 2, 2022 discovery deadline, a deadline that the *pro se* Defendants explicitly acknowledged in their motion. (ECF No. 134 at 8.) The documents were also filed in support of the *pro se* Defendants' request to reopen their counterclaim after the Court forbade the reopening of discovery. (ECF No. 125.) Nevertheless, only a couple of months before trial, the *pro se* Defendants now seek to utilize these documents in support of their motion and at trial. The *pro se* Defendants should be prohibited from introducing documents or calling witnesses that were not disclosed during the discovery period.

# ARGUMENT

**I.   THE *PRO SE* DEFENDANTS' RELIANCE UPON UNDISCLOSED DOCUMENTS IS IMPERMISSIBLE.**

    **A. The *pro se* Defendants' document disclosure through their motion to reopen their previously dismissed counterclaim is untimely.**

Deadlines from scheduling orders "are not merely aspirational." *King v. Rozek Co.*, No. 11-CV-01685-CMA-MJW, 2012 WL 5409787, at *2 (D. Colo. Nov. 5, 2012) (citing *Young v. City of Palm Bay*, 358 F.3d 859, 864 (11th Cir. 2004)). They are fixed to provide parties with certainty and predictability, "ensuring at some point that the claims and evidence are fixed so that parties may proceed to trial." *Dedmon v. Continental Airlines, Inc.*, No. 13-CV-0005-WJM-NYW, 2015 WL 4639737, at *4 (D. Colo. Aug. 5, 2015) (citing *Home Design Servs., Inc. v. Trumble*, No. 09-CV-00964-WYD-CBS, 2010 WL 1435382 (D. Colo. Apr. 9, 2010)). This Court recognized as

much when it rejected the *pro se* Defendants' request to reopen discovery, affirming its December 2022 discovery deadline. (ECF No. 125.)

The *pro se* Defendants' purported document disclosure disregards that deadline. In a motion filed on April 2, 2024, the *pro se* Defendants' attempt to resuscitate their dismissed counterclaim by relying on documents that were never disclosed. (ECF No. 134.) This comes more than *fifteen months* after the close of discovery, eleven months after the final pretrial order dictated that discovery was closed, and less than three months after the Court expressly refused to reopen discovery. (ECF Nos. 95, 125.) The *pro se* Defendants were aware that discovery was closed and the time to exchange additional documents had past, yet they introduced documents claiming they are "new evidence." The *pro se* Defendants should not be allowed to introduce documents at trial that have not been properly disclosed to all parties during the discovery period. Accordingly, the *pro se* Defendants' disclosure of these documents is untimely.

### B. The *pro se* Defendants have no legal basis for relying upon documents or witnesses they failed to disclose during the discovery period.

The *pro* se Defendants cannot rely on documents or witnesses at trial that they failed to disclose during discovery. Undisclosed evidence cannot be used in a motion or at trial unless the failed disclosure is substantially justified or harmless. *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). The Court has broad discretion to make this determination. *Id.* (quoting *Mid-America Tablewares, Inc. v. Mogi Trading Co.*, 100 F.3d 1353, 1363 (7th Cir. 1996)). However, four factors provide a guide: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Id.*

3

Each factor swings in the Plaintiffs' favor. First, Plaintiffs would be unduly prejudiced if the *pro se* Defendants were permitted to rely on undisclosed documents. Many of the documents and screenshots of documents have never previously been seen by Plaintiffs. (ECF No. 137.) Plaintiffs have been given no opportunity to review all of the documents in the *pro se* Defendants' possession or conduct meaningful investigation. (ECF No. 137.); *see also Dedmon*, 2015 WL 4639737, at *5 (finding prejudice by virtue of a party's lack of opportunity to ask specific questions with respect to new documents). Moreover, it is uncertain whether the *pro se* Defendants have provided *all* relevant documents, including those that they would prefer the Court not to see. (ECF No. 137.) Nevertheless, the *pro se* Defendants brazenly offer undisclosed documents now—with the trial date of July 15, 2024 fast approaching. (ECF No. 127.) Plaintiffs should not be hindered in their trial preparation on account of the *pro se* Defendants' failure to initially conduct a diligent document search.

Second, Plaintiffs cannot cure this prejudice. With trial less than two months away, Plaintiffs cannot unring the bell of the *pro se* Defendants' tardiness. *See Dedmon*, 2015 WL 4639737, at *5–6 (holding that prejudice could not be cured simply by delaying trial to account for an "eleventh hour disclosure"). Third, regarding trial disruption, the Court has already granted the *pro se* Defendants' request to delay trial by five months. (ECF Nos. 93, 126–27.) Although the *pro se* Defendants attached undisclosed documents to their motion, *pro se* Defendants have yet to disclose the documents to all parties. Plaintiffs are in a position to analyze and investigate these new documents with only a few months until trial, without the ability to conduct further discovery related to the documents. The Court should not reward the *pro se* Defendants' tardiness by permitting these documents to be admitted at trial. *See Sender v. Mann*, 225 F.R.D. 645, 657 (D. Colo. 2004) ("To suggest that sanctions are not appropriate simply because the trial court can

4

provide a further extension of time or delay the trial would effectively reward Sender's non-compliance.").

Finally, the *pro se* Defendants' good faith is dubious, evidenced by their disregard of the discovery deadline and the Court's refusal to reopen discovery. (ECF Nos. 95, 125.) The *pro se* Defendants contend that they were not aware of the documents earlier because they "were not representing themselves during the period of discovery." (ECF No. 138.) But the fact that one appears *pro se* "does not relieve [them] from the obligation to comply with all applicable rules of this Court." *Colorado v. Carter*, 678 F. Supp. 1484, 1490 (D. Colo. 1986). And they were, by their own admission, represented throughout the discovery period by counsel, who actively participated in discovery on behalf of their clients. Indeed, if parties could relieve themselves of discovery deadlines by firing their counsel, there would be a perverse incentive to suddenly appear *pro se* and frustrate courts' timetables. The Court should avoid this development by prohibiting the *pro se* Defendants from utilizing any undisclosed or untimely disclosed documents, or from calling any undisclosed witnesses.

## CONCLUSION

For the aforementioned reasons, Plaintiffs respectfully request that this Court grant Plaintiffs' Motion *in Limine* to exclude all evidence yet to be disclosed or disclosed after the discovery deadline by the *pro se* Defendants.

Dated: May 31, 2024                    LATHROP GPM LLP


                                       By /s/ Kristin Stock
                                       Casey Breese (#51448)
                                       Casey.breese@lathropgpm.com
                                       Jean Paul Bradshaw
                                       Jeanpaul.bradshaw@lathropgpm.com
                                       Kristin Stock
                                       Kristin.Stock@lathropgpm.com
                                       Brian A. Dillon
                                       Brian.dillon@lathropgpm.com
                                       Amy Erickson (#54710)
                                       Amy.erickson@lathropgpm.com
                                       1515 Wynkoop Street, Suite 600
                                       Denver, CO 80202
                                       Telephone: (720) 931-3200

                                       Courtney Hostetler
                                       chostetler@freespeechforpeople.org
                                       John Bonifaz
                                       jbonifaz@freespeechforpeople.org
                                       Ben Clements
                                       bclements@freespeechforpeople.org
                                       Amira Marcella Mattar
                                       amira@freespeechforpeople.org
                                       FREE SPEECH FOR PEOPLE
                                       1320 Centre Street, Suite 405
                                       Newton, MA 02459
                                       Telephone: (617) 249-3015

                                       *Attorneys for Plaintiffs Colorado Montana Wyoming State Area Conference of the NAACP, League of Women Voters of Colorado, and Mi Familia Vota*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been electronically served through ECF this 31st day of May 2024 to all counsel of record and *pro se* parties.

By */s/ Kristin Stock*