# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-00581

Colorado Montana Wyoming
State Area Conference of the NAACP,
League of Women Voters of Colorado, and
Mi Familia Vota,

    Plaintiff(s),

v.

United States Election Integrity Plan, Shawn Smith,
Ashley Epp, and Holly Kasun.

    Defendant(s).

---

**PRO SE DEFENDANT KASUN'S FIRST MOTION IN LIMINE TO EXCLUDE CERTAIN EVIDENCE AND ADMIT CERTAIN EVIDENCE**

---

Pro se Defendant Kasun respectfully submits this Motion in Limine and hereby moves that the Court enter an Order:

1. Excluding any testimony, and deposition transcript and/or excerpts from all parties and witnesses on the topic of January 6th. (Fed. R. Evid. 401, 403).

2. Excluding USEIP's deposition including testimony, the transcript, and excerpts of USEIP (30(b)(6), (Fed. R. Civ. P. 30(b)(6)), (Fed. R. Evid. 403).

3. Excluding any testimony, deposition transcripts, and/or news articles on the topic of guns, carrying guns, and/or brandishing weapons. (Fed. R. Evid. 401, 403).

4. Excluding testimony on the topic of race and racism. (Fed. R. Evid. 401, 403).

5. Admitting into evidence the unredacted version of the redacted emails Plaintiffs disclosed during discovery from the CO SecState (COSOS0000002-10) pursuant to (Fed. R. Evid. 106).

6. Admitting Tara Menza as Defendants' witness including all relevant communications between Menza and Plaintiff Beth Hendrix per the Court's Oral Order (ECF 127).

7. Admitting Plaintiffs' evidence "Safety Plan" (LWVCO0000112) aka "Document 112" also on Plaintiffs' exhibit list (ECF 95) per the Court's Oral Order (ECF 127).

## FACTUAL BACKGROUND

Plaintiffs' complaint alleges Defendants USEIP, Ms. Kasun, Ms. Epp and Mr. Smith engaged in voter intimidation under Section 11(b) of the Voting Rights Act of 1965 and 42 USC § 1985(3).

In January 2023, the Court dismissed Defendant USEIP from these proceedings, in its ruling on Defendants' Motion for Summary Judgement, "the Tenth Circuit in *Lippoldt* noted that common law 'essentially held that unincorporated associations lacked the capacity to sue or be sued' (ECF 84 p. 15). Ms. Kasun is now an individual pro se Defendant in these proceedings along with Ms. Epp and Mr. Smith. In Plaintiffs' pleadings, there are broad factual allegations of voter intimidation levied against "USEIP." These allegations were made under the assumption that USEIP met the legal criteria to be considered an organization. In its ruling, the Court found USEIP *does not* meet the legal criteria to be considered an official organization[1].

---

[1] Hidden Lake Dev. Co. v. Dist. Ct. In & For Adams Cnty., 183 Colo. 168, 515 P.2d 632, 635 (Colo. 1973) and Johnson v. Chilcott, 599 F. Supp. 224 (D. Colo. 1984) for the proposition that an unincorporated association must have, inter alia, bylaws, a stated purpose, and officers in order to exist.

Throughout these proceedings it remains an undisputed fact that Ms. Kasun has never canvassed in Colorado. This means she never engaged with a single voter by going into their neighborhood(s), approaching their home(s), or knocking on their door(s) for any reason including as a USEIP canvassing volunteer.

## ARGUMENT

*1. The Court should exclude any news articles, testimony, deposition transcripts and/or excerpts, from all parties and witnesses on the topic of January 6th.*

Any testimony on the topic of January 6th is irrelevant to the claims of voter intimidation in this case. Evidence is only relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) is of consequence to the action (Fed. R. Evid. 401). Further, raising the topic of January 6th in any way at trial would be unfairly prejudicial to the Defendants and offer no probative value to the fact finder (Fed. R. Evid. 403) therefore, the Court should exclude it.

1a. Given Defendants have separate counsel and two are pro se, the Court has directed Defendants as a group to be cognizant of submitting cumulative evidence and submitting repetitious arguments. In respecting the Court's direction, time, and resources Defendant Kasun supports the exclusion of any news articles for any reason including "not for the fact of the matter asserted" or for "context" as argued in both Defendant Smith's and Pro Se Epp's Motions in Limine (ECF 99)(ECF 140).

*2. The Court should exclude the deposition of USEIP provided under FRCP 30(b)(6); including testimony, the deposition transcript and deposition excerpts.*

Plaintiffs requested USEIP's 30(b)(6) deposition be conducted within a few days prior to the close of discovery. At that time, Plaintiffs assumption was that USEIP met

the legal requirements of being an organization, and therefore was obligated to comply with FRCP 30(b)(6) requirements. Prior to the 30(b)(6) deposition, Defendants raised the issue with their former counsel, stating their position that USEIP did not qualify as an organization based on the fact that it is a free association of people; lacking inter alia, an organizational structure, bylaws, a stated purpose, and officers; therefore, raising material issues about whether USEIP could be deposed under FRCP30(b)(6). Former counsel advised Ms. Kasun to comply with Plaintiffs' 30(b)(6) deposition request and testify as an officer, director, and/or manager of USEIP, which she did.

After USEIP's 30(b)(6) deposition had been completed, the Court resolved the question of USEIP's legal status as an organization. The Court determined that USEIP *did not* meet the legal criteria to be an organization and was dismissed as a defendant in the case (ECF 84 p.16).

The Court's ruling solidifies the fact that USEIP fails to meet the criteria to be deposed as an organization under FRCP 30(b)(6) "The named organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify... The persons designated must testify about information known or reasonably available to the organization." While Pro se Defendant Kasun complied with Plaintiffs' 30(b)(6) deposition request, she was put in an untenable position having to testify as an officer, director, or managing agent when she held no such position because no such role(s) existed in USEIP given the Court has deemed it a non-existent organization; therefore, the Court should exclude USEIP's 30(b)(6) deposition and any relating testimony.

2a. During their duty to confer communication, prior to the Motion in Limine submission deadline, Plaintiffs stated they would not offer USEIP's 30(b)(6) deposition as substantiative evidence.  Given USEIP's deposition was given in violation of FRCP 30(b)(6) based on the Court's ruling as we now know; admitting USEIP's deposition at trial would also be materially prejudicial to all Defendants, especially pro se Defendant Kasun, far outweighing its probative value to the fact finder per (Fed. R. Evid. 403).

2b.  Excluding USEIP's 30(b)(6) deposition would help the factfinder in trial.  Each of the Defendants and their witness has a specific domain expertise pertaining to USEIP.  The USEIP deposition covered an array of topics best suited to be addressed by individual Defendants and witnesses who have domain expertise and first-hand knowledge of the questions covered in USEIP's 30(b)(6).  Plaintiffs can direct any questions asked in USEIP's 30(b)(6) to the Defendant or witness who can best address the topics at hand at trial.  Excluding USEIP's deposition will assist the factfinder with clarity, efficiency, would not sacrifice any potential probative value, and does not prejudice Plaintiffs given they can address any topics from USEIP's 30(b)(6) in trial.

*3. The Court should exclude any testimony and/or unverified news articles on the overall topic of guns (weapons), carrying guns, brandishing guns, open carrying guns, and/or being armed or deploying armed agents.*

Plaintiffs' pleading makes an array of allegations pertaining to Defendants being armed, carrying guns, brandishing weapons etc. during canvassing.  Plaintiffs and their witnesses have not produced any evidence or testified to any first-hand knowledge of seeing any guns, weapons or of Defendants being armed, brandishing weapons etc.

Given Defendant Kasun never canvassed, it's factually impossible that she could have carried any weapons, brandished a gun, or engaged in any type of being armed during USEIP's canvassing efforts.  This fact makes any testimony irrelevant given the lack of Plaintiffs' overall factual evidence on the topic of guns and being armed, first-hand knowledge, and Kasun never having canvassed (Fed. R. Evid. 401).  To admit the overall unsubstantiated and inflammatory topic of guns and being armed at trial is unfairly prejudicial especially to Defendant Kasun and her Co-defendants under (Fed. R. Evid. 403).  therefore the Court should exclude any testimony and raising the topic of arms/guns at trial.

*4. The Court should exclude any testimony on the topic of race and racism.*

Neither Section 11(b) of the VRA 1965, or 42 USC § 1985(3) requires Plaintiffs to prove racial animus to prevail on their claims in these proceedings.  Therefore, any testimony on the topic of race and racism is irrelevant to the claims in this case pursuant to (Fed. R. Evid.  401(b)).  *the fact is of consequence in determining the action*.

By excluding the topics of race and racism, the Court protects against the danger of unfair prejudice, given raising these topics at trial provide no probative function in proving or defending Section 11(b) VRA 1965 and 42 USC § 1985(3) claims (Fed. R. Evid. 403).

*5. The Court should admit the official unredacted versions of redacted emails Plaintiffs disclosed during discovery.*

During discovery, Plaintiffs disclosed approximately twelve (12) pages of heavily redacted email communications between the CO DOS, the DOJ, CO AG's Office, the FBI, and Mesa County DA's Office pertaining to the investigation of voter intimidation

claims in Mesa County Colorado (Plaintiffs exhibits COSOS0000002-10). During the hearing on January 23, 2024 (ECF 125) Pro se Defendants Kasun and Epp confirmed with Plaintiffs the redactions on the emails originated with the SecState's Office and not Plaintiffs. Pro se Defendant Kasun made an open records request (CORA) and received the unredacted version of the official communications between SecState's Office and the various law enforcement bodies. In this situation, the rule of completeness, (Fed. R. Evid. 106) applies given the official unredacted version of the emails provides materially relevant context to Plaintiffs' disclosed exhibits.

The unredacted version of the emails are easily authenticated and provide materially relevant information to this case. The emails explain how the SecState's Office received complaints from voters in Mesa County, how the SecState handled the complaints including Yvette Roberts' (Plaintiffs' only non-party fact witness), how law enforcement investigated, and the results of those official investigations. The FBI, DOJ, COAG, and Mesa County DA, Sherriff, and Police found no evidence of voter intimidation, any mention of USEIP, or Defendants Smith, Kasun, and Epp. For the reasons stated above, the Court should admit the unredacted version of Plaintiffs redacted evidentiary documents.

## **CONCLUSION**

Pro se Defendant Kasun respectfully submits this motion and asks the Court to enter an order consistent with the Federal Rules of Evidence and Federal Rules of Civil Procedure as outlined above.

*s/ Holly Kasun*
Holly Kasun Pro Se Defendant
hollyataltitude@protonmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2024 I electronically filed the foregoing **FIRST MOTION IN LIMINE TO EXCLUDE CERTAIN EVIDENCE AND ADMIT CERTAIN EVIDENCE** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- Amy Elizabeth Erickson
- amy.erickson@lathropgpm.com, claudia.neal@lathropgpm.com

- Ben Clements
- bclements@freespeechforpeople.org

- Brian Andrew Dillon
- brian.dillon@lathropgpm.com, kristina.procai@lathropgpm.com

- Casey Carlton Breese
- casey.breese@lathropgpm.com, brandi.pruett@lathropgpm.com, cheyenne.serrano@lathropgpm.com

- Courtney Marie Hostetler
- chostetler@freespeechforpeople.org

- Jean Paul Bradshaw , II
- jeanpaul.bradshaw@lathropgpm.com

- John C. Bonifaz
- jbonifaz@freespeechforpeople.org

- Amira Marcella

- Kristin M. Stock
- kristin.stock@lathropgpm.com, lois.siljander@lathropgpm.com

- Zeyen Julian Wu
- zeyen.wu@usdoj.gov, annette.dolce@usdoj.gov

- Ashley Epp
- asheinamerica@protonmail.com

- Jessica Hays
- Jessica@reischlawfirm.com

- Scott Reisch
- Scott@Reischlawfirm.com

*s/ Holly Kasun*
Holly Kasun Pro Se Defendant
hollyataltitude@protonmail.com