# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-00581-CNS-NRN

Colorado Montana Wyoming
State Area Conference of the NAACP,
League of Women Voters of Colorado, and
Mi Familia Vota

      Plaintiff(s)

v.

United States Election Integrity Plan,
Shawn Smith, Ashley Epp,
and Holly Kasun

      Defendant(s)

---

## ASHLEY EPP'S PRO SE RESPONSE TO PLAINTIFFS' MOTION IN LIMINE

---

Pro Se Defendant Ashley Epp hereby responds to Plaintiffs' Motion in Limine requesting that the court exclude all evidence produced after the close of discovery on December 2, 2022. Plaintiffs' motion is prejudicial to the Defendant, and granting the requested relief explicitly obstructs the fact finder's ability to determine the truth of the matter asserted. The Defendant asks the court to admit all relevant evidence.

## **ARGUMENT**

Plaintiffs reference the December 2, 2022 discovery deadline as the evidentiary line in the sand, but the court has already relied upon evidence that Plaintiffs produced after the close of discovery in this case. On December 22, 2022, 20 days after the close of discovery, Ms. Roberts

signed her sworn declaration, and on December 23, 2022, counsel for Plaintiffs filed the declaration with the court. (ECF No. 73) On January 31, 2023, the court cited this declaration as a genuine dispute of material facts. *"Yvette Roberts, a registered Colorado voter and resident of Grand Junction, Colorado, submitted a declaration stating that she felt intimidated by the members of USEIP who visited her home after the 2020 election. (ECF No. 73, p. 3). Ms. Roberts states that a man and a woman affiliated with USEIP came to her home and asked invasive questions… Accordingly, there is a genuine dispute as to any material facts and the issue should be left to the factfinder."* (ECF No. 84 at 12) The Defendant denies that these allegations implicate the defense in any way.

The Defense was unable to pursue discovery on Ms. Roberts' December 22, 2022 allegations, because she did not make those allegations until after discovery had closed on December 2, 2022. The truth of Ms. Roberts' encounter, and whether it implicates the defendants is, per the court's January 31, 2023 order, the critical matter to be left to the fact finder in this case. For that reason, excluding the investigative record of Ms. Roberts' encounter – in which local, state, and federal government entities extensively investigated, found no evidence of a crime, and never mentioned the defendants – obstructs the fact finder's ability to assess the whole truth. Worse, excluding this evidence prejudices the Defendants with unnecessary ambiguity.

Further, the Defendant questions why the truth of Ms. Roberts' encounter wasn't produced by the Plaintiffs in the first place. Following the court's decision denying Ms. Kasun a limited reopening of discovery to depose Ms. Roberts, in an effort to understand the truth of the matter with Ms. Roberts' encounter, the Pro Se Defendants sought to clarify the record through open records of the local jurisdiction. The fact that Ms. Roberts' encounter was investigated is not new information; in fact, the redacted documents produced by Plaintiffs confirm that five government entities across local, state and federal jurisdictions investigated Ms. Roberts' complaint. The

unredacted emails – literally, the truth of the matter of Ms. Roberts' encounter – were produced without delay by the Mesa County DA's Office, with no redactions. These documents show that the government were "unable to prove any crime" and, more importantly, that neither USEIP nor the named Defendants were mentioned a single time during the investigative back and forth across government entities.

It is unclear whether Plaintiffs made any good faith effort to determine whether Ms. Roberts' encounter implicated the defendants. Defendant Epp is not seeking to include these documents to introduce a new set of facts or witnesses, to prejudice the Plaintiffs, or to confuse the court. On the contrary, these unredacted emails clarify the ambiguity introduced by Plaintiffs' redacted emails and, as a result, provide immeasurable value to the fact finder in determining the truth of the matter asserted by Ms. Roberts and the Plaintiffs.

Finally, Plaintiffs' allegations that the Defendants' "good faith is dubious" are unwarranted and offensive. Plaintiffs have made egregious allegations against the defendants, including attaching the Defendants' names to the Ku Klux Klan publicly and before this court, which has resulted in specific and concrete harm to the Defendants. In contrast, the Defendants have engaged in these proceedings in good faith since the complaint was filed, have complied with all discovery requests, and were candid and forthcoming in their depositions.

## CONCLUSION

For the foregoing reasons, Defendant Epp respectfully requests that the Court deny Plaintiffs' Motion to exclude relevant evidence and admit all relevant evidence.

*/s/ Ashley Epp*

_____

Dated: June 6, 2024

Ashley Epp

asheinamerica@protonmail.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been electronically served through ECF this 6th day of June 2024, to all counsel of record.

*/s/Ashley Epp*

_____

Ashley Epp
asheinamerica@protonmail.com