IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-00581-CNS-NRN

Colorado Montana Wyoming
State Area Conference of the NAACP,
League of Women Voters of Colorado, and
Mi Familia Vota,

    Plaintiffs,

v.

United States Election Integrity Plan, Shawn Smith,
Ashley Epp, and Holly Kasun,

    Defendants.

## PLAINTIFFS' RESPONSE TO *PRO SE* DEFENDANT HOLLY KASUN'S MOTION *IN LIMINE* (ECF NO. 142)

### INTRODUCTION

*Pro se* Defendant Holly Kasun filed a Motion *in Limine* seeking to exclude: (1) evidence related to the capital insurrection on January 6, 2021; (2) the deposition transcript of United States Election Integrity Plan (USEIP); (3) evidence related to guns and weapons; and (4) evidence regarding race or racism.[1] Her arguments for exclusion are without merit and should be denied. The challenged evidence is admissible, is relevant to Plaintiffs' claims, and its probative value is not outweighed by unfair prejudice. Defendant Kasun also seeks to admit evidence discovered

---

[1] Defendant Kasun also states that she "supports the exclusion of any news articles for any reason . . . as argued in both Defendant Smith's and *Pro Se* Epp's Motions in Limine." To the extent that the Court interprets their statement as an affirmative request to exclude unidentified news articles, Plaintiffs rely on and hereby incorporate their responses to Defendant Epp and Defendant Smith's motions.

after the close of discovery that was never disclosed to Plaintiffs. Such evidence is inadmissible and should be excluded at trial.

## ARGUMENT

I. **Evidence Concerning the January 6 Capitol Riot is Relevant and Not Unfairly Prejudicial.**

The Defendants in this case are accused of carrying out a campaign of intimidating voters in violation of the Voting Rights Act and Ku Klux Klan Act of 1871. Plaintiffs will introduce evidence at trial to demonstrate that—following the 2020 Presidential Election—Defendants founded USEIP and developed and implemented a plan to send USEIP agents to voters' homes in multiple Colorado counties. During this door-to-door campaign, USEIP agents demanded to know if Coloradans participated in the 2020 election, pressed them for information about how they cast their ballots, and interrogated them about supposed fraudulent ballots. The plan is unquestionably directly related to the January 6, 2021 riots at the U.S. Capitol due to the Defendants' involvement in the events of January 6.

On January 6, 2021, one mile from the U.S. Capitol, President Donald Trump gave a speech in which he—like Defendants—claimed that the 2020 election results were fraudulent and called on Vice President Mike Pence to overturn the 2020 election by refusing to certify certain electoral votes.[2] Thereafter President Trump's supporters descended on the Capitol, where they ransacked and destroyed government property, caused members of Congress to evacuate the Capitol, and assaulted and killed members of law enforcement.[3] Defendants admit that they were there that day, and since that time they have continued to claim—through their door-to-door campaign and otherwise—that the 2020 election results were fraudulent and that violence is an appropriate and

---

[2] https://apnews.com/article/election-2020-joe-biden-donald-trump-capitol-siege-media-e79eb5164613d6718e9f4502eb471f27.

[3] https://www.history.com/this-day-in-history/january-6-capitol-riot.

2

necessary response to election results and to individual election officials and voters with whom they disagree.

Relevant evidence is inherently prejudicial; however, only *unfair* prejudice, which *substantially* outweighs the probative value of the evidence, permits its exclusion. *United States v. Pettigrew*, 468 F.3d 626, 638 (10th Cir. 2006) (quoting *United States v. Sides*, 944 F.2d 1554, 1563 (10th Cir. 1991)). Moreover, in a bench trial, a court should generally not exclude relevant evidence due to unfair prejudice. *United States v. Kienlen*, 349 F. App'x 349, 351 (10th Cir. 2009) (first citing *Gulf States Utils. Co. v. Ecodyne Corp.*, 635 F.2d 517, 519 (5th Cir. 1981); and then citing *Schultz v. Butcher*, 24 F.3d 626, 632 (4th Cir. 1994)). After all, "Rule 403 has no application to bench trials," as it "assumes a trial judge is able to discern and weigh the improper inferences that a jury might draw from certain evidence." *Ecodyne*, 635 F.2d at 519. The Court is well suited to hear the evidence and give it the weight it deserves.

Defendants' presence at the U.S. Capitol on January 6, 2021, along with the parallels between the beliefs of the Capitol rioters and Defendants, as the founders of USEIP, is unquestionably relevant to: whether Defendants: (1) intimidated, threatened or coerced, or attempted to intimidate threaten or coerce, another person in connection with voting, attempting to vote, or urging or aiding another to vote in violation of the Voting Rights Act, 52 U.S.C. § 10307(b); and/or (2) conspired to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy to a candidate for national office under the Ku Klux Klan Act, 42 U.S.C. § 1985(3). Accordingly, evidence of the January 6 Capitol riots and Defendants' participation in the riots should not be excluded.

**II.     USEIP's Deposition May Be Used for Impeachment Purposes.**

Defendant Kasun seeks to exclude the transcript of deposition testimony she provided in her capacity as USEIP's corporate representative.[4] As Defendant Kasun indicates, Plaintiffs do not intend to offer the deposition transcript as substantive evidence. Rather, Plaintiffs may seek to use the sworn testimony to impeach Defendant Kasun if she testifies at trial in a manner inconsistent with her deposition. This is unquestionably permissible under Federal Rule of Civil Procedure 32(a)(3), which provides: "An adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4)." Defendant Kasun was designated as USEIP's corporate representative for the purposes of testifying at the 30(b)(6) deposition of USEIP, and while USEIP has been dismissed as a party, that does not mean that Defendant Kasun's sworn testimony may no longer be used to impeach her. Accordingly, the Court should deny the request to exclude evidence of Defendant Kasun's testimony as the corporate representative.

**III.    Evidence Related to Guns or Weapons is Not Unfairly Prejudicial.**

Defendant Kasun contends that any evidence related to the "overall topic of guns (weapons)" should be prohibited at trial. She asserts that Plaintiffs have not produced any evidence about weapons or guns, and Defendant Kasun did not canvass so any evidence related to guns or weapons are not relevant to her. (ECF No. 142 at 5-6.) Both arguments are without merit. USEIP agents on Basecamp—the project management software used by Defendants to coordinate

---

[4] Plaintiffs disagree with Defendant Kasun's contention that the 30(b)(6) deposition of USEIP was improper or violated the Federal Rules of Civil Procedure. Contrary to Defendant Kasun's contention that this Court "deemed [USEIP] a non-existent organization," by Defendant's own admission USEIP is an unincorporated association. This Court determined only that USEIP, as an unincorporated association, could not be considered a "person" under 52 U.S.C. § 10307(b) or 42 U.S.C. § 1985(3). Unincorporated associations, however, can be sued and deposed pursuant to Fed. R. Civ. P. 30(b)(6). *See also* Fed. R. Civ. P. 17(b).

4

USEIP's canvassing efforts—specifically organized teams around weapons by pairing up agents who carried weapons with those who did not. And it is related to the Defendants' use of violent rhetoric in public speeches and writings, including in the USEIP Playbook. This evidence is relevant to understanding how intimidating its door-to-door campaign was and why the ongoing threat of renewed door-to-door campaigns will intimidate voters in the upcoming and in future elections. The evidence bears directly on whether Defendants conspired to or in fact intimidated voters in violation of federal law. Therefore, Plaintiffs should be permitted to elicit testimony concerning the carrying of weapons during the canvassing efforts orchestrated by Defendants.

Defendant Kasun's argument that any evidence of firearms or other weapons does not pertain to her because she never canvassed is similarly without merit. Defendant Kasun played a direct role in developing, orchestrating, and coordinating the campaign of intimidation, and she conspired with the other Defendants to intimidate voters.

The evidence related to weapons or guns is not, as Defendant Kasun contends, unfairly prejudicial under Federal Rule of Evidence 403. Rule 403 provides the Court discretion to exclude relevant evidence only "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Exclusion of evidence under Rule 403 "that is otherwise admissible . . . is an extraordinary remedy and should be used sparingly," *United States v. Smalls*, 605 F.3d 765, 787 (10th Cir. 2010) (quoting *United States v. Tan*, 254 F.3d 1204, 1211 (10th Cir. 2001)). In fact, as set forth above, Rule 403 is generally inapplicable in a bench trial. *Ecodyne*, 635 F.2d at 519

Here, Defendant Kasun fails to articulate how the evidence she seeks to exclude would be *unfairly* prejudicial or why Rule 403 should be invoked in the present case. *See Pettigrew*, 468

5

F.3d at 638 (10th Cir. 2006) (quoting *Sides*, 944 F.2d at1563) ("Relevant evidence is inherently prejudicial; but it is only *unfair* prejudice, *substantially* outweighing probative value, which permits exclusion of relevant matter . . . ."). There is no basis to bar Plaintiffs from presenting evidence at trial related to guns or weapons because such evidence is relevant to Plaintiffs' claims of voter intimidation and is not unfairly prejudicial to Defendants.

**IV.     Evidence Regarding Race or Racism Is Relevant And Not Unfairly Prejudicial.**

Defendant Kasun has no basis for attempting to exclude testimony pertaining to race and racism pursuant to Fed. R. Evid. 401(b). Though she asserts that such testimony is irrelevant, she fails to identify any specific statements or evidence for exclusion. Rather, Defendant Kasun seeks generally to exclude any reference to the broad issues of "race" or "racism." There is no basis to bar reference to these broad topics without reference to specific evidence or testimony.

Plaintiffs do not need to establish that the Defendants acted with racial animus to prove their claims. But the issue of race and racism is squarely relevant to whether voters were intimidated by the Defendants' conduct and the canvassing efforts that they orchestrated. Race is a central consideration when examining the history of voter intimidation and suppression, and Plaintiffs' claims seek relief under statutes that were created to prevent the intimidation of all voters, but particularly voters of color. Race is also relevant to whether a Colorado voter felt intimidated by the canvassing efforts at issue in this case. As previously discussed, relevant evidence is inherently prejudicial; but only *unfair* prejudice, which *substantially* outweighs the probative value of the evidence, permits its exclusion. *Pettigrew*, 468 F.3d at 638 (quoting. *Sides*, 944 F.2d at 1563). Any alleged unfair prejudice that may arise from evidence concerning race or racial animus is far outweighed by the probative value of such evidence. Therefore, exclusion is unwarranted.

6

**V.    Documents That Have Not Been Disclosed Are Inadmissible.**

Defendant Kasun seeks to admit documents that she claims are unredacted versions of emails that Plaintiffs produced during discovery, and she does so without having ever properly disclosed these purported documents to Plaintiffs. While at least some of the documents appear to have been attached to prior motions filed by Defendant Kasun, they were never produced to Plaintiffs, or have not been specifically identified in connection with her motion *in limine.* Plaintiffs have never even had an opportunity to review the documents Defendant Kasun seeks to admit through this motion, including to compare them to the documents Plaintiffs procured and produced to Defendants during the discovery period, while they were represented by counsel. Plaintiffs reiterate that the redactions were made by state agencies when responding to a public records request by Plaintiffs; that Plaintiffs have never seen the unredacted version of these documents; and that Plaintiffs properly disclosed these documents during the regular course of discovery in the form in which Plaintiffs received them from the state agencies.

Defendant Kasun also admits that the unredacted documents were procured after the hearing on January 23, 2024 during which the Court specifically ordered that discovery was closed and further discovery would not be permitted. As more fully set forth in Plaintiffs' Motion *in Limine*, which is incorporated herein by reference and seeks to exclude any documents obtained after the close of discovery, undisclosed evidence cannot be used at trial unless the failed disclosure is substantially justified or harmless. *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). Here, the introduction of documents obtained after the close of discovery and were never produced to Plaintiffs is neither substantially justified, nor harmless. Plaintiffs, having had no opportunity to review the purportedly unredacted documents in Defendant Kasun's possession, or conduct discovery to determine the reliability or authenticity of

7

these documents, would be substantially harmed by their inclusion in trial. Defendant Kasun's request to admit any such documents should be denied.

## VI. In the Alternative, the Evidentiary Issues Raised in Defendant Epp's *Motion in Limine* Are More Appropriately Addressed at Trial.

Motions in limine are "not recognized by either the Federal Rules of Civil Procedure nor the Federal Rules of Evidence," but rather are "generally recognized as a procedural tool necessary to facilitate the efficient administration of justice." *Grand Canyon Trust v. Public Serv. Co. of New Mexico*, 294 F. Supp. 2d 1246, 1247 (D.N.M. 2009). A motion in limine may "give[] a court the chance to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Cline*, 188 F. Supp. 2d at 1291 (quoting *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)). However, "a court is almost always better situated during the actual trial to assess the value and utility of evidence. The better practice is to wait until trial to rule on objections when admissibility substantially depends upon what facts may be developed there." *Id.* This is particularly true here, where the case is schedule for a bench trial and not jury trial. *See United States v. Lynch*, Case No. CR-21-151-D, 2022 WL 17408001 (W.D. Ok. Dec. 2, 2022) ("The rationale underlying pre-trial motions in limine does not apply in a bench trial, where it is presumed the judge will disregard inadmissible evidence and rely only on competent evidence."). Defendant Kasun's arguments for exclusion are meritless and should be denied or, in the alternative, a ruling on Defendants' objections to the evidence that Plaintiffs seek to admit is better reserved for trial at which time the Court will have the benefit of full factual context.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny *Pro Se* Defendant Holly Kasun's Motion *in Limine*.

Dated: June 7, 2024

LATHROP GPM LLP

By */s/ Amy Erickson*
Casey Breese (#51448)
Casey.breese@lathropgpm.com
Jean Paul Bradshaw
Jeanpaul.bradshaw@lathropgpm.com
Kristin Stock
Kristin.Stock@lathropgpm.com
Brian A. Dillon
Brian.dillon@lathropgpm.com
Amy Erickson (#54710)
Amy.erickson@lathropgpm.com
1515 Wynkoop Street, Suite 600
Denver, CO 80202
Telephone: (720) 931-3200

Courtney Hostetler
chostetler@freespeechforpeople.org
John Bonifaz
jbonifaz@freespeechforpeople.org
Ben Clements
bclements@freespeechforpeople.org
Amira Marcella Mattar
amira@freespeechforpeople.org
FREE SPEECH FOR PEOPLE
48 N. Pleasant St.
Amherst, MA 01002
Telephone: (617) 249-3015

*Attorneys for Plaintiffs Colorado Montana Wyoming State Area Conference of the NAACP, League of Women Voters of Colorado, and Mi Familia Vota*

9

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been electronically served through ECF this 7th day of June 2024 to all counsel of record and *pro se* parties.

By */s/ Amy Erickson*

63943005v2