IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-00581-CNS-NRN

Colorado Montana Wyoming
State Area Conference of the NAACP,
League of Women Voters of Colorado, and
Mi Familia Vota,

    Plaintiffs,

v.

United States Election Integrity Plan, Shawn Smith,
Ashley Epp, and Holly Kasun,

    Defendants.

**PLAINTIFFS' RESPONSE TO *PRO SE* DEFENDANT
ASHLEY EPP'S MOTION *IN LIMINE* (ECF NO. 140)**

## INTRODUCTION

*Pro Se* Defendant Ashley Epp filed a Motion in Limine seeking to exclude: (1) news articles concerning USEIP's canvassing activities; and (2) evidence of Defendants' participation in the January 6, 2021 insurrection. Defendant Epp also seeks to admit "evidence discovered after the close of discovery." As set forth in greater detail below, the news articles and evidence of Defendants' participation in the January 6 insurrection are neither hearsay nor unfairly prejudicial and are, therefore, admissible. Conversely, evidence discovered after the close of discovery is inadmissible and should be excluded.

63936204v2

## ARGUMENT

**I.    The News Articles Regarding USEIP'S Activities Are Neither Hearsay Nor Unfairly Prejudicial.**

As more fully set forth in Plaintiffs' Response to Defendant Shawn Smith's Motion in Limine (ECF No. 109), which is incorporated herein by reference, the news articles are not hearsay. Plaintiffs do not seek to introduce the newspaper articles for the truth of the matter asserted. Rather, Plaintiffs seek to introduce the articles to demonstrate that Defendants' unlawful voter intimidation campaign and plans for its expansion were widely covered in the Colorado and national media after *Defendants* and other USEIP agents publicly promoted USEIP's activities. Stated differently, the evidence presented at trial will demonstrate that by publicizing the door-to-door campaign that Defendants developed, oversaw, and implemented, Defendants' door-to-door campaign *by design* reached an even wider audience than the voters who were contacted at their doorsteps. *See Faulkner v. Super Valu Stores, Inc.*, 3 F.3d 1419, 1434 (10th Cir. 1993) (citing *United States v. Lambinus*, 747 F.2d. 592, 597 (10th Cir. 1984), *cert. denied*, 471 U.S. 1067 (1985)) ("Statements offered for the effect on the listener, however, are generally not hearsay."); *White Communications, LLC v. Synergies3 Tec Services*, LLC, 4 F.4th 606, 613 (8th Cir. 2021) ("It is well settled that a statement offered to show its effect on the listener is not hearsay, and to explain the declarant's subsequent actions or statement of mind."). The result was to intimidate a broader population of voters, who now know that by voting, they risk USEIP agents showing up at their doorstep. Because the news articles are not being offered to prove the truth of the matter asserted, they do not constitute inadmissible hearsay.

The news articles are also not unfairly prejudicial under Fed. R. Ev. 403. (ECF No. 140 at 3.) Although Defendant Epp does not specifically describe which articles she believes are unfairly prejudicial or why she believes any such articles are unfairly prejudicial, she seems to suggest that

2

the Court should distinguish the articles published before Plaintiffs filed this action from the articles published after Plaintiffs filed this action. But none of the articles—no matter their publication date—are unfairly prejudicial.

Under Fed. R. Evid. 403, the Court has discretion to exclude relevant evidence only "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Exclusion of evidence under Rule 403 "that is otherwise admissible . . . is an extraordinary remedy and should be used sparingly." *United States v. Smalls*, 605 F.3d 765, 787 (10th Cir. 2010) (quoting *United States v. Tan*, 254 F.3d 1204, 1211 (10th Cir. 2001)). "Relevant evidence is inherently prejudicial; but it is only *unfair* prejudice, *substantially* outweighing probative value, which permits exclusion of relevant matter . . . ." *United States v. Pettigrew*, 468 F.3d 626, 638 (10th Cir. 2006) (quoting *United States v. Sides*, 944 F.2d 1554, 1563 (10th Cir. 1991)). Moreover, in a bench trial, a court should not exclude relevant evidence due to unfair prejudice. *United States v. Kienlen*, 349 F. App'x 349, 351 (10th Cir. 2009) (first citing *Gulf States Utils. Co. v. Ecodyne Corp.*, 635 F.2d 517, 519 (5th Cir. 1981); and then citing *Schultz v. Butcher*, 24 F.3d 626, 632 (4th Cir. 1994)). After all, "Rule 403 has no application to bench trials," as it "assumes a trial judge is able to discern and weigh the improper inferences that a jury might draw from certain evidence." *Ecodyne*, 635 F.2d at 519. The Court is well suited to hear the evidence and give it the weight it deserves.

The articles and videos at issue are relevant because they demonstrate the extent to which Defendants' door-to-door campaign was widely reported in the media and provided Plaintiffs' members and communities with ample reason to be afraid that voting in the future would make them vulnerable to intimidation and threats in their own homes. Defendant Epp and her co-

3

defendants *themselves* discussed, endorsed, and publicized these same activities through speeches, writing, and USEIP documents, which Plaintiffs will offer as part of its case at trial. Defendants should not be permitted to publicize their own actions, resulting in media coverage, and then later claim that coverage of their own activities is prejudicial.

## II. Evidence of Defendants' Participation in the January 6 Capitol Riot Is Not Unfairly Prejudicial.

The Defendants in this case are accused of carrying out a campaign of intimidating voters in violation of the Voting Rights Act and Ku Klux Klan Act of 1871. Plaintiffs will introduce evidence at trial to demonstrate that—following the 2020 Presidential Election—Defendants founded USEIP and developed and implemented a plan to send USEIP agents to voters' homes across Colorado. During this door-to-door campaign, USEIP agents demanded to know if Coloradans participated in the 2020 election, pressed them for information about how they cast their ballots, and interrogated them about supposed fraudulent ballots. The plan that was hatched is unquestionably directly related to the January 6, 2021 riots at the U.S. Capitol due to the Defendants' involvement in the events of January 6.

On January 6, 2021, one mile from the U.S. Capitol, President Donald Trump gave a speech in which he—like Defendants—claimed that the 2020 election results were fraudulent and called on Vice President Mike Pence to overturn the 2020 election by refusing to certify certain electoral votes.[1] Thereafter President Trump's supporters descended on the Capitol, where they ransacked and destroyed government property, caused members of Congress to evacuate the Capitol, and assaulted and killed members of law enforcement.[2] Defendants admit that they were there that day, and since that time they have continued in the spirit of the January 6 riots to claim—through their

---

[1] https://apnews.com/article/election-2020-joe-biden-donald-trump-capitol-siege-media-e79eb5164613d6718e9f4502eb471f27.

[2] https://www.history.com/this-day-in-history/january-6-capitol-riot.

63936204v2

door-to-door campaign and otherwise—that the 2020 election results were fraudulent and that violence is an appropriate and necessary response to election results and to individual election officials and voters with whom they disagree.[3]

As set forth above, relevant evidence is inherently prejudicial; however, only *unfair* prejudice, which *substantially* outweighs the probative value of the evidence permits its exclusion. *United States v. Pettigrew*, 468 F.3d 626, 638 (10th Cir. 2006) (quoting *United States v. Sides*, 944 F.2d 1554, 1563 (10th Cir. 1991)). And, generally speaking, the balance should be resolved in favor of admission. *United States v. Dennis*, 625 F.2d 782, 797 (8th Cir. 1980) (citing *United States v. Day*, F.2d 861, 878 (D.C. Cir. 1978) (citing C. McCormick, Ev. 453 N. 55 (2ed 1972)).

Defendants' presence at the U.S. Capitol on January 6, 2021, along with the parallels between the beliefs of the Capitol rioters and Defendants, as the founders of USEIP, is unquestionably relevant to whether Defendants: (1) intimidated, threatened or coerced, or attempted to intimidate threaten or coerce, another person in connection with voting, attempting to vote, or urging or aiding another to vote in violation of the Voting Rights Act, 52 U.S.C. § 10307(b); and/or (2) conspired to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy to a candidate for national office under the Ku Klux Klan Act, 42 U.S.C. § 1985(3).

### III. Evidence that Defendants Failed to Discover and Disclose During the Discovery Period Is Not Admissible at Trial.

Preliminarily, this Court has already ruled that Ms. Menza may be offered as a witness at trial, and that Defendants may also offer: (1) the referenced email between Ms. Menza and Ms.

---

[3] Contrary to Defendant Epp's contention that the January 6 Capitol riot occurred "months before USEIP was ever conceived," USEIP's own website confirms that USEIP was established on November 7, 2020, before the January 6 Capitol riot. *See* https://useip.org/about/.

5

Hendrix; and (2) the League of Women Voters of Colorado Safety Plan (LWVCO0000112). Plaintiffs do not challenge the Court's Order (ECF No. 125), but reserve their right to object to the evidence as permitted by the Federal Rules of Evidence.

In regard to the remaining documents Defendant Epp seeks to admit through her motion *in limine*, to date, these documents have never been formally disclosed to Plaintiffs. Although at least some of the documents appear to have been attached to prior motions filed by Defendant Epp, they have not been specifically identified in her motion *in limine* such that Plaintiffs can ascertain—by Bates number or otherwise—the precise documents Defendant Epp seeks to admit.

In addition, as more fully set forth in Plaintiffs Motion *in Limine*, which is incorporated herein by reference, deadlines set forth in scheduling orders "are not merely aspirational." *King v. Rozek Co.*, No. 11-CV-01685-CMA-MJW, 2012 WL 5409787, at *2 (D. Colo. Nov. 5, 2012) (citing *Young v. City of Palm Bay*, 358 F.3d 859, 864 (11th Cir. 2004)). And undisclosed evidence cannot be used in a motion or at trial unless the failed disclosure is substantially justified or harmless. *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). The Court has broad discretion to make this determination. *Id.* (quoting *Mid-America Tablewares, Inc. v. Mogi Trading Co.*, 100 F.3d 1353, 1363 (7th Cir. 1996)). Here, the Court has already held that Defendants cannot rely on documents or witnesses at trial that they failed to discover or disclose during the discovery period. (ECF No. 125.) To allow Defendants to do so would prejudice Plaintiffs who have not ability to conduct their own investigation regarding the documents in question.

**IV.    In the Alternative, the Evidentiary Issues Raised in Defendant Epp's *Motion in Limine* Are More Appropriately Addressed at Trial.**

Motions in limine are "not recognized by either the Federal Rules of Civil Procedure nor the Federal Rules of Evidence," but rather are "generally recognized as a procedural tool necessary

6

to facilitate the efficient administration of justice." *Grand Canyon Trust v. Public Serv. Co. of New Mexico*, 294 F. Supp. 2d 1246, 1247 (D.N.M. 2009). A motion in limine may "give[] a court the chance to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Cline*, 188 F. Supp. 2d at 1291 (quoting *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)). However, "a court is almost always better situated during the actual trial to assess the value and utility of evidence. The better practice is to wait until trial to rule on objections when admissibility substantially depends upon what facts may be developed there." *Id.* This is particularly true here, where the case is scheduled for a bench trial and not jury trial. *See United States v. Lynch*, Case No. CR-21-151-D, 2022 WL 17408001 (W.D. Ok. Dec. 2, 2022) ("The rationale underlying pre-trial motions in limine does not apply in a bench trial, where it is presumed the judge will disregard inadmissible evidence and rely only on competent evidence."). Defendant Epp's arguments for exclusion are meritless and should be denied or, in the alternative, a ruling on Defendants' objections to the evidence that Plaintiffs seek to admit is better reserved for trial at which time the Court will have the benefit of full factual context.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an Order denying Pro Se Defendant Ashley Epp's Motion *in Limine*.

| | |
|---|---|
| Dated: June 7, 2024 | LATHROP GPM LLP |

By /s/ Amy Erickson
Casey Breese (#51448)
Casey.breese@lathropgpm.com
Jean Paul Bradshaw
Jeanpaul.bradshaw@lathropgpm.com
Kristin Stock
Kristin.Stock@lathropgpm.com
Brian A. Dillon
Brian.dillon@lathropgpm.com
Amy Erickson (#54710)
Amy.erickson@lathropgpm.com
1515 Wynkoop Street, Suite 600
Denver, CO 80202
Telephone: (720) 931-3200

Courtney Hostetler
chostetler@freespeechforpeople.org
John Bonifaz
jbonifaz@freespeechforpeople.org
Ben Clements
bclements@freespeechforpeople.org
Amira Marcella Mattar
amira@freespeechforpeople.org
FREE SPEECH FOR PEOPLE
48 N. Pleasant St.
Amherst, MA 01002
Telephone: (617) 249-3015

*Attorneys for Plaintiffs Colorado Montana Wyoming State Area Conference of the NAACP, League of Women Voters of Colorado, and Mi Familia Vota*

8

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been electronically served through ECF this 7th day of June 2024 to all counsel of record and *pro se* parties.

By */s/ Amy Erickson*