.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:22-cv-00581-CNS-NRN

COLORADO MONTANA WYOMING STATE AREA
CONFERENCE OF THE NAACP,
LEAGUE OF WOMEN VOTERS OF COLORADO, and
MI FAMILIA VOTA,

    Plaintiffs,

v.

SHAWN SMITH,
ASHLEY EPP, and
HOLLY KASUN,

    Defendants.

# ORDER

There are six motions pending before the Court:

(1)   Defendant Shawn Smith's Motion in Limine, ECF No. 99;

(2)   Pro Se Defendants' Emergency Motion for Sanctions for Failure to Disclose Under Federal Rule of Civil Procedure 26 Pursuant to Rule 37, ECF No. 128;

(3)   Pro Se Defendants' Counterclaim for Abuse of Process, ECF No. 134;

(4)   Ashley Epp's Pro Se Motion in Limine, ECF No. 140;

(5)   Plaintiffs' Motion in Limine, ECF No. 141; and

(6)   Pro Se Defendant Kasun's First Motion in Limine to Exclude Certain Evidence and Admit Certain Evidence, ECF No. 142.

1

For the reasons below, the Court DENIES the first three motions and GRANTS in part and DENIES in part the last three motions.

## I. SUMMARY FOR PRO SE DEFENDANTS

The Court is denying both of your pretrial motions. The Court finds that your motion for discovery sanctions is extremely untimely. Discovery closed in this case on December 2, 2022. The appropriate time to challenge Plaintiffs' discovery conduct was at that time or shortly thereafter. You waited for well over a year to file your motion for sanctions. The Court explains in more detail below why it is denying this motion.

For the abuse of process counterclaim motion, the Court is also denying that motion as untimely. The Court construes that motion as a motion to reconsider its previous order dismissing your abuse of process counterclaim. That order was entered well over a year ago. With trial just five weeks away, it is too late to reassert that counterclaim—even if you had grounds to do so.

With respect to your motions in limine, the Court is granting those in part and denying them in part. As explained below, the Court will not exclude the challenged evidence as unfairly prejudicial. Because this matter is set for a bench trial, the Court can discern what evidence is relevant, and it is able to ignore irrelevant evidence and evidence that may border on unfairly prejudicial. The Court also will not allow you to introduce evidence that you have never produced to Plaintiffs, but it will adhere to the rule of completeness. The Court outlines the appropriate legal standards and then explains the rationale for its rulings below.

## II. BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs are civil- and voting-rights organizations that have filed this civil action against Defendants, alleging voter intimidation in violation of Section 11(b) of the Voting Rights Act of 1965, 52 U.S.C. § 10307(b), and the Ku Klux Klan Act, 42 U.S.C. § 1985(3). ECF No. 1 (Compl.), ¶¶ 39–51.

On April 4, 2022, Defendants moved to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1), which Chief Judge Brimmer denied on April 28, 2022. ECF No. 39. Then on June 2, 2022, Plaintiffs moved to dismiss Defendants' counterclaims for defamation and abuse of process pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 49. The Court granted that motion and dismissed each of Defendants' counterclaims with prejudice. ECF Nos. 81, 87. For the defamation claim, the Court found that there was no dispute that the allegedly defamatory statements on which Defendants' counterclaim was based were made in Plaintiffs' complaint. *Id.* at 4. Therefore, even if such statements were defamatory (an issue the Court did not reach), they were protected by absolute privilege. *Id.* For the abuse of process claim, the Court found that Defendants did not allege facts to show that Plaintiffs have used the judicial system improperly and therefore dismissed that counterclaim as well. *Id.* at 5–6.

Defendants also moved for judgment on the pleadings and summary judgment under Federal Rules of Civil Procedure 12(c) and 56. ECF Nos. 54, 70. The Court denied the motion for judgment on the pleadings, but it granted in part the motion for summary judgment, dismissing Defendant United States Election Integrity Plan (USEIP), an unincorporated association, from this lawsuit. ECF No. 84.

Discovery closed in this matter on December 2, 2022. ECF No. 61 at 5. A five-day bench trial is set to commence on July 15, 2024. ECF No. 127.

### III.    LEGAL STANDARD

#### A.    Motions in Limine

Motions in limine enable the court "to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Michael v. Rocky Mountain Festivals, Inc.*, No. 1:16-CV-02969-SKC, 2019 WL 10011881, at *1 (D. Colo. July 19, 2019) (citation omitted). However, such rulings are often better left until trial when the Court can assess the question and evidence presented. *Vanderheyden v. State Farm Mut. Auto. Ins. Co.*, No. 20-CV-03182-CMA-MEH, 2022 WL 4131439, at *2 (D. Colo. Sept. 12, 2022). The movant has the burden of establishing that the "evidence is inadmissible on any relevant ground." *Pinon Sun Condo. Ass'n, Inc. v. Atain Specialty Ins. Co.*, No. 17-CV-01595-CMA-NRN, 2020 WL 1452166, at *3 (D. Colo. Mar. 25, 2020) (citation omitted); *see also Hawthorne Partners v. AT & T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) ("Unless evidence meets this high standard [of clearly inadmissible], evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context.").

#### B.    Pro Se Litigants

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). "The

*Haines* rule applies to all proceedings involving a pro se litigant." *Id.* at 1110 n.3. The Court, however, will not serve as a pro se litigant's advocate, *see Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008), and the Court will hold a pro se litigant to the "same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)).

## IV. ANALYSIS

### A. Defendant Smith's Motion in Limine (ECF No. 99)

Defendant Smith seeks to exclude certain political opinion articles discussing voter canvasing activities. ECF No. 99 at 2. Defendant Smith argues that statements in these articles constitute inadmissible hearsay statements, and their admission would be unduly prejudicial. *Id.* (citing Federal Rules of Evidence 802 and 403). Plaintiffs oppose this motion for several reasons. First, they argue that Plaintiffs will not admit the exhibits for the truth of the matter asserted; instead, Plaintiffs said they intend to offer some of these exhibits for the effect on the listener. ECF No. 109 at 2–3. Second, some of the exhibits Defendants seek to exclude contain statements by party opponents, which are not hearsay at all. *Id.* at 4–5. Third, Plaintiffs argue that none of the exhibits are unduly prejudicial, especially in a bench trial. *Id.* at 5–7. And fourth, part of Defendant Smith's motion is moot because Plaintiffs do not seek to introduce some of the exhibits identified in the motion. *Id.* at 7.

#### 1. Rule 802

At this time, the Court will deny Defendant Smith's motion in limine. Plaintiffs have represented to the Court that they will not seek to admit the challenged exhibits for the

truth of the matter asserted in the articles, recordings, and videos. ECF No. 109 at 2–3. During the bench trial, the Court will be better situated to determine the purpose for which Plaintiffs seek to use the challenged exhibits. *See Sandoval v. Unum Life Ins. Co. of Am.*, No. 17-CV-0644-WJM-KMT, 2018 WL 4257318, at *2 (D. Colo. Sept. 6, 2018) ("While a motion *in limine* may save time during trial, a court is almost always better situated during the actual trial to assess the value and utility of evidence." (citation and quotations omitted)).

The same is true for whether the exhibits contain statements by party opponents. If the statements Plaintiffs wish to introduce truly are statements by one of the Defendants, the Court will not exclude those statements as hearsay. *See* Fed. R. Evid. 801(d)(2). If there are authenticity challenges, the Court will make those rulings at trial. Of course, nothing in this order prevents Defendants from raising hearsay objections at the trial, but the Court will not exclude any exhibits on this ground prior to trial.

    1.    Rule 403

The Court also will not exclude the challenged exhibits as unduly prejudicial. The Court has already explained that the "Tenth Circuit has held that, in a bench trial, it is improper to exclude evidence under Rule 403 on the grounds that it is unfairly prejudicial." *Colorado Montana Wyoming State Area Conf. of NAACP v. United States Election Integrity Plan*, No. 122CV00581-CNS-NRN, 2023 WL 3865720, at *4 (D. Colo. June 7, 2023) (citing *United States v. Kienlen*, 349 F. App'x 349, 351 (10th Cir. 2009)).

Accordingly, Defendant Smith's motion in limine is denied without prejudice.

### B.     Pro Se Defendants' Motion for Sanctions (ECF No. 128)

In their motion in limine, pro se Defendants argue that Plaintiffs' discovery responses were deficient and thus warrant the extreme sanction of dismissal of two Plaintiffs, Colorado Montana Wyoming State Area Conference of the NAACP (NAACP CO) and Mi Familia Vota (MFV), the award of attorney fees in the amount of $216,989, and a Court order requiring Plaintiffs to "immediately turn over all missing discovery records." ECF No. 128 at 13–15.

To start, the Court finds Defendants' motion untimely. Discovery closed on December 2, 2022, ECF No. 61, yet Defendants waited until February 27, 2024, to file their instant motion. The Court notes that pro se Defendants were represented by counsel until January 2, 2024—13 months after close of discovery. ECF Nos. 97, 98. During that time, Defendants never moved to compel production of documents or otherwise seek Court intervention. "A party cannot ignore available discovery remedies for months and then, on the eve of trial, move the court for an order compelling production." *Buttler v. Benson*, 193 F.R.D. 664, 666 (D. Colo. 2000). This alone is grounds for denial.

The discovery Defendants move to compel are documents evidencing Plaintiffs' diversion of resources. *See* ECF No. 128 at 2–3. Plaintiffs counter that Defendants are not entitled to these documents under Federal Rule of Civil Procedure 26(a) because these documents do not support any "claim or defense." ECF No. 129 at 9 (quoting Fed. R. Civ. P. 26(a)(1)(A)(ii) which requires a party to provide to the other "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and

7

may use to support its claims or defenses, unless the use would be solely for impeachment"). Rather, Plaintiffs argue that the diversion of resources merely shows that they suffered a cognizable harm sufficient to establish Article III standing. *Id.* at 9 n.7. The Court need not reach the merits of Plaintiffs' argument because Defendants had fair warning from this case's inception that Plaintiffs complained of diversion losses.

In particular, Plaintiffs alleged in their complaint that they "diverted time and other resources from its civic engagement and election support programs in order to address Defendants' voter intimidation campaign." ECF No. 1, ¶¶ 13–15. Representatives for each Plaintiff then submitted affidavits detailing their diversion of resources losses. S*ee* ECF Nos. 8–10 (filed same day as Plaintiffs filed their complaint).[1]

Later in the case, representatives of each organization testified at their depositions as to the diversion losses. ECF No. 129 at 10. And in written discovery, Defendants asked the following interrogatory to all three Plaintiffs:

> Identify and describe in detail the activities You have undertaken to actively monitor the "intimidation and related safety concerns" described in Paragraph 36 of the Complaint in this action. Specifically address personnel and financial resources that have been shifted as a result of the activities of USEIP.

ECF No. 229 at 5 (quoting ECF No. 130-2). Plaintiffs state that they "responded fully to the interrogatory." *Id.* Defendants, in conclusory fashion, argue that Plaintiffs' responses

---

[1] For example, the Executive Director of Plaintiff League of Women Voters of Colorado (LWVCO) stated in a sworn declaration that "USEIP's activities also materially damage LWVCO's mission by forcing LWVCO to divert resources away from its core functions and toward activities that combat disinformation disseiminated [sic] and voter intimidation caused by USEIP." ECF No. 8, ¶ 11.

8

were "insufficient," but they make no attempt to show how or why. ECF No. 133 at 8. Even so, the deadline to compel a more thorough interrogatory response has long passed.

Critically, Plaintiffs state that Defendants failed to serve any document requests seeking to obtain documents establishing diversion losses. ECF No. 129 at 9. In fact, Defendants only served three requests for production of documents in this entire case, none of which arguably sought documents related to Plaintiffs' diversion losses.[2] Defendants could have, but chose not to, seek documents related to these alleged losses. It is too late to move to compel documents (especially documents never requested), and any perceived prejudice to Defendants is their own making.

Having failed to show any sanctionable conduct on behalf of Plaintiffs, Defendants' motion—including their request for attorney fees and dismissal of NAACP CO and MFV—is denied without prejudice.[3]

---

[2] Defendants requested the following documents from each Plaintiff:

> (1) Any and all correspondence, internal or external, related to the activities of USEIP and their alleged employees, agents, or volunteers.
>
> (2) Any and all emails, text messages, phone call logs, or other documentation pertaining to communication between You and any and all persons or entities regarding the subject matter of this lawsuit.
>
> (3) Any and all reports generated from complaints related to the activities of USEIP.

ECF No. 130-2.

[3] Like Defendant Smith's motion in limine, the Court is denying this motion without prejudice. That means Defendants are permitted their raise their objections again during the bench trial should Plaintiffs seek to introduce additional exhibits or elicit testimony not specifically challenged in pro se Defendants' motions.

### C.    Pro Se Defendants' Counterclaim for Abuse of Process (ECF No. 134)

As noted, on January 23, 2023, the Court dismissed with prejudice Defendants' counterclaim for abuse of process. ECF Nos. 81, 87. Defendants now appear to seek reconsideration of that order, arguing that "Defendants received new evidence through government open records requests that, when considered with the totality of the record, confirm Plaintiffs' abuses of the legal process in bringing this litigation and throughout these proceedings." ECF No. 134 at 1. But Defendants' motion goes much further—they ask the Court to consider the merits of their dismissed counterclaim. *See, e.g.*, *id.* at 19 (asking the Court to "[d]etermine whether Plaintiffs, after realizing their claims were without factual support at multiple points in over two years of these proceedings, continued to pursue this litigation to continue enjoying financial and reputational benefits at the expense of the Defendants").

Defendants' motion is untimely and must be denied. First, motions for reconsideration "must generally be filed within 28 days after the challenged order is issued." *Interstate Med. Licensure Compact Comm'n v. Bowling*, No. 20-CV-02942-CMA-NYW, 2021 WL 6197282, at *2 (D. Colo. Dec. 30, 2021). Defendants' motion misses that deadline by a mile.

Second, there are three main grounds that justify reconsideration: "(1) an intervening change in controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Defendants argue that the second ground

compels reconsideration. But even by their own words, the purported new evidence is nothing more than additional reasons why they believe their abuse of process counterclaim has merits. ECF No. 138 at 5 ("The new evidence supports Defendants' Counterclaim, but the claim does not rely upon the new evidence. Rather, *the new evidence is further confirmation* of Defendants' long asserted fact that Plaintiffs' complaint is devoid of factual support and intended for improper purposes – and that this litigation has and continues to harm the Defendants."). A motion to reconsider, however, even if timely, must do more than rehash a party's former arguments already rejected by the Court. Thus, the purported new evidence does not compel reconsideration.

Third, granting the motion and permitting Defendants to proceed with their counterclaim would further delay trial. The abuse of process counterclaim has been dismissed with prejudice for well over a year, and discovery has long been closed. The parties are fully engaged in their final trial preparations, and the Court will not inject a new counterclaim in the eleventh hour.

Accordingly, pro se Defendants' motion is denied with prejudice.

**D.     Ashley Epp's Pro Se Motion in Limine (ECF No. 140)**

Defendant Epp moves to exclude certain exhibits Plaintiffs intend to admit at trial under Federal Rules of Evidence 802 and 403. Defendant Epp first targets the same news articles Defendant Smith seeks to exclude in his motion in limine. For the reasons stated above, the Court will not exclude those exhibits prior to the bench trial under Rules 802 or 403.

Defendant Epp then moves to exclude references to Defendants' presence at the United States Capitol on January 6, 2021. She argues that January 6 is irrelevant and unfairly prejudicial because the riot occurred months before USEIP conceived the idea of voter canvassing. ECF No. 140 at 3–4. Plaintiffs counter by arguing that they will introduce evidence at trial to demonstrate that, following the 2020 Presidential Election—Defendants founded USEIP and developed and implemented a plan to send USEIP agents to voters' homes across Colorado. ECF No. 149 at 4.

As to relevance, the Court finds that this evidence clearly meets the "low bar" for relevant evidence. *United States v. Riggs*, 2024 WL 2873897, at *11 (10th Cir. June 7, 2024) ("Relevance is a low bar."). As to prejudice, Defendant Epp's argument misses the mark. Relevant evidence is almost always prejudicial; the test is whether it is unfairly prejudicial. *See United States v. Naranjo*, 710 F.2d 1465, 1469 (10th Cir. 1983) ("Relevant evidence is inherently prejudicial; but it is only *unfair* prejudice, *substantially* outweighing probative value, which permits exclusion of relevant matter under Rule 403." (citation and quotations omitted)). The topic of January 6 does not rise to the level of unfair prejudice. This is especially true in a bench trial. *See Kienlen*, 349 F. App'x at 351 ("Other circuits have held, and we agree, that excluding evidence in a bench trial under Rule 403's weighing of probative value against prejudice [is] improper." (citation and quotation marks omitted)).

Finally, Defendant Epp asks to admit certain exhibits prior to trial. *See* ECF No. 140 at 5–6 (moving for admission of eight sets of documents and one witness).[4] Defendant Epp states that these exhibits are "highly relevant evidence" that have not "previously produced or disclosed." *Id.* at 5. In response, Plaintiffs confirm that these documents have never been formally produced to Plaintiffs. ECF No. 149 at 6. As the Court previously ruled at the January 23, 2024 hearing concerning the reopening of discovery, the Court will not admit documents at trial that have never been produced or disclosed to the other side, as that plainly would be prejudicial. With that guidance in mind, the Court will address individual exhibits on a document-by-document basis at trial to determine whether the document was properly and timely produced.

There is one set of documents, however, that are merely unredacted versions of redacted emails produced by Plaintiffs in this case. For these documents, the Court will adhere to the rule of completeness. If either party attempts to introduce at trial redacted documents, the Court will allow the opposing party the opportunity to introduce the unredacted version (i.e., the complete version) of the document. *See Echo Acceptance Corp. v. Household Retail Servs., Inc.*, 267 F.3d 1068, 1089–90 (10th Cir. 2001) ("The rule of completeness provides that 'the opponent, *against whom a part of an utterance has been put in,* may in his turn complement it by putting in the remainder, in order to secure for the tribunal a complete understanding of the total tenor and effect of the

---

[4] The sole witness Defendant Epp moves to admit is Tara Menza. ECF No. 140 at 5. According to Defendant Epp, Ms. Menza is a current LWCVO Board Member and an associate of USEIP who was "engaged in canvassing and was canvassed." *Id.* The Court has already ruled that Ms. Menza will be allowed to testify. ECF No. 125 at 2. Defendant Epp also seeks to admit "The Safety Plan," identified by Bates number LWVCO0000112. *Id.* The Court also previously ruled that this document may be admitted at trial. *Id.* The Court therefore denies these requests as moot.

13

utterance.'" (quoting *Beech Aircraft Corp. v. Rainey,* 488 U.S. 153, 171 (1988) (citation omitted, emphasis added))); *see also* Fed. R. Evid. 106 ("If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part — or any other statement — that in fairness ought to be considered at the same time.").

Accordingly, Defendant Epp's motion in limine is granted in part and denied in part without prejudice.

### E. Plaintiffs' Motion in Limine (ECF No. 141)

Plaintiffs move to exclude evidence yet to be disclosed or disclosed after the discovery deadline by the pro se Defendants. ECF No. 141 at 1. They focus on the "new evidence" pro se Defendants filed in support of their effort to resuscitate their abuse of process counterclaim. *See* ECF No. 134 at 8–12. Defendant Epp and Defendant Kasun each filed opposition briefs. ECF Nos. 146, 147.

Defendant Epp's opposition addresses Yvette Roberts only. ECF No. 146 at 1–3. She argues that Defendants were unable to pursue discovery on Ms. Roberts until after the close of discovery because they did not know the content of her sworn declaration until 20 days after the close of discovery.[5] But critically, Plaintiffs disclosed Ms. Roberts in their amended Rule 26(a)(1) disclosures prior to the close of discovery. ECF No. 128-

---

[5] As the Court explained in its January 31, 2023 order, Yvette Roberts is a registered Colorado voter and resident of Grand Junction, Colorado. ECF No. 84 at 12. She submitted a declaration stating that she felt intimidated by the members of USEIP who visited her home after the 2020 election. *Id.* Ms. Roberts stated that a man and a woman affiliated with USEIP came to her home and asked invasive questions, told her that they had voting information from the state of Colorado, and they wanted to know (1) how she had voted in the last election, (2) who in the household is a citizen, and (3) whether she was the only voter in her household. *Id.* Ms. Roberts lodged a complaint with the Office of the Colorado Secretary of State. *Id.*

3 at 5.[6] Pro se Defendants—who were represented by counsel until January 2, 2024—apparently took no steps to obtain discovery related to Ms. Roberts. Thus, Defendants' contention that they were unable to pursue discovery on Ms. Roberts until after discovery had closed is unavailing. ECF No. 146 at 2.

Defendant Kasun's brief opposition also appears to be aimed solely at Ms. Roberts. ECF No. 147. She argues that Defendants should be allowed to introduce recently obtained unredacted versions of emails Plaintiffs disclosed in discovery. ECF No. 147 at 2.[7]

As stated above, the Court will not admit documents at trial that have never been produced or disclosed to the other side and will rule on specific objections on a document-by-document basis at trial. However, when applicable, the Court will adhere to the rule of completeness for any redacted documents.[8] *See Echo Acceptance*, 267 F.3d at 1089–90 (10th Cir. 2001); *see also* Fed. R. Evid. 106.

Accordingly, Plaintiffs' motion in limine is granted in part and denied in part without prejudice.

---

[6] The Court acknowledges that Ms. Roberts was not included in Plaintiffs' initial disclosures, but Plaintiffs added her and others to their amended Rule 26(a)(1) disclosures dated November 10, 2022—approximately three weeks before close of discovery.

[7] The Court understands that the unredacted emails Defendants wish to admit are emails Plaintiffs received from the Office of the Colorado of Secretary of State. At the January 23, 2024 hearing, Plaintiffs' counsel confirmed that the initial redactions were not made by Plaintiffs; rather, the redactions were made by the Secretary of State and produced to Plaintiffs in that manner.

[8] The Court agrees with Defendants that Plaintiffs' motion in limine is overly vague. They make no reference to unredacted documents and fail to address any specific exhibits even though their primary target appears to be the unredacted emails referenced throughout this order. By hiding the ball, Plaintiffs make no argument that the rule of completeness or Federal Rule of Evidence 106 do not apply here.

### F. Pro Se Defendant Kasun's First Motion in Limine to Exclude Certain Evidence and Admit Certain Evidence (ECF No. 142)

Defendant Kasun's motion in limine can be grouped into three requests. First, she moves to exclude under Federal Rules of Evidence 401 and 403 any evidence concerning (a) the January 6, 2021 capitol riots; (b) guns, carrying guns, or brandishing firearms; and (c) race and racism. Second, she moves to exclude under Rule 403 any testimonial evidence from USEIP's Federal Rule of Civil Procedure 30(b)(6) deposition. Third, she moves to admit under Federal Rule of Evidence 106 the unredacted versions of the redacted emails Plaintiffs disclosed during discovery from the Colorado Secretary of State.[9] The Court addresses each request in turn.

The Court has already ruled that the topic of January 6 meets the low bar for relevant evidence. *See Riggs*, 2024 WL 2873897, at *11 ("Relevance is a low bar."). And because this is a bench trial, any Rule 403 concerns are severely diminished. *Kienlen*, 349 F. App'x at 351. The same reasoning applies to the topics of firearms and race or racism. Plaintiffs have sufficiently justified the relevance of these topics, *see* ECF No. 148 at 4–6, and the Court agrees. Again, relevance is not a high hurdle. Defendant's request is denied.

The Court also denies Defendant Kasun's request to exclude under Rule 403 her testimonial evidence she provided as USEIP's Rule 30(b)(6) deponent. Although the Court dismissed USEIP as party after finding that USEIP, as an unincorporated

---

[9] Like Defendant Epp, Defendant Kasun also moves to admit Tara Menza as a witness and Plaintiffs' "Safety Plan," identified by Bates number LWVCO0000112. ECF No. 142 at 2. As explained above, the Court has already ruled that Ms. Menza will be allowed to testify and that the "Safety Plan" document may be admitted at trial. *Id.* The Court therefore denies these requests as moot.

association, could not be considered a "person" under 52 U.S.C. § 10307(b) or 42 U.S.C. § 1985(3), *see* ECF No. 84, that does not mean that Plaintiffs may not use Defendant Kasun's sworn deposition testimony to impeach her.[10] *See* Fed. R. Civ. P. 32(a).

Finally, Defendant Kasun argues that the rule of completeness requires the Court to admit the unredacted versions of the redacted emails Plaintiffs disclosed during discovery from the Colorado Secretary of State. ECF No. 142 at 6–7. Plaintiffs ignore the rule of completeness argument entirely and instead reiterate their argument that documents that Defendants failed to produce are inadmissible. ECF No. 148 at 7–8. As explained above, the Court will not admit documents at trial that have never been produced or disclosed to the other side, but with respect to redacted documents, the Court will adhere to the rule of completeness and will admit the unredacted emails if Plaintiffs seeks admission of the redacted emails. *Echo Acceptance*, 267 F.3d at 1089–90; *see also* Fed. R. Evid. 106.

Accordingly, Defendant Kasun's motion in limine is granted in part and denied in part without prejudice.

## V.   CONCLUSION

Consistent with the foregoing analysis, the Court ORDERS:

(1) Defendant Shawn Smith's Motion in Limine, ECF No. 99, is DENIED;

(2) Pro Se Defendants' Emergency Motion for Sanctions for Failure to Disclose Under Federal Rule of Civil Procedure 26 Pursuant to Rule 37, ECF No. 128, is DENIED;

---

[10] Plaintiffs confirmed in their response that they do not intend to offer the Rule 30(b)(6) deposition testimony as substantive evidence. ECF No. 148 at 4.

(3) Pro Se Defendants' Counterclaim for Abuse of Process, ECF No. 134, is DENIED;

(4) Ashley Epp's Pro Se Motion in Limine, ECF No. 140, is GRANTED in part and DENIED in part;

(5) Plaintiffs' Motion in Limine, ECF No. 141, is GRANTED in part and DENIED in part; and

(6) Pro Se Defendant Kasun's First Motion in Limine to Exclude Certain Evidence and Admit Certain Evidence, ECF No. 142, is GRANTED in part and DENIED in part.

DATED this 11th day of June 2024.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge