**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:22-cv-00581-CNS-NRN

Colorado Montana Wyoming
State Area Conference of the NAACP,
League of Women Voters of Colorado, and
Mi Familia Vota,

        Plaintiffs,

v.

United States Election Integrity Plan, Shawn Smith,
Ashley Epp, and Holly Kasun,

        Defendants.

---

## MOTION TO STRIKE

---

Plaintiffs Colorado Montana Wyoming State Area Conference of the NAACP, League of

Women Voters of Colorado, and Mi Familia Vota ("Plaintiffs") respectfully move the Court for

an order striking certain witnesses identified on Defendant Holly Kasun's witness list (ECF No.

167) that were not disclosed pursuant to the Federal Rule of Civil Procedure 26.[1]

### INTRODUCTION

This matter was previously set for trial in February of 2024. In January of 2024, Ms. Kasun

filed a motion to continue (ECF No. 104), notifying the Court that she had discharged her counsel

and was seeking a 60-day continuation of trial to find new counsel and conduct further discovery.

The Court granted the motion to continue and set a status conference for January 23, 2024. (ECF

---

[1] Plaintiffs' counsel contacted Ms. Kasun's counsel to meet and confer pursuant to D.C. Colo.
Local Rule 7.1(a). Ms. Kasun's opposes the motion.

No. 122.) On January 22, Ms. Kasun filed a Notice of Intent to File a Motion for Leave to Reopen Limited Discovery (ECF No. 124). Despite the fact that the discovery period had closed, Ms. Kasun asked the Court to allow her to conduct additional discovery, including regarding undisclosed fact witnesses and to allow her to conduct three additional depositions.

At the status conference, the Court denied the motion to reopen discovery. (ECF No. 126.) In doing so, the Court specifically advised the parties that no additional discovery was to be conducted. With one exception,[2] the Court also advised the parties that they would not be permitted to call witnesses at trial that had not been disclosed pursuant to Fed. R. Civ. P. 26(a)(1).

On June 14, 2024, Ms. Kasun filed a witness list that identified at least 48 witnesses. (ECF No. 156.) At the pretrial conference on June 21, the Court instructed Ms. Kasun to file an amended witness list eliminating witnesses that she did not plan to call. On June 28, Ms. Kasun filed a witness list identifying 39 witnesses, 21 of which were never disclosed pursuant to Fed. R. Civ. P. 26(a)(1) (or otherwise). Ms. Kasun should not be permitted to call 21 witnesses that she failed to disclose in discovery, which has left Plaintiffs without the opportunity to depose these individuals or otherwise conduct discovery as to their relevant knowledge. As such, Plaintiffs respectfully request that their motion to strike these 21 witnesses from Ms. Kasun's witness list be granted.

## ARGUMENT

Federal Rule of Civil Procedure 26(a)(1) requires a party to identify "each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment."

---

[2] The Court determined that the Defendants would be permitted to call Tara Menza, given her contacts with League of Women Voters of Colorado, and specifically advised that the Court considered her disclosed at the time of the hearing pursuant to Fed. R. Civ. P. 26(a)(1) (ECF No. 126.)

2

Fed. R. Civ. P. 26(a)(1). "A party violates Rule 26 by failing to disclose witnesses prior to the close of discovery." *Cohen v. Pub. Serv. Co. of Colorado*, No. 13-cv-00578, 2015 WL 6446948, *2 (D. Colo Oct. 26, 2015). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c). When considering whether a failure to disclose was justified or harmless, the Tenth Circuit considers: "(1) the prejudice or surprise to the impacted party, (2) the ability to cure the prejudice, (3) the potential for trial disruption, and (4) the erring party's bad faith or willfulness." *Auraria Student Housing at the Regency, LLC v. Campus Village Apartments, LLC*, No. 10-cv-02516, 2014 WL 2933189, *2 (D. Colo. June 30, 2014) (prohibiting plaintiff from calling 13 witnesses that were not previously disclosed). Ms. Kasun bears the burden to justify her untimely disclosures under Rule 26(a)(1). *Gallegos v. Swift & Co.*, No. 04-cv-01295, 2007 WL 214416, *2 (D. Colo. Jan. 25, 2007).

On July 8, 2022, Ms. Kasun served Plaintiffs with her initial disclosures as required by Federal Rule of Civil Procedure 26. The following witnesses on Ms. Kasun's most recent witness list (ECF No. 167) were not identified in those initial disclosures: Casey Breese, Tamara Nation, Susan Gonzalez, Cory Anderson, Karen Kennedy, Amanda Carlson, Matt Bercham, Dave Roach, Mike Lindell, Karen Sheek, Jean Jamarillo, Debra McKee, Barbara Winery, James Cannon, Thomas Rossiter, Matthew Menza, Sharona Bishop, Melody Peotter, Jan Wondra, Eric Maulbetsch, and Dr. Douglas Frank. Further, of these undisclosed witnesses, the following eight witnesses did not appear on Ms. Kasun's prior witness list filed on June 14 in accordance with the

Court's pretrial deadlines: Tamara Nation, Susan Gonzalez, Thomas Rossiter, Matthew Bercham, Dave Roach, Jean Jamarillo, Barbara Winery, and James Cannon.[3]

Plaintiffs are substantially prejudiced by Ms. Kasun's failure to disclose, as they have not had any opportunity to conduct discovery of any of these individuals. If Ms. Kasun had complied with Rule 26(a), Plaintiffs could have subpoenaed these individuals for documents, deposed them, or asked the Defendants about them during discovery. Instead, on the eve of trial, Plaintiffs are left wondering who these newly-disclosed witnesses are and what information they might possess relevant to the case. This flies in the face of Rule 26(a). *Auraria Student Housing at the Regency, LLC*, No. 10-cv-02516, 2014 WL 2933189, *2 ("A key policy goal of requiring parties to keep their disclosures current is 'to avoid trial by ambush.'").

As to the second and third factors, the ability to cure the prejudice is limited. Plaintiffs oppose any delay of trial and there is not enough time to conduct any sort of discovery between now and the commencement of trial. As such, exclusion of these witnesses is the only feasible sanction to prevent the prejudice caused by the nondisclosure.

The fourth factor also favors exclusion. Ms. Kasun was represented by counsel during the entirety of the discovery period in this case and could have supplemented her disclosures at any time during the discovery period. She failed to do so and cannot now be permitted to call witnesses who were known to her during the discovery period, but not disclosed to Plaintiffs. To the extent Ms. Kasun learned of the undisclosed witnesses *after* this Court's ruling in January 2024, such discovery was in direct violation of the Court's order.

---

[3] To the extent that any of these witnesses are taking the place of a previous placeholder for a city or county representative, they have not been identified as such. Further, Plaintiffs have not been notified of Ms. Kasun's intent to serve any subpoenas.

Finally, in their motion in limine, Plaintiffs sought to prohibit Ms. Kasun from "introducing documents or calling witnesses that were not disclosed during the discovery period" out of a concern that Ms. Kasun may attempt to insert additional fact witnesses into this case at the last minute. (ECF No. 141.) Ms. Kasun has done exactly that and should not be permitted to present testimony from any undisclosed witnesses at trial in accordance with Rule 37.

## **CONCLUSION**

Ms. Kasun should not be permitted to ambush Plaintiffs by naming 21 undisclosed witnesses on the eve of trial. Ms. Kasun's failure to disclose these individuals during the discovery period substantially prejudices Plaintiffs and inhibits their ability to rebut or otherwise respond to the unknown testimony from these individuals. Ms. Kasun's failure to disclose is neither justified nor harmless. Therefore, Ms. Kasun should be prohibited from calling the 21 undisclosed witnesses at trial in accordance with Rule 37. Plaintiffs respectfully request that the Court prohibit Ms. Kasun from calling Casey Breese, Tamara Nation, Susan Gonzalez, Cory Anderson, Karen Kennedy, Amanda Carlson, Matt Bercham, Dave Roach, Mike Lindell, Karen Sheek, Jean Jamarillo, Debra McKee, Barbara Winery, James Cannon, Thomas Rossiter, Matthew Menza, Sharona Bishop, Melody Peotter, Jan Wondra, Eric Maulbetsch, and Dr. Douglas Frank at trial and strike these individuals from Ms. Kasun's witness list.

64073053v1

Dated:  July 5, 2024                    LATHROP GPM LLP

By */s/  Kristin Stock*
Casey Breese (#51448)
Casey.breese@lathropgpm.com
Jean Paul Bradshaw
Jeanpaul.bradshaw@lathropgpm.com
Kristin Stock
Kristin.Stock@lathropgpm.com
Brian A. Dillon
Brian.dillon@lathropgpm.com
Amy E. Erickson (#54710)
Amy.erickson@lathropgpm.com
80 South 8th Street, 3100 IDS Center
Telephone: (612) 632-3492

Courtney Hostetler
chostetler@freespeechforpeople.org
John Bonifaz
jbonifaz@freespeechforpeople.org
Ben Clements
bclements@freespeechforpeople.org
Amira Marcella Mattar
amira@freespeechforpeople.org
FREE SPEECH FOR PEOPLE
48 N. Pleasant St.
Amherst, MA 01002
Telephone: (617) 249-3015

*Attorneys for Plaintiffs Colorado Montana*
*Wyoming State Area Conference of the NAACP,*
*League of Women Voters of Colorado, and*
*Mi Familia Vota*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been electronically served by email this

5th day of July 2024 to all counsel of record and *pro se* parties.


By */s/ Brandi Pruett*