**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:22-cv-00581-CNS-NRN

Colorado Montana Wyoming
State Area Conference of the NAACP,
League of Women Voters of Colorado, and
Mi Familia Vota,

Plaintiffs,

v.

United States Election Integrity Plan, Shawn Smith,
Ashley Epp, and Holly Kasun,

Defendants.
_____

**Defendant Holly Kasun's Opposition to Plaintiffs' Motion to Strike Certain Witnesses**
_____

Defendant Holly Kasun hereby responds to Plaintiffs' Motion to Strike Certain Witnesses. [Dkt. 168.] Plaintiffs make much of what they believe to be the purpose of Rule 26, but they do so in error. Courts generally do not find it unduly prejudicial for a party to call witnesses at trial who were not disclosed in Rule 26 disclosures, as long as the opposing parties, like Plaintiffs here, were aware of the witnesses' identities and roles. Where Plaintiffs have known of the individuals listed in Defendant Kasun's witness list as long as anyone, and longer than Ms. Kasun's counsel themselves, there can be no prejudice to Plaintiffs. The parties should welcome a full airing of all relevant evidence, without gamesmanship that reflexively seeks to exclude relevant evidence simply because there's an argument to be made under the Federal Rules of Civil Procedure. New counsel having now had the opportunity to review the prior record, Ms. Kasun agrees

to pare her witness list to exclude those to whom the Plaintiffs object as set forth in their motion, except for the five listed below: Amanda Carlson, Karen Kennedy, Tamara Nation, Melody Peotter, and Eric Maulbetsch.

### A. INTRODUCTION

Whether to exclude a witness from testifying because a party failed to include the witness in that party's Rule 26 Disclosures is governed by Rule 37. Weighing the fair administration of justice in such instances has been examined by multiple district courts around the country. Though described in many ways, touchstone might be described as prejudice, but which might be understood as whether the party calling the witness has been secretive about the existence or relevance of the witness, accounting for the prejudice. For example, in *GeoShack Can. Co. v. Hendriks*, Case No. 3:19-cv-158 (S.D. Ohio, Dec. 21, 2021), 2021 WL 6052276 (vacated and remanded on other grounds), the court denied a motion to exclude a witness's testimony based on the fact that the witness was not disclosed in response to discovery, finding that the failure to disclose was harmless because the opposing party knew of the witness's existence and the relevance of the expected testimony. Similarly, in *Besiso v. Barnes*, No. 16-cv-9461 (RA), (S.D.N.Y. Nov. 30, 2023), 2023 WL 8279674 at *2, the court held that the failure to disclose a witness in discovery responses is generally harmless when the other party "had reason to know during the discovery period that [the witness] might have information relevant to [the] claims." Distinguishing such circumstances, the court noted that "[t]he purpose of Rule 37 is to prevent the practice of sandbagging an opposing party with new evidence." *Id*. (quoting *Preus v. Kolmar Laboratories, Inc.*, 970 F. Supp.2d 171, 175 (S.D.N.Y. 2013).

**B. STANDARD IN THE 10TH CIRCUIT AND APPLICATION HERE.**

Consistent with these more recent authorities, district courts within the 10th Circuit also generally allow such testimony if the failure to disclose was substantially justified or harmless. In deciding whether evidence should be limited or permitted, courts consider factors including (1) the prejudice or surprise to the opposing party, (2) the ability to cure any prejudice, (3) the potential for trial disruption, and (4) the erring party's bad faith or willfulness. *E.g., Woodworker's Supply, Inc. v. Principal Mut. Life. Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999); *Gutierrez v. Hackett*, 131 Fed. Appx. 621, 625-26 (10th Cir. 2005); and *Farris v. Intel Corp.*, 493 F. Supp. 2d 1174, 1178 (D.N.M. 2007) (noting "the prejudice and surprise to the Defendant was somewhat mitigated by the fact that Dr. Christensen was identified as a treating physician in the Initial Pre-Trial Report"). Unlike the non-disclosures in several of these cases, the witnesses Defendants would like to call are not experts, but are persons integrally involved in the case of whom Plaintiffs have been very well aware and in some instances have worked with Plaintiffs in compiling their case in the first place.

1. **Where Plaintiffs Have Known of All the Potential Witnesses for as Long or Longer than Defendants, There Can Be No Prejudice.**

Here, there can simply be no legitimate claim of prejudice to Plaintiffs. Indeed, unlike in any case cited by Plaintiffs, Plaintiffs' attorneys have known of the potential witnesses listed by Kasun as long as some of Defendants' attorneys – and for years longer than Kasun's newly-arrived attorneys. Many of the witnesses Ms. Kasun added to her witness list for trial had been identified in the same media reports on which Plaintiffs relied in drafting their Complaint, depositions and other discovery, and the staffing pages of county clerk and recorder websites long ago. The potential witnesses' roles were

3

described, sometimes at length, during depositions attended by Plaintiffs. Indeed, questions by Plaintiffs' counsel demonstrated Plaintiffs were familiar with these individuals and their potential significance to the case. For example,

    a. **Amanda Carlson**. She is a retired software engineer familiar with different methods of canvassing, which she compared with the method used by those affiliated with USEIP. She was a member of the League of Women Voters and engaged in communications with Beth Hendrix on the issues in this case. Her name is identified in the documents produced in discovery on one or both sides and at deposition. Her identity and significance and expected area of testimony has been known to both sides for an extended period of time.

    b. **Karen Kennedy**. She is an African-American member of the NAACP and is a participant with USEIP. She sent and received messages on the Basecamp system that USEIP used for communications among those interested in canvassing and other activities. She appears in discovery exchanged by the parties, and her identity and significance and expected testimony have been known to both sides for a long period of time.

    c. **Tamara Nations**. She is a professional trainer who provided training to persons who volunteered to canvas. She was disclosed in discovery provided by both sides. Accordingly, both sides have known her identity, significance, and expected area of testimony for a long time. She is mentioned throughout the deposition transcripts.

    d. **Melody Peotter**. She is identified repeatedly in the deposition transcripts of multiple individuals, frequently as a co-founder of USEIP. As discussed in those

4

transcripts she can provide direct testimony about USEIP's founding and purpose and distinguish it from other organizations, including but not limited to Cause for America, Mike Lindell's organization. Numerous references to her and communications involving her were provided in discovery.

e. **Eric Maulbetsch**. As is evident from the communications and article comprising the sequence of events presented in Exhibit 1, Plaintiffs have been familiar with Mr. Maulbetsch and what he might testify for a long time, before this case was filed. It appears indeed that Mr. Maulbetsch was the source for this suit, based on his communications with Ms. Hendrix.

That Defendants did not timely supplement their Rule 26 disclosures is harmless. "The failure to disclose witness information may be harmless "if the other party was well aware of the identity of the undisclosed witness and the scope of their relevant knowledge well before trial." *Wilkins v. Kmart Corp.,* 487 F.Supp.2d 1216, 1224 (D. Kan. 2007)." *TST Truck Ins., Ltd. v. First Nat'l Bank of Wamego*, No. 09-4158-SAC (D. Kan. Mar. 18, 2014), 2014-WL-1047992 at *11-12. As set out above, that is the case here for those five witness Defendants would like to reserve the chance to call. Plaintiffs were well aware of the five witnesses Defendants seek to call at trial as reflected in the deposition transcripts in this case.

2. **While There is No Prejudice to Be Cured, Plaintiffs Do Have the Same Ability to Ask the Witnesses Questions as Defendants.**

The second factor concerns the ability of the parties and courts to cure any prejudice. But where there is no prejudice – where Defendants have had no more time to prepare or depose a potential witness than Plaintiffs – this factor is of little weight. Here, Kasun's counsel know very little about each of the witnesses they listed, some out of an

5

abundance of caution. It is entirely likely, in fact, that Plaintiffs' counsel has more knowledge about these witnesses than the undersigned.

### 3. The Addition of These Witnesses with Relevant Information Should Add Limited Time to Trial – Along With Greater Factual Clarity to Aid the Court.

Plaintiffs cannot disagree that the testimony of the five individuals identified above will add substantially to the length of trial, and their testimony is not anticipated to require introduction of any additional exhibits.

### 4. Kasun's Counsel Listed the Witnesses in Good Faith.

The fourth factor goes to whether the listing of additional witnesses was made in bad faith. For example, was the identification dilatory, or is there some evidence of an effort to surprise and prejudice the other party? Here, that factor is also in Kasun's favor: her attorneys have not been on the case long enough to have been dilatory. Far from foot-dragging, they identified the desired witnesses within days of taking over Ms. Kasun's case, and they did so by relying solely on the same discovery available to all parties and a review of the deposition transcripts.

WHEREFORE, Defendant Holly Kasun asks the Court to deny Plaintiffs' Motion to Strike Witnesses and to grant her other relief as to which she may be entitled.

Dated: July 10, 2024.

By: */s/ Michael J. Wynne*
Michael J. Wynne
TX Bar No. 785289
mwynne@gwafirm.com
Cameron Powell
CO Bar No. 22016
cpowell@gwafirm.com
GREGOR WYNNE ARNEY, PLLC
4265 San Felipe, Suite 700
Houston, TX 77027
P: (281) 450-7403

*Counsel for Defendant Holly Kasun*
*Appearing Pro Hac Vice

## CERTIFICATE OF SERVICE

This is to certify that I have filed a true and correct copy of the foregoing with the Clerk of the Court via the CM/ECF system, which will automatically serve electronic notification of same upon all counsel of record and *pro se* parties.

By: */s/ Michael J. Wynne*
Michael J. Wynne
