IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:22-cv-00581-CNS-NRN

Colorado Montana Wyoming State Area Conference of the NAACP,
League of Women Voters of Colorado, and
Mi Familia Vota,

    Plaintiffs,

v.

Shawn Smith,
Ashley Epp, and
Holly Kasun,

    Defendants.

## ORDER

Plaintiffs Colorado Montana Wyoming State Area Conference of the NAACP, League of Women Voters of Colorado, and Mi Familia Vota move to strike 21 witnesses identified on Defendant Holly Kasun's witness list that Defendant Kasun never disclosed pursuant to the Federal Rule of Civil Procedure 26. ECF No. 168. For the reasons below, the Court grants Plaintiffs' motion to strike.

### I. BACKGROUND

This civil lawsuit was previously set for trial on February 5, 2023. One month before, Defendant Kasun filed a motion to continue trial. ECF No. 104. She asked for a 60-day continuance to find new counsel because, in late December 2023, she had

1

requested that her counsel withdraw "due to irreconcilable differences." *Id.* at 1–2. The Court granted Defendant Kasun's motion to continue and set a status conference for January 23, 2024. ECF No. 122.

The day before the status conference, Defendant Kasun filed a Notice of Intent to File a Motion for Leave to Reopen Limited Discovery, asking the Court to allow her to conduct three additional depositions. ECF No. 124. At the status conference, the Court denied the motion to reopen discovery. ECF No. 126. The Court specifically advised the parties that no additional discovery was to be conducted. With one exception,[1] the Court also advised the parties that they would not be permitted to call witnesses at trial that had not been disclosed pursuant to Federal Rule of Civil Procedure 26(a)(1).

On June 14, 2024, Defendant Kasun filed a witness list that identified 48 witnesses. ECF No. 156. At the pretrial conference held on June 21, 2024, the Court instructed Defendant Kasun to file a revised witness list eliminating witnesses that she did not intend to call. ECF No. 166. On June 28, 2024, Defendant Kasun filed a witness list identifying 39 witnesses, 21 of which were never disclosed pursuant to Rule 26(a)(1). ECF No. 167. Plaintiffs argue that Defendant Kasun should not be permitted to call the 21 witnesses that she failed to disclose in discovery. ECF No. 168.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 37(c)(1) provides that, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed

---

[1] The Court determined that Defendants could call Tara Menza at trial, given her contacts with Plaintiff League of Women Voters of Colorado, and specifically advised that the Court considered her disclosed at the time of the hearing pursuant to Federal Rule of Civil Procedure 26(a)(1). ECF No. 126.

2

to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." A party "violates Rule 26 by failing to disclose witnesses prior to the close of discovery." *Cohen v. Pub. Serv. Co. of Colorado*, No. 13-CV-00578-WYD-NYW, 2015 WL 6446948, at *2 (D. Colo. Oct. 26, 2015). A district court is given broad discretion to determine whether a Rule 26(a) violation is harmless. *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). The Court need not make "explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose," but its decision should be guided by four factors: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Id.* Defendant Kasun bears the burden to justify that she was "substantially justified in failing to comply with Rule 26(a)(1)." *Gallegos v. Swift & Co.*, No. 04-CV-01295 LTBCBS, 2007 WL 214416, at *2 (D. Colo. Jan. 25, 2007).

On the one hand, that "the other side may have known the identity of a possible witness is no substitute for compliance with Rule 26." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1224 (D. Kan. 2007) (citations and quotations omitted). On the other, a court "may treat the failure to disclose witness information as harmless if the other party was well aware of the identity of the undisclosed witness and the scope of their relevant knowledge well before trial." *Id.* (citations and quotations omitted).

3

### III. ANALYSIS

In response to Plaintiffs' motion to strike undisclosed witnesses, Defendant Kasun eliminated her request to call 16 of the remaining 21 challenged witnesses. ECF No. 171 at 1–2. Her primary argument regarding the remaining five witnesses is that there is no prejudice to Plaintiffs because they have known about these five witnesses for a "a long period of time." ECF No. 171 at 4–5 ("That Defendants did not timely supplement their Rule 26 disclosures is harmless."). Defendant Kasun's counsel also appears to argue for a more lenient standard because he only recently entered his appearance and "Plaintiffs' counsel has more knowledge about these witnesses than the undersigned." *Id.* at 6 (also stating that he and his colleagues "have not been on the case long enough to have been dilatory").

The Court is not persuaded by Defendant Kasun's arguments. She simply has not satisfied her burden that her failure to timely disclose witnesses was substantially justified. It may be true that Plaintiffs were aware of these witnesses during the discovery period, but a party is not expected to prepare for trial or depose every single witness that may have any knowledge of a case. *Wilkins*, 487 F. Supp. 2d at 1224 ("That the other side may have known the identity of a possible witness is no substitute for compliance with Rule 26." (internal citations and quotations omitted)). Thus, the Court finds that Plaintiffs would be prejudiced by Defendant Kasun's last-minute disclosures.

The other three factors also weigh in favor of granting Plaintiffs' motion to strike. The second factor asks whether the prejudiced party can cure. Here, trial is beginning in one business day. It follows that there is no way for Plaintiffs to cure the prejudice

4

associated with these tardy disclosures.[2] The third factor asks whether calling the undisclosed witnesses would disrupt the trial. The Court—and the parties—have already expressed concerns about finishing this trial in the allotted five days. Adding five additional witnesses (on top of the 18 unchallenged witnesses that remain on Defendant Kasun's witness list) will surely disrupt the flow of trial. *See Ford v. State Farm Fire & Cas. Co.*, No. 22-CV-02051-REB-SBP, 2024 WL 1829270, at *3 (D. Colo. Jan. 18, 2024) (applying factor 3 and stating that, "allowing Ms. Ford to introduce Mr. Taylor's testimony plainly would disrupt the trial. This matter is scheduled for a five-day jury trial . . . . Without any notion of the substance of Mr. Taylor's testimony, the only way to eschew prejudice would be to permit State Farm additional time to prepare an effective cross-examination and/or present competing testimony. Even if the court was inclined to add extra days to the trial calendar – and it is not – there is no room on the docket to do so . . . . This factor thus also weighs against Ms. Ford."). Finally, the fourth factor considers the moving party's bad faith or willfulness. Although the Court finds no direct evidence of bad faith, Defendant Kasun's argument—that her attorneys acted quickly after being retained—is unavailing because she made the decision to fire her attorney (in December 2023, a year after the close of discovery) and then wait six months to retain new counsel (her new counsel entered their appearances on June 10, 2024). Further, Defendant Kasun has been on notice since January 23, 2024, that she needed to disclose her witnesses. Status Conf. Tr. at 26:12–17 ("witnesses [] listed that have never been turned over to the other side

---

[2] The Court notes that discovery closed on December 2, 2022, making her "disclosure" of these witnesses on her witness list 19 months late. See ECF No. 61 (Am. Scheduling Ord.).

will not be allowed to testify at trial" unless they are called for direct rebuttal).[3] Had Defendant Kasun disclosed her witnesses shortly after the January 23 status conference, the Court might have been more lenient. But disclosing 21 witnesses for the first time in June—the month before trial—cannot be condoned.

## IV.  CONCLUSION

For the reasons above, the Court grants Plaintiffs' motion to strike. ECF No. 168. Defendant Kasun shall not call those witnesses at trial that she failed to disclose in a timely manner.

DATED this 12th day of July 2024.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge

---

[3] It certainly could be argued that Defendant Kasun willfully disregarded the deadlines in this case.