1              IN THE UNITED STATES DISTRICT COURT

2                 FOR THE DISTRICT OF COLORADO

3    Civil Action No. 22-cv-00581-CNS-NRN

4

5    COLORADO MONTANA WYOMING STATE AREA
     CONFERENCE OF THE NAACP, et al.,
6
             Plaintiffs,
7
             vs.
8
     SHAWN SMITH, et al.,
9
             Defendants.
10
     ---------------------------------------------------------
11                    REPORTER'S TRANSCRIPT
                  Trial Preparation Conference
12   ---------------------------------------------------------

13   Proceedings before the HONORABLE CHARLOTTE N. SWEENEY, Judge,
      United States District Court for the District of Colorado,
14   commencing on the 21st day of June, 2024, in Courtroom A-702,
               United States Courthouse, Denver, Colorado.
15
                          APPEARANCES
16
     For the Plaintiffs:
17   AMY E. ERICKSON and BRIAN A. DILLON and KRISTIN M. STOCK,
     Lathrop GPM LLP, 80 South Eighth St., Ste. 500, Minneapolis,
18   MN 55402
     COURTNEY M. HOSTETLER, Free Speech for People, 48 North
19   Pleasant St., Ste. 304, Amherst, MA 01002

20   For Defendant Smith:
     R. SCOTT REISCH and JESSICA L. HAYS, Reisch Law Firm, LLC,
21   1490 W. 121st Ave., Ste. 202, Denver, CO 80234
     For Defendant Kasun:
22   MICHAEL J. WYNNE, Gregor Wynne Arney PLLC, 4265 San Felipe
     St., Ste. 700, Houston, TX 77027
23   For Defendant Epp:
     PRO SE
24

25        Sarah K. Mitchell, RPR, CRR, 901 19th Street, Room A252,
               Denver, CO 80294, 303-335-2108
          Proceedings reported by mechanical stenography;
                transcription produced via computer.

22-cv-00581-CNS-NRN Trial Prep. Conference    06/21/2024    2

1                *        *        *        *        *

2       (The proceedings commenced at 9:03 a.m.)

3           THE COURT:  We are here for the trial preparation

4    conference in 22-cv-581, Colorado Montana Wyoming State Area

5    Conference of the NAACP, et al. v. Shawn Smith, Ashley Epp,

6    and Holly Kasun.  May I have entries of appearance, please.

7           MS. ERICKSON:  Good morning, Your Honor.  Amy

8    Erickson on behalf of plaintiffs.  I also -- I'll introduce my

9    colleagues on Zoom.  Courtney Hostetler, Kristin Stock and

10   Brian Dillon are here.  And if it's okay with the Court, we

11   have a summer associate, Pierce Rose, who's observing today.

12          THE COURT:  Good morning to you all.

13          MS. HAYS:  Good morning, Your Honor.  Jessica Hays

14   and Scott Reisch here on behalf of Defendant Shawn Smith.

15          THE COURT:  Good morning.

16          MR. WYNNE:  Good morning, Your Honor.  It's a

17   pleasure to meet you.  Michael Wynne on behalf of Holly Kasun.

18          THE COURT:  All right.  Good morning.

19          MS. EPP:  And, Your Honor, Ashley Epp.

20          THE COURT:  Good morning to you, Ms. Epp.

21          All right.  I've taken a look, you've all filed what

22   you needed to file, so that's a good start.  Let me just go

23   through a few just basic details, and then I'll take questions

24   from whoever has them.  Really today is about making sure

25   we're ready to proceed, answering any lingering questions.

Sarah K. Mitchell, RPR, CRR

22-cv-00581-CNS-NRN Trial Prep. Conference        06/21/2024    3

1    We're going to spend a bit of time talking about exhibits.

2            But first let me just make one clarification.  The

3    docket is still showing there's a pending motion in limine.

4    I'm going to clear that.  It's really not pending.  I'm going

5    to revisit it at trial, so we're going to clear that.  So

6    you'll see a docket entry saying that, but don't be concerned.

7    It's not changing the ruling.  It's just cleaning up on our

8    end.

9            The trial will start on the first day -- I'll have

10   you here at 8 o'clock.  That's simply to make sure we've got

11   the copies of the exhibits that we need, that everybody is

12   organized so we can start promptly at 8:30.  Because it's a

13   trial to the Court, I think we'll start every day at 8:30.

14   That will just help us move through things a little quicker.

15   Generally we take one morning break around 10:30, lunch is an

16   hour, and then an afternoon break of an hour.  If we're in the

17   middle of a witness and we think we can finish up, we might

18   stay a little later.  If we finish a witness and don't want to

19   start a new one, we might end a little early, so we'll play

20   that by ear.

21           Let's talk about the witness list.  When I compared

22   the four lists, most of the folks are the same, especially

23   with three of them.  Ms. Kasun -- is it Kasun?

24           MS. KASUN:  Kasun.

25           THE COURT:  Ms. Kasun's list is far longer with

22-cv-00581-CNS-NRN Trial Prep. Conference        06/21/2024    4

1    numerous may-calls.  What I'm going to instruct is that this

2    be updated and circulated to counsel in about seven days, so a

3    week from today.

4             MR. WYNNE:  Yes.  As you know, we're new on the case,

5    so we were overinclusive.

6             THE COURT:  I figured.

7             MR. WYNNE:  We're preparing to narrow that down.

8             THE COURT:  All right.  I figured.  And that's fine.

9    I just want to give everybody a fair shot at concentrating on

10   who's actually possibly going to be called, so I am going to

11   order Ms. Kasun's attorney to submit to the parties a revised

12   list within a week from today.

13            Sarah is letting me know I said the afternoon break

14   is an hour.  I wish it was an hour.  It's not.  Lunch is an

15   hour.  The afternoon break, they're about 15 to 20 minutes.

16   Thank you, Sarah.  This is Sarah Mitchell.  She's our court

17   reporter.  She corrects me any time I say anything wrong, so

18   you'll want to get to know her.

19            My regular courtroom deputy is on vacation, so we've

20   got a fill-in with Kally, but our regular courtroom deputy is

21   who you should be e-mailing with questions.  That's Julie

22   Dynes.  Her contact information is in our trial procedure

23   order, and she can help you out.  What I would suggest is you

24   try and gather your questions and do it all at the same time

25   rather than continue to call her with little isolated

22-cv-00581-CNS-NRN Trial Prep. Conference        06/21/2024    5

1   questions.

2           I think -- has anybody ordered realtime, Sarah?

3           THE COURT REPORTER:  No.

4           THE COURT:  So there's no realtime in this case.

5   Anybody second-guessing themselves on that?  Okay.  Good.  All

6   right.  So no realtime.

7           I've got the proposed findings of fact.  Those are

8   fine.  What I would remind you all is in our trial practice

9   order it does remind you to key your closing argument based on

10  your proposed findings of fact.  Sometimes for whatever reason

11  people forget they filed them and don't really tie the

12  evidence -- so I've got two sets of what they think the facts

13  are.  So just be clear when you are doing your closing to kind

14  of refer back to what you've already asked me to find in case

15  you have some things that have changed and need to either

16  affirmatively say disregard paragraphs 10 through 20,

17  whatever, but just don't forget about that, because it can be

18  a little tricky if you're arguing inconsistently with yourself

19  even versus the other parties.

20          All right.  So the witnesses, they look in pretty

21  good shape.  We've just got the one expert witness that

22  plaintiffs are calling.  This person is live?

23          MS. ERICKSON:  Yes, Your Honor.

24          THE COURT:  Dr. Smith -- Dr. Ellis, sorry.  And

25  nobody else by deposition?  Okay.  All right.  Well, that will

Sarah K. Mitchell, RPR, CRR

22-cv-00581-CNS-NRN Trial Prep. Conference        06/21/2024    6

1    be good.  Because it's a trial to the Court, I would just ask

2    you -- generally the resume is fine to have me recognize her

3    as an expert.  You may walk through some of it, but you would

4    not do as much as you would with a jury.  So that should speed

5    up that exam a little bit.

6            Do you -- in looking at this, I think we can still do

7    it in the five days.  And here's the deal.  We must do it in

8    five days, because we have back-to-back trials in July.  So I

9    will be hounding you all and trying to keep track of people's

10   time.  Here's what I want to say to the three defendants.  I

11   know it's tricky when you have different counsel and

12   unrepresented, but you all are going to need to try and work

13   together.  I will not be allowing the same questions to be

14   asked by all three of you, obviously.

15           So however you want to do that, I suggest you

16   coordinate.  Maybe one trial team handles this part of the

17   testimony.  Maybe another handles this.  I don't know.  But

18   what I don't want is three versions of the same exam each time

19   because that is not going to help us get done in five days.

20   So please try and work on that.  Plaintiffs' job is a little

21   easier in that regard.  So I would also say expect your exams

22   to be really tight, because you're just working in one team.

23           Let me see if there's anything else.  What I'll have

24   you do is bring updated witness lists -- Ms. Dynes likes them

25   the Friday before trial, so go ahead and submit those the

Sarah K. Mitchell, RPR, CRR

22-cv-00581-CNS-NRN Trial Prep. Conference    06/21/2024    7

 1    Friday before.  Then she can have them printed and ready.  And

 2    really try and have that list be as exact as possible.  I'm

 3    not a big fan of surprise witnesses.  I don't think it helps

 4    you anyway.  So I expect you all to be working together

 5    disclosing who you're calling and when.

 6         Generally I have counsel share with the opposing

 7    counsel the order of witnesses for the next day.  Again, I

 8    don't expect any strategy going on in switching the order of

 9    witnesses randomly to try to trip people up.  This is a trial

10    court.  We don't need any of that, so I do expect a lot of

11    coordination between all of you.

12         The exhibit list, if this was a jury trial, I would

13    have more issues.  Typically I don't want the labels to say

14    plaintiff or Epp, and that's how you've got them.  They would

15    just be 1 through 80.  If you haven't marked them, I would say

16    try to switch.  If you've already printed them and done it

17    all, I don't want you to do the extra work.  But they should

18    -- it should just be a joint exhibit list, one through however

19    many you need.

20         Because it's a trial to the Court, I don't know who's

21    got a handy paralegal or extern, but sometimes date order is

22    helpful.  I'll leave that to you.  I don't require that.  But

23    since you're going to redo them a little anyway, you might

24    think about what order makes the most sense.  It looks like

25    you did it in the order plaintiffs listed first and then

Sarah K. Mitchell, RPR, CRR

22-cv-00581-CNS-NRN Trial Prep. Conference          06/21/2024    8

1    defendants.  That may be the order -- date order.  I don't

2    know.  But I'd take a look at that.

3          The last thing I'll say about this is by today the

4    goal was that you all would have reached stipulations on

5    exhibits.  I don't see any in here, so I'm ordering you to

6    consult about that.  Especially because it's a trial to the

7    Court, there should be no 403 really objections.  You can

8    certainly argue that it's prejudicial in some way, but because

9    it's a trial to the Court, that argument doesn't go very far.

10   So really what I would expect to see is most of these being

11   stipulated to unless you have a relevance objection you're

12   preserving.

13         Sometimes it's helpful.  You don't have to do it.  In

14   the comments, if you're objecting to the other side using it,

15   sometimes it's good to put why -- foundation, hearsay -- just

16   so we know what we're dealing with, and we can deal with those

17   as quick as possible as they come in.  Again, you don't have

18   to do that, but it is helpful.  But most of this stuff, as I

19   looked through it, it seems like could be stipulated to,

20   particularly since it's a trial to the Court.  Because, again,

21   as long as the foundation is laid and it gets around a hearsay

22   rule somehow, most of this will be coming in.

23         There's not too -- there's more exhibits than I

24   expected, so as you redo them, just I'd say make sure you need

25   what you've listed.  Plaintiff, I guess you have all listed

Sarah K. Mitchell, RPR, CRR

22-cv-00581-CNS-NRN Trial Prep. Conference    06/21/2024    9

 1   which witnesses exhibits are coming through.  That's helpful.

 2   Don't feel you're stuck with that.  If for some reason you

 3   don't admit one through the witness you've said, certainly

 4   that doesn't preclude you.  This was merely for organization

 5   purposes.

 6           Let's see what else I wanted to cover.  The other

 7   thing I was going to let you know, to the extent you do

 8   stipulate to the exhibits on the first morning of trial, what

 9   I'll do is read those in, and they will just already be in

10   evidence so you can refer to them with your witness without

11   having to lay any foundation.  It would just be look at

12   Exhibit 2 which is admitted, and then you move on.  So in that

13   sense, that can save a lot of trial time, particularly when

14   we've got a lot of witnesses to get through.  That can save

15   critical time.

16           Have you all thought about how long you would want

17   for opening?  Again, because it's a trial to the Court,

18   everything can be faster.  You don't have the same need to

19   orient a jury or that type of thing.  Do you have any sense?

20           MS. ERICKSON:  I don't have a strong preference, Your

21   Honor.  That was actually on my list of questions to ask you,

22   if you had a preference on how long, because we'll certainly

23   do what you like.

24           THE COURT:  Okay.

25           MR. WYNNE:  30 minutes.

                        Sarah K. Mitchell, RPR, CRR

22-cv-00581-CNS-NRN Trial Prep. Conference    06/21/2024    10

1              THE COURT:  All right.  And that's combined.

2              MR. WYNNE:  Oh, let's reconsult.  45?  We'll say --

3      ask Your Honor if we can do 45 minutes.

4              THE COURT:  Okay.  I will allow --

5              MR. WYNNE:  15 apiece.

6              THE COURT:  I will allow that.  Are three of you

7      going to speak?  Is that what you're saying?

8              MR. WYNNE:  Yes.

9              THE COURT:  I'll allow that at the beginning.  I can

10     tell you I don't think that's needed.  I'll have read your

11     trial briefs.  I've obviously read the complaint.  I know

12     what's going on.  So I would really strongly encourage you to

13     shorten that.  That just isn't necessary.  I would probably

14     say I would save that for close when you need to wrap things

15     up, but I don't like to limit people.  But just know any time

16     you're taking for opening is taking away from testimony, so

17     we've just got to watch that.  So do what you can, but that

18     seems a little long for me when I already know kind of the

19     claims and the defenses.

20             MR. WYNNE:  I expect we'll be giving time back, but,

21     again, I'm learning the case.

22             THE COURT:  All right.  That sounds fine.  Closing

23     we'll decide -- we'll talk about time limits after probably on

24     day three just so you're ready on day four in case we are

25     moving faster than we hope.  That would be lovely.

                        Sarah K. Mitchell, RPR, CRR

 1          There's a requirement to submit glossary-type terms.

 2   Let me explain that, because, again, this is one thing people

 3   think has no use, and it's really terribly useful to

 4   Ms. Mitchell.  If there's names, just any of the witnesses or

 5   references to what you're going to be talking about,

 6   abbreviations, it's good to have those on the glossary so then

 7   she doesn't have to ask you to spell it or slow down or repeat

 8   it.  So I'd err on the side of including things.  It just

 9   makes her life easier, because at the end of the day she can

10   go fill all that in.

11          Really that's kind of what I wanted to cover.  I

12   don't know if we need to discuss -- let me word it this way.

13   Do any of you have reason to believe there's going to be any

14   press coverage of this?

15          MS. EPP:  Yes.

16          THE COURT:  So we will -- I'll get with Ms. Dynes

17   when she's back from vacation, but we will probably post kind

18   of some rules on our door about that.  Just so you all know,

19   there's no recording, there are no photos, there are no

20   laptops allowed other than at counsel table.  I do allow

21   people to have their phones.  They must be silenced and put

22   away.  On counsel table it's important you don't leave your

23   phone up there.  It causes feedback with the microphones.

24   We'll remind you if that happens, but if you can avoid it,

25   that's good.

                    Sarah K. Mitchell, RPR, CRR

22-cv-00581-CNS-NRN Trial Prep. Conference    06/21/2024    12

1          Ms. Dynes will get with you on how to use the

2    electronic evidence.  Usually what's most helpful is if you

3    coordinate a visit where you -- where the defense side comes

4    in and the plaintiff side comes in at a different time, she

5    usually can get through it in a half hour to 45 minutes.

6    Don't put that off.  We're exceptionally busy coming into this

7    trial.  I think she's gone the week before it starts.  I

8    didn't bring -- let me double-check that.  Yeah, so she's --

9    okay.  So here's what I'll say.

10          We're going to be in trial the week before it starts,

11   which is probably going, so do not put your prep off until the

12   week before because she will be unavailable.  The week before

13   that is July 4th.  So if you want to do any sort of tech

14   tutorial in this court, I'd say do it next week.  So I would

15   -- I would e-mail her today.  She probably won't get back to

16   you today, because, as I mentioned, she's out of town.  But

17   she'll see it Monday and try and get you in quickly.

18          It's not terribly difficult, but it's helpful to do a

19   run-through.  And usually what gets people is they start

20   drawing on the screen and don't know how to clear it.  That's

21   an easy fix.  But it's hard to explain via phone, so it's good

22   to be in here doing it.

23          Let me start with plaintiffs' side.  Ms. Erickson,

24   your questions?

25          MS. ERICKSON:  Just a question about witnesses, Your

Sarah K. Mitchell, RPR, CRR

22-cv-00581-CNS-NRN Trial Prep. Conference    06/21/2024    13

1    Honor.  I presume since this is a bench trial you'd like to

2    see witnesses called just once, and maybe you'll defer to

3    counsel to talk about that, but if you have a preference, I

4    would be happy to hear it.

5         THE COURT:  I have a strong preference that they're

6    called once unless there's an extraordinarily compelling

7    reason when it's a trial to the Court.  I get the reason to do

8    it in a jury trial, but I'm pretty good at realizing what you

9    would have done in what order.  So there's no need to call

10   somebody twice, and, in fact, it will not please me very much

11   unless -- unless you need to recall somebody for rebuttal on

12   something you didn't anticipate coming up.  That's fine.  But

13   you've all listed the core same six to eight people.  Ideally

14   that can just be done in one shot.

15        Now I realize some people, you know, if you call

16   somebody adverse, because you go first -- and you all probably

17   know this, so I'm mainly talking to Ms. Epp -- the plaintiff

18   goes first and calls all the witnesses.  That will be on

19   direct.  However, Ms. Erickson may call somebody as an adverse

20   witness.  That lets her cross-examine them really as her

21   direct.  So when it comes over here, you essentially kind of

22   get a direct and a cross.  Again, because it's a trial to the

23   Court, I really wouldn't worry about that, but just know that

24   I am keeping an eye on the type of questioning that's allowed

25   in an exam, and I may insert that when appropriate if

Sarah K. Mitchell, RPR, CRR

22-cv-00581-CNS-NRN Trial Prep. Conference    06/21/2024    14

 1    somebody's kind of violating the traditional rules.  But I

 2    don't anticipate it to be a problem.

 3            So if she calls one of you adverse, she's going to

 4    really be doing a cross-examination of you, meaning asking

 5    leading questions, treating you more hostilely than she would

 6    if it's a favorable witness.  Then your folks or you, Ms. Epp,

 7    can simply add things.  You don't have to pose questions to

 8    yourself.  You would just be on the stand, and I will say do

 9    you have questions or other information you would like to add,

10    and you do that.

11            MS. EPP:  Okay.  And how -- this is a question that

12    probably everybody knows, but how do objections work when I'm

13    the witness on the stand?  Am I allowed to object?

14            THE COURT:  Technically, yes.  I would say let's see

15    how it goes.  Because you're pro se, it's not that I'm

16    advocating for you, but I watch that more closely on your

17    behalf.  And you may just look at me and say, Your Honor, do I

18    have to answer, or, Your Honor, that calls -- I don't know --

19    I don't have the foundation for that.  You don't need to use

20    legal terms.  I'd say we just kind of do the best.  Judging by

21    your writing, it strikes me as you know what you're doing and

22    you're fairly advanced, so I expect it to go fairly smoothly,

23    and we'll just kind of play it by ear and see.  But, yes,

24    either you or I will object kind of on your own behalf.

25            MS. EPP:  And one other question.  In terms of --

22-cv-00581-CNS-NRN Trial Prep. Conference    06/21/2024    15

1   well, I think I just lost it.  I have it written down.  It

2   will come back to me.

3           THE COURT:  Okay.  All right.  Ms. Erickson, let's go

4   back to you with any other questions.

5           MS. ERICKSON:  I don't think I have any other

6   questions for the Court at this time, Your Honor.

7           THE COURT:  How many folks are you going to have here

8   that are doing questioning?

9           MS. ERICKSON:  Five, I believe.

10           THE COURT:  Okay.  And is that mainly to give folks

11   experience?  Is that what you're doing?

12           MS. ERICKSON:  Yes, Your Honor.

13           THE COURT:  That's fine.  Just know that once they

14   start an exam, they're on it.  You can't sub out, so choose

15   wisely.

16           MS. ERICKSON:  Understood, thank you.

17           THE COURT:  Questions.

18           MR. WYNNE:  Circling back, my law partner Cameron

19   Powell who appears on the paper will also be here, as well as

20   Heather who will keep us in line and who does this every

21   trial.  Two questions on the form of the stipulation on

22   exhibits.  Your Honor, do you envision seeing a table with

23   ones that are not stipulated with the grounds of the potential

24   objection?

25           THE COURT:  So if you look at your exhibit list that

Sarah K. Mitchell, RPR, CRR

22-cv-00581-CNS-NRN Trial Prep. Conference    06/21/2024    16

1    you all submitted, if you stipulate, the box stip, you just

2    put an X in there, those will all be admitted on the first

3    morning.  Then the next two, sometimes you'll say -- when

4    you're talking you'll be like, I'm not challenging its

5    authenticity, but I just don't think it's relevant.  You would

6    then check the authenticity box so I know you're not

7    contesting that part of it, and we'll just deal with, okay,

8    does this witness have the foundation, is it hearsay,

9    something else.

10        So I'm not real worried about that box, but if you

11   can do it, it's helpful.  So you would just check the box

12   stipulation.  The next column is for me.  I write down the

13   date when it's offered, if I received it or if I refused it,

14   or reserved ruling.  And then the comments info, that's where

15   you could put the number.  You could do, you know, 701, 802,

16   and that tells me, okay, there's a hearsay objection coming,

17   and I'm watching more closely.

18        Again, you don't have to do that.  It just does make

19   things more efficient.  And lets, frankly, the other party

20   know the problem so they know how to address it when it comes

21   up.  Now, some people are like that's the joy of trial is

22   catching people sleeping and they don't know how to deal with

23   an objection.  Well, that's fun in front of a jury.  It's not

24   really fun in front of me, because you all know what you're

25   doing, and I would expect you all to be able to handle those

22-cv-00581-CNS-NRN Trial Prep. Conference    06/21/2024    17

1   anyway.  So that's where that would go is all on this chart.

2   So really the two columns you all focus on are the

3   stipulations and the comments info column.

4           MR. WYNNE:  Okay.  And this says the Friday before

5   trial.  Does the Court want that stipulation table any time,

6   you know, before that?  Because that would be July 12th.

7           THE COURT:  If you're done with it, yes.  So what I

8   would say is if you want to send one earlier in the week, do

9   so.  But if you reach more, I certainly don't mind, and then

10  you would submit the final on Friday, and then coming in

11  Monday morning we would quickly admit those into evidence.

12          MR. WYNNE:  One last question, and you may have

13  covered it, but I want to make sure I have it.  If one of our

14  particular parties is called as an adverse witness in the

15  plaintiffs' case, could we -- I understand we have both cross

16  and direct, but could we reserve our cross and direct for our

17  case in chief?

18          THE COURT:  Well, that's what I did answer.  In front

19  of a jury, I would say, yes.  In front of me, that's not

20  terribly helpful to me.

21          MR. WYNNE:  Okay.

22          THE COURT:  I'd rather hear the whole thing.  For

23  instance, if Ms. Epp is up there, let's get all her testimony

24  in at the same time.  So I would heavily prefer that not to

25  happen.  Now, if you need to call one of the -- your client or

22-cv-00581-CNS-NRN Trial Prep. Conference    06/21/2024    18

1    Mr. Smith or whoever in rebuttal, that's different.  We

2    haven't covered that.  Something that didn't come up, and it's

3    like, oh, we need to put him back up, because we didn't --

4    nobody talked about this, and now it's relevant, that's fine.

5              MR. WYNNE:  Okay.

6              THE COURT:  But to the extent you can do it all the

7    first time, that's helpful.  And here's what else I'll say.

8    Because it's to me, you don't have to first address the direct

9    and then go to your case.  You can just do it all at once.

10             Do you have any objection to that, Ms. Erickson?

11             MS. ERICKSON:  No, Your Honor.

12             THE COURT:  All right.  So she would do her cross as

13   a direct.  You could just start over essentially and do it how

14   you wanted, ideally not repeating things.  But just know that

15   I'm not going to let you lead on matters that are outside what

16   she talked about.

17             MR. WYNNE:  And so the defense -- I know some courts

18   do it different, but the defense will have a chance for

19   rebuttal after the plaintiffs' rebuttal?

20             THE COURT:  Not really, unless there's -- unless --

21             MR. WYNNE:  If there's something.

22             THE COURT:  I mean, yeah, it would have to be --

23             MR. WYNNE:  If there's something.

24             THE COURT:  Generally it's the plaintiff that gets a

25   rebuttal, so I will not ever allow that.  But if something

 1    came up, I could consider it.  But it would have to be in

 2    direct rebuttal to the plaintiffs' rebuttal.

 3             MR. WYNNE:  Yeah, that's what I thought the Court

 4    suggested, and I hadn't seen that either, so I wanted to make

 5    sure that that is a possibility perhaps.  My apologies for not

 6    getting it the first time.  My plane was delayed.  I didn't

 7    get to sleep until 3:00 a.m., so I'm a little impaired today,

 8    but my apologies for having to repeat it.

 9             THE COURT:  No worries.  Questions on your behalf?

10             MS. HAYS:  No questions, Your Honor.  Thank you.

11             THE COURT:  Ms. Epp?

12             MS. EPP:  Your Honor, during the status hearing that

13    we had in January you said that you were going to allow the

14    attorneys to go first, and I think that was for trial, not

15    just for hearings, right?

16             THE COURT:  That's true.

17             MS. EPP:  And then in terms -- so then for me,

18    because you don't want to hear things three times, if they

19    establish facts that I feel I need to establish, I can just

20    move on?

21             THE COURT:  Yes.

22             MS. EPP:  And then if they establish a fact I don't

23    feel goes far enough or I feel needs to be more, then I can

24    pursue it?

25             THE COURT:  Yes.

                        Sarah K. Mitchell, RPR, CRR

22-cv-00581-CNS-NRN Trial Prep. Conference    06/21/2024    20

1        MS. EPP:  And then the only other question I had is I

2    thought I heard you say at the beginning, but I don't fully

3    understand, did you say because this is a trial to the Court

4    that you anticipate all of the hearsay coming in?

5        THE COURT:  No.  What I was saying is there's some

6    objections that are really catered to juries.  Like Rule 403

7    asks me to keep things out if they could unduly prejudice a

8    jury.  Well, clearly 403 is not at issue.  Hearsay I will be

9    looking at just as I normally would.

10        MS. EPP:  Thank you, Your Honor.

11        THE COURT:  Yes.

12        MS. KASUN:  I have one question.  Excuse me, Your

13    Honor.  I have one question.  Since we have three parties that

14    are going to be, you know, as defendants, let's say Ashe is up

15    on the stand.  Can any of the defendant attorneys object to

16    questions that she's being asked because she's pro se, or she

17    can only object to the questions that she potentially has

18    objections to?

19        THE COURT:  The attorneys can object.  It depends on

20    what the objection is.  I think most of them they could.  If

21    it was something about -- I can't think of an example.  I

22    guess the short answer is yes, but they couldn't be

23    representing her, meaning there's some objections where you

24    would really be acting more as an advocate.

25        If it's to the form of the question, that's a perfect

Sarah K. Mitchell, RPR, CRR

22-cv-00581-CNS-NRN Trial Prep. Conference    06/21/2024    21

1    objection for any of you to make.  If the question is asked

2    poorly and is subject to different meanings, yes, that might

3    be something the others object to, the attorneys object to,

4    because nobody knows what the question means.

5           Now, the hearsay might be the same, but they're going

6    to need to have a reason.  If it's about Ms. Epp individually,

7    I wouldn't expect that to be raised.  If it's about you and

8    Ms. Epp --

9           MS. KASUN:  Yeah, the relationship between us.

10          THE COURT:  -- then maybe.

11          MS. KASUN:  Okay.

12          THE COURT:  And probably.  So we'll just have to play

13   it by ear, honestly.

14          MS. KASUN:  Okay.

15          THE COURT:  I think once we get going, we'll see how

16   that works, and I'll see more what the exhibits are like.  It

17   strikes me that most of the exhibits kind of pertain to all of

18   you.  There's a few that were isolated out, but I think, by

19   and large -- and I'm just looking.  I see one that I just

20   turned to that is about you, so -- but in terms of Ms. Epp, I

21   didn't notice a lot.  So we'll just play that by ear.  But I

22   imagine probably eight times out of ten it's proper for them

23   to object.

24          MS. KASUN:  Okay.  Thank you.

25          THE COURT:  Anything else?  All right.  I was just

1    told -- so Ms. Dynes is out through Tuesday.  So I would

2    e-mail her still today.  She's back Wednesday.  I think she's

3    available all of Wednesday, Thursday, Friday.  I'd just e-mail

4    her once.  She's on vacation.  So maybe you all coordinate and

5    say we'd like to come in on Thursday or Friday, can you give

6    us a time?

7          But I would probably get out that e-mail today so she

8    knows to plan.  Lucky for her I'm out of town next week, so

9    she has more time, at least on my end.  Sometimes she fills

10   in, so I don't know her full schedule.  But I think she can

11   get you in next week, and while a little early, I would do it

12   because I do think the trial the week before is going.

13         I should say that trial is expected to end on Friday.

14   I push people to keep to the times they've said, so I will be

15   pushing them.  Every now and then, no matter what you do,

16   things go on.  They will be under very strict instructions.

17   It could be we have a jury out, though, on Monday in which

18   case we could keep going, but when the jury comes back or has

19   questions, I would ask you to go to the hallway and deal with

20   that, and then we'll start again.  But hopefully not.

21         All right.  Anything else?  We are good to go then.

22   So we will see you in a couple weeks.  Keep working on those

23   stipulations.  It really does help all of you.  Know that you

24   should only be referring to admitted exhibits or reading from

25   them in opening if I've admitted them, so another reason to

22-cv-00581-CNS-NRN Trial Prep. Conference    06/21/2024    23

1   stipulate.  Because if they're not in yet, you shouldn't be

2   reading from them or citing them.  So that can be some

3   encouragement.

4          If you have -- one thing we didn't cover.  If you

5   have demonstratives, meaning charts or you're going to have

6   some big display board, you need to show it to the other side.

7   Especially for opening, you may not use it unless the other

8   side has seen it and has had a chance to do an objection in

9   advance.  Again, because it's a trial to the Court, none of

10  that may come up, but just in case it did.

11         If you have questions as you prepare, you may send a

12  joint e-mail to chambers, but, again, what we don't want is

13  questions every day.  So kind of save up and then send one,

14  and then you can address those, and then save up again.  But

15  presumably I think we're good to go.  No lingering issues out

16  there or no motions, so that's good, and hopefully we'll move

17  through this efficiently.  All right.  We'll be in recess.

18         THE COURTROOM DEPUTY:  All rise.

19     (The proceedings were concluded at 9:37 a.m.)

20

21

22

23

24

25

                    Sarah K. Mitchell, RPR, CRR

1                          <u>REPORTER'S CERTIFICATE</u>

2

3              I, SARAH K. MITCHELL, Official Court Reporter for the

4    United States District Court for the District of Colorado, a

5    Registered Professional Reporter and Certified Realtime

6    Reporter, do hereby certify that I reported by machine

7    shorthand the proceedings contained herein at the time and

8    place aforementioned and that the foregoing pages constitute a

9    full, true and correct transcript.

10             Dated this 26th day of July, 2024.

11

12

13

14             _____/s/ Sarah K. Mitchell_____

15                      SARAH K. MITCHELL
                        Official Court Reporter
16               Registered Professional Reporter
                    Certified Realtime Reporter
17

18

19

20

21

22

23

24

25

                      Sarah K. Mitchell, RPR, CRR