UNITED STATES DISTRICT COURT
for the
District of Colorado

| | |
|---|---|
| COLORADO MONTANA WYOMING STATE AREA CONFERENCE OF THE NAACP, LEAGUE OF WOMEN VOTERS OF COLORADO, and MI FAMILIA VOTA<br><br>Plaintiffs,<br><br>-v-<br><br>SHAWN SMITH, ASHLEY EPP, and HOLLY KASUN<br><br>Defendants. | Civil Action No. 1:22-cv-00581-CNS-NRN |

### DEFENDANT SHAWN SMITH'S MOTION FOR AWARD OF COSTS AND ATTORNEYS' FEES

COMES NOW, Defendant Shawn Smith, by and through undersigned counsel, and hereby submits the following Motion for Award of Costs and Attorneys' Fees pursuant to Federal Rule of Civil Procedure 54.

### CERTIFICATE OF CONFERRAL

Pursuant to D.C. Colo. L. Civ. R. 7.1(a), counsel for Defendant certifies that they have conferred with Plaintiffs' counsel regarding the relief sought through this Motion. Plaintiffs' counsel opposes the relief requested herein.

### INTRODUCTION

Plaintiff organizations, the Colorado Montana Wyoming State Area Conference of the NAACP ("NAACP"), League of Women Voters of Colorado ("LWVCO"), and Mi Familia Vota

1

("MFV"), brought this lawsuit in March of 2022, claiming the individual defendants, Shawn Smith, Ashley Epp, and Holly Kasun, through an unincorporated association, USEIP, were engaged in a door-to-door campaign aimed at intimidating Colorado voters. A four-day bench trial commenced on July 15, 2024, before the Honorable Judge Sweeney. Upon Defendant Smith's Oral Motion for Judgement on Partial Findings under Fed. R. Civ. P. 52(c), the Court entered judgment in favor of the defendants and against the plaintiffs. [ECF No. 185].

Litigation has been ongoing for over two years, and despite the issue of Plaintiffs' lack of evidence being raised from the inception of this case, Plaintiffs continued to litigate this matter through trial. Mr. Smith, in defending this case, has been forced to expend over a hundred thousand dollars. For the reasons discussed below, Mr. Smith respectfully requests this Court award his reasonable attorneys' fees and expenses in this matter.

## ARGUMENT

### I. Legal Standard

The Court, in its Final Judgment provides that "as the prevailing party the defendants are awarded costs to be taxed by the Clerk of the Court pursuant to Fed. R. Civ. P. 54(d)(1) and D.C. Colo. L. Civ. R 54.1." [ECF No. 185]. Moreover, Fed. R. Civ. P. 54(d)(2) authorizes a prevailing party to move for an award of attorneys' fees. The decision to award attorneys' fees is committed to the discretion of the trial court. *Ryan v. Hatfield,* 578 F.2d 275, 277 (10th Cir. 1978). Although parties are ordinarily required to bear their own attorney's fees, explicit statutory authority may authorize awarding fees to a prevailing party. *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources,* 532 U.S. 598, 602 (2001). In order to seek attorney's fees under Fed. R. Civ. P. 54(d)(2), the movant must provide the statute, rule or other grounds which entitles an award of such fees. Fed. R. Civ. P. 54(d)(2)(ii). Plaintiffs brought two

2

federal claims under the Civil Rights Act, 42 U.S.C. § 1985(3), and the Voting Rights Act, 52 U.S.C. § 10307(b). Both Acts provide for an award of attorneys' fees to the prevailing party. 42 U.S.C. § 1988; 52 U.S.C. § 10310(e).

Under the Civil Rights Act, "In any action or proceeding to enforce a provision of section . . . 1985, of this title, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). Likewise, under the Voting Rights Act, "In any action or proceeding to enforce the voting guarantees of the fourteenth or fifteenth amendment, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee . . . and other reasonable litigation expenses as part of the costs." 52 U.S.C. § 10310(e).

The standard for a "prevailing party" under both statutes has been rendered nearly identical by the Supreme Court. *See Buckhannon,* 534 U.S. at 603 n.4; *Texas v. United States,* 49 F.Supp.3d 27, 35-36 (D.D.C. 2014). However, Courts employ different standards based upon which party ultimately prevails. A plaintiff who prevails, "should ordinarily recover an attorney's fee from the defendant. . . [which] reimburses a plaintiff for what it cost him to vindicate civil rights." *Fox v. Vice,* 563 U.S. 826, 833 (2011) (internal citations and quotations omitted). Despite the presumption for prevailing plaintiffs, a defendant is not precluded from seeking attorney's fees when he prevails. *See Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 418-19 (1978). "When a defendant is the prevailing party on a civil rights claim . . . district courts may award attorney's fees if the plaintiff's 'claim was frivolous, unreasonable, or groundless,' or if 'the plaintiff continued to litigate after it clearly became so.'" *CRST Van Expedited, Inc. v. E.E.O.C.,* 578 U.S. 419, 422-23 (2016) (quoting *Christiansburg,* 434 U.S. at 422). The purpose of the fee shifting provision is to "protect defendants from burdensome litigation having no legal or factual basis."

3

*Fox v. Vice,* 563 U.S. 826, 833 (2011). Defendants may seek attorney's fees for "claims that were meritless at the inception of the case and those that only were revealed to be meritless as the litigation developed." *Shapiro v. Ryneck,* 250 F.Supp.3d 775, 780 (D. Colo. 2017). A claim is frivolous, unreasonable, or groundless "when a party utterly fails to produce *any* evidence in support of material issues." *Twilley v. Integris Baptist Medical Center, Inc.,* 16 Fed.Appx. 923, 926 (10th Cir. 2001). This standard is satisfied when a plaintiff fails to produce evidence beyond mere speculation and conjecture, yet "continue[s] to litigate after it became clear during discovery that [their] claims lacked evidentiary support." *Id; See also, Yalowizer v. Town of Ranchester, Wyoming,* 18 Fed.Appx. 745, 753-54 (10th Cir. 2001) (granting an award of attorney's fees to prevailing defendant in a 42 U.S.C. § 1983 case. The Court noted that at summary judgment, the plaintiff's evidence was weak, and in proceeding to trial on the merits, it was revealed that the claim was premised only on speculation without any admissible evidence to support the civil rights claim).

The standard articulated for prevailing defendants under the Civil Rights Act in *Christiansburg,* has been adopted for prevailing defendants under the Voting Rights Act. *Vaughan v. Lewisville Independent School Dist.,* 62 F.4th 199, 203-204 (5th Cir. 2023); *Shelby County v. Holder,* 43 F.Supp.3d 47, 62 (D.D.C. 2014); *Matthews v. Leflore County Bd. Of Election Com'rs,* 477 F.Supp. 885, 889 (N.D. Miss. 1979). Therefore, in order to prevail under the fee shifting provision of 52 U.S.C. § 10310(e), a defendant must likewise demonstrate that the plaintiff's claim was frivolous, unreasonable, or groundless. *Christiansburg,* 434 U.S. at 422.

Finally, 28 U.S.C. § 1927, provides that an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." An

4

award under this section may only include fees and costs associated with the prolonging of meritless claims, including "continuing to pursue claims after a reasonable attorney would realize they lacked merit and can warrant sanctions under § 1927." *Frey v. Town of Jackson, Wyoming,* 41 F.4th 1223, 1245 (10th Cir. 2022). "The purpose of § 1927 is to prevent the vexatious multiplication of proceedings, and no multiplication of proceedings would be more vexatious than one which gave a frivolous claim the appearance of trial-worthy merit." *Obeslo v. Empower Capital Management, LLC.,* 85 F.4th 991, 1018 (10th Cir. 2023) (Tymkovich dissenting) (internal citations and quotations omitted). While each statutory provision permits the award of attorneys' fees, sanction under § 1988 and § 10310(e) are independent of a sanction under § 1927. *Steinert v. Winn Group, Inc.,* 440 F.3d 1214, 1221-22 (10th Cir 2006).

## II. Plaintiffs' claims were frivolous, unreasonable, or groundless allowing an award of attorney's fees under 42 U.S.C. § 1988 and 52 U.S.C. § 10310(e).

Plaintiffs' claims should be deemed frivolous, unreasonable, and groundless based upon the lack of evidence in the record to support the continued litigation of their claims through trial. The evidentiary "writing on the wall" has been apparent from the outset of this case. Plaintiffs filed this lawsuit in March of 2022, seeking a temporary restraining order and preliminary injunction. [ECF 5]. In denying Plaintiffs' request for a Temporary Restraining Order, the Honorable Judge Brimmer spotted the weakness in Plaintiffs' evidence, stating Plaintiffs do not include voters or members of plaintiff organizations as those who were involved in the election of candidates, rather plaintiffs note Mr. Smith's statement regarding the Secretary of State. Yet, "[a]lleged threats to Secretary Griswold are not relevant to the purported harms that plaintiffs face." [ECF 30, p. 7]. Next, the evidence regarding the door-to-door canvassing efforts was insufficient because it arose from Plaintiffs' attorney, Casey Breese's, declaration that voter rolls were purchased, without anything further regarding USEIP and its alleged conduct. Finally, Judge

5

Brimmer notes the articles written by Erik Maulbetsch are inadmissible hearsay and cannot support the allegations in the motion. *Id.* at p. 8, n.6. Despite the denial of the temporary restraining order due to the lack of Plaintiffs' evidence, Plaintiffs brought the same evidence to support their claims at trial.

Similarly, Plaintiffs were on notice of their lack of evidence during deposition and Summary Judgment. Specifically, during the November 21, 2022, deposition of Mi Familia Vota's Colorado State Director, Salvador Hernandez, it was unveiled that he had no actual knowledge of voter intimidation by the Defendants. Rather, Mr. Hernandez testified that he only learned of the Defendants and the allegations made in the Complaint through Beth Hendrix with the League of Women Voters. He testified that no member raised concerns about the Defendants' door-to-door canvassing, and that he had no personal knowledge of an individual who felt intimidated by the Defendants. Likewise, the President of the NAACP state conference of Colorado, Portia Prescott, testified during her deposition on November 22, 2022, that she had no knowledge of Defendants' alleged voter intimidation, and instead testified that she became involved in this lawsuit because of Colorado's open carry law, which is clearly irrelevant to Plaintiffs' claims. Finally, the Executive Director of the League of Women Voters, Beth Hendrix, testified in her deposition on November 23, 2022, that she had no personal knowledge of the Defendants. She testified that a member of her organization received a visit from a USEIP volunteer and felt that the interaction was "off." Moreover, Ms. Hendrix testified that she learned nearly all of the allegations made in the Complaint via media reports by columnists such as Erik Maulbetsch.

Immediately following these depositions, it became even more clear that Plaintiffs had no evidence to support their allegations beyond pure speculation and hearsay, prompting Defendants' Motion for Summary Judgment. [ECF No. 70]. This Motion for Summary Judgment highlighted

6

the lack of evidence Plaintiffs had to support their allegations. This motion explicitly stated, "Plaintiffs have no evidence that a Colorado voter was intimidated by Defendants' actions. . . Not only are Plaintiffs' allegations based solely on hearsay evidence; representatives of each Plaintiff organization have testified that they have no personal knowledge of a voter being intimidated by Defendants." *Id.* at p. 2. In response, Plaintiffs argued that they had sufficient evidence to support their complaint through Summary Judgment by again noting the statement made by Mr. Smith, and their single witness, Yvette Roberts, who claims she was intimidated by USEIP volunteers at her home in Mesa County. [ECF No. 72 *Response to Motion for Summary Judgment;* ECF No. 73 *Declaration of Yvette Roberts*]. Based largely upon the issue of fact regarding whether Ms. Roberts was intimidated by Defendants, the Motion for Summary Judgment was denied. [ECF No. 84]. However, during Ms. Roberts' cross examination at trial, it was revealed that although she received a canvassing visit following the 2020 election, she didn't have knowledge about whether it was a volunteer of USEIP, and stated definitively that these canvassers were not Mr. Smith, Ms. Epp, nor Ms. Kasun. It was also revealed that she concluded the canvassers were associated with USEIP in her declaration based upon what Plaintiffs' attorneys told her, not upon her own personal knowledge.

While Ms. Roberts did not act in bad faith through this litigation, her trial testimony that Plaintiffs' attorneys urged her to attribute this alleged intimidation to the Defendants is cause for concern. At a minimum, Plaintiffs had knowledge at this point, which was after the close of discovery, that no witness would be able to testify that they were intimidated by Defendants. Nevertheless, Plaintiffs continued to litigate this matter for more than a year, concluding in trial.

While prevailing defendants face a more stringent standard under *Christiansburg,* the standard is met when Plaintiffs fail to produce any evidence in support of material issues. *Twilley,*

7

16 Fed. Appx. at 926. "'Courts have awarded attorneys fees to prevailing defendants where no evidence supports the plaintiff's position or the defects in the suit are of such magnitude that the plaintiff's ultimate failure is clearly apparent from the beginning or at some significant point in the proceedings after which the plaintiff continues to litigate.'" *Id.* (quoting *Head v. Medford,* 62 F.3d 351, 355 (11th Cir. 1995); *Smith v. Smythe-Cramer Co.,* 754 F.2d 180, 183 (6th Cir. 1985)). Likewise, even where claims survive summary judgment, an award of attorneys' fees is not prohibited. *Yalowizer,* 18 Fed.Appx. at 754. (Concluding that despite denying summary judgment, following trial, the claim was founded solely on speculation with no admissible evidence.)

Ms. Roberts declaration kept Plaintiffs case alive through the summary judgment phase, leaving Defendants no choice but to reveal the lack of evidence at trial. "Although in some instances a frivolous case will be quickly revealed as such, it may sometimes be necessary for defendants to 'blow away the smoke screens' the plaintiffs had thrown up before the defendants may prevail." *Introcaso v. Cunningham,* 857 F.2d 965, 967 (4th Cir. 1988). However, a claim is not deemed frivolous merely because the Plaintiff does not prevail at trial, rather, a claim crosses to frivolous and without foundation when the factual contentions are clearly baseless. *Neitzke v. Williams,* 490 U.S. 319, 327 (1989). "Plaintiff should have realized by the time of trial he would need to come forward with more than mere speculation. Having failed to come forward with credible, non-speculative evidence, plaintiff, and not these defendants, should bear the cost of risk associated with bringing these unsubstantiated claims to trial. *Dill v. City of Demond, Okl.,* 162 F.3d 1172, *2 (10th Cir. 1998) (unpublished disposition).

Throughout this litigation, Plaintiffs have been well aware of the evidentiary issues they faced in proceeding to trial. From its inception, the allegations were premised on hearsay media reports, which were never investigated, verified, or substantiated by Plaintiffs. These reports were

8

used by Plaintiffs' expert to conclude that Defendants' actions were akin to voter vigilantism. At trial, Plaintiffs must have been aware that these articles were inadmissible and contained multiple layers of hearsay. Likewise, Plaintiffs must have been aware that their speculative meaning behind phrases in the USEIP Playbook could not support the allegations at trial. Finally, Plaintiffs could not support their claims by speculating that Mr. Smith's statement intimidated voters after canvassing had ceased. These undeniable evidentiary bars to prevailing at trial demonstrate the frivolous and groundless nature of this lawsuit. This is even more evident after Ms. Roberts testified that Plaintiffs' attorneys informed her of defendants' identity and curated her declaration in support of summary judgment.

Plaintiffs knew that they would be required to present admissible, credible, and non-speculative evidence at trial, yet failed to do so. Plaintiffs chose to proceed to trial with their meritless claims, requiring Mr. Smith to endure the costs associated with trial preparation and appearance by his attorneys. From the start, Plaintiffs should have known that their claims could not rest on purely hearsay statements derived from media outlets. However, it is undeniable that at the close of discovery and summary judgment, in December 2022, Plaintiffs knew that their claims had no evidentiary support. Unfortunately, Mr. Smith was forced to defend these claims through trial, only to unveil what was already known: neither USEIP nor Mr. Smith canvassed Ms. Roberts home in Mesa County. Trial confirmed defendants' belief that but for Plaintiffs' attorneys, Ms. Roberts would not have attributed the canvassing at her Mesa County home to Defendants.

Although the standard for defendants under *Christiansburg* is a stringent one, the actions of Plaintiffs by continuing litigation for claims they knew had no evidentiary support, demonstrate that this litigation was frivolous, unreasonable, and without foundation, thereby warranting an award of Mr. Smith's attorneys fees under 42 U.S.C. § 1988 and 52 U.S.C. § 10310(e).

9

### III. Plaintiffs' attorneys unreasonably multiplied proceedings after Summary Judgment, justifying attorney's fees under 28 U.S.C. § 1927.

As outlined above, Plaintiffs had notice and knowledge that their lawsuit lacked evidentiary support and would be meritless at trial. Plaintiffs continued to pursue litigation of these baseless claims for 18 months following summary judgment. After Ms. Roberts testified at trial that her declaration for summary judgment was curated by Plaintiffs' attorneys, it became clear that Plaintiffs prolonged meritless claims from summary judgment through trial. However, this fact was unknown to Mr. Smith and his counsel until trial. At the point moving for summary judgment, discovery had closed and it was presumed that Ms. Roberts' declaration was in compliance with Federal Rule of Civil Procedure 56(c)(4). This rule requires that a declaration, such as Yvette Roberts', used to oppose a motion for summary judgment must be made on personal knowledge, and show that the declarant is competent to testify on the matters stated. This personal knowledge standard requires that the witness "actually perceived or observed that which he testifies to. Accordingly, . . . statements of mere belief in an affidavit must be disregarded." *Argo v. Blue Cross and Blue Shield of Kansas, Inc.,* 452 F.3d 1193, 1200 (10th Cir. 2006) (internal citations and quotations omitted). Ms. Roberts' declaration states that it was made on her own personal knowledge and positively identifies the canvassers as affiliated with USEIP, however, trial revealed that it was Plaintiffs' attorneys, not Ms. Roberts, who reached this conclusion. [ECF No. 73, p.1, ¶¶ 5, 12-14].

The sanction of attorneys' fees under § 1927 incentivizes "attorneys to regularly re-evaluate the merits of their claims and to avoid prolonging meritless claims." *Steinert,* 440 F.3d at 1224. Since § 1927 sanctions the attorney for harm because of the multiplication of proceedings, "there must be a causal connection between the objectional conduct of counsel and the multiplication of proceedings, such that the conduct resulted in the proceedings that would not

10

have been conducted otherwise." *Baca v. Berry,* 806 F.3d 1262, 1268 (10th Cir. 2015) (internal citations and quotations omitted). Plaintiffs caused the continued litigation after summary judgment despite knowing that Ms. Roberts' testimony at trial would reveal her lack of personal knowledge. "Absent misrepresentation to the court, [surviving summary judgment is] an indication that the party's claims were objectively reasonable and suitable at trial." *Obeslo,* 85 F.4th at 1007. However, defeating summary judgment does not preclude § 1927 sanctions when "the evidence supporting that claim actually was insufficient to go forward." *Danielson-Holland v. Standley & Assoc., LLC.,* 512 Fed.Appx. 850, 854 (10th Cir. 2013) (unpublished).

When Mr. Smith moved for Summary Judgment on December 2, 2022, discovery had closed and depositions had been taken of Mr. Smith, Ms. Epp, Ms. Kasun, Jeff Young, Salvador Hernandez (MFV), Portia Prescott (NAACP), and Beth Hendrix (LWVCO). At this point, Plaintiffs had an understanding of the testimony defendants would give at trial, including their involvement with canvassing and procedures used for training other canvassers. Likewise, each Plaintiff representative testified at deposition that they had no personal knowledge of a voter being intimidated, and brought this case based on inflammatory media reports. Plaintiffs' attorneys were present for each deposition. Further, defendants' counsel contacted plaintiffs' counsel after depositions concluded to inform them of the imminent filing of a motion for summary judgment due to the lack of evidence. To defendants' surprise, Ms. Roberts, in Mesa County, provided the only issue of fact precluding summary judgment. In denying summary judgment, the Court noted Ms. Roberts stated that a man and woman affiliated with USEIP went to her home and the questions they asked intimidated her, yet defendants deny that they conducted canvassing in Mesa County. [ECF No. 84, p. 12]. "Accordingly, there is a genuine dispute as to any material facts and the issue should be left to the factfinder. Accordingly, the Court denies Defendants' motion for

11

summary judgment on this issue." *Id*.

Plaintiffs' attorneys should have re-evaluated their claims at this point when it became subjectively clear that Ms. Roberts did not have personal knowledge and objectively clear that no other testimony supported their claims. From this point forward, the proceedings were unreasonably multiplied. These unnecessary proceedings, through trial, have direct causation to Plaintiffs' attorneys conduct at summary judgment. Had Plaintiffs not fed Ms. Roberts the information they needed from her in her declaration, summary judgment would likely have been granted on all claims in favor of defendants. If summary judgment would have been granted, Mr. Smith would not have endured the cost and time of preparing the pretrial order [ECF No. 90], attending the pretrial conference [ECF No. 92] (May 5, 2023); drafting the Motion *in Limine* [ECF No. 99], preparing the witness and joint exhibit list [ECF Nos. 118, 119] (January 2-16, 2024); preparing the witness and joint exhibit lists, findings of fact and conclusions of law, trial brief, and attendance at the final pretrial conference [ECF Nos. 154, 157, 164, 165, 166, 173, 174] (June 14-21, 2024); and finally, attending the 4-day bench trial (July 15-18, 2024).

The proceedings outlined above were a direct result of Plaintiffs' unreasonable multiplication of proceedings, all of which would not have occurred had Plaintiffs re-evaluated the merits of their claims after summary judgment. The misrepresentations during summary judgment that only Plaintiffs' attorneys and Ms. Roberts knew of, and the continued litigation thereafter, are the actions that § 1927 aims to sanction. Therefore, Plaintiffs' attorneys should be responsible for the excess costs, expenses, and attorney's fees that Mr. Smith reasonably incurred because of this conduct.

**IV. Request for Reasonable Attorneys' Fees.**

Based on the history of this litigation, Mr. Smith requests an award of his reasonable

attorneys' fees to be assessed against Plaintiffs under 42 U.S.C. § 1988 and 52 U.S.C. § 10310(e), and against Plaintiffs' attorneys under 28 U.S.C. § 1927. Plaintiffs' counsel possesses the knowledge and experience to assess the merits of the claims that were filed, including the Federal Rules of Evidence that governed the presentation of evidence at trial. Yet Plaintiffs continued to litigate this case through trial despite the previous warnings from Judge Brimmer and defendants' counsel of the apparent lack of evidence. Even if the Court were to find that Plaintiffs' attorneys acted in good faith throughout the entirety of this lawsuit, "Courts need not find that an attorney subjectively acted in bad faith. Rather, any conduct that, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court is sanctionable." *Baca,* 806 F.3d at 1268. "To excuse objectively unreasonable conduct by an attorney would be to state that one who acts with an empty head and a pure heart is not responsible for the consequences." *Braley v. Campbell,* 832 F.2d 1504, 1512 (10th Cir. 1987) (internal citations and quotations omitted).

Plaintiffs brought this case premised on hearsay media reports, which could not be substantiated through discovery, and continued to litigate this frivolous, unreasonable, and foundationless case through trial. The harm that Mr. Smith endured with having his name associated with the "KKK" and enduring two and a half years of litigation cannot be remedied through merely an award of attorneys' fees. Nevertheless, Mr. Smith should not be required to bear the cost of defending these unsubstantiated claims through trial. Thus, fees should be assessed against Plaintiffs for filing and maintaining a frivolous and unreasonable action, and against Plaintiffs' attorneys for unreasonably multiplying proceedings after it became clear that their claims lacked any merit after Summary Judgment. *Christiansburg,* 434 U.S. at 422; *Dreiling v. Peugeot Motors of America, Inc.,* 768 F.2d 1159, 1166 (10th Cir. 1985). The Court ordered costs pursuant to Fed. R. Civ. P. 54(d)(1), which are itemized as a Bill of Costs which will be filed upon

completion of conferral and incorporated with this Motion. However, additional expenses, not payable under 28 U.S.C. § 1920, may be included through a motion for attorneys' fees and costs pursuant to 28 U.S.C § 1927. *Sorbo v. U.P.S.,* 435 F.3d 1169, 1180 (10th Cir. 2005). Therefore, Mr. Smith is seeking costs beyond those outlined in the Bill of Costs, which are outlined in Exhibit A and Exhibit C, attached hereto.

Pursuant to D.C. Colo. L. Civ. R. 54.3, Mr. Smith submits herewith an affidavit executed by his counsel in this matter. **Exhibit A.** This affidavit summarizes the relevant qualifications and experience of his attorneys R. Scott Reisch and Jessica L. Hays. **Exhibit B** provides a detailed description of the services rendered (without waiving any privilege), the amount of time spent on this matter, the hourly rate charged, and the total amount claimed. Likewise, according to the Court's Final Judgment [ECF No. 185], Mr. Smith's costs incurred in this matter have been attached hereto as **Exhibit C,** and forthcoming Bill of Costs**.**

## CONCLUSION

For the foregoing reasons, Defendant, Shawn Smith, respectfully requests this Court award his costs in the amount of $14,641.70 and his reasonable attorneys' fees in the amount of $361,453.00, with post award interest, and grant any other further relief the Court deems just and proper.

Respectfully submitted this 30th day of July, 2024.

                                                                         THE REISCH LAW FIRM

                                                                         *s/ Jessica L. Hays*
                                                                         Jessica L. Hays, #53905
                                                                         R. Scott Reisch, #26892
                                                                         1490 W. 121st Avenue, Suite 202
                                                                         Denver, CO 80234
                                                                         (303) 291-0555
                                                                         Scott@reischlawfirm.com
                                                                         Jessica@reischlawfirm.com
                                                                         *Attorneys for Defendant, Shawn Smith*

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2024, I electronically filed the foregoing **DEFENDANT SHAWN SMITH'S MOTION FOR AWARD OF COSTS AND ATTORNEYS' FEES** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record and pro se parties.

                                                                         *s/ Cassandra Long*
                                                                         Cassandra Long, Paralegal