UNITED STATES DISTRICT COURT
for the
District of Colorado

| | |
|---|---|
| COLORADO MONTANA WYOMING STATE AREA CONFERENCE OF THE NAACP, LEAGUE OF WOMEN VOTERS OF COLORADO, and MI FAMILIA VOTA<br><br>Plaintiffs,<br><br>-v-<br><br>SHAWN SMITH, ASHLEY EPP, and HOLLY KASUN<br><br>Defendants. | Civil Action No. 1:22-cv-00581-CNS-NRN |

## AFFIDAVIT OF JESSICA L. HAYS

I, Jessica L. Hays, being of legal age and having personal knowledge regarding the matters described below, state under oath as follows:

1. I represent Defendant, Shawn Smith, as primary counsel in the above-captioned matter. My relevant qualifications and experience are described below:

    a. I received my J.D. from Arizona State University, Sandra Day O'Connor College of Law in 2019.

    b. I have been an associate attorney with the Reisch Law Firm, LLC since 2019.

    c. My practice focuses primarily on State and Federal civil litigation.

Exhibit A to Motion for Attorneys' Fees and Costs

    d. I am admitted to practice in Colorado state courts, the U.S. District Court for the District of Colorado, and the United States Supreme Court.

2. I am joined in this matter by R. Scott Reisch. Mr. Reisch's relevant qualification and experience are described below:

    a. Mr. Reisch received his J.D. from the University of Denver, Strum College of Law in 1995.

    b. Mr. Reisch has been the managing member of the Reisch Law Firm since 2000.

    c. Mr. Reisch's practice focuses primarily on criminal defense and civil litigation.

    d. Mr. Reisch is admitted to practice in Colorado state courts, the U.S. District Court for the District of Colorado, the 10th Circuit Court of Appeals, and the United States Supreme Court.

3. Based on our respective levels of experience, Ms. Hays charges $450/hour and Mr. Reisch charges $625/hour to perform legal services. These rates are reasonable and within the average range for litigators with the Denver Metro Area.

4. In the course of my practice, I am responsible for the invoices generated by The Reisch Law Firm, LLC for its services in relation to the above-captioned matter and am familiar with both: (a) the work that The Reisch Law Firm, LLC and its professionals have done in relation to the above-captioned matter, and (b) the amounts billed by The Reisch Law Firm, LLC for those services.

5. In my role at The Reisch Law Firm, LLC, I am the principal attorney managing the above-captioned matter. I have personal knowledge of the billing arrangements between The Reisch Law Firm, LLC and Mr. Smith.

6. Mr. Smith is seeking an award of his attorney's fees and expenses as allowed under the Federal Rules of Civil Procedure and as the prevailing party under the United States Code.

7. Mr. Smith engaged The Reisch Law Firm, LLC to represent Mr. Smith in response to the Complaint filed against him alleging violations of the Voting Rights Act and the Ku Klux Klan Act.

8. Mr. Smith and The Reisch Law Firm agreed that Mr. Smith would be charged on an hourly basis for legal fees incurred.

9. As of this filing, Mr. Smith has incurred a total of $361,453.00 in attorneys' fees to defend this action. Such fees represent a total of 824.20 hours of work, divided as follows:

    a. Jessica L. Hays:                                   546.0 hours

    b. R. Scott Reisch:                                   144.60 hours

    c. Other Attorneys/ Staff at the Reisch Law Firm:     133.60 hours

10. The amount of time spent defending this matter was reasonable and necessary. Defendants retained the Reisch Law Firm in March of 2022 to defend against the allegations of voter intimidation and conspiracy. Defendants initially filed a Motion to Dismiss on jurisdictional grounds, and prepared for a hearing and filed a response to the Temporary Restraining Order. Once the preliminary injunctive relief was denied, Defendants Answered the Complaint and filed a Fed. R. Civ. 12(c) Motion for Judgment on the Pleadings on standing grounds. Discovery commenced on July 8, 2022. Depositions were taken of the following: Shawn Smith, Ashley Epp, Holly Kasun, USEIP 30(b)(6), Jeffrey Young, Salvador Hernandez, Portia Prescott, and Beth Hendrix. Discovery included disclosure of several databases by Mr. Young, consisting of tens of thousands of pages.

Defendants sought Summary Judgment arguing a lack of evidence and capacity to be sued as an unincorporated association. Discovery closed on December 2, 2022. Defendants also filed a motion to exclude expert testimony of Professor Atiba Ellis. Likewise, defendants responded to the U.S. Statement of Interest regarding the Motion for Summary Judgment. Following motions, the parties prepared the pretrial order in May of 2023. Trial was initially set to commence on February 5, 2024, thereby requiring the preparation and filing of motions *in limine,* exhibit lists, and witness lists. Upon continuance of trial, on January 17, 2024, the parties once again were required to prepare pretrial materials including the witness lists, exhibit lists, trial brief, and findings of fact and conclusions of law preparing for the trial on July 15, 2024. Trial commenced on July 15, 2024, which included three days of testimony. Following trial, defendant Smith is seeking attorneys' fees through the present motion. This litigation was ongoing for a total of 28 months, which required all of the above filings and time to defend the serious allegations made by Plaintiffs. Responding to these allegations and defending statutory provisions which are rarely litigated through trial, necessitated the expenditure of significant time and money.

11. The defense of this matter included, but was not limited to the following work:
    a. Preparation of essential pleadings and filings (answers to the complaint, request for injunctive relief, proposed scheduling order, initial and supplemental disclosures);
    b. Analysis of claims and legal research on seldomly litigated issues;
    c. Frequent communications with defendants to develop the relevant factual background and apprise clients of developments;
    d. Conferral with opposing counsel;

    e. Written discovery and eight depositions;

    f. Preparation of motion to dismiss, motion for judgment on the pleadings, motion for summary judgment, motion to exclude expert testimony, motion *in limine*, trial brief, findings of fact and conclusions of law, and motion for costs and fees.

12. Timesheets reflecting the amount of time spent on these tasks are submitted herewith, redacted to preserve the attorney-client privilege.

13. Attached to this Affidavit as **Exhibit "B",** which is incorporated herein by reference, are redacted invoices evidencing the legal services rendered by The Reisch Law Firm, LLC, in defense of the claims alleged in the Complaint. The invoices are a true and correct copy of billing records, which are regularly prepared by The Reisch Law Firm, LLC, in the ordinary course of business.

14. The information in Exhibit B was compiled directly from information recorded by The Reisch Law Firm, LLC personnel. The descriptions of the services were made at or near the time of their stated date, and the timekeepers reporting their time had a professional, ethical, and business duty to record their time accurately. Certain redactions have been made to protect privilege. The description and amounts of the costs and expenses incurred are supported by receipts and/or other records of payment for the amounts stated.

15. The professional legal fees and services set forth in Exhibit B were legal services performed by Affiant and other attorneys and staff employed by The Reisch Law Firm, LLC.

16. I have reviewed Exhibit B, and in my opinion, the legal services provided in Exhibit B were reasonably and necessarily incurred expenses. The billing rates for each attorney are

set forth in the attached Exhibit B. I consider these rates to be reasonable, given due consideration to the attorney's and professionals' ability, training, education, experience, skill and professional standing, the work performed, the time and skill required, and the result obtained. These hourly rates are comparable to the hourly rates prevailing in the community for similar work by attorneys with similar background and experience. The attorneys and staff with the Reisch Law Firm spent a total of 824.20 in defending this matter throughout 28 months of litigation. Mr. Smith has therefore incurred attorneys' fees totaling $361,453.00.

17. Mr. Smith has incurred expenses totaling $14,641.70. These expenses have been itemized and attached hereto in **Exhibit C.** These expenses are also included in the forthcoming Bill of Costs. The expenses claimed in the Bill of Costs include deposition costs, including original, sealed transcripts necessary for trial, along with the expenses related to investigative services of Mark Carlson, required for communicating with non-party witnesses. The remaining expenses have not been included in the bill of costs pursuant to 28 U.S.C. § 1920. However, Mr. Smith is seeking reimbursement of *all* costs under both Fed. R. Civ. P. 54(d)(1), and 28 U.S.C. § 1927. The expenses sought under 28 U.S.C. § 1927 total $1,148.50. These expenses include travel costs for trial and filing/research expenses in ECF. In reviewing these expenses, I believe all expenses were necessary to the defense of this case. The majority of expenses arose from the depositions of all parties in this matter, and the deposition of Jeffrey Young, who Plaintiffs sought to depose. The remaining expenses were necessary for attending trial, researching trial witnesses, and filing documents in this matter.

18. Mr. Smith has incurred attorney's fees in the amount of $361,453.00, in relation to the defense of this lawsuit. Mr. Smith has also incurred costs in the amount of $14,641.70, in relation to the defense of this lawsuit.

19. Mr. Smith is entitled to an award of his attorney's fees and costs against Plaintiffs pursuant to the Federal Rules of Civil Procedure and United States Code, which are fully briefed in the present Motion for Attorneys' Fees.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS ARE TRUE AND CORRECT TO MY PERSONAL KNOWLEDGE.**

*[signature]*
Jessica L. Hays, #53905