# DECLARATION OF ASHLEY EPP

I, Ashley Epp, hereby declare and state:

1. My current residence is 1132 Koa Ct, Castle Rock, CO 80104.

2. At the time of the Plaintiffs' allegations, I was employed full-time with an annual salary of $225,000. The Plaintiffs' false and malicious allegations, particularly the defamatory association of my name with the KKK, severely damaged my professional reputation. As a result, I was unable to secure similar employment and was forced into self-employment to support my family. My income from self-employment in 2023 totaled $44,747.14, resulting in a loss of $180,252.86 compared to my previous employment. This figure does not account for lost benefits, emotional distress, or other non-economic damages.

3. Income from self-employment is unpredictable and fluctuates from month to month. In 2023, my income from all sources totaled $44,747.14. (Exhibit 4 – Epp 2023 Income)

4. In a single year, keeping in mind that this frivolous litigation continued for 28 months, the fall out of Plaintiffs' heinous allegations resulted in a concrete loss of income of $180,252.86. This sum refers to income only; it does not account for loss of benefits and other intangible, yet devastating impacts, emotional distress, and opportunities lost. I did not pursue a new, self-employed career of my own accord. I did so as a matter of survival in response to Plaintiffs' disastrously consequential claims.

5. I pursued self-representation in December 30, 2023, due to irreconcilable differences with prior counsel, and continued self-representation through the trial, verdict, and post-trial motions. But I also simply could not afford to pay a lawyer to defend me. I have been financially crushed by this litigation and its fallout. Thankfully, notwithstanding my Pro Se status in this matter, I am entitled to fair compensation of legal services for the period of self-representation.

1

6. During the period of self-representation, my ability to generate income from self-employment was further frustrated. For example, nearly 100% of my income was forfeited during the trial. An award of attorney fees as compensation for defending against, and substantially prevailing on Plaintiffs' frivolous lawsuit is essential to healing some of the wounds that have heretofore remained broken and shattered.

7. Following trial, I am seeking reasonable compensation of attorney's fees through the present motion, as my defense necessitated the expenditure of significant time and diversion of income-generating potential in order to have any chance of defending myself and my integrity in this horrific litigation.

8. I make this declaration in support of my motion for actual incurred costs as well as a reasonable compensation of attorney's fees incurred in my successful self-representation before the U.S. District Court of Colorado, in NAACP et al v. USEIP et al, No. 1:22-cv-00581-CNS-NRN.

9. For the equivalent fee calculation, the most common method for calculating attorney's fees is to multiply the number of hours spent on a case by a reasonable hourly rate.

10. I had a long career in Professional Services, with 2021 hourly corporate bill rates between $279 and $325 per hour. I have attached my curriculum vitae for the Court's consideration in determining an appropriate and equitable rate. (Exhibit 3 – Ms. Epp Curriculum Vitae).

11. For the purposes of calculating Attorney's Fees, I propose taking the median value of the range, or $302/hr. This accounts for my combination of low and high value activities, such as research/administrative activities as well as motion drafting/trial appearance. While I believe this rate to be a fair compromise, this hourly rate is below the acceptable rate of even the most junior attorneys, thus this Honorable Court would be justified in applying a higher rate.

12. For calculating hours, I have made a good faith effort to estimate the hours spent on each

deliverable (motion process, responses, trial documents, trial prep, etc.) during the period of self-representation. (Exhibit 1 – Epp Attorney Fee Schedule).

13. Upon continuance of trial, on January 17, 2024, I was required to prepare pretrial materials including witness lists, exhibit lists, a trial brief, and findings of fact and conclusions of law in preparation for the trial. Trial commenced as scheduled on July 15, 2024, which included three days of testimony, and I undertook all related activities in my own defense in a manner similar to that of an attorney licensed to practice before this Court.

14. The defense of this matter included, but was not limited, to the following work:

   a) Preparation of essential pleadings and filings;

   b) Analysis of claims and legal research on the Voting Rights Act, the KKK Act, and First Amendment Litigation;

   c) Frequent communications with mutually interested parties, and communications with opposing counsel;

   d) All activities and processes for Continuance (ECF Nos. 107, 108, 114), the January Pretrial Witness List (ECF No 120), January Motion in Limine Response (ECF No. 111), the January 23, 2024 Status Hearing (ECF No. 126), Motion for Counterclaims (ECF Nos. 131, 132, 134, 138), Motion in Limine process (ECF No. 140, 146), the June Pretrial Witness List (ECF Nos. 153, 178, 179), the Exhibit List process, including activities under duty to confer (ECF Nos.157, 174), Trial Brief (ECF No. 160), Proposed Findings of Fact and Conclusions of Law (ECF Nos. 161), and Glossary, as well as all Trial and Post-Trial activities. Hourly estimates for each of these items is included in Exhibit 1.

15. Importantly, I did **NOT** incorporate expenses nor the enormous amount of time I spent simply learning the law, the FRCP, the FRE, and other time and costs incurred to offset the extreme

disadvantage of being a Pro Se litigant. Those time estimates dwarf those included in this motion, but their inclusion would be improper as it was my choice to defend myself, and I knowingly assumed that responsibility. Rather, my time estimates as well as my actual costs are directly related to the time and expenses incurred only for the activities in (e) above.

16. I conservatively spent a total of 372 hours my own defense. I have incurred attorney's fees reasonably estimated at $112,344. (Exhibit 1 – Epp Attorney Fee Schedule)

17. I further incurred expenses totaling $1,314.01. These expenses are outlined in my Bill of Costs, filed separately, and are itemized in Exhibit 1 attached to that filing. (Bill Of Costs, Exhibit 1 – Epp Itemized Bill of Cost). I am seeking reimbursement of *all* costs under both Fed. R. Civ. P. 54(d)(1), and 28 U.S.C. § 1927.

18. I further make this declaration in support of my motion for incurred costs for the period of representation by the Reisch Law Firm, equivalent of 1/3 of the award, prorated for the period of representation, or $85,565.88 in fees and $4,416.47 in costs, whichever is greater. (Exhibit 5 – Estimate of Reisch Fees and Costs for Ms. Epp)

19. From March 20, 2022 (ECF No. 26) to December 29, 2023 (ECF No. 97), I was represented by the Reisch Law Firm. Fees paid during this period were a gift in kind, and recovery of these fees should be payable directly to me.

20. Having substantially prevailed at trial, I am entitled to one third of costs and attorney's fees awarded to Defendant Shawn Smith for legal services from the Reisch Law Firm, prorated for the period of representation. Comprehensive details of the costs and fees incurred during the period of representation are detailed in Shawn Smith's Motion for Attorney's Fees and Costs (ECF No. 191 and all supporting exhibits) as well as in Exhibit 5 – Estimate of Fees and Costs Payable to Ms. Epp.

21. I further assign payment of any award of fees and costs to me directly, via a check mailed to

4

the address above, or via direct deposit (information to be provided upon request).

22. I declare under penalty of perjury that the above is true and correct to the best of my knowledge and belief.

Executed on this 1st Day of August, 2024 in Castle Rock, CO.

s/*Ashley Epp*
Ashley Epp
asheinamerica@protonmail.com
