**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:22-cv-00581-CNS-NRN

Colorado Montana Wyoming
State Area Conference of the NAACP,
League of Women Voters of Colorado, and
Mi Familia Vota,

    Plaintiffs,

v.

United States Election Integrity Plan, Shawn Smith,
Ashley Epp, and Holly Kasun,

    Defendants.

_____

**HOLLY KASUN'S REPLY IN SUPPORT OF MOTION FOR
ATTORNEYS' FEES AND EXPENSES**
_____

Defendant Holly Kasun ("Kasun") submits this Reply to Plaintiffs' Response to her Motion for Attorneys' Fees and Costs (ECF 203).

In the interest of administrative and judicial efficiency, Kasun adopts in full and for all purposes co-defendant Ashley Epp's Response in Support of Motion for Attorneys' Fees and Expenses (ECF 210), adding the following points for emphasis:

1. Defendants do not "hang their hats on one thing—the declaration and testimony of Yvette Roberts." Defendants rely instead on the dearth of evidence to support their suing these three individual citizens in the first place, recklessly branding them "KKK", and dragging them through the hell of negative national media attention based solely on media reports. It is Plaintiffs who "hung their hat" on Ms. Roberts. They did so because Ms. Roberts' testimony, while lacking in either

consistency or probative value, represented Plaintiffs' *only* shred of evidence beyond the media reports that animated not just their entire Complaint and Motion for TRO but even, rather incredibly, their case at trial. They relied heavily on Ms. Roberts first to skirt summary judgment and then try to salvage their case at trial. They rightly failed. This is not a law school training exercise. It is real life. Defendants are real people.

2. Plaintiffs' public policy arguments, lofty as they may be, must yield in this instance to black-letter law. The Rule Against Surplusage is a principle of statutory construction requiring that every statutory provision be given effect, with none needlessly duplicating other provisions or having no consequence. *E.g., Nielsen v. Preap*, 586 U.S. 392, 139 S. Ct. 954, 969 (2019) (quoting *Kungys v. United States*, 485 U.S. 759, 778 (1988) (plurality opinion of Scalia, J.). Both 52 U.S.C. Section 10307(b) and 42 U.S.C. Section 1988(b) use the phrase "prevailing party." Had Congress wanted to limit the availability of compensation to a "prevailing plaintiff," it could easily have done so. It did not. Plaintiffs' case here is not the case Congress envisioned when it passed these laws. As Beth Hendrix made clear again and again, Plaintiffs' case was founded on media reports, not genuine legal due diligence – an obligation of any attorney before affixing their name to a pleading.

3. Kasun is bewildered by Plaintiffs' inclusion of Exhibit A, a redacted record from Mesa County included with the records produced by Jeff Young, to support their Response. If the document were probative, an issue not before the Court, Plaintiffs could have offered it before they rested their case. They claim they did

not have an opportunity to cross examine Mr. Young – because the case ended before the Defense put on its case. It goes without saying that had Plaintiffs needed Jeff Young for authentication or otherwise, they easily could have called him as a witness. They had him under subpoena. Nor do Plaintiffs explain why their failure to offer one redacted record would have changed the outcome. It would not have changed the outcome. That Ms. Roberts' name appeared on a list for one reason or another does not mean she was canvassed by anyone associated with USEIP or that she was "intimidated" within the meaning of the operative statutes in the first place. Labeling this a red herring gives it too much credit.

WHEREFORE, Defendant Kasun reiterates her request for relief previously identified in her Motion for Attorneys' Fees and Expenses.

Respectfully submitted,

Gregor Wynne Arney, PLLC

*/s/ Michael J. Wynne*
Michael J. Wynne, (TX # 00785289)
mwynne@gwafirm.com
Cameron Powell (CO # 00459020)
cpowell@gwafirm.com
GREGOR WYNNE ARNEY, PLLC
4265 San Felipe, Suite 700
Houston, Texas 77027
Telephone: (281) 450-7403

*ATTORNEYS FOR Defendant Holly Kasun*

## CERTIFICATE OF COMPLIANCE

I HEREBY CERTIFY that the foregoing document was prepared in Arial, 12-point font, as approved by Civ. Practice Standard 10.1.

/s/ Michael J. Wynne
Michael J. Wynne

## CERTIFICATE OF SERVICE

I certify that on this date, September 3, 2024, I served a true and correct copy of the foregoing on all counsel and pro se parties by notice of electronic filing.

/s/ Michael J. Wynne
Michael J. Wynne