UNITED STATES DISTRICT COURT
for the
District of Colorado

| | |
|---|---|
| COLORADO MONTANA WYOMING STATE AREA CONFERENCE OF THE NAACP, LEAGUE OF WOMEN VOTERS OF COLORADO, and MI FAMILIA VOTA<br><br>Plaintiffs,<br><br>-v-<br><br>SHAWN SMITH, ASHELY EPP, and HOLLY KASUN<br><br>Defendants. | Civil Action No. 1:22-cv-00581-CNS-NRN |

**DEFENDANT SHAWN SMITH'S REPLY TO PLAINTIFFS' RESPONSE TO MOTION FOR AWARD OF COSTS AND ATTORNEYS' FEES (ECF NO. 206)**

## I. INTRODUCTION

Defendant, Shawn Smith, filed his Motion for Award of Costs and Attorneys' Fees ("Motion") [ECF No. 191], on July 30, 2024, seeking reimbursement for the attorneys' fees and costs he was forced to expend in defense of Plaintiffs' claims. Through his Motion, Mr. Smith argued that an award of attorneys' fees and costs is justified under 52 U.S.C. § 10310(e); 42 U.S.C. § 1988; and 28 U.S.C. § 1927. Pursuant to the Court's findings on the record in response to Mr. Smith's Motion for Judgment under F.R.C.P. 52(c), and the Final Judgment [ECF No. 185], Mr. Smith is undoubtedly a prevailing party, and therefore, may seek attorneys' fees under the Voting Rights Act (52 U.S.C. § 10310(e)), and the KKK Act (42 U.S.C. § 1988). Although, as a prevailing Defendant, Mr. Smith faces a more stringent standard to prevail on an award of his fees, the facts

1

of this case meet the high standard required for such an award. Despite having defeated prior dispositive motions, Plaintiffs' case cannot rest on the appearance of trial-worth merit. Once faced with the rules of evidence governing trial, Plaintiffs' legal theories could no longer hide behind hearsay and speculation. Through Plaintiffs' Response to Mr. Smith's Motion, Plaintiffs try to rehash their prior legal theories which were found to be irrelevant and unsupported by the evidence at trial. Furthermore, while it is true that Congress promotes the private enforcement of civil rights claims, a defendant should not bear the burden of defending a meritless case through trial merely because it involves the enforcement of civil rights. The United States Supreme Court recognized the defendant's ability to receive an award of attorneys' fees in 1978 through *Christiansburg Garment Co. v. Equal Employment Opportunity Commission,* 434 U.S. 412 (1978). The Court noted the Congressional "desire to make it easier for a plaintiff of limited means to bring a meritorious suit. But second, and equally important, Congress intended to deter the bringing of lawsuits without foundation by providing that the prevailing party—be it plaintiff or defendant—could obtain legal fees." *Id.* at 420 (citing *Grubbs v. Butz,* 548 F.2d 973, 975 (D.C. Cir. 1976)) (internal quotations omitted).

Unfortunately, this case proceeded through trial before Defendants were able to demonstrate to the Court that Plaintiffs litigated this case with no evidence to support their claims. Therefore, for the reasons stated below and in Mr. Smith's Motion for Attorneys' Fees [ECF No. 191], Mr. Smith should be granted his reasonable attorneys' fees and costs as the prevailing party in this action.

## ARGUMENT

    a. **The statutory construction of Voting Rights Act (52 U.S.C. § 10310(e)) and KKK Act (42 U.S.C. § 1988) permits attorneys' fees to prevailing defendants.**

In their Response, Plaintiffs argue that Mr. Smith's request for attorneys' fees should be

denied because of the underlying purpose of the Voting Rights Act and Civil Rights Act. Although in most cases the Plaintiff is the prevailing party seeking attorneys' fees, precedent confirms that prevailing defendants are afforded the opportunity to seek attorneys' fees as well. The fee shifting provision under the Voting Rights Act does incentivize private attorneys general to bring *meritorious* actions. *Shelby County, Alabama v. Holder,* 43 F.Supp.3d 47, 68 (D.C. Cir. 2014). To comport with congressional intent, prevailing plaintiffs are typically awarded attorneys' fees "unless special circumstances would render such an award unjust." *Id.* at 69 (quoting *Newman v. Piggie Park Enterprises, Inc.,* 390 U.S. 400, 402 (1968)). However, when the defendant is the prevailing party, attorneys' fees are permissible, just under the more restrictive standard of *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 421-22 (1978). Under this standard, prevailing defendants are entitled to attorneys' fees when the plaintiffs' suit was frivolous, vexatious, or without foundation. *Id.*

The Supreme Court recognized that "one purpose of the fee-shifting provision is to deter the bringing of lawsuits without foundation." *CRST Van Expedited, Inc. v. EEOC,* 578 U.S. 419, 432 (2016). Therefore, "Congress must have intended that a defendant could recover fees expended in frivolous, unreasonable, or groundless litigation when the case is resolved in the defendant's favor." *Id.*

Although part of the intent behind the fee-shifting provisions was to incentivize bringing meritorious actions to vindicate civil rights, it must also be recognized that groundless litigation, despite the context of the lawsuit, should be deterred, allowing those defendants who were forced to fight a frivolous case the ability to seek attorneys' fees. Thus, the Supreme Court created differing standards depending on which party prevailed, and therefore, prevailing defendants must meet the *Christiansburg* standard when seeking attorneys' fees. This action was brought without

3

evidence to support the allegations merely because Plaintiffs were offended by hearsay statements discussing the defendants' efforts. Therefore, it is within the Court's discretion to award defendants' attorneys' fees if the *Christiansburg* standard is satisfied.

### b. Plaintiffs' Claims were Frivolous, Vexatious, and Without Foundation

Plaintiffs argue that their position was not frivolous, unreasonable or vexatious due to defendants' prior dispositive motions which were denied in the pendency of this case. Further, they argue that sufficient evidence was presented justify the continued litigation through trial. Plaintiffs note several factual allegations which they believe support their theory of the case. Plaintiffs' arguments are without support in the record or the law.

First, Plaintiffs mention defendants' attempts at dismissal prior to trial, including a motion to dismiss, a motion for judgment on the pleadings, and a motion for summary judgment. Although this case was not dismissed at these previous stages of litigation, attorneys' fees have been awarded to similarly situated defendants who were forced to litigate through trial despite the appearance of trial worthy merit. *Twilley v. Integris Baptist Medical Center Inc.,* 16 Fed.Appx. 923, 926 (10th Cir. 2001); *Yalowizer v. Town of Rachester, WY,* 18 Fed.Appx. 745. 753-54) (10th Cir. 2001). Although Plaintiffs may have believed their claims were meritorious throughout the pendency of this case, the *Christiansburg* standard does not contemplate whether the Plaintiffs litigated in bad faith. "Good faith is not a special circumstance justifying the denial of attorneys' fees under § 1988." *Anthony v. Baker,* 767 F.3d 657, 667 (10th Cir. 1985). Likewise, "Although in some instances a frivolous case will be quickly revealed as such, it may sometimes be necessary for defendants to 'blow away the smoke screens' the plaintiffs had thrown up before the defendants may prevail." *Introcaso v. Cunningham,* 857 F.2d 965, 967 (4th Cir. 1988). Here, Plaintiffs were able to plead enough facts to defeat defendants' prior dispositive motions. However, the

4

evidentiary standard under motions to dismiss and summary judgment allowed Plaintiffs to rely upon speculative, hearsay evidence. At trial, however, when subject to the rules of evidence, Plaintiffs' speculation and hearsay could not stand.

Next, Plaintiffs claim that the evidence in the record, although not enough to prevail at trial, is enough to justify pursuing the claims through trial. To support this contention, Plaintiffs note USEIP and their interpretation of the Playbook, Defendants' participation in January 6, Defendant Smith's statement regarding election fraud, hearsay statements regarding potential visits from USEIP volunteers, and Ms. Roberts' testimony regarding canvassing at her home in Mesa County. However, these factual allegations were either inadmissible at trial or found to be irrelevant to the issues at hand. Specifically, the Court found that January 6th was irrelevant to the claims; Mr. Smith's statement regarding election fraud occurred *after* canvassing ceased, and therefore, did not contribute to any alleged voter intimidation through canvassing; that Ms. Hendrix was not a victim identified in the pre-trial documents; and that the canvassing of Ms. Roberts' home was neither intimidating nor at the direction of the defendants.

Furthermore, Plaintiffs claim that Ms. Roberts' testimony was sufficient to support their claims. Ms. Roberts' testimony was clear: the canvassers at her door were not the defendants in the courtroom. Despite the admissible evidence that makes up the record, Plaintiffs continue to speculate to reach the conclusion that the defendants intimidated voters. In support of the attempt to attribute Ms. Roberts' canvassing visit to USEIP volunteers, which was found to not be intimidating, Plaintiffs attach an Exhibit with Ms. Roberts' voter information to their Response. While it is true that this information was found in a document produced by Jeff Young, Plaintiffs avoid the context of this document. The document attached as Exhibit A is part of the Colorado Secretary of State's voter rolls, which includes the voter data of *all Colorado voters* who are

5

registered to vote and are not a confidential voter. The full document of this exhibit includes each voter in the state of Colorado, with no relation to which voters were canvassed during USEIP's canvassing efforts. That Ms. Roberts' name found within this document bears no weight on whether USEIP canvassers visited her home. If that were the case, then every voter who appears on the Colorado Secretary of State's voter rolls would have been canvassed by USEIP.

Plaintiffs may have initially filed this case in good faith, assuming that the discovery process would unveil evidence to support their theory. However, once discovery closed and trial approached, it should have been clear to Plaintiffs that the evidentiary standard of trial is higher than that of summary judgment, and they would have to present non-speculative evidence to support these accusations. As the Court noted, Plaintiffs failed to present any evidence that the Defendants committed voter intimidation. Rather, much of the evidence presented, including the political affiliation of the defendants, was deemed irrelevant.

"In determining whether a suit was frivolous, the district court must review the entire course of litigation." *Rasmussen v. Thorne,* 2015WL4652781 (D.Colo. Aug. 6, 2015). The entire record makes clear that this case was premised on hearsay and speculation. Throughout this litigation, Defendants have highlighted the evidentiary issues Plaintiffs faced in proceeding further. Nevertheless, Plaintiffs chose to proceed to trial despite knowing the evidence they had to support their claims.

Attorneys' fees should be awarded in a case such as this "where no evidence supports the plaintiffs' position or the defects in the suit are of such magnitude that the plaintiff's ultimate failure is clearly apparent from the beginning or at some significant point in the proceedings after which the plaintiff continues to litigate." *Twilley,* 16 Fed. App. at 926. (internal quotations and citations omitted). Through Plaintiffs' lack of evidence, despite its appearance of trial worthy

6

merit, satisfies the stringent *Christiansburg* standard, and therefore, Mr. Smith's attorneys' fees should be awarded under 52 U.S.C. § 10310(e) and 42 U.S.C. § 1988(b).

### c. Attorneys' Fees are warranted under 28 U.S.C. § 1927

A sanction of attorneys' fees under § 1927 incentivizes the regular reevaluation of claims, so that meritless claims are timely disposed of. While it may be true that Ms. Roberts had no ill will in her testimony at trial, the conduct of Plaintiffs' attorneys failing to revaluate the merits of their claims justifies an award of attorneys' fees under § 1927.

Plaintiffs once again rely on the Court's pretrial rulings to support their argument against an award of fees under § 1927. However, despite the appearance of trial worthy merit due to ultimately inadmissible and irrelevant evidence, Plaintiffs had a duty to re-evaluate the merits of their case throughout the litigation. *Frey v. Town of Jackson, WY,* 85 F.4th 991, 1018 (10th Cir. 2023) (Tymkovich Dissenting). Although Plaintiffs argue that Ms. Roberts clarified on cross examination that she made the accusations in her declaration on her own knowledge, Plaintiffs disregard the remaining testimony including the Court's finding that "She had no basis to conclude that these two were from USEIP and, in fact, did not know from which group they hailed. It was upon suggestion apparently from Plaintiffs' counsel that USEIP was the group canvassing in her county that she got – at which point she adopted that position and included it in her affidavit." (Tr. Trans. Day 4, 13:25-14:6).

It is unfathomable that at the point Plaintiffs counsel discussed the declaration in support of Summary Judgment with Ms. Roberts, they did not reevaluate the merits of their case. Although Ms. Roberts' declaration allowed Plaintiffs to survive summary judgment, Plaintiffs' attorneys should have recognized the lack of merit their case maintained by relying on Ms. Roberts' testimony to proceed to trial. It was Plaintiffs' attorneys' obligation to see the evidence for what it

7

was, and make the decision to dismiss their case at the point of summary judgment. Had Plaintiffs attorneys reevaluated the merits of their case and recognized that it had no evidence to proceed to trial, the proceedings from December 2022 through trial would have been vacated and avoided without the extra cost to Mr. Smith. Therefore, Plaintiffs' counsel should be sanctioned under 27 U.S.C. § 1927 for the continued pursuit of claims that they knew had no merit.

## **CONCLUSION**

Mr. Smith respectfully requests that this Court grant his reasonable attorneys fees as set forth in ECF No. 191-2, 191-3. Furthermore, Mr. Smith requests that Plaintiffs provide bond or security pursuant to Fed. Rules App. Proc. R. 7 in order to ensure payment of costs on appeal.

Respectfully submitted this 3rd day of September, 2024.

THE REISCH LAW FIRM

*s/ Jessica L. Hays*
Jessica L. Hays, #53905
R. Scott Reisch, #26892
1490 W. 121st Avenue, Suite 202
Denver, CO 80234
(303) 291-0555
Scott@reischlawfirm.com
Jessica@reischlawfirm.com
*Attorneys for Defendant, Shawn Smith*

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2024, I electronically filed the foregoing **DEFENDANT SHAWN SMITH'S REPLY TO PLAINTIFFS' RESPONSE TO MOTION FOR AWARD OF COSTS AND ATTORNEYS' FEES (ECF NO. 206)** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record and pro se parties.

*s/ Jessica L. Hays*
Jessica L. Hays

9